1  CHRISTOPHER CHORBA, SBN 216692
   cchorba@gibsondunn.com
2  JEREMY S. SMITH, SBN 283812
   jssmith@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
4  Los Angeles, CA  90071-3197
   Telephone:    213.229.7000
5  Facsimile:     213.229.7520

6  JOSHUA H. LERNER, SBN 220755
   jlerner@gibsondunn.com
7  CASSANDRA L. GAEDT-SHECKTER, SBN 280969
   cgaedt-sheckter@gibsondunn.com
8  GIBSON, DUNN & CRUTCHER LLP
   555 Mission Street, Suite 3000
9  San Francisco, CA 94105-0921
   Telephone:    415.393.8200
10 Facsimile:     415.393.8306

11 Attorneys for Defendants
   *Cartoon Network, Inc*. and
12 *Cartoon Network Studios, Inc*.

13 Additional Defendants and
   Defendants' Counsel Listed on Signature Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICOLE HUBBARD | CASE NO. 5:19-cv-07016-BLF |
| Plaintiff, | **CARTOON NETWORK, INC., CARTOON NETWORK STUDIOS, INC., DREAMWORKS ANIMATION LLC, DREAMWORKS ANIMATION TELEVISION, LLC, AND MATTEL INC.'S NOTICE OF SEPARATE MOTION AND SEPARATE MOTION TO DISMISS** |
| v. | |
| GOOGLE LLC; YOUTUBE LLC; CARTOON NETWORK, INC.; CARTOON NETWORK STUDIOS, INC.; CHUCHU TV STUDIOS, COOKIESWIRLC; DREAMWORKS ANIMATION LLC; DREAMWORKS ANIMATION TELEVISION, LLC; HASBRO, INC.; HASBRO STUDIOS LLC; MATTEL, INC.; POCKETWATCH, INC.; REMKA, INC.; RTR PRODUCTION LLC; AND RFR ENTERTAINMENT, INC., | The Honorable Beth Labson Freeman<br>Date: April 16, 2020<br>Time: 9:00 a.m.<br>Courtroom: Courtroom 3 – 5th Floor |
| Defendants. | |

TO THE COURT AND ALL PARTIES OF RECORD:

PLEASE TAKE NOTICE THAT on April 16, 2020 at 9 a.m., or as soon thereafter as this matter may be heard, before the Honorable Beth Labson Freeman in Courtroom 3 of this Court, located on the 5th Floor of the Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, Room 2112, San Jose, CA 95113, Defendants Cartoon Network, Inc., Cartoon Network Studios, Inc., DreamWorks Animation LLC, DreamWorks Animation Television, LLC and Mattel, Inc. will, and hereby do, move the Court for an order granting its Separate Motion to Dismiss to dismiss the Complaint.

This Separate Motion is made based on Federal Rules of Civil Procedure 8(a), 12(b)(1), and 12(b)(6) on the grounds that Plaintiff does not have standing and Plaintiff has failed to state a claim. This Separate Motion also will be based upon this Notice; the accompanying Memorandum of Points and Authorities; the complete files and records of this action; and such other matters and arguments as may come before the Court, including those raised in connection with reply briefing and oral argument relating to this Motion.

Defendants attempted to avoid this motion practice. On January 21, 2020, counsel for Cartoon Network, Inc. and Cartoon Network Studios, Inc. conferred with Plaintiff's counsel, and explained that there are no allegations that Plaintiff's child, C.H., ever visited or viewed a single video or any other content on the YouTube channels of Cartoon Network, DreamWorks, or Mattel, and that Plaintiff therefore lacks Article III standing and cannot state any of her claims against these Defendants. Plaintiff's counsel agreed to consider these grounds but declined to amend the Complaint to address this deficiency.

Dated: January 23, 2020

GIBSON, DUNN & CRUTCHER LLP
CHRISTOPHER CHORBA
JOSHUA H. LERNER
JEREMY S. SMITH
CASSANDRA L. GAEDT-SCHECKTER

By:     */s/ Christopher Chorba*
       CHRISTOPHER CHORBA

Attorneys for Defendants, *Cartoon Networks, Inc.* and *Cartoon Networks Studios, Inc.*

| | |
|---|---|
| Dated: January 23, 2020 | MUNGER, TOLLES & OLSON LLP<br>JONATHAN H. BLAVIN<br>JORDAN D. SEGALL<br>NEFI D. ACOSTA |
| | By:  */s/ Jonathan H. Blavin*<br>　　　JONATHAN H. BLAVIN |
| | Attorneys for Defendant *Mattel, Inc.* |
| Dated: January 23, 2020 | ZWILLGEN LAW LLP<br>ANNA HSIA<br>JEFFREY LANDIS<br>ADYA BAKER |
| | By:  */s/ Anna Hsia*<br>　　　ANNA HSIA |
| | Attorneys for *DreamWorks Animation L.L.C.* and *DreamWorks Animation Television, LLC* |

In accordance with N.D. Cal. Local Rule 5-1, the filer of this document hereby attests that the concurrence to the filing of this document has been obtained from the other signatories above.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction And Statement Of Issues

Defendants Cartoon Network, Inc. and Cartoon Network Studios, Inc. ("Cartoon Network"), DreamWorks Animation LLC and DreamWorks Animation Television, LLC ("DreamWorks"), and Mattel, Inc. ("Mattel") bring this separate motion to raise a single, additional issue specific to them that has not been briefed in the Joint Motion: the Complaint fails to allege *Cartoon Network* or *DreamWorks* or *Mattel* caused any harm to Plaintiff. The Complaint fails to allege that C.H. ever visited any of the YouTube channels of Cartoon Network or DreamWorks or Mattel, much less watched a single video or other programming from any of these Defendants. As explained below, this is dispositive for each of them because Article III of the Constitution and the foundational elements of each of Plaintiff's claims require a showing that the *defendant* caused her alleged harm. As Plaintiff does not include any allegations that Cartoon Network, DreamWorks, or Mattel caused her alleged harm, all of the claims against these Defendants must be dismissed as a result.

This issue should have never reached this Court. Cartoon Network, DreamWorks, and Mattel raised this fundamental flaw of the Complaint—a lack of a causal connection between the Plaintiff and these Defendants—in advance of filing, but Plaintiff's counsel refused to amend the Complaint to address this issue. Accordingly, Defendants were forced to bring this Motion and request that the Court dismiss Cartoon Network, DreamWorks, and Mattel from the case.

## II. Cartoon Network, DreamWorks, And Mattel Should Be Dismissed From This Lawsuit Because The Complaint Fails To Allege They Caused Any Harm

A constitutional prerequisite to federal jurisdiction is an allegation that the defendant is to blame for the plaintiff's alleged harm. To satisfy this "irreducible constitutional minimum of standing," a plaintiff must establish an injury that is: (1) "concrete and particularized," and "actual or imminent, not 'conjectural' or 'hypothetical'"; (2) causally connected to the "*challenged action of the defendant*"; and (3) redressable. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations and internal quotation marks omitted) (emphasis added).

A causal connection to the defendant is also necessary for each of Plaintiff's four substantive claims:

1. <u>Intrusion Upon Seclusion</u>:  A plaintiff must prove "[t]hat [the *defendant*]'s conduct was a substantial factor in causing [plaintiff's] harm."  CACI No. 1800; *see also People v. Bollaert*, 248 Cal. App. 4th 699, 730–32 (2016).

2. <u>California Right To Privacy</u>:  A plaintiff must prove that the "*defendant* engaged in conduct which invaded plaintiff's privacy interests."  BAJI No. 7.25 (emphasis added); *see also Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 287–88 (2009) (the inquiry centers on the *defendant*'s actions); *Barry v. Wells Fargo Home Mortgage*, No. 15-CV-04606-BLF, 2016 WL 4242237 at *4 (N.D. Cal. Aug. 11, 2016).

3. <u>Unfair Competition Law</u>:  To establish standing under the UCL, a plaintiff must show she "suffered injury in fact and [] lost money or property *as a result of*" the defendant's conduct.  Cal. Bus. Prof. Code § 17204 (emphasis added); *In re Arris Cable Modem Consumer Litig.*, No. 17-CV-01834-LHK, 2018 WL 288085, at *6 (N.D. Cal. Jan. 4, 2018); *see also Svenson v. Google Inc.*, No. 13-CV-04080-BLF, 2016 WL 8943301 at *17 (N.D. Cal. Dec. 21, 2016) (explaining that because the Plaintiff could not establish standing under Article III, she could not "take on the more difficult task of establishing statutory standing under the UCL").

4. <u>Unjust Enrichment</u>:  Construing this purported claim as a request for restitution (*In re Nexus 6P Products Liability Litig.*, 293 F. Supp. 3d 888, 933 (N.D. Cal. 2018)), a plaintiff must plead a relationship or connection *to the defendant*, such that it makes it "unjust" for the defendant to keep the benefit (*Griffith Co. v. Hofues*, 201 Cal. App. 2d 502, 508 (1962); 1 Witkin, *Summary 11th Contracts* § 1053 (2019)).

Here, the Complaint does not allege any facts that would support a causal connection between Plaintiff and C.H., on the one hand, and either Cartoon Network, DreamWorks, or Mattel, on the other hand.  There is no allegation that C.H. ever visited or viewed a single video or any other content on the YouTube channels of Cartoon Network, DreamWorks, or Mattel.  Rather, the Complaint alleges that C.H. "watched *many* of the Channel Owner Defendants' YouTube channels during the Class Period, including CookieSwirlC (owned by CookieSwirlC), ChuChu TV Nursey Rhymes & Kids Songs (owned by ChuChuTV Studios), My Little Pony Official (owned by Hasbro), and Ryan ToysReview."  (Compl. ¶ 93 (emphasis added).)  That paragraph implicitly concedes that C.H. did

*not* watch YouTube content from *all* of the Defendants, and it specifically does not mention Cartoon Network, DreamWorks, or Mattel. (*Id.*) Accordingly, because there is no allegation C.H. "ever visited" or watched the YouTube channels of Cartoon Network, DreamWorks, or Mattel, Plaintiff cannot establish causation and her Complaint must be dismissed. *See, e.g., Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1363 (2010) (affirming dismissal of UCL claim for lack of causation because plaintiff did not allege that he "ever visited [the defendant's] Web site or even that he ever read the Agreement for Services").

Plaintiff cannot fall back on her conclusory allegations that the "Google Defendants and each of the Channel Owner Defendants caused the personal information of children viewing their channels to be collected for the purpose of creating individual profiles for those minors to enable Defendants to subject the minors to targeted advertised [sic] based on their profiles." (Compl. ¶ 5.) As explained in the Joint Motion, that contention is a textbook example of "grouping multiple defendants together in a broad allegation" that is "insufficient" under Rule 8(a). *Ellis v. Advanta Bank*, No. 16-CV-06437-BLF, 2017 WL 1436249 at *2 (N.D. Cal Apr. 24, 2017). Plaintiff cannot "obfuscate[] what role[]" Cartoon Network, DreamWorks, and Mattel "independently played in the alleged harm and whether [each] is liable for its own conduct." *In re Nexus 6P Products Liability Litig.*, 293 F. Supp. 3d at 908. Rather, she "must identify what action each Defendant took that caused [her] harm, without resort to generalized allegations against Defendants as a whole." *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011).

Moreover, alleging that "each of the Channel Owner Defendants caused the personal information of children viewing their channels to be collected" is precisely the type of "naked assertion[]" that "fail[s]" the Ninth Circuit's "edict that a plaintiff may not 'rely on a bare legal conclusion to assert injury-in-fact, or engage in an ingenious academic exercise in the conceivable to explain *how defendants'* actions caused [*her*] injury.'" *Daniel v. National Park Serv.*, 891 F.3d 762, 767 (9th Cir. 2018) (quoting *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011)) (emphasis added).

Statements like those made in Paragraph 5, which are found throughout the Complaint, discuss "children" generally, and not C.H. specifically. To the extent Plaintiff is claiming that the

data of other "children" was wrongly collected on the channels of Cartoon Network, DreamWorks, or Mattel, she lacks Article III standing to advance that claim. *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 40 n. 20, 44–45 (1976). Thus, because Plaintiff does not allege any facts connecting *C.H.'s or Plaintiff's* alleged harm to Cartoon Network, DreamWorks, or Mattel, her allegations are not sufficient under Article III or the basic pleadings standard of Rule 8(a) and must be dismissed. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (rejecting as insufficient "unadorned, the defendant-unlawfully-harmed-me accusation[s]"); *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1143 (9th Cir. 2010) ("conjectural" allegations are insufficient for Article III standing).

## III.   Conclusion

For the reasons explained in the Joint Motion, Plaintiff's Complaint fails as a matter of law against all the Defendants. The Court should accordingly dismiss the Complaint for those reasons, and should also dismiss Cartoon Network, DreamWorks, and Mattel specifically because there are no allegations of a causal connection between either of them, on the one hand, and Plaintiff and her daughter, C.H., on the other.

Dated: January 23, 2020

GIBSON, DUNN & CRUTCHER LLP
CHRISTOPHER CHORBA
JOSHUA H. LERNER
JEREMY S. SMITH
CASSANDRA L. GAEDT-SCHECKTER

By:   */s/ Christopher Chorba*
         CHRISTOPHER CHORBA

Attorneys for Defendants, *Cartoon Networks, Inc.* and *Cartoon Networks Studios, Inc.*

| | |
|---|---|
| Dated: January 23, 2020 | MUNGER, TOLLES & OLSON LLP<br>JONATHAN H. BLAVIN<br>JORDAN D. SEGALL<br>NEFI D. ACOSTA |
| | By:  */s/ Jonathan H. Blavin*<br>     JONATHAN H. BLAVIN |
| | Attorneys for Defendant *Mattel, Inc.* |
| Dated: January 23, 2020 | ZWILLGEN LAW LLP<br>ANNA HSIA<br>JEFFREY LANDIS<br>ADYA BAKER |
| | By:  */s/ Anna Hsia*<br>     ANNA HSIA |
| | Attorneys for *DreamWorks Animation L.L.C.* and *DreamWorks Animation Television, LLC* |

In accordance with N.D. Cal. Local Rule 5-1, the filer of this document hereby attests that the concurrence to the filing of this document has been obtained from the other signatories above.