Edith Ramirez, SBN 165872
Michelle A. Kisloff (*pro hac vice*)
Adam A. Cooke (*pro hac vice*)
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile:  (202) 637-5910
edith.ramirez@hoganlovells.com
michelle.kisloff@hoganlovells.com
adam.a.cooke@hoganlovells.com

Christopher J. Cox, SBN 151650
4085 Campbell Avenue, Suite 100
Menlo Park, CA  94025
Telephone:     (650) 463-4000
Facsimile:     (650) 463-4199
chris.cox@hoganlovells.com

Helen Y. Trac, SBN 285824
3 Embarcadero Center, 15th Floor
San Francisco, California  94111
Telephone:     415.374.2300
Facsimile:     415.374.2499
helen.trac@hoganlovells.com

Attorneys for Defendants
*Google LLC* and *YouTube LLC*

Additional Defendants and Defendants'
Counsel Listed on Signature Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICHOLE HUBBARD,<br><br>                    Plaintiff,<br><br>          v.<br><br>GOOGLE LLC, et al.,<br><br>                    Defendants. | Case No.  19-cv-07016-BLF<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>The Honorable Beth Labson Freeman<br>Date:          April 16, 2020<br>Time:          9:00 a.m.<br>Courtroom:  Courtroom 3 – 5th Floor |

**TO THE COURT AND ALL PARTIES OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 16, 2020, or as soon thereafter as this matter may be heard, before the Honorable Beth Labson Freeman in Courtroom 3 of this Court, located on the 5th Floor of the Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, Room 2112, San Jose, CA 95113, Defendants will, and hereby do, move the Court for an order granting its Motion to Dismiss the Complaint.  This Motion is made based on Federal Rules of Civil Procedure 8, 9, 12(b)(1) and 12(b)(6) on the grounds that Plaintiff has failed to state any valid claim and does not have standing to pursue this action.  This Motion also will be based upon this Notice; the accompanying Memorandum of Points and Authorities; the complete records in this action; and such other matters and arguments as may come before the Court, including those raised in connection with reply briefing and oral argument relating to this Motion.

Dated: January 23, 2020                    HOGAN LOVELLS US LLP

By:    /s/ EDITH RAMIREZ
EDITH RAMIREZ
edith.ramirez@hoganlovells.com
MICHELLE A. KISLOFF (*pro hac vice*)
michlle.kisloff@hoganlovells.com
ADAM A. COOKE (*pro hac vice*)
adam.a.cooke@hoganlovells.com
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC  20004
Telephone:    (202) 637-5600
Facsimile:     (202) 637-5910

CHRISTOPHER J. COX
chris.cox@hoganlovells.com
HOGAN LOVELLS US LLP
4085 Campbell Avenue, Suite 100
Menlo Park, California  94025
Telephone:    (650) 463.4000
Facsimile:     (650) 463.4199

HELEN Y. TRAC
helen.trac@hoganlovells.com
HOGAN LOVELLS US LLP
3 Embarcadero Center, 15th Floor
San Francisco, California  94111
Telephone:    (415) 374.2300

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- i -

DEFENDANTS' MOTION TO DISMISS
COMPLAINT 19-CV-07016-BLF

1
                             Facsimile:      (415) 374.2499

2
                     Attorneys for Defendants, *Google LLC* and

3
                     *YouTube LLC*

4
Dated:  January 23, 2020         GIBSON, DUNN & CRUTCHER LLP

5
                 By:  /s/ CHRISTOPHER CHORBA

6
                        CHRISTOPHER CHORBA
                        cchorba@gibsondunn.com

7
                        JEREMY S. SMITH
                        jssmith@gibsondunn.com

8
                        GIBSON, DUNN & CRUTCHER LLP
                        333 South Grand Avenue

9
                        Los Angeles, CA 90071-3197
                        Telephone:    (213) 229.7000

10
                        Facsimile:     (213) 229.7520

11
                        JOSHUA H. LERNER
                        jlerner@gibsondunn.com

12
                        CASSANDRA L. GAEDT-SCHECKTER
                        Cgaedt-sheckter@gibsondunn.com

13
                        GIBSON, DUNN & CRUTCHER LLP
                        555 Mission Street, Suite 3000

14
                        Los Angeles, CA 94105-0921
                        Telephone:    (415) 393.8200

15
                        Facsimile:     (415) 393.8306

16
                        Attorneys for Defendants, *Cartoon Networks, Inc.* and *Cartoon Networks Studios, Inc.*

17

18
Dated:  January 23, 2020         MUNGER, TOLLES & OLSON LLP

19
                 By:  /s/ JONATHAN H. BLAVIN

20
                        JONATHAN H. BLAVIN
                        jonathan.blavin@mto.com

21
                        MUNGER, TOLLES & OLSON LLP
                        560 Mission Street, Twenty-Seventh Floor

22
                        San Francisco, California  94105-2907
                        Telephone:    (415) 512-4000

23
                        Facsimile:     (415) 512-4077

24
                        JORDAN D. SEGALL
                        jordan.segall@mto.com

25
                        NEFI D. ACOSTA
                        nefi.acosta@mto.com

26
                        MUNGER, TOLLES & OLSON LLP
                        350 South Grand Avenue, 50th Floor

27
                        Los Angeles, CA  90071-3426
                        Telephone:    (213) 683-9100

28
                        Facsimile:     (213) 687-3702

- ii -                                 DEFENDANTS' MOTION TO DISMISS
                                          COMPLAINT 19-CV-07016-BLF

Attorneys for Defendant *Mattel, Inc.*

Dated: January 23, 2020         ZWILLGEN LAW LLP

                                By:   /s/ ANNA HSIA
                                      ANNA HSIA
                                      anna@zwillgen.com
                                      ZWILLGEN LAW LLP
                                      369 Pine Street, Suite 506
                                      San Francisco, CA  94104
                                      Telephone:        (415) 590-2335
                                      Facsimile:        (415) 636-5965

                                      JEFFREY LANDIS *(pro hac vice)*
                                      jeff@zwillgen.com
                                      ADYA BAKER *(pro hac vice)*
                                      adya@zwillgen.com
                                      ZWILLGEN LAW PLLC
                                      1900 M Street NW, Suite 250
                                      Washington, DC  20036
                                      Telephone:        (202) 296-3585
                                      Facsimile:        (202) 706-5298

                                Attorneys for Defendants, *DreamWorks Animation L.L.C.* and *DreamWorks Animation Television, LLC*

Dated: January 23, 2020         FRANKFURT KURNIT KLEIN & SELZ, P.C.

                                By:   /s/ JEREMY S. GOLDMAN
                                      JEREMY S. GOLDMAN
                                      jgoldman@fkks.com
                                      AMY LAWRENCE
                                      alawrence@fkks.com
                                      FRANKFURT KURNIT KLEIN & SELZ, P.C.
                                      2029 Century Park East, Suite 1060
                                      Los Angeles, CA  90067
                                      Telephone:        (310) 579-9600
                                      Facsimile:        (347) 438-2156

                                Attorneys for Defendants, *Hasbro, Inc.* and *Hasbro Studios LLC*

Dated: January 23, 2020         VENABLE LLP

                                By:   /s/ DAVID FINK
                                      DAVID FINK
                                      defink@veneable.com
                                      CHRISTINA M. NORDSTEN
                                      cmnordsten@venable.com
                                      VENABLE LLP

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- iii -

DEFENDANTS' MOTION TO DISMISS
COMPLAINT 19-CV-07016-BLF

1

2049 Century Park East, Suite 2300
Los Angeles, CA  90067

2

Telephone:       (310) 229-9900
Facsimile:       (310) 229-9901

3

4

ANGEL A. GARGANTA
aagarganta@venable.com

5

VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA  94111

6

Telephone:       (415) 653-3750
Facsimile:       (415) 653-3755

7

8

Attorneys for Defendant *PocketWatch, Inc.*

9

Dated: January 23, 2020          JACOBSON, RUSSELL, SALTZ, NASSIM &
DE LA TORRE LLP

10

11

By:    /s/ MICHAEL SALTZ
MICHAEL SALTZ

12

msaltz@jrsnd.com
JACOBSON, RUSSELL, SALTZ, &

13

NASSIM & DE LA TORRE LLP
1880 Century Park East, Suite 900
Los Angeles, CA  90067

14

Telephone:       (310) 446-9900
Facsimile:       (310) 446-9909

15

16

Attorneys for Defendants, *Remka, Inc.; RTR
Production, LLC;* and *RFR Entertainment, Inc.*

17

18

19

20

21

22

23

24

25

26

27

28

- iv -          DEFENDANTS' MOTION TO DISMISS
COMPLAINT 19-CV-07016-BLF

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................................ 1

II.   BACKGROUND ......................................................................................................... 2

      A.    COPPA Statutory Background and Exclusive Enforcement Scheme...................... 2

      B.    Plaintiff Nichole Hubbard and her Child C.H......................................................... 4

      C.    Defendants YouTube and Google ............................................................................ 5

      D.    Channel Owner Defendants ..................................................................................... 6

III.  ARGUMENT .............................................................................................................. 6

      A.    Plaintiff's Claims Are Preempted by Coppa............................................................ 6

            1.    COPPA Expressly Preempts Plaintiff's State Law Claims............................ 7

            2.    COPPA Impliedly Preempts Plaintiff's State Law Claims .......................... 10

      B.    Plaintiff's Complaint Does Not Satisfy Rule 8 by Failing to Differentiate
            Between the Defendants.......................................................................................... 12

      C.    Plaintiff Lacks Standing to Seek Injunctive Relief ............................................... 12

      D.    Plaintiff Fails to State Any Viable Claims ............................................................ 13

            1.    Plaintiff's Intrusion Upon Seclusion and California Constitutional
                  Privacy Claims Fail .................................................................................... 14

            2.    Plaintiff Fails to State a Claim under the California UCL............................ 18

                  a.    Plaintiff Lacks Statutory Standing to Assert a UCL Claim ........... 18

                  b.    Plaintiff Is Not Entitled to Any Relief under the UCL ................. 19

                  c.    Plaintiff Fails to State a Claim under the UCL's "Fraud,"
                        "Unfair," or "Unlawful" Prongs.................................................... 20

            3.    Plaintiff Fails to State a Claim for Unjust "Enrichment"........................... 24

IV.   CONCLUSION.......................................................................................................... 25

Hogan Lovells US
LLP
Attorneys At Law
San Francisco

- ii -

DEFENDANTS' MOTION TO DISMISS
COMPLAINT 19-CV-07016-BLF

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Abbett v. Bank of Am.*,
   2006 WL 581193 (M.D. Ala. Mar. 8, 2006) .................................................................10

*Adams v. Wells Fargo Bank, N.A.*,
   2015 WL 6449383 (N.D. Cal. Oct. 26, 2015)..........................................................24, 25

*Berman v. Knife River Corp.*,
   2012 WL 12924973 (N.D. Cal. June 8, 2012) ..........................................................19

*BioResource, Inc. v. U.S. Pharmaco Distribution, Ltd.*,
   2010 WL 2763681 (N.D. Cal. July 13, 2010) ..........................................................19

*Broomfield v. Craft Brew Alliance, Inc.*,
   2017 WL 3838453 (N.D. Cal. Sep. 1, 2017)..........................................................25

*Bruton v. Gerber Prod. Co.*,
   2018 WL 4181903 (N.D. Cal. Aug. 31, 2018) ..........................................................19

*In re Carrier IQ, Inc.*,
   78 F. Supp. 3d 1051 (N.D. Cal. 2015) ..........................................................12

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999) ..........................................................22

*Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*,
   24 Cal. 4th 800 (2001) ..........................................................22

*Charles O. Bradley Tr. v. Zenith Capital LLC*,
   2006 WL 798991 (N.D. Cal. Mar. 24, 2006)..........................................................15

*Claridge v. RockYou, Inc.*,
   785 F. Supp. 2d 855 (N.D. Cal. 2011) ..........................................................19

*Daniel v. Ford Motor Co.*,
   806 F.3d 1217 (9th Cir. 2015)..........................................................22

*Doe I v. Wal-Mart Stores, Inc.*,
   572 F.3d 677 (9th Cir. 2009)..........................................................24

*Durrell v. Sharp Healthcare*,
   183 Cal. App. 4th 1350 (2010)..........................................................24

*Ellis v. Advanta Bank*,
   2017 WL 1436249 (N.D. Cal Apr. 24, 2017) ..........................................................12

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- iii -

DEFENDANTS' MOTION TO DISMISS
COMPLAINT 19-CV-07016-BLF

*Ewert v. eBay, Inc.*,
   602 F. App'x 357 (9th Cir. 2015) ........................................................................19

*In re Facebook Internet Tracking Litig.*,
   140 F. Supp. 3d 922 (N.D. Cal. 2015) ................................................................18

*In re Facebook Internet Tracking Litig.*,
   263 F. Supp. 3d 836 (N.D. Cal. 2017) ................................................................15

*Fonseca v. Goya Foods Inc.*,
   2016 WL 4698942 (N.D. Cal. Sept. 8, 2016) ......................................................20

*Gade v. Nat'l Solid Wastes Mgmt. Ass'n*,
   505 U.S. 88 (1992) ..........................................................................................7, 11

*Garcia v. Sony Comp. Entm't Am., LLC*,
   859 F. Supp. 2d 1056 (N.D. Cal. 2012) ..............................................................21

*Geier v. Am. Honda Motor Co.*,
   529 U.S. 861 (2000) ............................................................................................10

*In re Google Android Consumer Privacy Litig.*,
   2013 WL 1283236 (N.D. Cal. Mar. 26, 2013) ....................................................18

*In re Google, Inc. Privacy Policy Litig.*,
   2013 WL 6248499 (N.D. Cal. Dec. 3, 2013) ..................................................22, 23

*In re Google, Inc. Privacy Policy Litig.*,
   58 F. Supp. 3d 968 (N.D. Cal. 2014) ..................................................................15

*In re Google Location History Litig.*,
   2019 WL 6911951 (N.D. Cal. Dec. 19, 2019) ....................................................14

*Grochowski v. Phoenix Constr.*,
   318 F.3d 80 (2d Cir. 2003) ..................................................................................11

*GTE Cal., Inc. v. F.C.C.*,
   39 F.3d 940 (9th Cir. 1994) ................................................................................13

*Hadley v. Kellogg Sales Co.*,
   243 F. Supp. 3d 1074 (N.D. Cal. 2017) ..............................................................23

*Haley v. Macy's, Inc.*,
   263 F. Supp. 3d 819 (N.D. Cal. 2017) ................................................................12

*Hartless v. Clorox Co.*,
   2007 WL 3245260 (S.D. Cal. Nov. 2, 2007) ......................................................22

*Hartmann v. Cal. Dep't of Corr. & Rehab.*,
   707 F.3d 1114 (9th Cir. 2013) ............................................................................13

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- iv -

DEFENDANTS' MOTION TO DISMISS
COMPLAINT 19-CV-07016-BLF

*Hill v. Nat'l Collegiate Athletic Assn.*,
   7 Cal. 4th 1 (1994) ...........................................................................................14, 16

*Hoai Dang v. Samsung Elecs. Co.*,
   2018 WL 6308738 (N.D. Cal. Dec. 3, 2018) .............................................................25

*Imber-Gluck v. Google, Inc.*,
   2015 WL 1522076 (N.D. Cal. Apr. 3, 2015) .............................................................13

*In re Iphone 4S Consumer Litig.*,
   2014 WL 589388 (N.D. Cal. Feb. 14, 2014).............................................................21

*In re iPhone Application Litig.*,
   2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) .........................................................12

*In re iPhone Application Litig.*,
   844 F. Supp. 2d 1040 (N.D. Cal. 2012) ...................................................................15

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009)...................................................................................20

*Kor. Supply Co. v. Lockheed Martin Corp.*,
   29 Cal. 4th 1134 (2003) ...........................................................................................24

*Leonel v. Am. Airlines, Inc.*,
   400 F.3d 702 (9th Cir. 2005)....................................................................................15

*Loeffler v. Target Corp.*,
   58 Cal. 4th 1081 (2014) ...........................................................................................22

*Low v. LinkedIn Corp.*,
   900 F. Supp. 2d 1010 (N.D. Cal. 2012) .............................................................14, 15

*Lozano v. AT & T Wireless Servs., Inc.*,
   504 F.3d 718 (9th Cir. 2007).....................................................................................23

*Manigault-Johnson v. Google, LLC*,
   2019 WL 3006646 (D.S.C. Mar. 31, 2019) ......................................................1, 9, 17

*Marder v. Lopez*,
   450 F.3d 445 (9th Cir. 2006).......................................................................................3

*McCurdy v. Rivero*,
   2018 WL 4300521 (N.D. Cal. Sept. 10, 2018) .........................................................12

*McDonald v. Kiloo ApS*,
   385 F. Supp. 3d 1022 (N.D. Cal. 2019) ...................................................................17

*Medtronic, Inc. v. Lohr*,
   518 U.S. 470 (1996).................................................................................................6, 7

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Metrophones Telecomms., Inc. v. Global Crossing Telecomms., Inc.*,
  423 F.3d 1056 (9th Cir. 2005)..................................................................................10

*Najafifard v. Travelers Comm. Ins. Co.*,
  2015 WL 12656283 (C.D. Cal. Oct. 15, 2015) ......................................................22

*In re Nexus 6P Prod. Liability Litig.*,
  293 F. Supp. 3d 888 (N.D. Cal. 2018) ........................................................3, 12, 22

*In re Nickelodeon Consumer Privacy Litig.*,
  827 F.3d 262 (3d Cir. 2016)...........................................................................9, 16, 17

*Nguon v. Wolf*,
  517 F. Supp. 2d 1177 (C.D. Cal. 2007).................................................................15

*O'Donnell v. Bank of Am., Nat. Ass'n*,
  504 F. App'x 566 (9th Cir. 2013) .....................................................................11, 22

*Opperman v. Path, Inc.*,
  84 F. Supp. 3d 962 (N.D. Cal. 2015) .....................................................................13

*Pearce v. Club Med Sales, Inc.*,
  172 F.R.D. 407 (N.D. Cal. 1997) ...........................................................................15

*Philips v. Ford Motor Co.*,
  726 F. App'x 608 (9th Cir. 2018) ...........................................................................20

*Pioneer Elecs. (USA) Inc. v. Super. Ct.*,
  40 Cal. 4th 360 (2007) ............................................................................................14

*Quadrant Info. Servs., LLC v. LexisNexis Risk Sols., Inc.*,
  2012 WL 3155559 (N.D. Cal. Aug. 2, 2012)..........................................................10

*Rojas v. Bosch Solar Energy Corp.*,
  386 F. Supp. 3d 1116 (N.D. Cal. 2019) ............................................................24, 25

*Rojas-Lozano v. Google, Inc.*,
  159 F. Supp. 3d 1101 (N.D. Cal. 2016) ............................................................22, 24

*Rutherford Holdings LLC v. Plaza del Ray*,
  223 Cal App. 4th 221 (2014)...................................................................................24

*Shields v. Alere Home Monitoring, Inc.*,
  2015 WL 7272672 (N.D. Cal. Nov. 18, 2015)........................................................20

*Shulman v. Grp. W Prods., Inc.*,
  18 Cal. 4th 200 (1998) ............................................................................................14

*Singh v. Google LLC*,
  2018 WL 984854 (N.D. Cal. Feb. 20, 2018)..........................................................18

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- vi -

DEFENDANTS' MOTION TO DISMISS
COMPLAINT 19-CV-07016-BLF

*Svenson v. Google Inc.*,
    2016 WL 8943301 (N.D. Cal. Dec. 21, 2016) .................................................................19

*TBG Ins. Servs. Corp. v. Super. Ct.*,
    96 Cal. App. 4th 443 (2002) ..........................................................................................16

*In re Tobacco II Cases*,
    46 Cal. 4th 298 (2009) ....................................................................................................20

*Tyler Barnett PR, LLC v. Facebook Inc.*,
    2017 WL 6449821 (N.D. Cal. Dec. 18, 2017) .................................................................13

*Umland v. PLANCO Fin. Servs., Inc.*,
    542 F.3d 59 (3d Cir. 2008) ..............................................................................................11

*Valley Outdoor, Inc. v. City of Riverside*,
    446 F.3d 948 (9th Cir. 2006) ...........................................................................................13

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) .........................................................................................21

*Yastrab v. Apple Inc.*,
    2015 WL 1307163 (N.D. Cal. Mar. 23, 2015) .................................................................20

*Yunker v. Pandora Media, Inc.*,
    2013 WL 1282980 (N.D. Cal. Mar. 26, 2013) .................................................................15

*Zepeda v. PayPal, Inc.*,
    777 F. Supp. 2d 1215 (N.D. Cal. 2011) ...........................................................................21

*Zhang v. Super. Ct.*,
    57 Cal. 4th 364 (2013) ....................................................................................................19

**Statutes & Regulations**

15 U.S.C. § 501 ...............................................................................................................8

15 U.S.C. § 6501..............................................................................................................2

15 U.S.C. § 6502..............................................................................................................2

15 U.S.C. § 6502(c) .........................................................................................................2

15 U.S.C. § 6502(d) ..................................................................................................3, 7, 9

15 U.S.C. § 6504 ..............................................................................................................3

15 U.S.C. § 6504(a)(1) .....................................................................................................2

15 U.S.C. § 6504(a)(2) .....................................................................................................2

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- vii -

DEFENDANTS' MOTION TO DISMISS
COMPLAINT 19-CV-07016-BLF

15 U.S.C. § 6504(b) ............................................................................................2

15 U.S.C. § 6504(d) ............................................................................................3

15 U.S.C. § 6505 ................................................................................................3

15 U.S.C. § 6505(a) ............................................................................................2

15 U.S.C. § 6505(b) ............................................................................................2

15 U.S.C. § 6505(d) ............................................................................................2

47 U.S.C. § 223(f)(2) ..........................................................................................7

16 C.F.R. § 312.1 ...............................................................................................2

Cal. Bus. & Prof. Code § 17204 .......................................................................18

**Other Authorities**

U.S. Const. art. VI, cl. 2 .....................................................................................6

144 Cong. Rec. S8482 (daily ed. July 17, 1998) (statement of Sen. Bryan) ..................................17

*Privacy in Cyberspace: Hearing Before the Subcomm. on Telecomm., Trade and*
   *Consumer Prot. of the H. Comm. on Commerce*, 105th Cong. (1998), 1998 WL
   634723 (statement of K. Montgomery, Center for Media Education) ........................................3

55 Cal. Jur.3d Restitution § 2 ............................................................................24

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Though styled as arising out of state law, Plaintiff's claims all flow from the contention that Defendants impermissibly collected certain online data from minors under the age of 13 who used YouTube without verifiable parental consent as required by the federal Children's Online Privacy Protection Act ("COPPA").  Importantly, no private right of action exists under that statute.  Instead, Congress vested primary enforcement responsibility with the Federal Trade Commission ("FTC"), allowing states (through their attorneys general) to seek compensation on behalf of their residents in coordination with the FTC.  Congress also included an express preemption clause specifically to foreclose efforts like this one that attempt to use state law to sidestep COPPA's enforcement mechanism.  In this manner, regulated entities benefit from the FTC's expertise and ability to adapt to evolving technologies, as well as the certainty that comes from a single federal standard that is policed via consolidated enforcement actions.

Plaintiff's Complaint is an attempted end run around COPPA's exclusive enforcement structure.  In keeping with Congress' mandate, the FTC has already taken action to address the alleged data practices Plaintiff challenges by bringing an enforcement action against Google LLC and YouTube LLC (the "Google Defendants") in coordination with the New York state attorney general.  Without admitting liability, the Google Defendants chose to resolve that action by voluntarily agreeing to certain injunctive relief and paying a fine of $170 million in a settlement approved by the U.S. District Court for the District of Columbia.  Thus, not only are Plaintiff's claims preempted by COPPA, but the allegedly wrongful conduct challenged in the Complaint has already been addressed in exactly the way Congress intended.

Even apart from preemption, Plaintiff's Complaint neither meets federal pleading standards nor states any valid claim.  Plaintiff's California Constitutional privacy and intrusion upon seclusion claims fail because the only collection alleged in the Complaint—the collection by the Google Defendants—was disclosed, and, as a district court recognized last year in a nearly identical case against the Google Defendants, the collection and use of the data at issue is neither highly offensive nor an egregious breach of social norms.  *Manigault-Johnson v. Google, LLC,*

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2019 WL 3006646, at *4-6 (D.S.C. Mar. 31, 2019).  Likewise, Plaintiff has not pled facts to support a claim under California's Unfair Competition Law ("UCL") or for unjust enrichment. Among other deficiencies, Plaintiff has not pled an injury sufficient to confer UCL standing or entitle her to restitution or other quasi-contractual relief, and her vague insinuations of fraud are not substantiated with detailed allegations as required by Rule 9(b).

Finally, Plaintiff lacks Article III standing because, among other things, the D.C. District Court has already enjoined the challenged data practices as part of the FTC settlement, mooting the request for injunctive relief.

## II.   BACKGROUND

### A.   COPPA Statutory Background and Exclusive Enforcement Scheme

In 1998, Congress enacted COPPA, a detailed legislative and regulatory scheme, to enhance parental control over children's online activities and protect children's privacy.  *See* 15 U.S.C. §§ 6501 *et seq.*  At Congress' direction, the FTC adopted detailed regulations governing the collection and use of personal information about minors under the age of thirteen, which the Commission amended in 2013 (the "COPPA Rule").  *See id.* §§ 6501-6502; 16 C.F.R. §§ 312.1 *et seq.*  The COPPA Rule requires operators of websites or online services directed to children under the age of thirteen to, among other things:  post a privacy policy providing clear, understandable, and complete notice of their information practices with respect to the collection of personal information from children under the age of thirteen, provide direct notice to parents of such information practices, and obtain verifiable parental consent prior to collecting, using, or disclosing personal information from children under the age of thirteen.  *Id.*

COPPA also has a carefully calibrated remedial scheme.  Congress specified the FTC would have primary enforcement authority, 15 U.S.C. §§ 6502(c), 6505(d), with certain other federal agencies retaining authority over entities they oversee.  *Id.* §§ 6505(a), (b).  Congress also gave states a role through *parens patriae* actions brought by their attorneys general.  *Id.* § 6504(a)(1).  Before proceeding with any such lawsuits, a state attorney general must give the FTC notice, *id.* § 6504(a)(2), and the FTC has a statutory right to intervene.  *See id.* § 6504(b).

Hogan Lovells US
LLP
Attorneys At Law
San Francisco

- 2 -

DEFENDANTS' MOTION TO DISMISS
COMPLAINT 19-CV-07016-BLF

The statute also ensures the lead role of the FTC by preventing states from "institut[ing]" duplicative actions during the "pendency" of a parallel FTC proceeding. *Id.* § 6504(d).

Crucially, this scheme does not include any federal private right of action for individuals. *See generally id.* §§ 6504-6505. That was a very deliberate decision. Congress was presented with proposals to include a private cause of action when the legislation was being drafted, but it declined to do so. *See, e.g.*, *Privacy in Cyberspace: Hearing Before the Subcomm. on Telecomm., Trade and Consumer Prot. of the H. Comm. on Commerce*, 105th Cong. (1998), 1998 WL 634723 (statement of K. Montgomery, Center for Media Education) (stating that the "bill should be altered to provide consumers with a private right of action"). It also includes an express preemption clause, stating:

> No State or local government may impose any liability for commercial activities or actions by operators in interstate or foreign commerce in connection with an activity or action described in this chapter that is inconsistent with the treatment of those activities or actions under this section.

15 U.S.C. § 6502(d).

In accordance with COPPA's remedial scheme, the FTC and the attorney general of the state of New York brought an action on September 4, 2019 against the Google Defendants for alleged violations of COPPA in the U.S. District Court for the District of Columbia (the "FTC Action"). *See* Ex. A, *F.T.C. v. Google LLC,* No. 19-cv-02642, Dkt. 1 (D.D.C. Sept. 4, 2019).[1] The Google Defendants, without any admission of liability, agreed to a stipulated permanent injunction and a civil penalty of $170 million ($136 million to be paid to the FTC and $34 million to the state of New York), which the court approved and entered as a stipulated order. *See* Ex. B, FTC Action, Dkt. 5 at 10-13 (Sept. 10, 2019). The injunction requires the Google Defendants to: (1) develop, implement, and maintain a system that permits channel owners to identify their

---

[1] The complaint and court order entered in the FTC Action, as well as YouTube's Terms and Google's Privacy Policy, are cited in the Complaint and are thus appropriate for consideration on a motion to dismiss. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see also In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d 888, 907 (N.D. Cal. 2018). The exhibits cited herein are attached to the Declaration of Helen Trac.

child-directed content on the YouTube platform; (2) notify channel owners that their child-directed content may be subject to COPPA's obligations; (3) provide annual training about complying with COPPA for employees who deal with YouTube channel owners; and (4) provide notice about their data collection practices and obtain verifiable parental consent before collecting personal information from children. *Id.* at 10-12. The deadline for compliance with these mandates was January 10, 2020. *Id.* at 4. The FTC Action is precisely the means by which Congress intended COPPA to be enforced.

### B.  Plaintiff Nichole Hubbard and her Child C.H.

Plaintiff Nichole Hubbard is a California resident and the parent of C.H., a five-year-old who allegedly watched videos via YouTube.com, the YouTube mobile app, and the YouTube Kids App. Compl. ¶¶ 18-19, 115. Plaintiff asserts that "[w]hile C.H. viewed videos on the YouTube Platform, Defendants unlawfully collected C.H.'s Personal Information, including persistent identifiers, and delivered targeted advertisements to C.H. intended to influence C.H.'s behavior," and that they did so "without verifiable parental consent." *Id.* ¶¶ 9-10. Plaintiff contends that this collection and use of C.H.'s information without parental consent violates COPPA. *Id.* ¶¶ 125, 136(f), 149. Notably, the "Personal Information" Plaintiff alleges was collected is limited to user activity data, location information, and identifiers associated with devices and applications. *See id.* ¶¶ 44-45. The Complaint does not allege any Defendant had knowledge of C.H.'s age or identity. Nor does it allege how C.H. obtained access to the YouTube platform, on whose device C.H. viewed videos, whether C.H. viewed videos on YouTube in the company of, or with the permission of, his or her parent, or whether C.H. actually viewed content on each of Channel Owner Defendants' channels. The only injury Plaintiff and C.H. purportedly suffered as a result of Defendants' alleged conduct was loss of the ability to "realize the economic value" of C.H.'s information. *Id.* ¶ 104.

With no private right of action under COPPA, Plaintiff instead purports to assert state law claims premised entirely on alleged COPPA violations: (1) common law intrusion upon seclusion; (2) violation of California's UCL; (3) violation of the right to privacy under the California Constitution; and (4) unjust enrichment. *Id.* ¶¶ 129-31.

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

DEFENDANTS' MOTION TO DISMISS
COMPLAINT 19-CV-07016-BLF

1

### C.    Defendants YouTube and Google

2      YouTube is a free online video-sharing platform that allows users around the world to

3   upload, share, and view video content.  *See* Compl. ¶¶ 2, 40, 43.  YouTube users are subject to

4   Google's Privacy Policy, which is incorporated in YouTube's Terms of Service ("Terms").  *See*

5   Ex. C § 1(A).  The Privacy Policy informs all users that Google collects certain information from

6   them when they use Google services.  Compl. ¶ 6; Ex. D at 18 ("This Privacy Policy applies to all

7   of the services offered by Google LLC and its affiliates, including YouTube.").  Because Google

8   wants users to understand its data practices, Google's Privacy Policy is written in a simple and

9   easy-to-understand manner.  *See e.g.*, Ex. D at 2 (section entitled "We want you to understand the

10  types of information we collect as you use our services.").

11      Google's Privacy Policy explains that it collects user data even for users not signed in to

12  an account.  Ex. D at 2 ("When you're not signed in to a Google Account, we store the

13  information we collect with unique identifiers tied to the browser, application, or device you're

14  using.  This helps us do things like maintain your language preferences across browsing

15  sessions.").  Information collected from Google users—regardless of whether a user is signed-in

16  or not—includes:  (1) "information about the apps, browsers, and devices you use to access

17  Google services;" (2) "information about your activity in our services;" and (3) "information

18  about your location when you use our services."  Ex. D at 2-5; *see also* Compl. ¶¶ 44-53.  As

19  Google explains in its Privacy Policy, it uses this information to provide, maintain, and improve

20  its services; develop new services; provide personalized services; measure performance;

21  communicate with users; and improve the safety and reliability of its products.  Ex. D at 5-7.

22  This enables Google to provide features such as automatic product updates, recommendations for

23  YouTube videos, driving directions, or nearby movie time listings.  *Id.* at 2-5.  And it allows

24  Google to serve personalized ads based on user interests.  *Id.* at 6-7.

25      Use of YouTube's services and products is also subject to the Terms.  *See* Ex. C § 1(A).

26  Under the Terms, YouTube users must be "more than 18 years of age, or an emancipated minor,

27  or possess legal parental or guardian consent, and [be] fully able and competent to enter into the

28  [Terms]."  Compl. ¶ 41.  The Terms emphasize that the YouTube service is only for users "over

the age of 13, as the Service is not intended for children under 13." *Id.*  The Terms caution users: "If you are under 13 years of age, then please do not use the Service.  There are lots of other great web sites for you.  Talk to your parents about what sites are appropriate for you." *Id.*  Certain YouTube features, such as posting videos or comments, require individuals to create a Google account. *Id.* ¶¶ 40-41; *see also* Ex. C § 3(A).  "Google prevents users who identify as under thirteen years old from creating a Google account (an 'age gate')."  Compl. ¶ 41.

### D.  Channel Owner Defendants

The Complaint also names as Defendants entities alleged to have provided video content through a YouTube channel that allows advertisements.  Compl. ¶¶ 5, 54.  These include the Cartoon Network, Inc., Cartoon Network Studios, Inc., CookswirlC, Chu Chu TV Studios, DreamWorks Animation LLC, DreamWorks Animation TV, LLC, Hasbro, Inc., Hasbro Studios LLC, Mattel, Inc., PocketWatch, Inc., Remka, Inc., RTR Production LLC, and RFR Entertainment, Inc. (collectively "Channel Owner Defendants").

The Complaint alleges that C.H. watched some, but not all, of the Channel Owner Defendants' YouTube channels.  Compl. ¶ 93.  Notably, Plaintiff does not allege that C.H. watched YouTube channels owned by The Cartoon Network, Inc., Cartoon Network Studios, Inc., DreamWorks Animation LLC, DreamWorks Animation TV, or Mattel, Inc.  Nor does Plaintiff allege the Channel Owner Defendants themselves collected any data.

## III.  ARGUMENT

### A.  PLAINTIFF'S CLAIMS ARE PREEMPTED BY COPPA

COPPA preempts all of Plaintiff's claims.  The Supremacy Clause of the Constitution renders federal law "the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2.  "The ultimate touchstone in every pre-emption case" is congressional intent. *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996) (internal quotation marks omitted).  "Congress' intent, of course, primarily is discerned from the language of the . . . statute and the statutory framework surrounding it." *Id.* at 486 (internal quotation marks omitted).  "Also relevant, however, is the structure and purpose of the statute as a whole . . . as revealed not only in the text, but through the reviewing court's reasoned

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -

DEFENDANTS' MOTION TO DISMISS
COMPLAINT 19-CV-07016-BLF

1  understanding of the way in which Congress intended the statute and its surrounding regulatory

2  scheme to affect business, consumers, and the law." *Id.* (internal quotations marks omitted).

3      "Pre-emption may be either expressed or implied, and is compelled whether Congress'

4  command is explicitly stated in the statute's language or implicitly contained in its structure and

5  purpose." *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 98 (1992) (internal quotation

6  marks omitted).  Under both frameworks, state law is preempted where it "stands as an obstacle

7  to the accomplishment and execution of the full purposes and objectives of Congress."  *Id.*

8  (internal quotation marks omitted).  As shown below, Plaintiff's state law claims are expressly

9  and impliedly preempted by COPPA.  Moreover, federal and state authorities have already

10  enforced COPPA on the facts alleged here, mooting any need for private enforcement.

### 1.     COPPA Expressly Preempts Plaintiff's State Law Claims

12      COPPA's preemption clause bars state law claims premised on purported violations of

13  COPPA, regardless of how those claims are styled.  COPPA explicitly provides that "[n]o State or

14  local government may impose any ***liability*** . . . in connection with an activity or action described

15  in this chapter ***that is inconsistent with the treatment of those activities or actions under this***

16  ***section***."  15 U.S.C. § 6502(d) (emphasis added).  As explained above, COPPA provides for a

17  specific enforcement and remedial scheme—one involving federal agency and state enforcement,

18  but which purposefully omits a private right of action.  Moreover, the fact that COPPA does not,

19  unlike other statutes, contain a "savings clause" preserving any state claims further underscores

20  Congress' intent to preempt private actions based on the conduct covered by the statute.

21  *Compare* 15 U.S.C. § 6502(d) *with* Communications Decency Act, 47 U.S.C. § 223(f)(2).

22      Plaintiff nonetheless purports to assert state law claims premised entirely on "activit[ies]

23  or action[s] described in" COPPA.  15 U.S.C. § 6502(d).  Allowing Plaintiff to bring a private

24  right of action based on alleged violation of a statute that reserves enforcement for federal and

25  state regulators would plainly be "inconsistent with the treatment of those activities" under

26  COPPA.  *Id.*

27      Plaintiff's claims, though formally styled as arising under state law, are premised entirely

28  on alleged violations of a very specific set of requirements involving the collection and use of

Hogan Lovells US
LLP
Attorneys At Law
San Francisco

- 7 -

DEFENDANTS' MOTION TO DISMISS
COMPLAINT 19-CV-07016-BLF

"persistent identifiers" found only in COPPA.  Indeed, an entire section of the Complaint is dedicated to describing COPPA, Compl. ¶¶ 62-70, and in the first paragraph of the Complaint, Plaintiff describes the class as "millions of children under the age of thirteen"—*i.e.*, those children covered under COPPA.  *Id.* ¶ 1; *see also id.* ¶¶ 129-30 (defining putative classes as "all children and parents and/or legal guardians of children . . .  who are younger than the age of thirteen, or were younger than the age of thirteen when they used YouTube, and from whom Defendants collected, used, or disclosed Personal Information without first obtaining verified parental consent," which is required under COPPA).  The rest of Plaintiff's allegations are consistent with what she telegraphs in that initial paragraph—that her Complaint is predicated on a claimed violation of COPPA, rather than on activity that independently violates state law.  As detailed below, Plaintiff's core allegations focus on COPPA's requirement that operators of child-directed websites and online services give notice to parents and obtain verifiable parental consent prior to collecting and using "persistent identifiers," as defined by COPPA, of children under thirteen:

- "The Children's Online Privacy Protection Act ("COPPA"), 15 U.S.C. § 501, et seq., protects ***children under thirteen years old*** from having their personal information ("Personal Information") collected unless their parent has first given ***verifiable consent***."  *Id.* ¶ 7 (emphasis added).

- "Defendants surreptitiously collected the Personal Information of C.H. and other ***minors under the age of thirteen*** without ***verifiable parental consent*** during the Class Period."  *Id.* ¶ 10 (emphasis added).

- "The Google Defendants have, at all times throughout the Class Period, been well aware that ***minors under the age of thirteen*** access YouTube's channels; have actively sought to increase viewers of the YouTube Platform by ***children under the age of thirteen*** . . . and have sought to exploit, for commercial purposes and gain, the millions of YouTube viewers under the age of thirteen."  *Id.* ¶ 42 (emphasis added).

- "When videos are viewed on the YouTube Platform by ***children under the age of thirteen***, Defendants do not disclose that they are tracking, profiles, and targeting children and do not obtain ***verified parental consent*** to do so."  *Id.* ¶ 70 (emphasis added).

- "Defendants exploited ***children under thirteen*** for financial gain . . . [b]y ***failing to (1) obtain parental consent***, (2) disclose to parents the nature of their data collection practices, and (3) take other steps to preclude the capture of children's Personal Information."  *Id.* ¶¶ 113-14 (emphasis added).

- "Defendants did not obtain ***verifiable parental consent*** prior to the collection of C.H.'s Personal Information."  *Id.* ¶ 118 (emphasis added).

These allegations—the failure to comply with COPPA—form the basis for all of Plaintiff's claims. For example, with respect to Plaintiff's UCL claim, Plaintiff specifically identifies an alleged violation of COPPA as its legal basis. *See id*. ¶ 149 ("Defendants engaged in business acts and practices deemed 'unlawful' under the UCL, because, as alleged above, Defendants unlawfully tracked, targeted, and profiled Plaintiff's child and Class and Subclass members without obtaining parental consent in violation of COPPA and Federal Trade Commission regulations."). The same applies to all of Plaintiff's other claims, which are not predicated on any activities that fall outside the scope of COPPA. *See generally id.* ¶¶ 143, 151-52, 158, 168. As such, they fall squarely within COPPA's preemption clause and are preempted.

Courts have found that COPPA's preemption clause bars state law claims like those here that are based on alleged violations of COPPA. Most recently, in *Manigault-Johnson,* the court reasoned:

> [A]lthough Plaintiffs have attempted to frame their claims as arising under state law, it is clear that all of their claims are predicated on alleged violations of COPPA rather than on additional activity that violates state law. . . . Thus, it appears to the Court that Plaintiffs seek to use the vehicle of state law to privately enforce the provisions of COPPA, which Congress clearly intended to preclude when it included an express preemption clause in COPPA and assigned exclusive enforcement of COPPA to the Federal Trade Commission and state attorneys general. 15 U.S.C. § 6502(d).

2019 WL 3006646, at *6.

The Third Circuit's decision in *In re Nickelodeon Consumer Privacy Litigation* further supports a finding of preemption. There, the court allowed an intrusion upon seclusion claim to move forward only because plaintiffs had alleged wrongful conduct that went **beyond** COPPA. 827 F.3d 262 (3d Cir. 2016). Plaintiffs in *Nickelodeon* alleged that Viacom had collected children's information "using deceitful tactics" by affirmatively and falsely stating: "HEY GROWN-UPS: We don't collect ANY personal information about your kids. Which means we couldn't share it even if we wanted to!" *Id.* at 269. In light of this allegation, the court found no conflict with COPPA, emphasizing that the "heart" of the alleged wrong was not that defendants "**collected** children's personal information, or even that they **disclosed** it," but rather that they did so "under false pretenses." *Id.* at 292, 295. Here, by contrast, Plaintiff's state law claims are predicated entirely on alleged violations of COPPA, which requires that parents be notified and

Hogan Lovells US
LLP
Attorneys At Law
San Francisco

- 9 -

DEFENDANTS' MOTION TO DISMISS
COMPLAINT 19-CV-07016-BLF

provide consent before there is collection of information from minors under the age of 13.  There is no allegation of any affirmative misrepresentation by Defendants.  Plaintiff's suggestion that Defendants engaged in deceitful conduct, and that the collection of children's information was "surreptitious," is undermined by Plaintiff's own concession that Google' Privacy Policy publicly discloses Google's data collection and usage practices, without distinction as to age.  Compl. ¶¶ 44-52 (summarizing information collected by Google).  The only plausible inference is that any collection of information was not covert, but rather with full disclosure.

Under such circumstances, allowing Plaintiff to bring claims under state law would create the type of inconsistent liability that Congress sought to preclude.  As explained, COPPA embodies a careful congressional choice about how to enforce the protections afforded by the statute.  Private actions would subvert the FTC's congressionally-delegated authority to police COPPA violations and the *parens patriae* role of the states and state attorneys general.  As courts have consistently held in analogous circumstances, recognizing such a claim under state law would be "inconsistent" with the federal statute's exclusive enforcement scheme and therefore expressly preempted.  *See, e.g.*, *Abbett v. Bank of Am.*, 2006 WL 581193, at *5 (M.D. Ala. Mar. 8, 2006) ("Allowing any private state law action to proceed against a furnisher of information based on violations of duties established by § 1681s-2(a) is inconsistent with the FCRA."); *Quadrant Info. Servs., LLC v. LexisNexis Risk Sols., Inc.*, 2012 WL 3155559, at *3 (N.D. Cal. Aug. 2, 2012) (noting that "this court has uniformly concluded that a UCL claim for injunctive relief [based on the FCRA] is preempted" because the FCRA "expressly places authority to seek injunctions in the FTC instead of private plaintiffs").  This is especially true where, as here, an enforcement action was already brought by the FTC and the New York Attorney General.  Congress' chosen enforcement method has worked exactly as it intended.

### 2.    COPPA Impliedly Preempts Plaintiff's State Law Claims

Even when a statute contains an express preemption clause, the "ordinary working of conflict pre-emption principles" may preempt state law beyond the scope of that clause.  *Geier v. Am. Honda Motor Co.*, 529 U.S. 861, 869 (2000); *see also Metrophones Telecomms., Inc. v. Global Crossing Telecomms., Inc.*, 423 F.3d 1056, 1072-73 (9th Cir. 2005) (noting state law is

preempted under both conflict and express preemption doctrines where federal law preempted state requirements "'[t]o the extent that any State requirements are inconsistent'") (citation omitted. Conflict preemption applies "where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Gade*, 505 U.S. at 98 (internal quotations omitted).

Notably, state laws are preempted where a federal statute provides for a specific ***method*** of enforcement and a state law interferes with that method. *Id.* at 103 ("[I]t is not enough to say that the ultimate goal of both federal and state law is the same . . . A state law [] is pre-empted if it interferes with the methods by which the federal statute was designed to reach that goal."). Where a "federal statute doesn't create a private right of action . . . plaintiffs can't use California law to engineer one." *O'Donnell v. Bank of Am., Nat. Ass'n*, 504 F. App'x 566, 568 (9th Cir. 2013). Courts regularly find state law claims impliedly preempted where they are inconsistent or interfere with the method of enforcement mandated by a federal statute. *See e.g.*, *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 65 (3d Cir. 2008) (state law claims preempted where they would "interfere with the IRS's administrative scheme"); *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (holding that "plaintiffs' state-law claims are indirect attempts at privately enforcing" the federal statute and "would interfere with the implementation of that scheme") (internal quotation marks omitted).

Here, Congress' carefully crafted remedial scheme would be undermined if private parties, like Plaintiff, were allowed to proceed with their state law claims based on the very conduct addressed in COPPA. Congress chose not to allow private rights of action, instead entrusting the FTC with the principal role in implementing and overseeing compliance with COPPA and assigning state attorneys general a complementary enforcement role. Permitting private enforcement under state law would undermine this framework and, because private plaintiffs have no obligation to involve the FTC, potentially lead to different requirements for children's privacy in different states. In accordance with Congress' delegated authority, the FTC and the New York Attorney General have already brought (and resolved) an enforcement action against the Google Defendants. This Court should not permit Plaintiff to make an end run around

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 11 -

DEFENDANTS' MOTION TO DISMISS
COMPLAINT 19-CV-07016-BLF

Congress' desired method of enforcement.  Accordingly, this action should be dismissed in its entirety.

### B.   PLAINTIFF'S COMPLAINT DOES NOT SATISFY RULE 8 BY FAILING TO DIFFERENTIATE BETWEEN THE DEFENDANTS

To satisfy Rule 8, a complaint must "differentiate between the Defendants," *Ellis v. Advanta Bank*, 2017 WL 1436249 at *2 (N.D. Cal Apr. 24, 2017), and "identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole." *In re iPhone Application Litig.*, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011).  Plaintiff cannot "obfuscate[] what role[]" each Defendant "independently played in the alleged harm and whether [it] is liable for its own conduct." *In re Nexus 6P Prod. Liability Litig.*, 293 F. Supp. 3d 888, 908 (N.D. Cal. 2018); *see also McCurdy v. Rivero*, 2018 WL 4300521 at *13 (N.D. Cal. Sept. 10, 2018).  Here, the Complaint is filled with impermissible group pleading that fails to differentiate between *15* different Defendants, between the Google Defendants or the Channel Owner Defendants, or between any of the 12 differently situated Channel Owner Defendants.  For example, Plaintiff alleges "Defendants collected C.H.'s Personal Information for the purposes of tracking, profiling, and targeting C.H. with advertisements." Compl. ¶ 117.  She likewise asserts that "Defendants actively and fraudulently concealed their unlawful acts" and "further deceptively misled parents and the public about Defendants' intentional design and employment of the You Tube Platform." *Id.* ¶ 119; *see also* ¶¶ 5, 81, 82, 97, 99, 152.  Because this "grouping [of] multiple defendants together in [] broad allegation[s] is insufficient to provide those defendants with fair notice of the claims against them and the grounds for relief," the Complaint should be dismissed on this basis alone. *Ellis*, 2017 WL 1436249 at *2.

### C.   PLAINTIFF LACKS STANDING TO SEEK INJUNCTIVE RELIEF

In seeking to circumvent COPPA's enforcement scheme and obtain injunctive relief, *see* Compl. ¶¶ 147, 155, 163 and at p. 41, Plaintiff wrongly attempts to escape this Court's jurisdictional limitations.  Where, as here, injunctive relief is requested, Plaintiff "must demonstrate a 'real and immediate threat of repeated injury' in the future." *Haley v. Macy's, Inc.*,

263 F. Supp. 3d 819, 824 (N.D. Cal. 2017).  That threat must be "'certainly impending.'"  *Tyler Barnett PR, LLC v. Facebook Inc.*, 2017 WL 6449821, at *3 (N.D. Cal. Dec. 18, 2017).  Plaintiff, however, has not alleged facts showing any real, immediate, and certainly impending threat of repeated injury.  Specifically, as part of the Google Defendants' settlement with the FTC, the District Court for the District of Columbia has already issued a stipulated injunction with respect to the data practices at issue in the complaint.  *See* Ex. B; Compl. ¶ 11.  Nothing in the Complaint supports a second injunction, leaving no conduct for this Court to redress.[2]  *See, e.g.*, *Valley Outdoor, Inc. v. City of Riverside*, 446 F.3d 948, 953 (9th Cir. 2006) (affirming dismissal of claims for lack of standing where challenged billboard ordinances could not be enforced against plaintiff); *Tyler Barnett*, 2017 WL 6449821, at *4 (plaintiff lacked standing to seek injunctive relief where alleged deficiency was based on one prior instance of inaccurate analytics that had already been corrected); *Opperman v. Path, Inc.*, 84 F. Supp. 3d 962, 988 (N.D. Cal. 2015) (plaintiff "cannot seek injunctive relief against Apple because no realistic threat exists that the complained-of conduct is ongoing or will be repeated [in light of allegations that] Apple has remedied the alleged gaps in its privacy protection"); *see also GTE Cal., Inc. v. F.C.C.*, 39 F.3d 940, 945 (9th Cir. 1994) (rejecting request for injunction where "events have occurred that prevent [this Court] from granting effective relief"); *Imber-Gluck v. Google, Inc.*, 2015 WL 1522076, at *3-4 (N.D. Cal. Apr. 3, 2015) (denying class certification where FTC previously acted to redress "the same conduct at issue").

### D.    PLAINTIFF FAILS TO STATE ANY VIABLE CLAIMS

Putting aside that COPPA preempts all of Plaintiffs' claims, the improper group pleading, and Plaintiff's lack of standing to seek injunctive relief, there are multiple, independent reasons the Complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013).

---

[2] Indeed, Plaintiff has failed to demonstrate standing for any of her claims, as the Complaint does not include plausible allegations of any concrete injury traceable to Defendants' conduct that is redressable by the Court.

1.      **Plaintiff's Intrusion Upon Seclusion and California Constitutional Privacy Claims Fail**

Plaintiff has not met the "high bar" that the "California Constitution and the common law set . . . for an invasion of privacy claim."[3] *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012). To establish the "threshold elements" of a privacy claim under the California Constitution, "a plaintiff must demonstrate: '(1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by the defendant constituting a serious invasion of privacy.'" *In re Google Location History Litig.*, 2019 WL 6911951, at *8 (N.D. Cal. Dec. 19, 2019) (quoting *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 34-38 (1994)). A common law intrusion upon seclusion claim "must meet similarly high standards" to be actionable: the allegations must plausibly show an "intrusion into a private place, conversation or matter . . . in a manner highly offensive to a reasonable person." *Low*, 900 F. Supp. 2d at 1025. Courts treat the California Constitutional and common law prongs as "effectively identical." *In re Google Location History Litig.*, 2019 WL 6911951, at *8. For both, a plaintiff must have "an objectively reasonable expectation of seclusion or solitude in the place, conversation or data source." *Shulman v. Grp. W Prods., Inc.*, 18 Cal. 4th 200, 232 (1998).

Critically, to support a claim, the information must be of a type where plaintiffs have an interest in "precluding the dissemination or misuse of sensitive and confidential information," where disclosure would cause "unjustified embarrassment or indignity," or where plaintiffs have an autonomy interest in "making intimate personal decisions" without observation or intrusion. *Pioneer Elecs. (USA) Inc. v. Super. Ct.*, 40 Cal. 4th 360, 370 (2007) (internal quotation marks omitted). The type of sensitive and confidential information that has been held to rise to that level include information such as medical records, financial records, and information relating to

---

[3] Plaintiff and C.H. are California residents, and the Terms select California law. Compl. ¶¶ 18-19; Ex. C at 4. Defendants reserve all arguments related to Plaintiff's attempt to assert state law claims on behalf of putative class members in 33 *other* states. *See* Compl. ¶ 129; *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1068 (N.D. Cal. 2015) (standing is claim-specific and "named Plaintiffs do not have standing to assert claims from states in which they do not reside").

sexual orientation and sexual activity.  *See, e.g.*, *Leonel v. Am. Airlines, Inc*., 400 F.3d 702, 712 (9th Cir. 2005) (medical profile); *Charles O. Bradley Tr. v. Zenith Capital LLC*, 2006 WL 798991, at *2 (N.D. Cal. Mar. 24, 2006) (financial records); *Nguon v. Wolf*, 517 F. Supp. 2d 1177, 1196 (C.D. Cal. 2007) (sexual orientation); *Pearce v. Club Med Sales, Inc*., 172 F.R.D. 407, 410 (N.D. Cal. 1997) (sexual activity).

The purported collection, use, or disclosure of information alleged in the Complaint is far from being an "'egregious breach of the social norms.'"[4]  *Low*, 900 F. Supp. 2d at 1025.  Courts have found that the alleged collection of the information at issue, including online activity, geolocation, and browser/device information, is "part of routine Internet functionality," not an offensive invasion of a private zone.  *In re Facebook Internet Tracking Litig*., 263 F. Supp. 3d 836, 846 (N.D. Cal. 2017) (finding that disclosure of URLs users visited not "a highly offensive invasion of Plaintiffs' privacy interests").  In fact, California courts have "consistently refused to characterize the disclosure of common, basic digital information to third parties as serious or egregious violations of social norms."  *In re Google, Inc. Privacy Policy Litig.*, 58 F. Supp. 3d 968, 985, 988 (N.D. Cal. 2014) (Google's collection and disclosure of users' data did "not plausibly rise to the level of intrusion necessary to establish an intrusion claim").  In case after case, courts have dismissed privacy claims based on a website's collection of this data.  *See Low*, 900 F. Supp. 2d at 1025; *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (disclosure of "unique device identifier number, personal data, and geolocation information  . . . does not constitute an egregious breach of social norms"); *Yunker v. Pandora*

---

[4] Notably, the Complaint does not plead any facts alleging that the Channel Owner Defendants collected viewers' personal information.  Rather, it contains only conclusory allegations grouping the Defendants together.  *See, e.g.*, Compl. ¶ 143 ("Defendants intentionally intruded . . . through the monitoring and tracking activities described herein.").   None of the "monitoring and tracking activities described" in the Complaint are attributed to the Channel Owner Defendants, requiring dismissal of the claims against those Defendants.

*Media, Inc.*, 2013 WL 1282980, at *15 (N.D. Cal. Mar. 26, 2013) (providing data about user's digital music files to advertising libraries not egregious breach of social norms).

To be clear, this does not mean that Defendants treat the data at issue as subject to no limitations or respect.  There is no allegation in the Complaint that the Google Defendants knew C.H.'s age.  Moreover, as Plaintiff concedes, the Google Defendants openly disclose and describe their data practices and did so prior to the FTC settlement.  *See* Compl. ¶ 6; Ex. D at 15.  Google's Privacy Policy explains that the information it collects from users includes "information about the apps, browsers, and devices you use to access Google services" as well as "information about your activity in our services."  Ex. D at 34.  As noted above, this includes informing users that Google will use information to serve them targeted advertisements.  Ex. D. at 23.  Plaintiff's allegation that the Google Defendants collected data in accordance with their stated policies cannot support a state law privacy claim under established case law.  *See Hill*, 7 Cal. 4th at 36 (noting that "advance notice of an impending action" undercuts a person's reasonable expectation of privacy); *TBG Ins. Servs. Corp. v. Super. Ct.*, 96 Cal. App. 4th 443, 449 (2002) (holding that employer's email and Internet policy statement provided advanced notice and diminished employee's reasonable expectation of privacy).

Putting aside that the Complaint acknowledges that the YouTube Terms prohibit users under 13 and does not allege that Defendants had any knowledge that C.H. was under 13 or that C.H. viewed YouTube without parental participation or supervision, the analysis does not change just because C.H. is alleged to be a minor.  Indeed, the Third Circuit rejected the argument that Google's routine collection of information like IP addresses from visitors of websites with children's programming was "particularly odious."  *Nickelodeon*, 827 F.3d at 294-295.[5]  The panel recognized that "courts have long understood that tracking cookies can serve legitimate

---

[5] The information at issue in *Nickelodeon* included "username/alias"; "gender"; "birthdate"; "IP address"; "browser settings"; "unique device identifier"; "web communications, including but not limited to detailed URL requests and video materials requested and obtained from . . . websites"; and "persistent . . . identifiers."  827 F.3d at 269 n.19.

commercial purposes." *Id.* And it held that the pervasiveness of that practice across the Internet meant that Google's alleged conduct was not "sufficiently offensive, standing alone, to survive a motion to dismiss"—including in the case of minors under the age of 13. *Id.* Even COPPA's legislative sponsor noted that "[m]uch of this information" being collected by websites "appears to be harmless;" the goal was to establish a new regulatory regime to obtain parental consent, while encouraging internet operators to pursue "self-regulatory efforts." *See* 144 Cong. Rec. S8482 (daily ed. July 17, 1998) (statement of Sen. Bryan).

Consistent with these holdings, a district court recently dismissed allegations virtually identical to those at issue here, finding that the alleged collection and use of a child's online user data did not constitute an egregious or highly offensive intrusion. *See Manigault-Johnson,* 2019 WL 3006646, at *6. In so holding, the court noted the lack of any allegations that Google's conduct violated its own privacy policies or the existence of "duplicitous tactics." *Id.*

The Complaint's lack of any alleged affirmative misrepresentations by Defendants, and its concession that the Google Defendants affirmatively disclose they collect "information about the apps, browsers, and devices you use to access Google services," "information about your activity in our services," and "information about your location when you use our services," explains why this case is analogous to *Manigault-Johnson* (which also involved YouTube) and not *McDonald v. Kiloo ApS*, 385 F. Supp. 3d 1022 (N.D. Cal. 2019) (which involved mobile gaming apps). In *Kiloo*, the "key issue" was whether a gaming application for cell phones and other mobile devices "that ***secretly*** harvests [personal information data] commits a highly offensive or egregious act." *Id.* at 1027-28, 1035 (emphasis added); *see also id.* ("Plaintiffs state in detail what data was secretly collected" and "why these intrusions would have been highly offensive to the reasonable person"). To the extent *Kiloo* was correctly decided—and it is out of step with the weight of case law—it is clear that this case involves different allegations. The Complaint does not allege that the Channel Owner Defendants collected any information and further alleges that the data practices of the Google Defendants were ***openly disclosed***.

As explained above, the collection of online activity, geolocation, and browser/device information, particularly where as here it was ***in accordance with public disclosures,*** does not

give rise to an expectation of privacy, much less meet the high standard of egregious conduct.  To the extent children's online behavioral activity requires protection, that protection is afforded by the specific requirements of COPPA, and the FTC has already taken action with the New York Attorney General.

### 2.      Plaintiff Fails to State a Claim under the California UCL

#### a.      Plaintiff Lacks Statutory Standing to Assert a UCL Claim

As a threshold matter, Plaintiff lacks standing under the UCL because she has not alleged facts showing that she suffered "injury in fact and has lost money or property" as a result of the challenged conduct.  Cal. Bus. & Prof. Code § 17204.  Without such facts, her UCL claims must be dismissed.

Plaintiff's failure to allege economic injury is readily apparent.  Plaintiff asserts that she was "harmed" by Defendants' alleged conduct, *see* Compl. ¶¶ 153-54, but she does not identify any "lost money or property."  Plaintiff does not assert that she or C.H. ever paid to use the YouTube platform or for content C.H. allegedly accessed.  Nor does Plaintiff allege that she lost any money as a result of C.H.'s purported use of YouTube.  This failure mandates dismissal of the UCL claim.  *See Singh v. Google LLC*, 2018 WL 984854, at *4 (N.D. Cal. Feb. 20, 2018) (plaintiff lacked standing under the UCL where enrolling in program was free and plaintiff was not charged money for invalid or fraudulent clicks).

Plaintiff asserts that she and C.H. were "deprived of, and thereby lost" and can "no longer realize," the "economic value" of C.H.'s information because Defendants "collected, analyzed, and acted" upon that information.  Compl. ¶ 104.  Courts have repeatedly refused to recognize the purported loss of value of personal information as a cognizable injury where, as here, Plaintiff has not plausibly alleged facts showing that she and C.H. "lost the opportunity to sell" C.H.'s information, that the "value" of C.H.'s information was "diminished" after it was "collected" by Defendants, or that she was otherwise precluded from capitalizing on the value of the information.  *In re Facebook Internet Tracking Litig.*, 140 F. Supp. 3d 922, 931-32 (N.D. Cal. 2015); *see also In re Google Android Consumer Privacy Litig.*, 2013 WL 1283236, at *4 (N.D. Cal. Mar. 26, 2013) (dismissing UCL claim where plaintiffs did not allege that "they attempted to

sell their personal information, that they would do so in the future, or that" defendants prevented them "from entering into a value for value transaction relating to their PII"); *Claridge v. RockYou, Inc.*, 785 F. Supp. 2d 855, 862–63 (N.D. Cal. 2011) (rejecting UCL claim where plaintiff failed to allege facts showing his personally identifying information ceased to belong to him); *Svenson v. Google Inc.,* 2016 WL 8943301, at *17 (N.D. Cal. Dec. 21, 2016) (where online "services were free," the "asserted loss of those privacy protections does not constitute a loss of *money or property*"). Plaintiff's UCL claim should be dismissed for this reason alone.

b.   <u>Plaintiff Is Not Entitled to Any Relief under the UCL</u>

"[A]n action under the UCL is not an all-purpose substitute for a tort or contract action," and remedies are "generally limited to injunctive relief and restitution." *Zhang v. Super. Ct.*, 57 Cal. 4th 364, 371 (2013). Here, Plaintiff seeks an injunction, restitution, and disgorgement of allegedly "unjust gain." *See* Compl. ¶ 155. She is entitled to none of these remedies.

First, as discussed in more detail above, Plaintiff lacks Article III standing to seek injunctive relief because there is no threat of future injury. *See supra* Section III.C. Second, Plaintiff does not allege facts entitling her to restitutionary relief. "A restitution order against a defendant [] requires both that money or property have been lost by a plaintiff, on the one hand, and that it have been acquired by a defendant, on the other." *Zhang*, 57 Cal. 4th at 371. "Unlike damages, restitution is designed to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." *Ewert v. eBay, Inc*., 602 F. App'x 357, 359 (9th Cir. 2015). As discussed above, Plaintiff has failed to allege that she lost any money or property and thus is not entitled to restitution. *See Berman v. Knife River Corp*., 2012 WL 12924973, at *4 (N.D. Cal. June 8, 2012) (no basis for restitution where there "has been neither transfer of money or property from [plaintiff] to [defendant]"). Third, to the extent Plaintiff seeks "nonrestitutionary disgorgement," it is "well established" that such relief is "unavailable under the UCL." *Bruton v. Gerber Prod. Co*., 2018 WL 4181903, at *9 (N.D. Cal. Aug. 31, 2018).

Because Plaintiff is not entitled to any of the remedies she seeks under the UCL, her UCL claims must be dismissed. *See BioResource, Inc. v. U.S. Pharmaco Distribution, Ltd*., 2010 WL

2763681, at *2 (N.D. Cal. July 13, 2010) ("A private plaintiff unable to state a factual basis for personally recovering such relief can no longer maintain an action under the UCL.").

Additionally, Plaintiff's UCL claim must be dismissed because she has not even pled that she is without an available remedy at law.  As the Ninth Circuit has recognized, "[t]he equitable remedies available under the [UCL] are 'subject to fundamental equitable principles, including inadequacy of the legal remedy.'"  *Philips v. Ford Motor Co.*, 726 F. App'x 608, 609 (9th Cir. 2018).  Plaintiff "must establish that there is no adequate remedy at law available."  *Fonseca v. Goya Foods Inc.*, 2016 WL 4698942, at *7 (N.D. Cal. Sept. 8, 2016).  This is reason enough to dismiss Plaintiff's UCL claim and all other requests for equitable relief.  *See, e.g.*, *Philips*, 726 F. App'x at 609 (affirming dismissal of equitable claims because plaintiffs "were required to plead the inadequacy of their legal remedies"); *Fonseca*, 2016 WL 4698942, at *7 (dismissing request for equitable relief because plaintiffs did not allege that other damages claims were inadequate).

        c.   <u>Plaintiff Fails to State a Claim under the UCL's "Fraud," "Unfair," or "Unlawful" Prongs</u>

Plaintiff has not pled and cannot plead fraudulent, unlawful, or unfair conduct as needed to state a UCL claim.  As to fraud, her claim is subject to the pleading requirements of Rule 9(b).  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009).  Plaintiff "must therefore state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations" and "set forth what is false or misleading about a statement, and why it is false."  *Shields v. Alere Home Monitoring, Inc.*, 2015 WL 7272672, at *4 (N.D. Cal. Nov. 18, 2015).  Plaintiff also "must allege with specificity that defendant's alleged misrepresentations [] were relied upon by the named plaintiffs [and] were material."  *Yastrab v. Apple Inc.*, 2015 WL 1307163, at *6 (N.D. Cal. Mar. 23, 2015); *see also In re Tobacco II Cases*, 46 Cal. 4th 298, 306 (2009).

Plaintiff's allegations—that Google "falsely asserted" that children under 13 "are not permitted to access" the YouTube platform and failed to disclose its "tracking, profiling, and targeting" of children "without parental consent," Compl. ¶ 152—fall well short of stating a UCL

DEFENDANTS' MOTION TO DISMISS
COMPLAINT 19-CV-07016-BLF

fraud claim.[6]  Plaintiff's "misrepresentation theory" appears to refer to section 12 of the Terms, which states that the YouTube service "is not intended for children under 13."  Ex. C.  Among other shortcomings, Plaintiff does not allege that she ever read the Terms, or even if she did, what provisions she reviewed and when she reviewed them.  Likewise, Plaintiff does not allege that she relied upon Google's representation that YouTube is not intended for children under 13 when C.H. was allowed to use YouTube, much less allege that such a representation was material.  These deficiencies are "fatal" to her claim.  *Garcia v. Sony Comp. Entm't Am., LLC*, 859 F. Supp. 2d 1056, 1063 (N.D. Cal. 2012) (rejecting UCL claim where no allegations that plaintiff "relied on" particular statements or "was aware of them"); *Zepeda v. PayPal, Inc.*, 777 F. Supp. 2d 1215, 1223 (N.D. Cal. 2011) (dismissing UCL claim where plaintiffs failed to state when they were exposed to statements or which statements were "material").

Plaintiff's "failure to disclose" theory fares no better.  To be actionable, an omission must be "contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose."  *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012).  As noted above, Google expressly informed users that the YouTube service was not intended for children under 13.  And its Terms and Privacy Policy disclose that Google collected data from YouTube users.  There is no inconsistency.  Nor has Plaintiff alleged facts showing that Defendants had a duty under California law to disclose any additional information.  "California courts have generally rejected a broad obligation to disclose," which at a minimum requires the alleged omission to be "material," *id.*, and Plaintiff has not alleged that any purported omission was material or that she would have relied upon that information had it been disclosed.  *See*

---

[6] Plaintiff's vague assertion that Defendants misled parents about their "intention" to obtain and capitalize on information from minors cannot support a fraud-based UCL claim.  *See e.g.*, *In re Iphone 4S Consumer Litig.*, 2014 WL 589388, at *5 (N.D. Cal. Feb. 14, 2014), *aff'd sub nom. In re iPhone 4s Consumer Litig.*, 637 F. App'x 414 (9th Cir. 2016) (holding that complaint "does not meet the level of specificity required by Rule 9(b)" where it "fail[ed] to isolate the particular statements at issue and explain each statement's false and misleading nature").

Hogan Lovells US
LLP
Attorneys At Law
San Francisco

- 21 -

DEFENDANTS' MOTION TO DISMISS
COMPLAINT 19-CV-07016-BLF

*Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1225 (9th Cir. 2015) ("An essential element for a fraudulent omission claim is actual reliance."); *Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1113-14, 1119 (N.D. Cal. 2016) (dismissing UCL claim where plaintiff failed to show duty to disclose).

Plaintiff cannot make out a claim for unlawful or unfair conduct either. "To sustain a claim under the unlawful prong, Plaintif[f] must allege facts that, if proven, would demonstrate that Defendant's conduct violated another, underlying law." *In re Google, Inc. Privacy Policy Litig.*, 2013 WL 6248499, at *14 (N.D. Cal. Dec. 3, 2013). Plaintiff here asserts that Defendants' alleged practices are "unlawful" under the UCL because they are "in violation of COPPA and Federal Trade Commission regulations." Compl. ¶ 149. COPPA, however, cannot serve as predicate for Plaintiff's UCL claim because, as shown above, the statute precludes private enforcement, and Plaintiff "may [] not plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999) (internal quotation marks omitted). This restriction ensures that legislative intent is upheld: "If the Legislature has . . . considered a situation and concluded no action should lie, courts may not override that determination." *Loeffler v. Target Corp.*, 58 Cal. 4th 1081, 1125 (2014); *see also O'Donnell*, 504 F. App'x at 567 (rejecting plaintiffs' attempt to "engineer" a UCL claim under the FTC Act). Plaintiff is improperly attempting to use the UCL to "bootstrap" an alleged COPPA violation into a private cause of action. *See Najafifard v. Travelers Comm. Ins. Co.*, 2015 WL 12656283, at *3 (C.D. Cal. Oct. 15, 2015) (UCL claim could not be based on alleged violation of California Unfair Insurance Practices Act, which bars private actions); *Hartless v. Clorox Co.*, 2007 WL 3245260, at *4 (S.D. Cal. Nov. 2, 2007) (rejecting UCL claim predicated on federal law where Congress rejected private enforcement); *Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 24 Cal. 4th 800, 828 (2001) (holding that a UCL claim is preempted if it falls within the exclusive remedy provisions of the Workers' Compensation Act).

The allegations in the Complaint also do not separately establish unfairness no matter what test the Court applies. *See In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d at 929-30;

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 22 -

DEFENDANTS' MOTION TO DISMISS
COMPLAINT 19-CV-07016-BLF

*Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 735 (9th Cir. 2007).  Plaintiff unconvincingly alleges that Defendants' practices were unfair because they "failed to disclose [that they] were tracking, profiling, and targeting [] children through the collection of Personal Information."  Compl. ¶ 150.

Plaintiff's claim under the unfair prong of the UCL must be dismissed because Plaintiff fails to differentiate between the Defendants, *see supra* Section III.B.  It also fails because it is based on the ***same*** fundamentally flawed allegations that underpin her claims under the unlawful and fraudulent prongs.  *See Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1104-05 (N.D. Cal. 2017) (dismissing unfair prong claim because it was "based on the same contentions . . . that either (1) Plaintiff fraudulently sold unhealthy products while representing they were healthy, or (2) violated specific provisions of the FDA regulations").  For example, Plaintiff's allegation under the unfair prong that "Defendant's [sic] conduct violates the policies underlying privacy law, as well as COPPA," dovetails with her allegation under the unlawful prong that "[Defendants acted] in violation of COPPA and Federal Trade Commission regulations."  Compl. ¶¶ 149, 151.  Similarly, Plaintiff's allegation under the unfair prong that "Defendants failed to disclose during the Class Period that Defendants were tracking, profiling, and targeting [children]" converges with her allegation under the fraudulent prong that "[Defendants] fail[ed] to disclose that they are tracking, profiling, and targeting such children without parental consent." *Id.* ¶¶ 150, 152.

Finally, Plaintiff cannot state an unfairness claim because the Complaint alleges that Google acted in accordance with its disclosed data practices.  In *In re Google, Inc. Privacy Policy Litigation*, the Court held that Google's data practices were not unfair under the UCL because "Google provided notice to its users when it changed its privacy policy, which undercuts any unethical or immoral allegations," and because "the overall benefit to users in receiving free, 'indispensable' services offsets much of the harm they may suffer through the change."  2013 WL 6248499 at *15.  The same is true here.

Hogan Lovells US
LLP
Attorneys At Law
San Francisco

- 23 -

DEFENDANTS' MOTION TO DISMISS
COMPLAINT 19-CV-07016-BLF

### 3.     Plaintiff Fails to State a Claim for Unjust "Enrichment"

Plaintiff's claim for unjust enrichment also is fundamentally flawed and should be dismissed.  At the outset: there is no standalone cause of action in California for unjust enrichment.  *Durrell v. Sharp Healthcare,* 183 Cal. App. 4th 1350, 1370 (2010) (citing cases). Rather, under California law (and Plaintiff pleads this claim on behalf of "Plaintiff and the California Subclass," *see* Compl. at p. 40), unjust enrichment is construed as a quasi-contract cause of action, seeking restitution.  *Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 684 (9th Cir. 2009); *Rutherford Holdings LLC v. Plaza del Ray,* 223 Cal App. 4th 221, 231 (2014).  Plaintiff's claim fails for four independent reasons.

First, Plaintiff cannot sustain a claim for restitution because she has not lost money or other items in which she has an ownership interest.  Restitution is intended to "to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." *Kor. Supply Co. v. Lockheed Martin Corp.,* 29 Cal. 4th 1134, 1149 (2003).  Such a claim depends on "principles of reimbursement."  *Adams v. Wells Fargo Bank, N.A.*, 2015 WL 6449383, at *5 n.3 (N.D. Cal. Oct. 26, 2015).  Plaintiff does not allege that she paid any money that went to the Defendants, directly or indirectly.  As discussed above for the UCL claim, to the extent Plaintiff relies on the value of the data allegedly collected about C.H., Plaintiff has not plead any facts to show that she has lost the ability to monetize that data, should she wish to do so.  *See Rojas v. Bosch Solar Energy Corp.*, 386 F. Supp. 3d 1116, 1130-31 (N.D. Cal. 2019).

Second, Plaintiff cannot show that Defendants have been unjustly conferred a benefit though "mistake, fraud, coercion or request."  55 Cal. Jur.3d Restitution § 2.  The Complaint does not allege facts supporting any of these theories.  For example, under a "fraud" based quasi-contract claim, Plaintiff must plead an "actionable misrepresentation or omission."  *Rojas-Lozano v. Google, Inc*., 159 F. Supp. 3d at 1120 (dismissing unjust enrichment claim for failure to plead that defendant's omission impacted her conduct, that the omission was material, or that she relied on it).  As such, Plaintiff's unjust enrichment claim fails for the same reasons that doom her "fraudulent" UCL claim.  *See* Section III.D.2.c; *Adams*, 2015 WL 6449383, at *4 (holding that

plaintiff's unjust enrichment claim fails where plaintiffs "loosely allege fraud [but] do not allege any specifics of any fraudulent conduct" as required by Rule 9(b)).

Third, Plaintiff has not alleged facts, as opposed to conclusory assertions, showing that Defendants were **unjustly** enriched **at her expense**. Both the YouTube service and the content the Channel Owner Defendants provided through that service were free. Plaintiff has not alleged that she was deprived of monetary value as a result of Defendants' alleged collection and use of user information, *see supra* Section III.D.2.a., and therefore cannot allege that Defendants were enriched at her expense. Nor has she alleged how it would be unjust for Defendants to keep the revenue they derived. Like other users, Plaintiff gained access to large quantities of high quality video content at no cost by using the YouTube service. Moreover, Google was transparent about what data it collected and how that data was used. *See Rojas*, 386 F. Supp. 3d at 1130-31; *cf. Hoai Dang v. Samsung Elecs. Co.*, 2018 WL 6308738, at *11 (N.D. Cal. Dec. 3, 2018) (holding that it was not unjust for Samsung to keep the money plaintiff paid for the Galaxy SIII because Samsung did not warrant it was non-infringing).

Fourth, as with the UCL claim, Plaintiff's unjust enrichment claim is not available because she has not pled that she is without an adequate remedy at law. *See supra* Section III.D.2.b. At most, she can pursue unjust enrichment in the alternative. *Broomfield v. Craft Brew Alliance, Inc.,* 2017 WL 3838453 at *13 (N.D. Cal. Sep. 1, 2017).

## IV.   <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's Complaint should be dismissed in its entirety.


Dated: January 23, 2020              HOGAN LOVELLS US LLP


                                     By:   /s/ EDITH RAMIREZ
                                           EDITH RAMIREZ
                                           edith.ramirez@hoganlovells.com
                                           MICHELLE A. KISLOFF (*pro hac vice*)
                                           michlle.kisloff@hoganlovells.com
                                           ADAM A. COOKE (*pro hac vice*)
                                           adam.a.cooke@hoganlovells.com
                                           HOGAN LOVELLS US LLP
                                           555 Thirteenth Street, NW
                                           Washington, DC  20004
                                           Telephone:      (202) 637-5600

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 25 -

DEFENDANTS' MOTION TO DISMISS
COMPLAINT 19-CV-07016-BLF

1    Facsimile:      (202) 637-5910

2    CHRISTOPHER J. COX
     chris.cox@hoganlovells.com
3    HOGAN LOVELLS US LLP
     4085 Campbell Avenue, Suite 100
4    Menlo Park, California  94025
     Telephone:      (650) 463.4000
5    Facsimile:      (650) 463.4199

6    HELEN Y. TRAC
     helen.trac@hoganlovells.com
7    HOGAN LOVELLS US LLP
     3 Embarcadero Center, 15th Floor
8    San Francisco, California  94111
     Telephone:      (415) 374.2300
9    Facsimile:      (415) 374.2499

10   Attorneys for Defendants, *Google LLC* and
     *YouTube LLC*
11

12   Dated: January 23, 2020              GIBSON, DUNN & CRUTCHER LLP

13                                        By:   /s/ CHRISTOPHER CHORBA
                                                CHRISTOPHER CHORBA
14                                              cchorba@gibsondunn.com
                                                JEREMY S. SMITH
15                                              jssmith@gibsondunn.com
                                                GIBSON, DUNN & CRUTCHER LLP
16                                              333 South Grand Avenue
                                                Los Angeles, CA 90071-3197
17                                              Telephone:      (213) 229.7000
                                                Facsimile:      (213) 229.7520
18
                                                JOSHUA H. LERNER
19                                              jlerner@gibsondunn.com
                                                CASSANDRA L. GAEDT-SCHECKTER
20                                              Cgaedt-sheckter@gibsondunn.com
                                                GIBSON, DUNN & CRUTCHER LLP
21                                              555 Mission Street, Suite 3000
                                                Los Angeles, CA 94105-0921
22                                              Telephone:      (415) 393.8200
                                                Facsimile:      (415) 393.8306
23
                                                Attorneys for Defendants, *Cartoon*
24                                              *Networks, Inc.* and *Cartoon Networks*
                                                *Studios, Inc.*
25

26   Dated: January 23, 2020              MUNGER, TOLLES & OLSON LLP

27                                        By:   /s/ JONATHAN H. BLAVIN
                                                JONATHAN H. BLAVIN
28                                              jonathan.blavin@mto.com

DEFENDANTS' MOTION TO DISMISS
COMPLAINT 19-CV-07016-BLF

1
2
3

MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California  94105-2907
Telephone:      (415) 512-4000
Facsimile:      (415) 512-4077

4
5
6
7
8

JORDAN D. SEGALL
jordan.segall@mto.com
NEFI D. ACOSTA
nefi.acosta@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA  90071-3426
Telephone:      (213) 683-9100
Facsimile:      (213) 687-3702

9

Attorneys for Defendant *Mattel, Inc.*

10
11

Dated: January 23, 2020            ZWILLGEN LAW LLP

12
13
14
15

By:   /s/ ANNA HSIA
      ANNA HSIA
      anna@zwillgen.com
      ZWILLGEN LAW LLP
      369 Pine Street, Suite 506
      San Francisco, CA  94104
      Telephone:      (415) 590-2335
      Facsimile:      (415) 636-5965

16
17
18
19
20

JEFFREY LANDIS *(pro hac vice)*
jeff@zwillgen.com
ADYA BAKER *(pro hac vice)*
adya@zwillgen.com
ZWILLGEN LAW PLLC
1900 M Street NW, Suite 250
Washington, DC  20036
Telephone:      (202) 296-3585
Facsimile:      (202) 706-5298

21
22

Attorneys for Defendants, *DreamWorks
Animation L.L.C.* and *DreamWorks Animation
Television, LLC*

23
24

Dated: January 23, 2020            FRANKFURT KURNIT KLEIN & SELZ, P.C.

25
26
27
28

By:   /s/ JEREMY S. GOLDMAN
      JEREMY S. GOLDMAN
      jgoldman@fkks.com
      AMY LAWRENCE
      alawrence@fkks.com
      FRANKFURT KURNIT KLEIN & SELZ,
      P.C.
      2029 Century Park East, Suite 1060

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 27 -

DEFENDANTS' MOTION TO DISMISS
COMPLAINT 19-CV-07016-BLF

Los Angeles, CA  90067
Telephone:       (310) 579-9600
Facsimile:       (347) 438-2156

Attorneys for Defendants, *Hasbro, Inc.* and *Hasbro Studios LLC*

Dated: January 23, 2020              VENABLE LLP

                                     By:   /s/ DAVID FINK
                                           DAVID FINK
                                           defink@venable.com
                                           CHRISTINA M. NORDSTEN
                                           cmnordsten@venable.com
                                           VENABLE LLP
                                           2049 Century Park East, Suite 2300
                                           Los Angeles, CA  90067
                                           Telephone:       (310) 229-9900
                                           Facsimile:       (310) 229-9901

                                           ANGEL A. GARGANTA
                                           aagarganta@venable.com
                                           VENABLE LLP
                                           101 California Street, Suite 3800
                                           San Francisco, CA  94111
                                           Telephone:       (415) 653-3750
                                           Facsimile:       (415) 653-3755

                                     Attorneys for Defendant *PocketWatch, Inc.*

Dated: January 23, 2020              JACOBSON, RUSSELL, SALTZ, NASSIM &
                                     DE LA TORRE LLP

                                     By:   /s/ MICHAEL SALTZ
                                           MICHAEL SALTZ
                                           msaltz@jrsnd.com
                                           JACOBSON, RUSSELL, SALTZ, &
                                             NASSIM & DE LA TORRE LLP
                                           1880 Century Park East, Suite 900
                                           Los Angeles, CA  90067
                                           Telephone:       (310) 446-9900
                                           Facsimile:       (310) 446-9909

                                     Attorneys for Defendants, *Remka, Inc.; RTR Production, LLC;* and *RFR Entertainment, Inc.*

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 28 -

DEFENDANTS' MOTION TO DISMISS
COMPLAINT 19-CV-07016-BLF

1

**L.R. 5-1(i)(3) ECF Attestation**

2

3      I, Edith Ramirez, am the ECF user whose ID and password are being used to file the

4  following: DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

5  PLAINTIFF'S COMPLAINT.  In compliance with L.R. 5-1(i)(3), I hereby attest that undersigned

6  counsel above have concurred with this filing.

7

8                                                                    /s/ EDITH RAMIREZ
                                                                      EDITH RAMIREZ

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hogan Lovells US
LLP
Attorneys At Law
San Francisco

- 29 -                    DEFENDANTS' MOTION TO DISMISS
                         COMPLAINT 19-CV-07016-BLF