Edith Ramirez, SBN 165872
Michelle A. Kisloff (*pro hac vice*)
Adam A. Cooke (*pro hac vice*)
555 Thirteenth Street, NW
Washington, DC 20004
Telephone:  (202) 637-5600
Facsimile:  (202) 637-5910
edith.ramirez@hoganlovells.com
michelle.kisloff@hoganlovells.com
adam.a.cooke@hoganlovells.com

Christopher J. Cox, SBN 151650
4085 Campbell Avenue, Suite 100
Menlo Park, CA  94025
Telephone:  (650) 463-4000
Facsimile:  (650) 463-4199
chris.cox@hoganlovells.com

Helen Y. Trac, SBN 285824
3 Embarcadero Center, 15th Floor
San Francisco, California  94111
Telephone:  (415) 374-2300
Facsimile:  (415) 374-2499
helen.trac@hoganlovells.com

Attorneys for Defendants
*Google LLC* and *YouTube LLC*

Additional Defendants and Defendants'
Counsel Listed on Signature Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICHOLE HUBBARD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, et al., <br><br> Defendants. | Case No.  19-cv-07016-BLF <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** <br><br> The Honorable Beth Labson Freeman <br> Date:        August 6, 2020 <br> Time:        9:00 a.m. <br> Courtroom:  Courtroom 3 – 5th Floor |

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO DISMISS  SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

1     **TO THE COURT AND ALL PARTIES OF RECORD:**

2     **PLEASE TAKE NOTICE THAT** on August 6, 2020, or as soon thereafter as this matter

3 may be heard, before the Honorable Beth Labson Freeman in Courtroom 3 of this Court, located

4 on the 5th Floor of the Robert F. Peckham Federal Building & United States Courthouse, 280

5 South 1st Street, Room 2112, San Jose, CA 95113, Defendants will, and hereby do, move the

6 Court for an order granting its Motion to Dismiss the Second Amended Complaint.  This Motion

7 is made based on Federal Rules of Civil Procedure 8, 9, 12(b)(1) and 12(b)(6) on the grounds that

8 Plaintiffs have failed to state any valid claim and do not have standing to pursue the relief sought

9 in this action.  This Motion will be based upon this Notice; the accompanying Memorandum of

10 Points and Authorities; the complete record in this action; and such other matters and arguments

11 as may come before the Court, including those raised in connection with reply briefing and oral

12 argument relating to this Motion.

13

14 Dated: April 29, 2020                 HOGAN LOVELLS US LLP

15                       By:  /s/ EDITH RAMIREZ

16                          EDITH RAMIREZ
                         edith.ramirez@hoganlovells.com

17                          MICHELLE A. KISLOFF (*pro hac vice*)
                         michelle.kisloff@hoganlovells.com

18                          ADAM A. COOKE (*pro hac vice*)
                         adam.a.cooke@hoganlovells.com

19                          HOGAN LOVELLS US LLP
                         555 Thirteenth Street, NW

20                          Washington, DC  20004
                         Telephone:    (202) 637-5600

21                          Facsimile:    (202) 637-5910

22                          CHRISTOPHER J. COX
                         chris.cox@hoganlovells.com

23                          HOGAN LOVELLS US LLP
                         4085 Campbell Avenue, Suite 100

24                          Menlo Park, California  94025
                         Telephone:    (650) 463-4000

25                          Facsimile:    (650) 463-4199

26                          HELEN Y. TRAC
                         helen.trac@hoganlovells.com

27                          HOGAN LOVELLS US LLP
                         3 Embarcadero Center, 15th Floor

28                          San Francisco, California  94111
                         Telephone:    (415) 374-2300

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- i -

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

1     Facsimile:      (415) 374-2499

2     Attorneys for Defendants, *Google LLC* and
      *YouTube LLC*

3

4    Dated: April 29, 2020          MUNGER, TOLLES & OLSON LLP

5                                   By:   /s/ JONATHAN H. BLAVIN
                                          JONATHAN H. BLAVIN
6                                         jonathan.blavin@mto.com
                                          MUNGER, TOLLES & OLSON LLP
7                                         560 Mission Street, Twenty-Seventh Floor
                                          San Francisco, California  94105-2907
8                                         Telephone:      (415) 512-4000
                                          Facsimile:      (415) 512-4077
9
                                          JORDAN D. SEGALL
10                                        jordan.segall@mto.com
                                          NEFI D. ACOSTA
11                                        nefi.acosta@mto.com
                                          MUNGER, TOLLES & OLSON LLP
12                                        350 South Grand Avenue, 50th Floor
                                          Los Angeles, CA  90071-3426
13                                        Telephone:      (213) 683-9100
                                          Facsimile:      (213) 687-3702
14
                                    Attorneys for Defendant *Mattel, Inc.*
15

16   Dated: April 29, 2020          ZWILLGEN LAW LLP

17                                  By:   /s/ ANNA HSIA
                                          ANNA HSIA
18                                        anna@zwillgen.com
                                          ZWILLGEN LAW LLP
19                                        369 Pine Street, Suite 506
                                          San Francisco, CA  94104
20                                        Telephone:      (415) 590-2335
                                          Facsimile:      (415) 636-5965
21
                                          JEFFREY LANDIS *(pro hac vice)*
22                                        jeff@zwillgen.com
                                          ADYA BAKER *(pro hac vice)*
23                                        adya@zwillgen.com
                                          ZWILLGEN LAW PLLC
24                                        1900 M Street NW, Suite 250
                                          Washington, DC  20036
25                                        Telephone:      (202) 296-3585
                                          Facsimile:      (202) 706-5298
26
                                    Attorneys for Defendants, *DreamWorks*
27                                  *Animation L.L.C.* and *DreamWorks Animation*
                                    *Television, LLC*
28

Hogan Lovells US
LLP
Attorneys At Law
San Francisco
                    - ii -                MOTION TO DISMISS SECOND AMENDED
                                          COMPLAINT 19-CV-07016-BLF

1  Dated: April 29, 2020                    FRANKFURT KURNIT KLEIN & SELZ, P.C.

2                                           By:   /s/ JEREMY S. GOLDMAN

3                                                 JEREMY S. GOLDMAN
                                                  jgoldman@fkks.com
                                                  AMY LAWRENCE
4                                                 alawrence@fkks.com
                                                  FRANKFURT KURNIT KLEIN & SELZ,
5                                                 P.C.
                                                  2029 Century Park East, Suite 1060
6                                                 Los Angeles, CA  90067
                                                  Telephone:      (310) 579-9600
7                                                 Facsimile:      (347) 438-2156

8                                           Attorneys for Defendants, *Hasbro, Inc.* and
                                            *Hasbro Studios LLC*
9

10  Dated: April 29, 2020                   GIBSON, DUNN & CRUTCHER LLP

11                                          By:   /s/ CHRISTOPHER CHORBA

12                                                CHRISTOPHER CHORBA
                                                  cchorba@gibsondunn.com
                                                  JEREMY S. SMITH
13                                                jssmith@gibsondunn.com
                                                  GIBSON, DUNN & CRUTCHER LLP
14                                                333 South Grand Avenue
                                                  Los Angeles, CA 90071-3197
15                                                Telephone:      (213) 229.7000
                                                  Facsimile:      (213) 229.7520
16
                                                  JOSHUA H. LERNER
17                                                jlerner@gibsondunn.com
                                                  CASSANDRA L. GAEDT-SCHECKTER
18                                                Cgaedt-sheckter@gibsondunn.com
                                                  GIBSON, DUNN & CRUTCHER LLP
19                                                555 Mission Street, Suite 3000
                                                  Los Angeles, CA 94105-0921
20                                                Telephone:      (415) 393.8200
                                                  Facsimile:      (415) 393.8306
21
                                            Attorneys for Defendants, *The Cartoon
22                                          Network, Inc.* and *Cartoon Network Studios,
                                            Inc.*
23

24  Dated: April 29, 2020                   VENABLE LLP

25                                          By:   /s/ DAVID FINK

26                                                DAVID FINK
                                                  defink@venable.com
                                                  CHRISTINA M. NORDSTEN
27                                                cmnordsten@venable.com
                                                  VENABLE LLP
28                                                2049 Century Park East, Suite 2300

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO
                            - iii -          MOTION TO DISMISS SECOND AMENDED
                                            COMPLAINT 19-CV-07016-BLF

1

Los Angeles, CA  90067
Telephone:        (310) 229-9900
2

Facsimile:         (310) 229-9901

3

ANGEL A. GARGANTA
aagarganta@venable.com
4

VENABLE LLP
101 California Street, Suite 3800
5

San Francisco, CA  94111
Telephone:        (415) 653-3750
6

Facsimile:         (415) 653-3755

7

Attorneys for Defendant *PocketWatch, Inc.*

8

Dated: April 29, 2020            JACOBSON, RUSSELL, SALTZ, NASSIM &
9

DE LA TORRE LLP

10

By:   /s/ MICHAEL SALTZ
MICHAEL SALTZ
11

msaltz@jrsnd.com
ELANA R. LEVINE
12

lani@jrsnd.com
JACOBSON, RUSSELL, SALTZ, &
13

NASSIM & DE LA TORRE LLP
1880 Century Park East, Suite 900
14

Los Angeles, CA  90067
Telephone:        (310) 446-9900
15

Facsimile:         (310) 446-9909

16

Attorneys for Defendants, *Remka, Inc.; RTR*
*Production, LLC;* and *RFR Entertainment, Inc.*
17

18

19

20

21

22

23

24

25

26

27

28

Hogan Lovells US
LLP
Attorneys At Law
San Francisco

- iv -                    MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................. 1

II. BACKGROUND ................................................................................................. 2

    A. COPPA's Statutory Background and Exclusive Enforcement Scheme .................. 2

    B. Plaintiffs and their Children ................................................................. 4

    C. YouTube and Google .......................................................................... 5

    D. Channel Owners .................................................................................. 6

III. ARGUMENT ................................................................................................... 7

    A. Plaintiffs' Claims Are Still Preempted by COPPA .............................. 7

        1. COPPA Expressly Preempts Plaintiffs' State Law Claims ......................... 8

        2. COPPA Impliedly Preempts Plaintiffs' State Law Claims ........................ 12

    B. Plaintiffs' Second Amended Complaint Still Does Not Satisfy Rule 8 Because It Fails to Differentiate Between the Defendants ......................................... 13

    C. Plaintiffs Lack Standing to Seek Injunctive Relief .............................. 14

    D. Even Absent Preemption, Plaintiffs Fail to State Any Viable Claims ................. 15

        1. Plaintiffs' Intrusion Upon Seclusion and California Constitutional Privacy Claims Fail ..................................................................... 15

        2. Plaintiffs Fail to State a Claim under State Consumer Protection Laws .... 20

            i. California ................................................................................ 20

            ii. Colorado, Indiana, Massachusetts, New Jersey, and Tennessee .... 25

        3. Plaintiffs Fail to State a Claim for Unjust Enrichment ............................ 30

        4. Claims 3 and 9 Also Should Be Dismissed as to Cartoon Network, DreamWorks, and Mattel for Additional Reasons ..................................... 32

IV. CONCLUSION ................................................................................................ 32

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- i -

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abbett v. Bank of Am.*,
   No. 3:04CV 01102 WKW VPM, 2006 WL 581193 (M.D. Ala. Mar. 8, 2006) ......................11

*Adams v. Wells Fargo Bank, N.A.*,
   No. 13-CV-5164 YGR, 2015 WL 6449383 (N.D. Cal. Oct. 26, 2015) ...................................30

*Allen v. Quicken Loans Inc.*,
   No. 17-CV-12352 (ES)(MAH), 2018 WL 5874088 (D.N.J. Nov. 9, 2018) ............................17

*Annecharico v. Raymour & Flanigan*,
   No. 16-1652 (FLW), 2016 WL 7015615 (D.N.J. Nov. 30, 2016) ............................................27

*Archer v. United Rentals, Inc.*,
   195 Cal. App. 4th 807 (2011)..................................................................................................21

*Argabright v. Rheem Mfg. Co.*,
   201 F. Supp. 3d 578 (D.N.J. 2016) .........................................................................................27

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................................................11

*Bayh v. Sonnenburg*,
   573 N.E.2d 398 (Ind. 1991) ....................................................................................................31

*Berman v. Knife River Corp.*,
   No. C 11-3698 PSG, 2012 WL 12924973 (N.D. Cal. June 8, 2012).......................................22

*BioResource, Inc. v. U.S. Pharmaco Distribution, Ltd.*,
   No. C 10-1053 SI, 2010 WL 2763681 (N.D. Cal. July 13, 2010) ...........................................22

*Broomfield v. Craft Brew Alliance, Inc.*,
   No. 5:17-cv-01027-BLF, 2017 WL 3838453 (N.D. Cal. Sep. 1, 2017) ...................................31

*Browder v. Hite*,
   602 S.W.2d 489 (Tenn. Ct. App. 1980) ...................................................................................31

*Bruton v. Gerber Prod. Co.*,
   No. 12-CV-02412-LHK, 2018 WL 4181903 (N.D. Cal. Aug. 31, 2018)..................................22

*Cal. Consumer Health Care Council v. Kaiser Found. Health Plan, Inc.*,
   142 Cal. App. 4th 21 (2006)....................................................................................................25

*Callano v. Oakwood Park Homes Corp.*,
   91 N.J. Super. 105 (N.J. 1966).................................................................................................30

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- ii -                   MOTION TO DISMISS SECOND AMENDED
                         COMPLAINT 19-CV-07016-BLF

*Carlson v. The Gillette Co.*,
  No. 14-14201-FDS, 2015 WL 6453147 (D. Mass. Oct. 23, 2015) .................................26, 27

*In re Carrier IQ, Inc.*,
  78 F. Supp. 3d 1051 (N.D. Cal. 2015) .................................................................................16

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
  20 Cal. 4th 163 (1999) ........................................................................................................24

*Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*,
  24 Cal. 4th 800 (2001) ........................................................................................................24

*Charles O. Bradley Tr. v. Zenith Capital LLC*,
  No. C-04-2239 JSW (EMC), 2006 WL 798991 (N.D. Cal. Mar. 24, 2006) ..........................16

*Ciser v. Nestle Waters N. Am., Inc.*,
  No. CIV. 2:11-05031 WJM, 2013 WL 5774121 (D.N.J. Oct. 24, 2013) ................................28

*Claridge v. RockYou, Inc.*,
  785 F. Supp. 2d 855 (N.D. Cal. 2011) .................................................................................21

*Colucci v. Bank of Am., N.A.*,
  No. 10-1000 (WHW), 2011 WL 13364576 (D.N.J. July 27, 2011) ..................................26, 27

*Coors v. Sec. Life of Denver Ins. Co.*,
  91 P.3d 393 (Colo. App. 2003) ............................................................................................29

*Curry v. MillerCoors, Inc.*,
  No. 12-cv-02471-JLK, 2013 WL 4494307 (D. Colo. Aug. 21, 2013) ....................................15

*Daniel v. Ford Motor Co.*,
  806 F.3d 1217 (9th Cir. 2015) .............................................................................................24

*Desanctis v. Labell's Airport Parking, Inc.*,
  No. 9084, 1991 WL 71921 (Mass. App. Div. 1991) ..............................................................31

*Doe v. High-Tech Inst., Inc.*,
  972 P.2d 1060 (Colo. App. 1998) ........................................................................................16

*Dove Valley Bus. Park Assocs. Ltd. v. Bd of Cty. Comm'rs of Arapahoe Cty, Colo.*,
  945 P.2d 395 (Colo. 1997) ..................................................................................................30

*Ellis v. Advanta Bank*,
  No. 16-cv-06437-BLF, 2017 WL 1436249 (N.D. Cal. Apr. 24, 2017) ..............................13, 14

*Erickson v. Fahrmeier*,
  No. 3:17-CV-518, 2019 WL 1177969 (E.D. Tenn. Mar. 13, 2019) ..................................26, 27

*In re Facebook, Inc. Internet Tracking Litig.*,
  No. 17-17486, 2020 WL 1807978 (9th Cir. Apr. 9, 2020) ................................................19, 31

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- iii -

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

*Fonseca v. Goya Foods Inc.*,
   No. 16-CV-02559-LHK, 2016 WL 4698942 (N.D. Cal. Sept. 8, 2016)............................22, 23

*Freeman Indus., LLC v. Eastman Chem. Co.*,
   172 S.W.3d 512 (Tenn. 2005)...........................................................................................30, 32

*Gade v. Nat'l Solid Wastes Mgmt. Ass'n*,
   505 U.S. 88 (1992)..............................................................................................................7, 12

*Garcia v. Medved Chevrolet, Inc.*,
   263 P.3d 92 (Colo. 2011) ........................................................................................................26

*Garcia v. Sony Comp. Entm't Am., LLC*,
   859 F. Supp. 2d 1056 (N.D. Cal. 2012) ..................................................................................23

*Geier v. Am. Honda Motor Co.*,
   529 U.S. 861 (2000)................................................................................................................12

*In re Google Android Consumer Privacy Litig.*,
   No. 11-MD-02264 JSW, 2013 WL 1283236 (N.D. Cal. Mar. 26, 2013) ...............................21

*In re Google, Inc. Privacy Policy Litig.*,
   No. C-12-01382-PSG, 2013 WL 6248499 (N.D. Cal. Dec. 3, 2013) .....................................24

*In re Google, Inc. Privacy Policy Litig.*,
   58 F. Supp. 3d 968 (N.D. Cal. 2014) ......................................................................................17

*In re Google Location History Litig.*,
   No. 5:18-cv-05062-EJD, 2019 WL 6911951 (N.D. Cal. Dec. 19, 2019) ...............................16

*In re Google Privacy Policy Litig.*,
   No. 5:12-cv-001382-PSG, 2015 WL 4317479 (N.D. Cal. July 15, 2015)...............................21

*Griffith Co. v. Hofues*,
   201 Cal. App. 2d 502 (1962)....................................................................................................32

*Grochowski v. Phoenix Constr.*,
   318 F.3d 80 (2d Cir. 2003)......................................................................................................12

*Hadley v. Kellogg Sales Co.*,
   243 F. Supp. 3d 1074 (N.D. Cal. 2017) ..................................................................................25

*Hager v. Vertrue, Inc.*,
   No. 09-11245-GAO, 2011 WL 4501046 (D. Mass. Sept. 28, 2011) ......................................26

*Haley v. Macy's, Inc.*,
   263 F. Supp. 3d 819 (N.D. Cal. 2017) ....................................................................................14

*Hall v. Walter*,
   969 P.2d 224 (Colo. 1998) ......................................................................................................28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- iv -

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

*Harris Grp., Inc. v. Robinson*,
　209 P.3d 1188 (Colo. App. 2009) ...................................................................30

*Hartless v. Clorox Co.*,
　No. 06CV2705 JAH(CAB), 2007 WL 3245260 (S.D. Cal. Nov. 2, 2007).................11, 24

*Harvey v. Ford Motor Credit Co.*,
　8 S.W.3d 273 (Tenn. Ct. App. 1999) ..............................................................26

*Hassler v. Sovereign Bank*,
　644 F. Supp. 2d 509 (D.N.J. 2009) .................................................................28

*Hernandez v. Hillsides, Inc.*,
　47 Cal. 4th 272 (2009) .................................................................................32

*Hill v. Nat'l Collegiate Athletic Assn.*,
　7 Cal. 4th 1 (1994) ................................................................................16, 18

*Hoai Dang v. Samsung Elecs. Co.*,
　No. 14-CV-00530-LHK, 2018 WL 6308738 (N.D. Cal. Dec. 3, 2018) ...................30

*Hoffman v. AsSeenOnTV.com*,
　962 A.2d 532 (N.J. Super. Ct. App. Div. 2009).................................................28

*Hughes v. Chattem, Inc.*,
　818 F. Supp. 2d 1112 (S.D. Ind. 2011) ...........................................................30

*Imber-Gluck v. Google, Inc.*,
　No. 5:14-cv-01070, 2015 WL 1522076 (N.D. Cal. Apr. 3, 2015)..........................15

*Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*,
　192 N.J. 372 (2007).....................................................................................26

*In re iPhone Application Litig.*,
　844 F. Supp. 2d 1040 (N.D. Cal. 2012) ..........................................................17

*In re iPhone Application Litig.*,
　No. 11-MD-02250-LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011)................13

*Kearns v. Ford Motor Co.*,
　567 F.3d 1120 (9th Cir. 2009).......................................................................22

*Kissing Camels Surgery Ctr., LLC v. Centura Health Corp.*,
　No. 12-CV-3012-WJM-NYW, 2016 WL 8416760 (D. Colo. July 13, 2016) ..........29

*Korea Supply Co. v. Lockheed Martin Corp.*,
　29 Cal. 4th 1134 (2003) ...............................................................................31

*Lady Di's, Inc. v. Enhanced Servs. Billing, Inc.*,
　No. 1:09-CV-340-SEB-DML, 2010 WL 4751659 (S.D. Ind. Nov. 16, 2010) ........31

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

*Lemaster v. Spartan Tool, LLC*,
    No. 1:08-cv-00731-WTL-DML, 2009 WL 700240 (S.D. Ind. Mar. 16, 2009 ........................16

*Leonel v. Am. Airlines, Inc.*,
    400 F.3d 702 (9th Cir. 2005)................................................................................16

*Loeffler v. Target Corp.*,
    58 Cal. 4th 1081 (2014) ................................................................................24

*Low v. LinkedIn Corp.*,
    900 F. Supp. 2d 1010 (N.D. Cal. 2012) ................................................................15, 17

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ................................................................................32

*Manigault-Johnson v. Google, LLC*,
    No. 2:18-cv-1032-BHH, 2019 WL 3006646 (D.S.C. Mar. 31, 2019) ........................2, 10, 19

*Marder v. Lopez*,
    450 F.3d 445 (9th Cir. 2006)................................................................................4

*McCurdy v. Rivero*,
    No. 17-01043 BLF (PR), 2018 WL 4300521 (N.D. Cal. Sept. 10, 2018) ........................13

*McDonald v. Kiloo ApS*,
    385 F. Supp. 3d 1022 (N.D. Cal. 2019) ................................................................19

*McKinney v. State*,
    693 N.E.2d 65 (Ind. 1998) ................................................................................25

*Medtronic, Inc. v. Lohr*,
    518 U.S. 470 (1996)................................................................................7

*Metrophones Telecomms., Inc. v. Global Crossing Telecomms., Inc.*,
    423 F.3d 1056 (9th Cir. 2005)................................................................................12

*Mortensen v. Bresnan Commc'n, L.L.C.*,
    No. CV 10-13-BLG-RFC, 2010 WL 5140454 (D. Mont. Dec. 13, 2010)........................18

*Mulder v. Kohl's Dep't Stores, Inc.*,
    865 F.3d 17 (1st Cir. 2017) ................................................................................25

*Najafifard v. Travelers Comm. Ins. Co.*,
    No. CV 15-04422-BRO (FFMx), 2015 WL 12656283 (C.D. Cal. Oct. 15,
    2015) ................................................................................24

*Nat'l Farmers Org. v. Associated Milk Producers, Inc.*,
    850 F.2d 1286 (8th Cir. 1988)................................................................................14

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- vi -

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

*In re Nexus 6P Prod. Liab. Litig.*,
   293 F. Supp. 3d 888 (N.D. Cal. 2018) ............................................................. 13, 25

*In re Nickelodeon Consumer Privacy Litig.*,
   827 F.3d 262 (3d Cir. 2016) ................................................................. 10, 18, 19

*Nguon v. Wolf*,
   517 F. Supp. 2d 1177 (C.D. Cal. 2007) ................................................................. 16

*In re Nifedipine Antitrust Litig.*,
   335 F. Supp. 2d 6 (D.D.C. 2004) ................................................................. 15

*O'Connor v. Nantucket Bank*,
   992 F. Supp. 2d 24 (D. Mass. 2014) ................................................................. 29

*O'Donnell v. Bank of Am., Nat. Ass'n*,
   504 F. App'x 566 (9th Cir. 2013) ............................................................. 12, 24

*Opperman v. Path, Inc.*,
   84 F. Supp. 3d 962 (N.D. Cal. 2015) ................................................................. 15

*Pagán v. Calderón*,
   448 F.3d 16 (1st Cir. 2006) ................................................................. 32

*Pearce v. Club Med Sales, Inc.*,
   172 F.R.D. 407 (N.D. Cal. 1997) ................................................................. 16

*Perlow v. ABC Fin. Servs., Inc.*,
   No. 16840-CV-03611-BLS2, 2018 WL 3431903 (Mass. Super. Ct. June 19,
   2018) ................................................................. 28

*Peterson v. USAA Life Ins. Co.*,
   353 F. Supp. 3d 1099 (D. Colo. 2018) (appeal pending) ................................ 26

*Philips v. Ford Motor Co.*,
   726 F. App'x 608 (9th Cir. 2018) ................................................................. 22

*Pioneer Elecs. (USA) Inc. v. Super. Ct.*,
   40 Cal. 4th 360 (2007) ................................................................. 16

*Poole v. MED-1 Sols., LLC*,
   No. 1:18-cv-03255-JRS-MPB, 2020 WL 1317450 (S.D. Ind. Mar. 20, 2020) ......... 28

*Popa v. Harriet Carter Gifts, Inc.*,
   No. 2:19-CV-00450, 2019 WL 6684527 (W.D. Pa. Dec. 6, 2019) ......................... 17

*In re Pre-Filled Propane Tank Antitrust Litig.*,
   893 F.3d 1047 (8th Cir. 2018) ................................................................. 14

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- vii -

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

*Quadrant Info. Servs., LLC v. LexisNexis Risk Sols., Inc.*,
    No. C 11-6648 SBA, 2012 WL 3155559 (N.D. Cal. Aug. 2, 2012) ........................................11

*Rainbow Realty Grp., Inc. v. Carter*,
    131 N.E.3d 168 (Ind. 2019) ........................................................................................................26

*Robinson v. Colo. State Lottery Div.*,
    179 P.3d 998 (Colo. 2008) ..........................................................................................................31

*Rojas-Lozano v. Google, Inc.*,
    159 F. Supp. 3d 1101 (N.D. Cal. 2016) .....................................................................................24

*Shaulis v. Nordstrom Inc.*,
    120 F. Supp. 3d 40 (D. Mass. 2015) ..........................................................................................30

*Shaulis v. Nordstrom, Inc.*,
    865 F.3d 1 (1st Cir. 2017) ....................................................................................................28, 29

*Shields v. Alere Home Monitoring, Inc.*,
    No. C15-2580 CRB, 2015 WL 7272672 (N.D. Cal. Nov. 18, 2015)...........................................23

*Shulman v. Grp. W Prods., Inc.*,
    18 Cal. 4th 200 (1998) ...............................................................................................................15

*Sigmon v. Appalachian Coal Props., LLC*,
    No. 3:05-CV-591, 2008 WL 4279867 (E.D. Tenn. Sept. 15, 2008)...........................................30

*Singh v. Google LLC*,
    No. 16-cv-03734-BLF, 2018 WL 984854 (N.D. Cal. Feb. 20, 2018) .......................................20

*Slimm v. Bank of Amer. Corp.*,
    No. 12-5846 (NLH/JS), 2013 WL 1867035 (D.N.J. May 2, 2013) ..........................................29

*Smajlaj v. Campbell Soup Co.*,
    782 F. Supp. 2d 84 (D.N.J. 2011) ..............................................................................................25

*Stengart v. Loving Care Agency, Inc.*,
    990 A.2d 650 (N.J. 2010)............................................................................................................15

*Svenson v. Google Inc.*,
    No. 13-cv-04080-BLF, 2016 WL 8943301 (N.D. Cal. Dec. 21, 2016) .....................................20

*Thiedemann v. Mercedes-Benz USA, LLC*,
    183 N.J. 234 (2005)....................................................................................................................28

*In re Tobacco II Cases*,
    46 Cal. 4th 298 (2009) ...............................................................................................................23

*Tomasella v. Nestle USA, Inc.*,
    364 F. Supp. 3d 26 (D. Mass. 2019) ..........................................................................................29

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

*Tucker v. Sierra Builders*,
    180 S.W.3d 109 (Tenn. Ct. App. 2005) ........................................................28

*Two Moms & a Toy, LLC v. Int'l Playthings, LLC*,
    898 F. Supp. 2d 1213 (D. Colo. 2012) ........................................................25

*Tyler Barnett PR, LLC v. Facebook Inc.*,
    No. 16-cv-06232-JSW, 2017 WL 6449821 (N.D. Cal. Dec. 18, 2017) ...........14, 15

*Umland v. PLANCO Fin. Servs., Inc.*,
    542 F.3d 59 (3d Cir. 2008) ........................................................................12

*Valley Fresh Prod., Inc. v. W. Skyways, Inc.*,
    No. 17-cv-01450-PAB-KLM, 2019 WL 4695668 (D. Colo. Sept. 25, 2019) ..........27

*Voth v. Liberty Mut. Fire Ins. Co.*,
    No. 1:07-CV-00524-WYDMJW, 2008 WL 435288 (D. Colo. Feb. 14, 2008) ..........29

*VRG Corp. v. GKN Realty Corp.*,
    135 N.J. 539 (1994) ..............................................................................30, 31

*Warren v. Warrior Golf Capital, LLC*,
    126 F. Supp. 3d 988 (E.D. Tenn. 2015) ........................................................26

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) ....................................................................23

*Yastrab v. Apple Inc.*,
    No. 5:14-cv-01974-EJD, 2015 WL 1307163 (N.D. Cal. Mar. 23, 2015) ..............23

*Yunker v. Pandora Media, Inc.*,
    No. 11-CV-03113 JSW, 2013 WL 1282980 (N.D. Cal. Mar. 26, 2013) ...............17

*Zepeda v. PayPal, Inc.*,
    777 F. Supp. 2d 1215 (N.D. Cal. 2011) ........................................................23

*Zhang v. Super. Ct.*,
    57 Cal. 4th 364 (2013) ..............................................................................21

*Zoeller v. East Chi. Second Century, Inc.*,
    904 N.E.2d 213 (Ind. 2009) ........................................................................30

**Statutes and Regulations**

15 U.S.C. § 501 .............................................................................................8

15 U.S.C. § 6501 ...........................................................................................2

15 U.S.C. § 6502 ...........................................................................................2

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- ix -

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

15 U.S.C. § 6502(c) ............................................................. 3

15 U.S.C. § 6502(d) ......................................................... 8, 10

15 U.S.C. § 6504 ................................................................ 3

15 U.S.C. § 6504(a)(1) ........................................................ 3

15 U.S.C. § 6504(a)(2) ........................................................ 3

15 U.S.C. § 6504(b). ........................................................... 3

15 U.S.C. § 6504(d). ........................................................... 3

15 U.S.C. § 6505. .............................................................. 3

15 U.S.C. § 6505(a). ........................................................... 3

15 U.S.C. § 6505(b) . .......................................................... 3

15 U.S.C. § 6505(d) . .......................................................... 3

16 C.F.R. § 312.1 .............................................................. 2

47 U.S.C. § 223(f)(2) .......................................................... 8

Cal. Bus. & Prof. Code § 17204 ............................................... 20

Ind. Code Ann. § 24-5-0.5-4 ................................................... 28

**Other Authorities**

55 Cal. Jur.3d Restitution § 2 ................................................ 30

144 Cong. Rec. S8482 (daily ed. July 17, 1998) (statement of Sen. Bryan) ....... 18

BAJI No. 7.25 ................................................................. 32

*Privacy in Cyberspace: Hearing Before the Subcomm. on Telecomm., Trade and
   Consumer Prot. of the H. Comm. on Commerce*, 105th  Cong. (1998), 1998
   WL 634723 (statement of K. Montgomery, Center for Media Education) ............. 3

U.S. Const. art. VI, cl. 2 ..................................................... 7

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- x -

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

## I.      INTRODUCTION

3
4
5
6
7
8
9
10
11
12
13

Plaintiffs in this action assert a variety of claims, all of which flow from their contention that Defendants impermissibly collected and used certain online data from minors under the age of thirteen who watched YouTube without verifiable parental consent as required by the federal Children's Online Privacy Protection Act ("COPPA").  Importantly, no private right of action exists under COPPA.  Instead, Congress vested enforcement responsibility with the Federal Trade Commission ("FTC"), allowing states (through their attorneys general) to seek compensation on behalf of their residents in coordination with the FTC.  Congress also included an express preemption clause specifically to foreclose actions like this one that attempt to use state law to sidestep COPPA's enforcement mechanism.  In this manner, the public and entities regulated under COPPA benefit from the FTC's expertise and ability to adapt to evolving technologies, as well as the certainty of a single federal standard policed via consolidated enforcement actions.

14
15
16
17
18
19
20
21
22
23

Plaintiffs' Second Amended Complaint ("SAC") does not cure the defects in the original complaint—it is still an attempted end run around COPPA's exclusive enforcement structure.  In keeping with Congress' mandate, the FTC has already addressed the alleged data practices Plaintiffs challenge by bringing an enforcement action against Google LLC and YouTube LLC (collectively "Google") in coordination with the Attorney General for the State of New York ("NYAG").  Without admitting liability, Google chose to resolve that action by voluntarily agreeing to certain injunctive relief and paying a fine of $170 million in a settlement approved by the U.S. District Court for the District of Columbia.  Thus, not only are Plaintiffs' claims preempted by COPPA, but the allegedly wrongful conduct has been addressed in exactly the way Congress intended and the FTC and NYAG deemed appropriate.

24
25
26
27
28

Because the District Court for the District of Columbia has already enjoined the challenged data practices, Plaintiffs also lack Article III standing to pursue injunctive relief.  No allegations in the SAC show a threat of impending injury.  The SAC likewise suffers from the same failure to differentiate between the Defendants that doomed the first complaint.  Rather than identifying what actions each Defendant took to cause the alleged harm, Plaintiffs again

improperly group and generalize Defendants' alleged wrongdoing, including failing to allege any actual collection of data by the Channel Owners.

These threshold deficiencies are dispositive.  In addition, despite multiple opportunities, Plaintiffs have failed to allege sufficient facts to state any valid claim.  Plaintiffs' addition of repetitive state law claims from other jurisdictions does nothing to change that conclusion, and it only serves to highlight the importance of federal preemption here.  Plaintiffs' intrusion upon seclusion and California Constitutional privacy claims fail because the only data collection alleged in the SAC—collection by Google—was disclosed, and, as a district court recognized last year in a nearly identical case against Google, the collection and use of the data at issue is neither highly offensive nor an egregious breach of social norms.  *See Manigault-Johnson v. Google, LLC,* 2019 WL 3006646, at *4-6 (D.S.C. Mar. 31, 2019).  Plaintiffs' various state consumer protection act claims are similarly flawed.  Among other defects, Plaintiffs have not pleaded cognizable injuries to support their claims, and the SAC's conclusory allegations are insufficient to show actionable deceptive, unfair, or unlawful practices, or to tie Defendants' purported misconduct to whatever harm Plaintiffs say they suffered.  The allegations in the SAC also are insufficient to entitle Plaintiffs to unjust enrichment or other quasi-contractual relief.  Finally, Plaintiff's California unjust enrichment and constitutional privacy claims against certain of the Channel Owners fail because the lone California Plaintiff still does not allege she or her child ever visited those channels.

For all these reasons, Plaintiffs' SAC should be dismissed in its entirety with prejudice.

## II. BACKGROUND

### A. COPPA's Statutory Background and Exclusive Enforcement Scheme

In 1998, Congress enacted COPPA with a detailed legislative and regulatory scheme to enhance parental control over children's online activities and protect children's privacy.  *See* 15 U.S.C. §§ 6501 *et seq.*  At Congress' direction, the FTC adopted detailed regulations governing the collection and use of personal information from minors under the age of thirteen, which the Commission amended in 2013.  *See id.* §§ 6501-6502; 16 C.F.R. §§ 312.1 *et seq.*  This regulation requires operators of websites or online services directed to children under the age of

thirteen to, among other things:  post a privacy policy providing clear, understandable, and complete notice of their information practices with respect to the collection of personal information from children under the age of thirteen, provide direct notice to parents of such information practices, and, subject to certain exceptions, obtain verifiable parental consent prior to collecting, using, or disclosing personal information from children under the age of thirteen. *Id.*

COPPA also has a carefully calibrated remedial scheme.  Congress specified the FTC would have lead enforcement authority, 15 U.S.C. §§ 6502(c), 6505(d), with certain other federal agencies retaining authority over entities they oversee.  *Id.* §§ 6505(a), (b).  Congress also gave states a role through *parens patriae* actions brought by their attorneys general.  *Id.* § 6504(a)(1). Before proceeding with any such lawsuits, a state attorney general must give the FTC notice, *id.* § 6504(a)(2), and the FTC has a statutory right to intervene.  *See id.* § 6504(b).  The statute also ensures the lead role of the FTC by preventing states from "institut[ing]" duplicative actions during the "pendency" of a parallel FTC proceeding.  *Id.* § 6504(d).

Crucially, COPPA's remedial scheme does not include any federal private right of action for individuals.  *See generally id.* §§ 6504-6505.  That was deliberate.  Congress was presented with proposals to include a private cause of action when the legislation was being drafted.  *See, e.g.*, *Privacy in Cyberspace: Hearing Before the Subcomm. on Telecomm., Trade and Consumer Prot. of the H. Comm. on Commerce*, 105th Cong. (1998), 1998 WL 634723 (statement of K. Montgomery, Center for Media Education) (stating that the "bill should be altered to provide consumers with a private right of action").  But it declined to do so.  The law also includes an express preemption clause, stating:

> No State or local government may impose any liability for commercial activities or actions by operators in interstate or foreign commerce in connection with an activity or action described in this chapter that is inconsistent with the treatment of those activities or actions under this section.

15 U.S.C. § 6502(d).

In accordance with COPPA's remedial scheme, the FTC and the NYAG brought an action on September 4, 2019 against Google for alleged violations of COPPA in the U.S. District Court

Hogan Lovells US
LLP
Attorneys At Law
San Francisco

- 3 -

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

for the District of Columbia (the "FTC Action").  *See* Decl. of Helen Trac in Supp. of Defs.' Mot. to Dismiss Second. Am. Compl., Ex. A (*F.T.C. v. Google LLC,* No. 19-cv-02642, Dkt. 1 (D.D.C. Sept. 4, 2019)).[1]  Google, without any admission of liability, agreed to a stipulated permanent injunction and a civil penalty of $170 million ($136 million to be paid to the FTC and $34 million to the state of New York), which the court approved and entered as a stipulated order.  *See* Ex. B at 10-13 (*F.T.C. v. Google LLC*, No. 19-cv-02642, Dkt. 5 (D.D.C. Sept. 10, 2010)).  The injunction requires Google to:  (1) develop, implement, and maintain a system that permits channel owners to identify their child-directed content on the YouTube platform; (2) notify channel owners that their child-directed content may be subject to COPPA's obligations; (3) provide annual training about complying with COPPA for employees who deal with YouTube channel owners; and (4) provide notice about their data collection practices and obtain verifiable parental consent before collecting personal information from children.  *Id.* at 10-12.  The deadline for compliance with these mandates was January 10, 2020.  *Id.* at 4.  The FTC Action is precisely the means by which Congress intended COPPA to be enforced, and the settlement reflects the FTC's and NYAG's determination of the appropriate remedy for the alleged violations.

### B.    Plaintiffs and their Children

Plaintiffs Hubbard, Jones, Efros, Gilmore, Goodwin, and Dishman are residents of California, Colorado, New Jersey, Tennessee, Massachusetts, and Indiana, respectively.  SAC ¶¶ 18, 20, 25, 27, 29, 31.  Plaintiffs' children, all under the age of thirteen, allegedly watched videos and advertisements via YouTube.com, the YouTube mobile app, or the YouTube Kids App.  SAC ¶¶ 19, 21-24, 26, 28, 30, 32, 129, 137, 145, 153, 161, 169.  Plaintiffs assert that while doing so their children's information, including persistent identifiers, was collected and used to deliver targeted advertisements.  *Id.* ¶¶ 9-10.  Plaintiffs contend that this collection and use of their

---

[1] The FTC complaint and court order, as well as YouTube's Terms and Google's Privacy Policy, are cited in the SAC and are thus appropriate for consideration on a motion to dismiss.  *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  All the exhibits cited herein are attached to the Declaration of Helen Trac.

1   children's information without parental consent violates COPPA.  *Id.* ¶¶ 180, 182, 197(f), 212,

2   214, 286(b), 298(g), 329(b).

3       The "Personal Information" Plaintiffs allege was collected is limited to user activity data,

4   location information, and identifiers associated with devices and applications.  *See id.* ¶¶ 57-58.

5   The SAC does not allege any Defendant knew the age or identity of any of Plaintiffs' children.

6   Nor does it allege how Plaintiffs' children obtained access to the YouTube platform, on which

7   devices they viewed videos, or whether they viewed such videos in the company or with the

8   permission of their parents or guardians.  The only injury Plaintiffs purportedly suffered as a

9   result of Defendants' alleged conduct was loss of the ability to "realize the economic value of

10  their [children's] Personal Information."  *Id.* ¶ 118.

11      With no private right of action under COPPA, Plaintiffs instead purport to assert state law

12  claims even though all are premised entirely on the alleged COPPA violations:  (1) common law

13  intrusion upon seclusion under the laws of California, Colorado, and New Jersey as well as

14  potentially 31 other states; (2) violation of California's Unfair Competition Law ("UCL"),

15  Colorado's Consumer Protection Act, Indiana's Deceptive Consumer Sales Act, Massachusetts'

16  Consumer Protection Act, New Jersey's Consumer Fraud Act, and Tennessee's Consumer

17  Protection Act; (3) violation of the right to privacy under the California Constitution; and (4)

18  unjust enrichment under the laws of California, Colorado, Indiana, Massachusetts, New Jersey,

19  and Tennessee.  *See* SAC ¶¶ 1, 185-92, 204-356.

20      **C.     YouTube and Google**

21      YouTube is a free online video-sharing platform that allows users around the world to

22  upload, share, and view video content.  *See* SAC ¶¶ 2, 53.  YouTube users are subject to Google's

23  Privacy Policy, which is incorporated in YouTube's Terms of Service ("Terms").  *See* Ex. C

24  § 1(A).  The Privacy Policy informs all users that Google collects certain information from them

25  when they use Google services, "including YouTube."  SAC ¶ 57; Ex. D at 18.  Because Google

26  wants users to understand its data practices, Google's Privacy Policy is written in a simple and

27  easy-to-understand manner.  *See, e.g.*, Ex. D at 2 ("We want you to understand the types of

28  information we collect as you use our services").

Google's Privacy Policy explains that Google collects user data even for users not signed into an account. Ex. D at 2 ("When you're not signed into a Google Account, we store the information we collect with unique identifiers tied to the browser, application, or device you're using. This helps us do things like maintain your language preferences across browsing sessions."). Information collected from Google users—regardless of whether a user is signed-in or not—includes: (1) "information about the apps, browsers, and devices you use to access Google services;" (2) "information about your activity in our services;" and (3) "information about your location when you use our services." Ex. D at 2-5; *see also* SAC ¶¶ 57-59, 64-65. As Google explains in its Privacy Policy, it uses this information to provide, maintain, and improve its services; develop new services; provide personalized services; measure performance; communicate with users; and improve the safety and reliability of its products. Ex. D at 5-7. This enables Google to provide features such as automatic product updates, recommendations for YouTube videos, driving directions, or nearby movie time listings. *Id.* at 2-5. And it allows Google to serve personalized ads based on user interests. *Id.* at 6-7.

Use of YouTube's services and products is also subject to the Terms. *See* Ex. C § 1(A). Under the Terms, YouTube users must be "more than 18 years of age, or an emancipated minor, or possess legal parental or guardian consent, and [be] fully able and competent to enter into the [Terms]." SAC ¶ 54. The Terms emphasize that the YouTube service is only for users "over the age of 13, as the Service is not intended for children under 13." *Id.* The Terms caution users: "If you are under 13 years of age, then please do not use the Service. There are lots of other great web sites for you. Talk to your parents about what sites are appropriate for you." *Id.* Certain YouTube features, such as posting videos or comments, require individuals to create a Google account. *Id.* ¶ 54; *see also* Ex. C § 3(A). "Google prevents users who identify as under thirteen years old from creating a Google account (an 'age gate')." SAC ¶ 54.

### D.    Channel Owners

The SAC also names as defendants entities alleged to have provided video content through a YouTube channel that allows advertisements. *Id.* ¶¶ 5, 67. These include The Cartoon Network, Inc., Cartoon Network Studios, Inc., CookSwirlC, Chu Chu TV Studios, DreamWorks

1   Animation LLC, DreamWorks Animation TV, LLC, Hasbro, Inc., Hasbro Studios LLC, Mattel,

2   Inc., PocketWatch, Inc., Remka, Inc., RTR Production LLC, and RFR Entertainment, Inc.

3   (collectively "Channel Owners").

4        The SAC alleges that each Plaintiff's minor child watched only certain of the Channel

5   Owners' YouTube channels. *Id.* ¶¶ 130, 138, 146, 154, 162, 170.  Plaintiffs do not allege that the

6   Channel Owners themselves collected ***any*** personal information or other data from minors,

7   claiming only that the Channel Owners earned revenue from advertisements appearing on their

8   channels. *Id.* ¶ 94.

9   **III.**    **ARGUMENT**

10      **A.**    **Plaintiffs' Claims Are Still Preempted by COPPA**

11       COPPA preempts all of Plaintiffs' claims and requires dismissal of this case.  The

12  Supremacy Clause of the Constitution renders federal law "the supreme Law of the Land."  U.S.

13  Const. art. VI, cl. 2.  "The ultimate touchstone in every pre-emption case" is congressional intent.

14  *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996) (internal quotations omitted).  "Congress'

15  intent, of course, primarily is discerned from the language of the . . . statute and the statutory

16  framework."  *Id.* at 486 (internal quotations omitted).  "Also relevant, however, is the structure

17  and purpose of the statute as a whole . . . as revealed not only in the text, but through the

18  reviewing court's reasoned understanding of the way in which Congress intended the statute and

19  its surrounding regulatory scheme to affect business, consumers, and the law."  *Id.* (internal

20  quotations omitted).

21       "Pre-emption may be either expressed or implied, and is compelled whether Congress'

22  command is explicitly stated in the statute's language or implicitly contained in its structure and

23  purpose."  *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 98 (1992) (internal quotation

24  marks omitted).  Under both frameworks, state law is preempted where it "stands as an obstacle

25  to the accomplishment and execution of the full purposes and objectives of Congress."  *Id.*

26  (internal quotations omitted).

27       As shown below, Plaintiffs' state law claims are expressly and impliedly preempted by

28  COPPA.  Moreover, federal and state authorities have already enforced COPPA on the facts

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 7 -

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

1    alleged here, mooting any need for private enforcement.

2        1.    COPPA Expressly Preempts Plaintiffs' State Law Claims

3        COPPA's preemption clause bars state law claims premised on purported violations of

4    COPPA, regardless of how those claims are styled.  COPPA explicitly provides that "[n]o State or

5    local government may impose any *liability* . . . in connection with an activity or action described

6    in this chapter *that is inconsistent with the treatment of those activities or actions under this*

7    *section*."  15 U.S.C. § 6502(d) (emphasis added).  As explained above, COPPA provides for a

8    specific enforcement and remedial scheme—one involving federal agency and state

9    enforcement—but purposefully omits a private right of action.  An assortment of different state

10   law claims all based on alleged COPPA violations is contrary to Congress's mandate because it

11   would impose liability "inconsistent with the treatment of . . .  activities" governed by COPPA.

12   *Id.*  Moreover, the fact that COPPA does not, unlike other statutes, contain a "savings clause"

13   preserving any state law claims underscores Congress' intent to foreclose private actions based on

14   the conduct covered by the statute.  *Compare* 15 U.S.C. § 6502(d) *with* Communications Decency

15   Act, 47 U.S.C. § 223(f)(2) (example of preemption clause with "savings clause").

16       Plaintiffs' claims, though cast as arising under state law, are premised entirely on alleged

17   violations of a very specific set of requirements that are found only in COPPA concerning

18   "persistent identifiers."  Indeed, an entire section of the SAC is dedicated to describing COPPA,

19   SAC ¶¶ 75-83, and in the first paragraph, Plaintiffs describe the putative class as "children under

20   the age of thirteen"—*i.e.*, those children covered under COPPA.  *Id.* ¶ 1; *see also id.* ¶¶ 185-92.

21   The rest of Plaintiffs' allegations are consistent with what they telegraph in that initial

22   paragraph—that their claims are predicated on claimed violations of COPPA's requirements,

23   rather than on activity that independently violates state law.  Plaintiffs' core allegations focus on

24   COPPA's requirement for children under thirteen that operators of child-directed websites and

25   online services give notice to and obtain verifiable consent from parents before collecting and

26   using "persistent identifiers," as defined by COPPA:

27       • "The Children's Online Privacy Protection Act ("COPPA"), 15 U.S.C. §§ 501, *et seq.*,
            protects *children under thirteen years old* from having their personal information

28

Hogan Lovells US
LLP
Attorneys At Law
San Francisco

- 8 -

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

("Personal Information") collected unless their parent has first given ***verifiable consent***." *Id.* ¶ 7 (emphasis added).

- "Defendants surreptitiously and deceptively collected the Personal Information of Plaintiffs' minor children and other ***minors under the age of thirteen*** without ***verifiable parental consent*** during the Class Period." *Id.* ¶ 10 (emphasis added).

- "The Google Defendants have, at all times throughout the Class Period, been well aware that ***minors under the age of thirteen*** access YouTube's channels; have actively sought to increase viewers of the YouTube Platform by ***children under the age of thirteen*** . . . and have sought to exploit, for commercial purposes and gain, the millions of YouTube viewers under the age of thirteen." *Id.* ¶ 55 (emphasis added).

- "When videos are viewed on the YouTube Platform by ***children under the age of thirteen***, Defendants do not disclose that they are tracking, profiles, and targeting children and do not obtain ***verified parental consent*** to do so." *Id.* ¶ 83 (emphasis added).

- "Defendants exploited ***children under thirteen*** for financial gain . . . [b]y ***failing to (1) obtain parental consent***, (2) disclose to parents the nature of their data collection practices, and (3) take other steps to preclude the capture of children's Personal Information." *Id.* ¶¶ 127-28 (emphasis added).

These allegations—the failure to comply with COPPA—form the basis for all of Plaintiffs' claims.  For example, Plaintiffs' California UCL claim is explicitly premised upon a lack of "parental consent in violation of COPPA."  *Id.* ¶ 212; *see also* ¶ 214 ("Defendant's conduct violates the policies underlying privacy law, as well as COPPA.").  Similarly, Plaintiffs' claims under the consumer protection statutes of Massachusetts, Colorado, and New Jersey each identify an alleged violation of COPPA as its legal basis.  *See id.* ¶ 286 (Massachusetts: "Defendants . . . violat[ed] duties imposed by and public policies reflected in applicable federal and state laws, including COPPA and Federal Trade Commission Regulations"); ¶ 298 (similar for Colorado); ¶ 329 (similar for New Jersey).  Likewise, Plaintiffs' Indiana Deceptive Consumer Sales Act and Tennessee Consumer Protection Act claims are premised on actions directed "to minors under the age of thirteen"—again, children covered under COPPA.  *Id.* ¶¶ 307, 342.  The same applies to all of Plaintiffs' other claims, which are not predicated on any activities that fall outside the scope of COPPA.  *See generally id.* ¶¶ 206, 220, 229, 238, 247, 256, 265, 275.  As such, they fall squarely within COPPA's preemption clause and are preempted.

1    Courts have found that COPPA's preemption clause bars state law claims like those here

2    that are in fact based on alleged violations of COPPA, regardless of how they are characterized.

3    Most recently, in *Manigault-Johnson,* the court reasoned:

4        [A]lthough Plaintiffs have attempted to frame their claims as arising under state
         law, it is clear that all of their claims are predicated on alleged violations of

5        COPPA rather than on additional activity that violates state law. . . .  Thus, it
         appears to the Court that Plaintiffs seek to use the vehicle of state law to privately

6        enforce the provisions of COPPA, which Congress clearly intended to preclude
         when it included an express preemption clause in COPPA and assigned exclusive

7        enforcement of COPPA to the Federal Trade Commission and state attorneys
         general.  15 U.S.C. § 6502(d).

8

9    2019 WL 3006646, at *6.

10    The Third Circuit's decision in *In re Nickelodeon Consumer Privacy Litigation* further

11   supports a finding of preemption.  There, the court allowed an intrusion upon seclusion claim to

12   move forward only because plaintiffs had alleged wrongful conduct that went ***beyond*** COPPA.

13   827 F.3d 262 (3d Cir. 2016).  The plaintiffs in *Nickelodeon* alleged that Viacom had collected

14   children's information "using deceitful tactics" by affirmatively and falsely stating:  "HEY

15   GROWN-UPS:  We don't collect ANY personal information about your kids.  Which means we

16   couldn't share it even if we wanted to!"  *Id.* at 269.  In light of this allegation, the court found no

17   conflict with COPPA, emphasizing that the "heart" of the alleged wrong was ***not*** that defendants

18   "***collected*** children's personal information, or even that they ***disclosed*** it," but rather that they did

19   so "under false pretenses."  *Id.* at 292, 295.

20    Here, Plaintiffs' allegations that Defendants failed to notify and obtain consent for the

21   collection of children's information stand in sharp contrast to the allegations in *Nickelodeon*.  The

22   SAC's sporadic and conclusory use of the words "surreptitiously and deceptively" does not

23   transform the allegations into wrongful conduct that goes ***beyond*** COPPA.  In fact, Plaintiffs'

24   charge of deception is belied by their own concession that Google's Privacy Policy publicly

25   discloses Google's data collection and usage practices, without distinction as to age—which is

26   not at all comparable to the statements allegedly made in *Nickelodeon*.  SAC ¶¶ 57-66

27   (summarizing information collected by Google).

28

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

1    Defendants raised this precise argument in their first motion to dismiss, and Plaintiffs'

2  main response was to add irrelevant and conclusory allegations about how Google creates

3  supposed "shadow profiles" of users of its services.  SAC ¶¶ 6, 85.  Plaintiffs' only support for

4  those allegations is a white paper authored by another technology company that focuses on

5  privacy controls available to Google account holders and has little, if anything, to do with

6  YouTube.  *See* SAC ¶ 85 & n. 10.  Moreover, as noted above and referenced in the white paper,

7  Google's Privacy Policy explicitly identifies each category of information collected from users—

8  persistent identifiers, unique identifiers, personal information, location information, cookie data

9  and metadata—regardless of age and regardless of whether users are logged in via their account.

10  *See* Ex. D at 2-5.  Thus, contrary to Plaintiffs' inflammatory labels, the only plausible inference

11  under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), is that any collection of information was fully

12  disclosed.

13    Under such circumstances, allowing Plaintiffs to bring claims under state law would

14  create the type of inconsistent liability that Congress expressly sought to preclude.  COPPA

15  embodies a careful congressional choice about how to enforce the protections afforded by the

16  statute.  Private actions would subvert the FTC's congressionally-delegated authority to police

17  COPPA violations and the *parens patriae* role of the states and state attorneys general.  As courts

18  have consistently held in analogous circumstances, recognizing such a claim under state law

19  would be "inconsistent" with the federal statute's exclusive enforcement scheme and therefore

20  expressly preempted.  *See, e.g.*, *Abbett v. Bank of Am.*, 2006 WL 581193, at *5 (M.D. Ala.

21  Mar. 8, 2006) (finding it would be "inconsistent with the FRCA to allow a "private state law

22  action" based on alleged violation of "duties" under the statute); *Quadrant Info. Servs., LLC v.

23  LexisNexis Risk Sols., Inc.*, 2012 WL 3155559, at *3 (N.D. Cal. Aug. 2, 2012) ("UCL claim for

24  injunctive relief [based on the FCRA] is preempted" because the FCRA "expressly places

25  authority to seek injunctions in the FTC instead of private plaintiffs."); *Hartless v. Clorox Co.*,

26  2007 WL 3245260, at *4 (S.D. Cal. Nov. 2, 2007) ("[P]laintiff is precluded from [using]

27  FIFRA . . . as a predicate for her UCL claim based on Congress' express rejection of private

28  actions to enforce it.").  This is especially true where, as here, an enforcement action was already

Hogan Lovells US
LLP
Attorneys At Law
San Francisco

- 11 -

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

1   brought by the FTC and the NYAG.  Congress' chosen enforcement method has worked exactly

2   as intended.

3              2.      COPPA Impliedly Preempts Plaintiffs' State Law Claims

4         In addition to a statute's express preemption clause, the "ordinary working of conflict pre-

5   emption principles" may preempt state law beyond the scope of that clause.  *Geier v. Am. Honda*

6   *Motor Co.*, 529 U.S. 861, 869 (2000); *see also Metrophones Telecomms., Inc. v. Global Crossing*

7   *Telecomms., Inc.*, 423 F.3d 1056, 1072-73 (9th Cir. 2005) (noting state law is preempted under

8   both conflict and express preemption doctrines where federal law preempted state requirements

9   "'[t]o the extent that any State requirements are inconsistent'").  Conflict preemption applies

10   "where state law stands as an obstacle to the accomplishment and execution of the full purposes

11   and objectives of Congress."  *Gade*, 505 U.S. at 98 (internal quotations omitted).

12         The Supreme Court has made it clear that "state law [] is pre-empted if it interferes with

13   the methods by which the federal statute was designed to reach [its] goal," regardless of whether

14   "the ultimate goal of both the federal and state law is the same."  *Gade*, 505 U.S. at 103.  Where a

15   "federal statute doesn't create a private right of action . . . plaintiffs can't use California law to

16   engineer one."  *O'Donnell v. Bank of Am., Nat. Ass'n*, 504 F. App'x 566, 568 (9th Cir. 2013).

17   Courts regularly find state law claims impliedly preempted where they are inconsistent or

18   interfere with the method of enforcement mandated by a federal statute.  *See, e.g.*, *Umland v.*

19   *PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 65 (3d Cir. 2008) (state law claims preempted where they

20   would "interfere with the IRS's administrative scheme"); *Grochowski v. Phoenix Constr.*, 318

21   F.3d 80, 86 (2d Cir. 2003) (state law claims preempted where they "are indirect attempts at

22   privately enforcing" the federal statute and "would interfere with the implementation of that

23   scheme" (internal quotations omitted)).

24         Here, Congress' carefully crafted remedial scheme would be undermined if private

25   parties, like Plaintiffs, were allowed to proceed with state law claims based on the specific

26   activities proscribed by COPPA.  Congress specifically chose the FTC and state attorneys general

27   to oversee compliance with COPPA.  Permitting private enforcement under state law would

28   undermine this framework and, because private plaintiffs have no obligation to involve the FTC,

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 12 -

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

potentially lead to conflicting requirements for children's privacy in different states.  Indeed, this case involves Plaintiffs from five different states purporting to bring claims under the state laws of thirty-four other states and seeking to represent a nation-wide class.  They are doing so even though the FTC and the NYAG have already brought—and resolved—an enforcement action against Google.  This Court should not permit Plaintiffs to make an end run around Congress' desired method of enforcement.  For these reasons, Plaintiffs' claims are preempted and the Court should dismiss this action in its entirety.

### B.  Plaintiffs' Second Amended Complaint Still Does Not Satisfy Rule 8 Because It Fails to Differentiate Between the Defendants

The SAC is also subject to dismissal because it does not "differentiate between the Defendants," *Ellis v. Advanta Bank*, 2017 WL 1436249 at *2 (N.D. Cal. Apr. 24, 2017), nor "identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole."  *In re iPhone Application Litig.*, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011).  Plaintiffs cannot "obfuscate[] what role[]" each defendant "independently played in the alleged harm and whether [it] is liable for its own conduct."  *In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d 888, 908 (N.D. Cal. 2018); *see also McCurdy v. Rivero*, 2018 WL 4300521, at *13 (N.D. Cal. Sept. 10, 2018).  This is for good reason: when a pleading fails to allege what role each Defendant played in the alleged harm, it becomes "exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations."  *In re iPhone Application Litig.*, 2011 WL 4403963, at *8.

Despite Defendants raising this issue in their prior motion, *see* Dkt. 65 at 12, the SAC makes no meaningful changes to address it.  The SAC continues to fail to differentiate between the *15* different Defendants, between Google or the Channel Owners, or between any of the differently situated Channel Owners.  For example, Defendants previously highlighted paragraph 119 of the original complaint, which lumped all the Defendants together:  "Defendants actively and fraudulently concealed their unlawful acts."  Compl. ¶ 119.  Plaintiffs' attempt at addressing that basic flaw was to swap "Defendants" for a laundry list of names—"The Google Defendants and Channel Owner Defendants ChuChu TV, the Ryan's World Defendants, the Hasbro

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

1    Defendants, and CookieSwirlC." SAC ¶ 134.  Later, the SAC adds all *15* Defendants back in—

2    "The Google Defendants and Channel Owner Defendants Mattel, the Hasbro Defendants, the

3    Cartoon Network Defendants, the DreamWorks Defendants, ChuChu TV, the Ryan's World

4    Defendants, and CookieSwirlC actively and fraudulently concealed their unlawful acts." *Id*.

5    ¶ 142; *see also id.* ¶¶ 84, 106, 126-27, 132, 134, 136, 215.  But the SAC still does not allege or

6    differentiate between what each Defendant purportedly did.  Whether accomplished through

7    defined terms like "Defendants" or a list of names, "grouping [of] multiple defendants together in

8    []broad allegation[s] is insufficient to provide those defendants with fair notice of the claims

9    against them and the grounds for relief." *Ellis*, 2017 WL 1436249 at *2.  The SAC should be

10   dismissed on this basis alone.

11           **C.      Plaintiffs Lack Standing to Seek Injunctive Relief**

12           Plaintiffs cannot seek the injunctive relief requested in the SAC because they lack

13   standing to do so.  To obtain injunctive relief, *see, e.g.*, SAC ¶¶ 210, 218, 280, 294, 303, 323,

14   337, 356 & p.74, Plaintiffs "must demonstrate a 'real and immediate threat of repeated injury' in

15   the future." *Haley v. Macy's, Inc*., 263 F. Supp. 3d 819, 824 (N.D. Cal. 2017).  That threat must

16   be "'certainly impending.'" *Tyler Barnett PR, LLC v. Facebook Inc*., 2017 WL 6449821, at *3

17   (N.D. Cal. Dec. 18, 2017).  Plaintiffs, however, have not alleged facts showing any real,

18   immediate, and certainly impending threat of repeated injury.

19           Plaintiffs acknowledge that, as part of Google's settlement with the FTC and NYAG, the

20   District Court for the District of Columbia already issued a stipulated injunction with respect to

21   the data practices at issue in the SAC.  *See* Ex. B; SAC ¶ 11.  Plaintiffs try to evade this fact by

22   asserting that the stipulated injunction did not require Google to "permanently delete, destroy, or

23   otherwise sequester" the information allegedly collected.  *See* SAC ¶ 11.  But the stipulated

24   injunction, among other things, bars Google from disclosing, using, or benefitting from such

25   information.  *See* Ex. B at 12.  Given this broad restriction, the stipulated injunction provides

26   "substantially the same relief" that Plaintiffs seek here, and, with no impending threat of repeated

27   injury, "there is nothing to be gained by entering an injunction that substantially duplicates the

28   relief already available." *Nat'l Farmers Org. v. Associated Milk Producers, Inc.*, 850 F.2d 1286,

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 14 -

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

1309 (8th Cir. 1988); *see also In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1054 (8th Cir. 2018) (affirming district court's determination that plaintiffs lacked standing to seek injunction where prior FTC consent orders provided substantially similar relief as plaintiffs sought); *In re Nifedipine Antitrust Litig.*, 335 F. Supp. 2d 6, 17-18 (D.D.C. 2004) (holding that plaintiffs lacked standing to seek injunctive relief where no likelihood of harm in light of FTC order or threat of recurrent violations).

Where, as here, there is no basis for a second injunction, courts reject requests for such relief. *See, e.g.*, *Tyler Barnett*, 2017 WL 6449821, at *4 (plaintiff lacked standing to seek injunctive relief based on prior instance of inaccurate analytics that had since been corrected); *Opperman v. Path, Inc.*, 84 F. Supp. 3d 962, 988 (N.D. Cal. 2015) (plaintiff "cannot seek injunctive relief against Apple" where "no realistic threat exists that the complained-of conduct is ongoing or will be repeated"); *cf. Imber-Gluck v. Google, Inc.*, 2015 WL 1522076, at *3-4 (N.D. Cal. Apr. 3, 2015) (denying class certification where FTC previously acted to redress "the same conduct at issue"). Plaintiffs' claim for injunctive relief therefore should be dismissed.

### D. Even Absent Preemption, Plaintiffs Fail to State Any Viable Claims

Plaintiffs' claims also fall flat on the merits. Whether brought under the common law or various state consumer protection statutes, they all fail as a matter of law, often for multiple reasons.

#### 1. Plaintiffs' Intrusion Upon Seclusion and California Constitutional Privacy Claims Fail

Under California, Colorado, and New Jersey law, a common law intrusion upon seclusion claim must meet a "high bar" to be actionable: the allegations must plausibly show an "intrusion into a private place, conversation or matter . . . in a manner highly offensive to a reasonable person." *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012); *see also Stengart v. Loving Care Agency, Inc.*, 990 A.2d 650, 660 (N.J. 2010) (requirements set a "high threshold"); *Curry v. MillerCoors, Inc.*, 2013 WL 4494307, at *4-5 (D. Colo. Aug. 21, 2013) (alleged conduct must be "highly offensive"). In addition, a plaintiff must have "an objectively reasonable expectation of seclusion or solitude in the place, conversation or data source." *Shulman v. Grp.*

*W Prods., Inc.*, 18 Cal. 4th 200, 232 (1998); *see also Stengart*, 990 A.2d at 660 (noting that the "reasonable-expectation-of-privacy standard" has "both a subjective and objective component"); *Doe v. High-Tech Inst., Inc.*, 972 P.2d 1060, 1068 (Colo. App. 1998).[2]  A privacy claim under the California Constitution likewise requires "'a reasonable expectation of privacy in the circumstances'" and "'conduct by the defendant constituting a serious invasion of privacy,'" which courts treat as "effectively identical" to the requirements for intrusion upon seclusion.  *In re Google Location History Litig.*, 2019 WL 6911951, at *8 (N.D. Cal. Dec. 19, 2019) (quoting *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 34-38 (1994)).

To support a claim, plaintiffs must have an interest in "precluding the dissemination or misuse of sensitive and confidential information," where disclosure would cause "unjustified embarrassment or indignity," or where plaintiffs have an autonomy interest in "making intimate personal decisions" without observation or intrusion.  *Pioneer Elecs. (USA) Inc. v. Super. Ct.*, 40 Cal. 4th 360, 370 (2007).  The type of information that has been held to rise to that level includes medical, financial, and sexual orientation and activity information.  *See, e.g.*, *High-Tech Inst.*, 972 P.2d at 1068 (blood sample and derivative medical information); *Leonel v. Am. Airlines, Inc.*, 400 F.3d 702, 712 (9th Cir. 2005) (medical profile); *Charles O. Bradley Tr. v. Zenith Capital LLC*, 2006 WL 798991, at *2 (N.D. Cal. Mar. 24, 2006) (financial records); *Nguon v. Wolf*, 517 F.

---

[2] Plaintiffs Hubbard, Jones, Efros, and their children are California, Colorado, and New Jersey residents, respectively.  SAC ¶¶ 18-26.  Defendants reserve all arguments related to Plaintiffs' attempt to assert state law claims on behalf of putative class members in 31 ***other*** states.  *Id.* ¶ 185; *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1068 (N.D. Cal. 2015) (standing is claim-specific and "named Plaintiffs do not have standing to assert claims from states in which they do not reside").  Moreover, the laws in a number of these 31 states impose additional barriers to Plaintiffs stating a viable claim.  *See, e.g.*, *Lemaster v. Spartan Tool, LLC*, 2009 WL 700240, at *4 (S.D. Ind. Mar. 16, 2009) (Indiana privacy claim requires physical contact or intrusion into physical space).

1  Supp. 2d 1177, 1196 (C.D. Cal. 2007) (sexual orientation); *Pearce v. Club Med Sales, Inc.*, 172

2  F.R.D. 407, 410 (N.D. Cal. 1997) (sexual activity).

3  These types of highly sensitive and private information are different from the information

4  at issue in this case.  The purported collection, use, or disclosure of user IDs and user activity data

5  in accordance with company disclosures is far from an "egregious breach of the social norms."[3]

6  *Low*, 900 F. Supp. 2d at 1016-17, 1025.  Indeed, courts have "consistently refused to characterize

7  the disclosure of common, basic digital information to third parties as serious or egregious

8  violations of social norms."  *In re Google, Inc. Privacy Policy Litig.*, 58 F. Supp. 3d 968, 985,

9  988 (N.D. Cal. 2014) (Google's collection and disclosure of users' data did "not plausibly rise to

10  the level of intrusion necessary to establish an intrusion claim").  In case after case, courts across

11  the country have dismissed privacy claims based on alleged collection of this data.  *See Allen v.*

12  *Quicken Loans Inc*., 2018 WL 5874088, at *1, *12 n.4 (D.N.J. Nov. 9, 2018) (no highly offensive

13  intrusion where website allegedly collected "visitor's IP address and other PII" and intercepted

14  keystrokes and mouse clicks); *Popa v. Harriet Carter Gifts, Inc.*, 2019 WL 6684527, at *11

15  (W.D. Pa. Dec. 6, 2019) (collecting "keystrokes, mouse clicks, and PII is simply not the type of

16  highly offensive act to which liability can attach"); *In re iPhone Application Litig.*, 844 F. Supp.

17  2d 1040, 1063 (N.D. Cal. 2012) (disclosure of "unique device identifier number, personal data,

18  and geolocation information . . . does not constitute an egregious breach of social norms");

19  *Yunker v. Pandora Media, Inc*., 2013 WL 1282980, at *15 (N.D. Cal. Mar. 26, 2013) (providing

20  data about user's digital music files to advertising libraries not egregious breach of social norms).

21

22

23  [3] Notably, the SAC does not plead any facts alleging that the Channel Owners collected viewers'

24  personal information.  Rather, it contains only conclusory allegations grouping the Defendants

25  together.  *See, e.g.*, SAC ¶ 206 ("Defendants intentionally intruded . . . through the monitoring

26  and tracking activities described herein.").  None of the "monitoring and tracking activities

27  described" in the SAC is attributed to the Channel Owners, requiring dismissal of the claims

28  against those Defendants.

- 17 -      MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

To be clear, this does not mean that the Defendants view the data at issue as subject to no limitations; to the contrary, Defendants are committed to respecting this information and disclosing its collection and use.  As Plaintiffs concede, Google **openly** discloses and describes its data practices and did so prior to the FTC settlement.  *See* SAC ¶ 57; Ex. D at 15.  Indeed, Google's Privacy Policy explains that the information it collects from users includes "information about the apps, browsers, and devices you use to access Google services" as well as "information about your activity in our services."  Ex. D at 34.  And the Privacy Policy informs users that Google will use information to serve them targeted advertisements.  Ex. D. at 23.  Plaintiffs' allegation that Google collected data in accordance with its stated policies cannot support a state law privacy claim under established case law.  *See Hill*, 7 Cal. 4th at 36 (noting that "advance notice of an impending action" undercuts a person's reasonable expectation of privacy); *Mortensen v. Bresnan Commc'n, L.L.C.*, 2010 WL 5140454, at *6 (D. Mont. Dec. 13, 2010) (no reasonable expectation of privacy where monitoring of activity and transfer to third parties was disclosed in privacy notice).

Putting aside the absence of any allegations that Defendants knew Plaintiffs' children were under thirteen or that they viewed YouTube without their parents' participation or supervision, the analysis does not change just because Plaintiffs' children are alleged to be minors.  Indeed, the Third Circuit rejected the argument that the routine collection of information from visitors of websites with children's programming was "particularly odious."  *Nickelodeon*, 827 F.3d at 294-95; *see also id.* at 269 n.19 (noting that the information at issue included "username/alias"; "gender"; "birthdate"; "IP address"; "browser settings"; "unique device identifier"; "web communications, including but not limited to detailed URL requests and video materials requested and obtained from . . . websites"; and "persistent . . . identifiers").  The panel recognized that "courts have long understood that tracking cookies can serve legitimate commercial purposes."  *Id.* at 294.  And it held that the pervasiveness of that practice across the Internet meant that Google's alleged conduct was not "sufficiently offensive, standing alone, to survive a motion to dismiss"—including in the case of minors under the age of thirteen.  *Id.* at 294-95.  Even COPPA's legislative sponsor noted that "[m]uch of this information" being

1    collected by websites "appears to be harmless;" the goal was to establish a new regulatory regime

2    to obtain parental consent, while encouraging internet operators to pursue "self-regulatory

3    efforts." *See* 144 Cong. Rec. S8482 (daily ed. July 17, 1998) (statement of Sen. Bryan).

4           Consistent with these holdings, a district court recently dismissed allegations virtually

5    identical to those made here, ruling that the alleged collection and use of a child's online user data

6    did not constitute an egregious or highly offensive intrusion. *Manigault-Johnson,* 2019 WL

7    3006646, at *6.  In so holding, the court noted the lack of any allegations that Google's conduct

8    violated its own privacy policies or the existence of "duplicitous tactics." *Id.*  Here, Plaintiffs

9    similarly do not allege violation of Google's Privacy Policy.  Furthermore, Plaintiffs' allegations

10   regarding Google's purported awareness that, contrary to the Terms, individuals under the age of

11   thirteen were using YouTube, *see, e.g.*, SAC ¶ 55, have no bearing on their privacy claims

12   because they cannot plausibly show that the statements in the Terms encouraged Plaintiffs to

13   allow their minor children to use YouTube.  *Cf. Nickelodeon*, 827 F.3d at 295 (finding adequately

14   plead intrusion upon seclusion claim where inaccurate statements "may have encouraged parents

15   to permit their children to browse those websites under false pretenses").

16          The SAC's concession that Google affirmatively disclosed its collection of data explains

17   why this case is analogous to *Manigault-Johnson* (which also involved YouTube) and not

18   *McDonald v. Kiloo ApS*, 385 F. Supp. 3d 1022 (N.D. Cal. 2019), or *In re Facebook, Inc. Internet*

19   *Tracking Litigation*, 2020 WL 1807978 (9th Cir. Apr. 9, 2020).  Here, Google disclosed that it

20   collects "information about the apps, browsers, and devices you use to access Google services,"

21   "information about your activity in our services," and "information about your location when you

22   use our services."  In *Kiloo* and *In re Facebook*, by contrast, the plaintiffs' claims focused on the

23   alleged "secret[]" and "surreptitious" collection of user data, including in a manner that was

24   alleged to contradict affirmative representations.  *Kiloo*, 385 F. Supp. 3d at 1027-28, 1035; *In re*

25   *Facebook*, 2020 WL 1807978, at *8, *11.  This case involves very different allegations.  The

26   SAC does not allege that the Channel Owners collected any information or made any affirmative

27   statements and, critically, concedes that Google ***openly and accurately*** disclosed its data

28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 19 -

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

practices, including the fact that the data practices apply whether or not users are logged into their Google accounts.

As explained above, the collection of online activity, geolocation, and browser/device information, particularly where, as here, it was ***in accordance with public disclosures***, does not give rise to an expectation of privacy, much less meet the high standard of egregious conduct. Moreover, protection of children's online behavioral activity is afforded at the federal level through the specific technical requirements of COPPA, and the FTC has already taken action with the NYAG to enforce those requirements.

### 2. Plaintiffs Fail to State a Claim under State Consumer Protection Laws

Plaintiffs' claims under the consumer protection statutes of California, Colorado, Indiana, Massachusetts, New Jersey, and Tennessee are equally flawed and should be dismissed.

#### i. *California*

As a threshold matter, Plaintiffs lack standing under the UCL because they have not alleged facts showing that they suffered "injury in fact and [have] lost money or property" as a result of the challenged conduct. Cal. Bus. & Prof. Code § 17204.

Plaintiffs' failure to allege economic injury is readily apparent. Notably, Plaintiffs do not allege that they or their children ever paid to use the YouTube platform or for the content allegedly accessed. Nor do Plaintiffs allege that they lost money as a result of their children's purported use of YouTube. This failure is fatal to their UCL claim. *See, e.g.*, *Singh v. Google LLC*, 2018 WL 984854, at *4 (N.D. Cal. Feb. 20, 2018) (plaintiff lacked UCL standing where enrolling in program was free and plaintiff was not charged money for invalid or fraudulent clicks). Plaintiffs instead assert that they were "harmed" by Defendants and "lost money or property" based on "invasion of their privacy" and purported "deprivation and loss of value" of their information. SAC ¶ 216. None of these conclusory allegations saves their UCL claim.

An alleged invasion of privacy is not itself a loss of money or property, and courts have rejected similar attempts by plaintiffs to transform an alleged privacy interest into a cognizable harm under the UCL. Where online services are "free," the "asserted loss of those privacy protections do not constitute a loss of ***money or property***." *Svenson v. Google Inc.*, 2016 WL

Hogan Lovells US
LLP
Attorneys At Law
San Francisco

- 20 -

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

8943301, at *17 (N.D. Cal. Dec. 21, 2016) (emphasis added); *see also Archer v. United Rentals, Inc.*, 195 Cal. App. 4th 807, 816 (2011) (holding that plaintiffs lacked UCL standing where they alleged only an "unlawful collection and recordation of their personal identification information, an invasion of their right of privacy" and "failed to demonstrate how such privacy violation translates into a loss of money or property").

Where, as here, Plaintiffs have not plausibly alleged facts showing that "they attempted to sell their personal information, that they would do so in the future," or that Defendants prevented them "from entering into a value for value transaction relating to their PII," courts have refused to recognize the purported loss of value of personal information as a cognizable injury under the UCL.  *In re Google Android Consumer Privacy Litig.*, 2013 WL 1283236, at *4 (N.D. Cal. Mar. 26, 2013).  Plaintiffs' bald assertion that they cannot "realize the economic value" of the information after it has been "collected, analyzed, and acted upon," *see* SAC ¶ 118, lacks any supporting allegations and fails as a matter of law.  *See also In re Google Privacy Policy Litig.*, 2015 WL 4317479, at *5 (N.D. Cal. July 15, 2015) (rejecting diminution of value theory of injury where plaintiffs failed to plead facts showing the existence of a "market" for their information or "impairment of their ability to participate in that market"); *Claridge v. RockYou, Inc.*, 785 F. Supp. 2d 855, 862-63 (N.D. Cal. 2011) (rejecting UCL claim where plaintiff failed to allege facts showing his personally identifying information ceased to belong to him).  Plaintiffs' UCL claim should be dismissed for lack of actionable injury under the statute alone.

Plaintiffs' UCL claim also should be dismissed for several other independent reasons:

Plaintiffs are not entitled to any relief under the UCL.  "[A]n action under the UCL is not an all-purpose substitute for a tort or contract action," and remedies are "generally limited to injunctive relief and restitution."  *Zhang v. Super. Ct.*, 57 Cal. 4th 364, 371 (2013).  Here, Plaintiffs seek an injunction, restitution, and disgorgement of allegedly "unjust gain."  *See* SAC ¶ 218.  But they have not pleaded a basis for any of these remedies.

*First*, as discussed in more detail above, Plaintiffs lack Article III standing to seek injunctive relief because there is no threat of future injury.  *See supra* Section III.C.

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 21 -

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

*Second*, Plaintiffs do not allege facts entitling them to restitutionary relief.  "A restitution order against a defendant [] requires both that money or property have been lost by a plaintiff, on the one hand, and that it have been acquired by a defendant, on the other."  *Zhang*, 57 Cal. 4th at 371.  As discussed above, Plaintiffs have failed to allege that they lost any money or property and thus are not entitled to restitution.  *See Berman v. Knife River Corp.*, 2012 WL 12924973, at *4 (N.D. Cal. June 8, 2012) (no basis for restitution where there "has been neither transfer of money or property from [plaintiff] to [defendant]").

*Third*, to the extent Plaintiffs seek "nonrestitutionary disgorgement," it is "well established" that such relief is "unavailable under the UCL."  *Bruton v. Gerber Prod. Co.*, 2018 WL 4181903, at *9 (N.D. Cal. Aug. 31, 2018).

*Fourth*, Plaintiffs are not entitled to any equitable relief under the UCL.  As the Ninth Circuit has recognized, "[t]he equitable remedies available under the [UCL] are 'subject to fundamental equitable principles, including inadequacy of the legal remedy.'"  *Philips v. Ford Motor Co.*, 726 F. App'x 608, 609 (9th Cir. 2018).  Plaintiffs have not alleged "that there is no adequate remedy at law available."  *Fonseca v. Goya Foods Inc.*, 2016 WL 4698942, at *7 (N.D. Cal. Sept. 8, 2016).  To the contrary, they assert several legal claims.  This is reason enough to dismiss Plaintiffs' UCL claim and all other requests for equitable relief.  *See, e.g.*, *Philips*, 726 F. App'x at 609 (plaintiffs "required to plead the inadequacy of their legal remedies"); *Fonseca*, 2016 WL 4698942, at *7 (dismissing request for equitable relief because plaintiffs did not allege that other damages claims were inadequate).

Because Plaintiffs are not entitled to any of the remedies they seek under the UCL, their UCL claims must be dismissed.  *See BioResource, Inc. v. U.S. Pharmaco Distribution, Ltd.*, 2010 WL 2763681, at *2 (N.D. Cal. July 13, 2010) ("A private plaintiff unable to state a factual basis for personally recovering such relief can no longer maintain an action under the UCL.").

<u>Plaintiffs fail to state a claim under the UCL's "Fraud," "Unfair," or "Unlawful" prongs.</u>

*First,* as to fraud, Plaintiffs' claim is subject to the pleading requirements of Rule 9(b).  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009).  Plaintiffs "must therefore state the time, place, and specific content of the false representations as well as the identities of the

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 22 -

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

parties to the misrepresentations" and "set forth what is false or misleading about a statement, and why it is false." *Shields v. Alere Home Monitoring, Inc.*, 2015 WL 7272672, at *4 (N.D. Cal. Nov. 18, 2015). Plaintiffs must further "allege with specificity that defendant's alleged misrepresentations [] were relied upon by the named plaintiffs [and] were material." *Yastrab v. Apple Inc.*, 2015 WL 1307163, at *6 (N.D. Cal. Mar. 23, 2015); *see also In re Tobacco II Cases*, 46 Cal. 4th 298, 306 (2009). They fail to do so. And as to the Channel Owners, there are no specific allegations of false representations at all.

Plaintiffs' allegations—that Google "falsely asserted" that children under thirteen "are not permitted to access" the YouTube platform and failed to disclose its "tracking, profiling, and targeting" of children "without parental consent," SAC ¶ 215—fall well short of stating a UCL fraud claim. Plaintiffs' "misrepresentation theory" appears to rely on section 12 of the Terms, which states that the YouTube service "is not intended for children under 13." Ex. C. But Plaintiffs do not allege that they relied upon Google's representation that YouTube is not intended for children under thirteen when Plaintiffs' children were allowed to use YouTube, much less allege that it was material. Indeed, they do not allege that they ever read the Terms, or even if they did, what provisions they reviewed and when they read them. These deficiencies are "fatal" to their claim. *Garcia v. Sony Comp. Entm't Am., LLC*, 859 F. Supp. 2d 1056, 1063 (N.D. Cal. 2012) (rejecting UCL claim where no allegations that plaintiff "relied on" particular statements or "was aware of them"); *Zepeda v. PayPal, Inc.*, 777 F. Supp. 2d 1215, 1223 (N.D. Cal. 2011) (dismissing UCL claim where plaintiffs failed to state when they were exposed to statements or which statements were "material").

Plaintiffs' "failure to disclose" theory fares no better. To be actionable, an omission must be "contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012). As noted above, Plaintiffs do not identify any representation actually made by the Channel Owners. As to Google, the Terms and Privacy Policy conspicuously and in plain language disclose Google's collection of data from YouTube users, regardless of age or how they access the platform. There was no failure to disclose, and Plaintiffs have not alleged facts

1   showing that Defendants had a duty to disclose any additional information.  "California courts

2   have generally rejected a broad obligation to disclose," which at a minimum requires the alleged

3   omission to be "material."  *Id.*  Here, Plaintiffs have not alleged that any purported omission was

4   material or that they would have relied upon that information had it been disclosed.  *See Daniel v.*

5   *Ford Motor Co.*, 806 F.3d 1217, 1225 (9th Cir. 2015) ("An essential element for a fraudulent

6   omission claim is actual reliance."); *Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1113-

7   14, 1119 (N.D. Cal. 2016) (dismissing UCL claim where plaintiff failed to show duty to disclose).

8       *Second,* Plaintiffs likewise cannot make out a UCL claim for unlawful conduct.  "To

9   sustain a claim under the unlawful prong, Plaintiff[s] must allege facts that, if proven, would

10  demonstrate that Defendant's conduct violated another, underlying law."  *In re Google, Inc.*

11  *Privacy Policy Litig.*, 2013 WL 6248499, at *14 (N.D. Cal. Dec. 3, 2013).  Here, neither

12  "COPPA" nor the "California Constitutional Right to Privacy," *see* SAC ¶ 215, can serve as a

13  predicate for Plaintiffs' claim.  As shown above, COPPA precludes private enforcement, and

14  Plaintiffs "may [] not plead around an absolute bar to relief simply by recasting the cause of

15  action as one for unfair competition."  *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,

16  20 Cal. 4th 163, 182 (1999) (internal quotations omitted).  This restriction ensures that legislative

17  intent is upheld:  "If the Legislature has . . . considered a situation and concluded no action should

18  lie, courts may not override that determination."  *Loeffler v. Target Corp.*, 58 Cal. 4th 1081, 1125

19  (2014); *see also O'Donnell*, 504 F. App'x at 567 (rejecting plaintiffs' attempt to "engineer" a

20  UCL claim under the FTC Act).  Plaintiffs are improperly attempting to use the UCL to

21  "bootstrap" an alleged COPPA violation into a private cause of action.  *See Najafifard v.*

22  *Travelers Comm. Ins. Co.*, 2015 WL 12656283, at *3 (C.D. Cal. Oct. 15, 2015) (UCL claim could

23  not be based on alleged violation of California Unfair Insurance Practices Act, which bars private

24  actions); *Hartless v. Clorox Co.*, 2007 WL 3245260, at *4 (rejecting UCL claim predicated on

25  federal law where Congress rejected private enforcement; *Charles J. Vacanti, M.D., Inc. v. State*

26  *Comp. Ins. Fund*, 24 Cal. 4th 800, 828 (2001) (holding that a UCL claim is preempted if it falls

27  within the exclusive remedy provisions of the Workers' Compensation Act).  Nor can Plaintiffs

28  base their claim on the California "Constitutional Right to Privacy" because, as discussed above,

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 24 -

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

no facts alleged in the SAC show that Defendants violated that "Right." *See supra* Section III.D.1; *see also Cal. Consumer Health Care Council v. Kaiser Found. Health Plan, Inc.*, 142 Cal. App. 4th 21, 27 (2006).

*Third*, the allegations in the SAC also do not separately establish unfairness.  Regardless of what test the Court applies, *see In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d at 929-30, the claim fails as a matter of law because it is based on the *same* fundamentally flawed allegations that underpin their claims under the unlawful and fraudulent prongs.  *See, e.g.*, *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1104-05 (N.D. Cal. 2017) (dismissing unfair prong claim because it was "based on the same contentions" that underlay plaintiff's fraud and unlawful prong claims).  For example, Plaintiffs' allegation under the unfair prong that the Defendants' "conduct violates the policies underlying privacy law, as well as COPPA," relies on the same facts as the  allegation under the unlawful prong that "[Defendants acted] in violation of COPPA and Federal Trade Commission regulations" as well as the "California Constitutional Right to Privacy."  *Compare* SAC ¶ 212 *with* ¶ 214.  Similarly, Plaintiffs' allegation under the unfair prong that "Defendants failed to disclose during the Class Period that Defendants were tracking, profiling, and targeting [children]" converges with their allegation under the fraudulent prong that "[Defendants] fail[ed] to disclose that they are tracking, profiling, and targeting such children without parental consent."  *Compare* SAC ¶ 213 *with* ¶ 215.  These allegations fail to support an independent charge of unfairness.

> ii. *Colorado, Indiana, Massachusetts, New Jersey, and Tennessee*

Plaintiffs' claims under the Colorado, Indiana, Massachusetts, New Jersey, and Tennessee consumer protection also fall on the pleadings.

*First*, Plaintiffs' claims under these consumer protection statutes fail because Plaintiffs have not adequately pleaded causation.  As with the UCL, Rule 9(b) applies to all such claims,[4]

---

[4] *See Two Moms & a Toy, LLC v. Int'l Playthings, LLC*, 898 F. Supp. 2d 1213, 1219 (D. Colo. 2012); *Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 98 (D.N.J. 2011); *McKinney v. State*, 693 N.E.2d 65, 72 (Ind. 1998); *Mulder v. Kohl's Dep't Stores, Inc.*, 865 F.3d 17, 21-22 (1st Cir.

and Plaintiffs must show that their alleged injuries were caused by Defendants' purported misrepresentations.  *See Garcia v. Medved Chevrolet, Inc.*, 263 P.3d 92, 98 (Colo. 2011); *Rainbow Realty Grp., Inc. v. Carter*, 131 N.E.3d 168, 178 (Ind. 2019); *Carlson v. The Gillette Co.*, 2015 WL 6453147, at *4 (D. Mass. Oct. 23, 2015); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 192 N.J. 372, 389 (2007); *Erickson v. Fahrmeier*, 2019 WL 1177969, at *7 (E.D. Tenn. Mar. 13, 2019).  Evidence of reliance typically "provides a key causal link between a consumer's injury and a defendant's deceptive practice."  *Garcia*, 263 P.3d at 98.  In fact, Indiana's consumer protection statute expressly requires proof that "the claimant relied on the deception" as a prerequisite to obtaining damages.  *Rainbow Realty Grp., Inc.*, 131 N.E.3d at 178.  Courts in Colorado, Massachusetts, New Jersey, and Tennessee similarly recognize that the causation element requires consumers to allege reliance or exposure to material misrepresentations.  *See, e.g.*, *Peterson v. USAA Life Ins. Co.*, 353 F. Supp. 3d 1099, 1114 (D. Colo. 2018) (plaintiff who "does not allege [he] saw or relied upon any deceptive information" cannot establish causation element) (appeal pending); *Hager v. Vertrue, Inc.*, 2011 WL 4501046, at *5 (D. Mass. Sept. 28, 2011) (rejecting claim where plaintiff did not read statements at issue); *Colucci v. Bank of Am., N.A.*, 2011 WL 13364576, at *2 (D.N.J. July 27, 2011) (dismissing claim where plaintiff failed to allege he read or relied on the statements at issue before purchase); *Warren v. Warrior Golf Capital, LLC*, 126 F. Supp. 3d 988, 997 (E.D. Tenn. 2015) (affirming dismissal because plaintiff failed to show that "he relied on the statements").

Here, Plaintiffs' bald assertions that Defendants' alleged misrepresentations caused them harm are insufficient to establish causation.  With respect to the Channel Owners, the SAC does not identify any specific representations (let along misrepresentations) or omissions each Channel Owner purportedly made.  Plaintiffs claim that Google made false representations regarding children's use of the YouTube platform, *see, e.g.*, SAC ¶¶ 285, 298, 307, 328, 342, but they fail to allege how those representations were actually deceptive as to their children's use of YouTube.  Moreover, beyond conclusory references to "reasonably relying" on Google's alleged

2017); *Harvey v. Ford Motor Credit Co.*, 8 S.W.3d 273, 275 (Tenn. Ct. App. 1999).

Hogan Lovells US
LLP
Attorneys At Law
San Francisco

- 26 -

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

misrepresentations in the context of three of the statutes, SAC ¶¶ 318, 335, 352, Plaintiffs do not allege even a basic awareness of the statements, much less any concrete reliance on them.  To the extent that Plaintiffs point to any specific statements (such as the references to Google's privacy controls, *see* SAC ¶ 112), Plaintiffs do not allege that they ever viewed or saw that statement (or when they would have seen it), nor that the statement led them to develop false beliefs regarding Defendants' practices or otherwise harmed them.  "[T]here can be no fraud in the abstract." *Colucci*, 2011 WL 13364576, at *2.  And without such details, Plaintiffs have not adequately pleaded causation.  *See, e.g.*, *Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 611 (D.N.J. 2016) (claims failed for lack of causation where plaintiffs failed to plead "when . . . statements were posted on Defendant's site, whether they existed in their current form when plaintiffs made their purchase . . . and if they were, whether [plaintiffs] ever went on Defendant's website and viewed these statements before" making purchases).

Plaintiffs similarly fail to allege facts connecting Defendants' purported omissions to their alleged injuries.  Plaintiffs do not plausibly allege that any omitted disclosure was material or that they would have relied on any omitted information had it been disclosed, which is fatal to their claims under these state statutes.  *See Valley Fresh Prod., Inc. v. W. Skyways, Inc.*, 2019 WL 4695668, at *7-8 (D. Colo. Sept. 25, 2019) (omission claim failed because plaintiffs did not show that disclosure "would have been material to either plaintiffs or consumers generally in deciding whether to purchase" defendant's services); *Erickson*, 2019 WL 1177969, at *7 (deception requires "material representation, practice or omission likely to mislead a reasonable consumer"); *Annecharico v. Raymour & Flanigan*, 2016 WL 7015615, at *6 (D.N.J. Nov. 30, 2016) (requiring knowing concealment of "material facts . . . with the intention that the consumer rely upon the concealment"); *Carlson*, 2015 WL 6453147, at *6 (requiring that alleged non-disclosure be material); *Poole v. MED-1 Sols., LLC*, 2020 WL 1317450, at *5 (S.D. Ind. Mar. 20, 2020) (Indiana statute requires reliance).  Tellingly, there are no allegations in the SAC that Plaintiffs ever even read the YouTube Terms or Google's Privacy Policy, and Plaintiffs' assertion that Defendants' omissions were "material," *see, e.g.*, SAC ¶¶ 300, 316, 331, is a legal conclusion that cannot support their claims.

1    Plaintiffs' omission and misrepresentation theories falter for the additional reason that the

2    conduct they challenge was openly disclosed.  *See supra* Section III.D.2.i; *Hassler v. Sovereign*

3    *Bank*, 644 F. Supp. 2d 509, 515 (D.N.J. 2009) (holding plaintiff's allegation that a bank acting

4    deceptively failed because the bank disclosed the challenged practice in its user agreement), *aff'd*,

5    374 F. App'x 341 (3d Cir. 2010).  In light of these disclosures, the SAC fails to support a claim

6    for misrepresentations or omissions.

7    *Second*, Plaintiffs' claims under the Colorado, Indiana, Massachusetts, New Jersey, and

8    Tennessee consumer protection acts fail because they have not adequately alleged cognizable

9    injury.  Similar to the UCL, these statutes require Plaintiffs to plead "real economic damages,"

10   *see Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 10 (1st Cir. 2017) (Massachusetts); an "ascertainable

11   loss," *see Thiedemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234, 252 (2005); an "injury in fact

12   to a legally protected interest," *see Hall v. Walter*, 969 P.2d 224, 235 (Colo. 1998); or "damages

13   actually suffered," *see* Ind. Code Ann. § 24-5-0.5-4.  As explained in Section III.D.2.i, *supra*,

14   Plaintiffs' loss of value allegations cannot support a claim as they are purely "hypothetical."

15   *Thiedemann*, 183 N.J. at 252; *see also Tucker v. Sierra Builders*, 180 S.W.3d 109, 116 (Tenn. Ct.

16   App. 2005) (holding that "consumer injury must be more than trivial or speculative"); *Shaulis*,

17   865 F.3d at 10 (rejecting future risk as insufficient to establish injury under Massachusetts law);

18   *Hoffman v. AsSeenOnTV.com*, 962 A.2d 532, 538-40 (N.J. Super. Ct. App. Div. 2009) (finding no

19   evidence that alleged sale of personal information or other "diminution" in value allegations

20   caused ascertainable loss to plaintiff).  Plaintiffs' allegations regarding invasion of privacy cannot

21   show an actionable injury either when the collection and use of the information at issue was

22   disclosed.  *See, e.g.*, *Perlow v. ABC Fin. Servs., Inc.*, 2018 WL 3431903, at *4 (Mass. Super. Ct.

23   June 19, 2018) (plaintiff suffered no "privacy" invasion causing harm under 93A where

24   agreement disclosed possibility of conduct).

25   *Third*, Plaintiffs' assertion that Defendants' alleged practices were "unfair" should be

26   dismissed for the same reasons as Plaintiffs' claim under the UCL's "unfair" prong.  *See supra*

27   Section III.D.2.i.  In addition, Plaintiffs' unfairness allegations fail because the purported data

28   collection practices were fully disclosed in the Terms.  *See, e.g.*, *Ciser v. Nestle Waters N. Am.*,

Hogan Lovells US
LLP
Attorneys At Law
San Francisco

- 28 -

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

1    *Inc.*, 2013 WL 5774121, at *5 (D.N.J. Oct. 24, 2013) (holding a consumer could not state a claim

2    under New Jersey law because the defendant fully disclosed the challenged practice), *aff'd*, 596 F.

3    App'x 157 (3d Cir. 2015); *Kissing Camels Surgery Ctr., LLC v. Centura Health Corp.*, 2016 WL

4    8416760, at *12 (D. Colo. July 13, 2016) (same under Colorado law); *Tomasella v. Nestle USA,*

5    *Inc.*, 364 F. Supp. 3d 26, 36 (D. Mass. 2019) (same under Massachusetts law).

6         *Fourth*, to the extent Plaintiffs' statutory claims are predicated on the violation of other

7    laws, they also must be dismissed.  As discussed above, COPPA expressly and impliedly

8    preempts all of these claims.  *See supra* Section III.A.  Moreover, just as Plaintiffs cannot claim

9    that Defendants' conduct is actionable under the UCL because it violates standards reflected in

10   COPPA, *see supra* Section III.D.2.i, they cannot make a similar claim under the Colorado,

11   Massachusetts, and New Jersey statutes, *see* SAC ¶¶ 286, 298, 329.  Courts have held that where

12   a statute entrusts exclusive enforcement authority to an agency, plaintiffs cannot use state

13   consumer protection statutes as a "backdoor" around that legislative choice.  *Slimm v. Bank of*

14   *Amer. Corp.*, 2013 WL 1867035, at *8-9 (D.N.J. May 2, 2013) (dismissing claim based on federal

15   statutory scheme with no private right of action).  And Colorado courts have declined to find that

16   a violation of a statute is a *per se* violation of the Colorado Consumer Protection Act.  *See Coors*

17   *v. Sec. Life of Denver Ins. Co.*, 91 P.3d 393, 401 (Colo. App. 2003), *rev'd in part on other*

18   *grounds*, 112 P.3d 59 (Colo. 2005); *Voth v. Liberty Mut. Fire Ins. Co.*, 2008 WL 435288, at *2

19   (D. Colo. Feb. 14, 2008) (dismissing case where "sole basis" for consumer protection claim was

20   violation of statute with no private right of action).  Moreover, as discussed above, none of the

21   alleged conduct otherwise violates any other law that could serve as a predicate for a violation of

22   these statutes.  *See supra* Sections III.D.1-2.

23        *Finally*, Plaintiffs' claim under Massachusetts' consumer protection law should be

24   dismissed as to the Channel Owners because Plaintiffs failed to provide the required notice to the

25   Channel Owners before asserting a claim under the statute in the SAC.  *See* SAC ¶ 293;

26   *O'Connor v. Nantucket Bank*, 992 F. Supp. 2d 24, 38 (D. Mass. 2014) (dismissing claim where

27   plaintiffs failed to allege they provided required demand letter).

28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 29 -                    MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

### 3. Plaintiffs Fail to State a Claim for Unjust Enrichment

Plaintiffs' claims for unjust enrichment also remain fundamentally flawed and should be dismissed for multiple reasons:

*First*, Plaintiffs cannot show that Defendants have been unjustly conferred a benefit through "mistake, fraud, coercion or request."  55 Cal. Jur.3d *Restitution* § 2.  Put another way, "where it is not obvious that 'natural and immutable justice' dictates restitution, unjust enrichment is not available."  *Hughes v. Chattem, Inc.*, 818 F. Supp. 2d 1112, 1124-25 (S.D. Ind. 2011) (quoting *Zoeller v. East Chi. Second Century, Inc.*, 904 N.E.2d 213, 220 (Ind. 2009)); *see also Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005) ("The most significant requirement . . . is that the benefit to the defendant be unjust."); *Callano v. Oakwood Park Homes Corp.*, 91 N.J. Super. 105, 109 (N.J. 1966) ("The key words are Enrich and Unjustly."); *Dove Valley Bus. Park Assocs. Ltd. v. Bd of Cty. Comm'rs of Arapahoe Cty, Colo.*, 945 P.2d 395, 403 (Colo. 1997) (similar); *Shaulis v. Nordstrom Inc.*, 120 F. Supp. 3d 40, 55-56 (D. Mass. 2015) (similar).  Although Defendants raised this exact flaw in the initial motion to dismiss, the SAC still does not allege facts showing any conduct that rises to that level.  As discussed above, the alleged violation of COPPA's requirements alone does not suffice.  Nor have Plaintiffs alleged how it would be unjust for Defendants to keep the revenue they derived.  Like other users, Plaintiffs gained access to large quantities of high quality video content at no cost by using the YouTube service.  And Google disclosed what data it collected and how that data was used.  *Cf. Hoai Dang v. Samsung Elecs. Co.*, 2018 WL 6308738, at *11 (N.D. Cal. Dec. 3, 2018) (holding that it was not unjust for Samsung to keep the money plaintiff paid for the Galaxy SIII because Samsung did not warrant it was non-infringing).

*Second*, Plaintiffs cannot adequately allege that they "conferred" upon Defendants money or property as required to support an unjust enrichment claim under the state laws at issue. *Sigmon v. Appalachian Coal Props., LLC*, 2008 WL 4279867, at *4 (E.D. Tenn. Sept. 15, 2008). Unjust enrichment depends on "principles of reimbursement," *Adams v. Wells Fargo Bank, N.A.*, 2015 WL 6449383, at *4 n.3 (N.D. Cal. Oct. 26, 2015); *see also VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994); *Harris Grp., Inc. v. Robinson*, 209 P.3d 1188, 1205-06 (Colo.

App. 2009), where one party has been enriched at the expense of another or has an ownership

interest in the money or property at issue, *see Korea Supply Co. v. Lockheed Martin Corp.,* 29

Cal. 4th 1134, 1149 (2003); *Robinson v. Colorado State Lottery Div.*, 179 P.3d 998, 1007 (Colo.

2008); *Bayh v. Sonnenburg*, 573 N.E.2d 398, 408 (Ind. 1991); *Desanctis v. Labell's Airport

Parking, Inc.*, 1991 WL 71921, at *4 (Mass. App. Div. 1991); *Browder v. Hite*, 602 S.W.2d 489,

491-92 (Tenn. Ct. App. 1980).  Here, Plaintiffs do not allege they paid anything that went to the

Defendants, directly or indirectly.  Plaintiffs instead make the same copy-and-paste conclusory

allegation for each Plaintiff that their "Personal Information" conferred "monetary benefits" upon

Defendants.  *See* SAC ¶¶ 221 (Hubbard), 230 (Jones), 239 (Dishman), 248 (Efros), 257

(Goodwin), 266 (Gilmore).  But Plaintiffs have not pleaded any facts to show that the information

at issue—user IDs and user activity data—had monetary value to ***them***.  Put another way,

Plaintiffs have not alleged they "retain a stake" in Defendants' alleged enrichment.  *In re

Facebook, Inc. Internet Tracking Litig.*, 2020 WL 1807978, at *6.

       *Third*, Plaintiffs added nothing in the SAC to address their failure to allege that remedies

at law are inadequate.  *See supra* Section III.D.2.i.  At most, Plaintiffs could theoretically pursue

unjust enrichment in the alternative, but they have chosen not to do so in the SAC.  *Broomfield v.

Craft Brew Alliance, Inc.*, 2017 WL 3838453 at *13 (N.D. Cal. Sep. 1, 2017).

       *Fourth*, Plaintiffs Dishman's, Efros', and Gilmore's claims falter under additional, unique

aspects of their state laws.  Dishman's claim fails because Indiana law not only required her to

have conferred money or property to Defendants, but specifically a "measurable benefit."  *Lady

Di's, Inc. v. Enhanced Servs. Billing, Inc.*, 2010 WL 4751659, at *9 (S.D. Ind. Nov. 16, 2010),

*aff'd*, 654 F.3d 728 (7th Cir. 2011).  Dishman has not alleged she provided any benefit to

Defendants, much less a "specific measurable" one.[5]  *Id*.  Efros' claim fails under New Jersey law

because he failed to allege he "expected remuneration from the defendant at the time" he

---

[5] Furthermore, Dishman's claims should be dismissed as to all of the Channel Owners other than

the Cartoon Network Defendants because Dishman does not allege that her child C.D. ever

visited any of their YouTube channels.  *See* SAC ¶ 170.

Hogan Lovells US
LLP
Attorneys At Law
San Francisco

- 31 -

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

"conferred [the] benefit." *VRG Corp.*, 135 N.J. at 554.  And Gilmore's claim fails under Tennessee law because she has not alleged that she "has exhausted all remedies against the person with whom the plaintiff enjoyed privity of contract," nor that doing so "would be futile." *Freeman Indus.*, 172 S.W.3d at 525-26.

### 4.   Claims 3 and 9 Also Should Be Dismissed as to Cartoon Network, DreamWorks, and Mattel for Additional Reasons

Finally, Claim 3 (California Unjust Enrichment) and Claim 9 (California Constitutional Right to Privacy) cannot proceed against Cartoon Network, DreamWorks, or Mattel.  Those claims are brought solely by Plaintiff Hubbard on behalf of her daughter, C.H.  SAC ¶¶ 219, 273.  However, Plaintiff Hubbard did not previously, and she still does not, allege that C.H. ever visited any of the YouTube channels of Cartoon Network, DreamWorks, or Mattel, much less watched a single video or other programming from any of these specific Defendants, despite three opportunities to do so.  *Id.* ¶ 130.  This is dispositive for Cartoon Network, DreamWorks, and Mattel because Article III of the U.S. Constitution and the elements of a claim for unjust enrichment and state law right to privacy all require a showing that the ***defendant***—not some other party—caused her alleged harm.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (Article III standing); *Griffith Co. v. Hofues*, 201 Cal. App. 2d 502, 508 (1962) (unjust enrichment); BAJI No. 7.25 (A plaintiff must prove that the "defendant engaged in conduct which invaded plaintiff's privacy interests"); *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 287-88 (2009) (privacy inquiry centers on the defendant's actions).  That ***other*** Plaintiffs have alleged their children watched Cartoon Network, DreamWorks, and Mattel content is irrelevant:  "The standing inquiry is both plaintiff-specific and claim-specific," *Pagán v. Calderón*, 448 F.3d 16, 27 (1st Cir. 2006), as is the substantive law, *see e.g.*, BAJI No. 7.25.

## IV.   CONCLUSION

Despite three attempts, Plaintiffs still do not plead any viable claims.  Each of their claims rests at bottom upon an alleged violation of the requirements of COPPA, even though Congress vested exclusive enforcement power in the FTC and state authorities, and even though Google already entered into a comprehensive settlement of these issues with the FTC and NYAG.

1    Plaintiffs' state law claims also fail as a matter of law for additional, independent reasons.  For

2    these and the foregoing reasons, the Court should dismiss this entire action with prejudice.

3

4    Dated: April 29, 2020                    HOGAN LOVELLS US LLP

5                                             By:   /s/ EDITH RAMIREZ

6                                                   EDITH RAMIREZ
                                                   edith.ramirez@hoganlovells.com
7                                                   MICHELLE A. KISLOFF (*pro hac vice*)
                                                   michelle.kisloff@hoganlovells.com
8                                                   ADAM A. COOKE (*pro hac vice*)
                                                   adam.a.cooke@hoganlovells.com
9                                                   HOGAN LOVELLS US LLP
                                                   555 Thirteenth Street, NW
10                                                  Washington, DC  20004
                                                   Telephone:      (202) 637-5600
11                                                  Facsimile:      (202) 637-5910

12                                                  CHRISTOPHER J. COX
                                                   chris.cox@hoganlovells.com
13                                                  HOGAN LOVELLS US LLP
                                                   4085 Campbell Avenue, Suite 100
14                                                  Menlo Park, California  94025
                                                   Telephone:      (650) 463-4000
15                                                  Facsimile:      (650) 463-4199

16                                                  HELEN Y. TRAC
                                                   helen.trac@hoganlovells.com
17                                                  HOGAN LOVELLS US LLP
                                                   3 Embarcadero Center, 15th Floor
18                                                  San Francisco, California  94111
                                                   Telephone:      (415) 374-2300
19                                                  Facsimile:      (415) 374-2499

20                                                  Attorneys for Defendants, *Google LLC* and
                                                   *YouTube LLC*

21

22   Dated: April 29, 2020                    MUNGER, TOLLES & OLSON LLP

23                                            By:   /s/ JONATHAN H. BLAVIN
                                                   JONATHAN H. BLAVIN
24                                                  jonathan.blavin@mto.com
                                                   MUNGER, TOLLES & OLSON LLP
25                                                  560 Mission Street, Twenty-Seventh Floor
                                                   San Francisco, California  94105-2907
26                                                  Telephone:      (415) 512-4000
                                                   Facsimile:      (415) 512-4077

27                                                  JORDAN D. SEGALL
                                                   jordan.segall@mto.com
28                                                  NEFI D. ACOSTA

Hogan Lovells US
LLP
Attorneys At Law
San Francisco

- 33 -

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

1    nefi.acosta@mto.com
     MUNGER, TOLLES & OLSON LLP
2    350 South Grand Avenue, 50th Floor
     Los Angeles, CA  90071-3426
3    Telephone:      (213) 683-9100
     Facsimile:      (213) 687-3702
4
     Attorneys for Defendant *Mattel, Inc.*
5
6    Dated: April 29, 2020          ZWILLGEN LAW LLP
7                                   By:    /s/ ANNA HSIA
8                                          ANNA HSIA
                                           anna@zwillgen.com
9                                          ZWILLGEN LAW LLP
                                           369 Pine Street, Suite 506
10                                         San Francisco, CA  94104
                                           Telephone:      (415) 590-2335
11                                         Facsimile:      (415) 636-5965

12                                         JEFFREY LANDIS *(pro hac vice)*
                                           jeff@zwillgen.com
13                                         ADYA BAKER *(pro hac vice)*
                                           adya@zwillgen.com
14                                         ZWILLGEN LAW PLLC
                                           1900 M Street NW, Suite 250
15                                         Washington, DC  20036
                                           Telephone:      (202) 296-3585
16                                         Facsimile:      (202) 706-5298

17   Attorneys for Defendants, *DreamWorks Animation L.L.C.* and *DreamWorks Animation Television, LLC*
18
19   Dated: April 29, 2020          FRANKFURT KURNIT KLEIN & SELZ, P.C.
20                                   By:    /s/ JEREMY S. GOLDMAN
                                           JEREMY S. GOLDMAN
21                                         jgoldman@fkks.com
                                           AMY LAWRENCE
22                                         alawrence@fkks.com
                                           FRANKFURT KURNIT KLEIN & SELZ,
23                                         P.C.
                                           2029 Century Park East, Suite 1060
24                                         Los Angeles, CA  90067
                                           Telephone:      (310) 579-9600
25                                         Facsimile:      (347) 438-2156
26   Attorneys for Defendants, *Hasbro, Inc.* and *Hasbro Studios LLC*
27
28   Dated: April 29, 2020          GIBSON, DUNN & CRUTCHER LLP

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 34 -

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

1

2

3

4

5

6

7

8

9

10

11

12

13

14   Dated: April 29, 2020

15

16

17

18

19

20

21

22

23

24

25

26   Dated: April 29, 2020

27

28

By:  /s/ CHRISTOPHER CHORBA
     CHRISTOPHER CHORBA
     cchorba@gibsondunn.com
     JEREMY S. SMITH
     jssmith@gibsondunn.com
     GIBSON, DUNN & CRUTCHER LLP
     333 South Grand Avenue
     Los Angeles, CA 90071-3197
     Telephone:    (213) 229.7000
     Facsimile:     (213) 229.7520

     JOSHUA H. LERNER
     jlerner@gibsondunn.com
     CASSANDRA L. GAEDT-SCHECKTER
     Cgaedt-sheckter@gibsondunn.com
     GIBSON, DUNN & CRUTCHER LLP
     555 Mission Street, Suite 3000
     Los Angeles, CA 94105-0921
     Telephone:    (415) 393.8200
     Facsimile:     (415) 393.8306

Attorneys for Defendants, *The Cartoon Network, Inc.* and *Cartoon Network Studios, Inc.*

VENABLE LLP

By:  /s/ DAVID FINK
     DAVID FINK
     defink@venable.com
     CHRISTINA M. NORDSTEN
     cmnordsten@venable.com
     VENABLE LLP
     2049 Century Park East, Suite 2300
     Los Angeles, CA  90067
     Telephone:    (310) 229-9900
     Facsimile:     (310) 229-9901

     ANGEL A. GARGANTA
     aagarganta@venable.com
     VENABLE LLP
     101 California Street, Suite 3800
     San Francisco, CA  94111
     Telephone:    (415) 653-3750
     Facsimile:     (415) 653-3755

Attorneys for Defendant *PocketWatch, Inc.*

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE LLP

By:  /s/ MICHAEL SALTZ
     MICHAEL SALTZ

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

1

msaltz@jrsnd.com
ELANA R. LEVINE

2

lani@jrsnd.com
JACOBSON, RUSSELL, SALTZ, &

3

NASSIM & DE LA TORRE LLP
1880 Century Park East, Suite 900

4

Los Angeles, CA  90067
Telephone:      (310) 446-9900

5

Facsimile:       (310) 446-9909

6

Attorneys for Defendants, *Remka, Inc.; RTR*

7

*Production, LLC;* and *RFR Entertainment, Inc.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hogan Lovells US
LLP
Attorneys At Law
San Francisco

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF

1

**L.R. 5-1(i)(3) ECF Attestation**

2

3

     I, Edith Ramirez, am the ECF user whose ID and password are being used to file the

4

following: DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

5

PLAINTIFFS' SECOND AMENDED COMPLAINT.  In compliance with L.R. 5-1(i)(3), I

6

hereby attest that undersigned counsel above have concurred with this filing.

7

8
                               /s/ EDITH RAMIREZ
                               EDITH RAMIREZ

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hogan Lovells US
LLP
Attorneys At Law
San Francisco

- 37 -

MOTION TO DISMISS SECOND AMENDED
COMPLAINT 19-CV-07016-BLF