Jonathan K. Levine (SBN 220289)
Elizabeth C. Pritzker (SBN 146267)
Caroline C. Corbitt (SBN 305492)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Telephone: (415) 692-0772
Facsimile: (415) 366-6110
jkl@pritkzkerlevine.com
ecp@pritzkerlevine.com
ccc@pritzkerlevine.com

David S. Golub (admitted *pro hac vice*)
Steven L. Bloch (admitted *pro hac vice*)
Ian W. Sloss (admitted *pro hac vice*)
**SILVER GOLUB & TEITELL LLP**
184 Atlantic Street
Stamford, CT 06901
Telephone: (203) 325-4491
Facsimile: (203) 325-3769
dgolub@sgtlaw.com
sbloch@sgtlaw.com
isloss@sgtlaw.com

*Attorneys for Plaintiffs and the Proposed Classes*

[Additional Counsel Appear on Signature Pages]

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTHERN CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| NICHOLE HUBBARD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, et al., <br><br> Defendants. | Case No. 5:19-cv-07016-BLF <br><br> JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT <br><br> Date: August 20, 2020 <br> Time: 9:00 a.m. <br> Courtroom: 3, 5th Floor <br> Judge: Hon. Beth Labson Freeman |

Plaintiffs Nichole Hubbard, Cara Jones, Justin Efros, Renee Gilmore, Jay Goodwin, and Bobbi Dishman (collectively, "Plaintiffs"), Defendants Google LLC and YouTube LLC (together, the "Google Defendants"), and Defendants Cartoon Network, Inc., Cartoon Network Studios, Inc., Dreamworks Animation LLC, Dreamworks Animation Television, LLC, Hasbro, Inc., Hasbro Studios LLC, Mattel, Inc., PocketWatch, Inc., Remka, Inc., RTR Production LLC and RFR Entertainment, Inc. (collectively, the "Channel Owner Defendants")[1] hereby provide this Joint Initial Case Management Conference Statement in advance of the Court's Initial Case Management Conference scheduled for August 20, 2020. For the purposes of this Statement, "Plaintiffs" refers to Nichole Hubbard, as parent and guardian of C.H., a minor; Cara Jones, as parent and guardian of E.J., N.J., A.J., and L.J., minors; Justin Efros, as parent and guardian of J.A.E. and J.R.E., minors; Renee Gilmore, as parent and guardian of M.W., a minor; Jay Goodwin, as parent and guardian of A.G., a minor; Bobbi Dishman, as parent and guardian of C.D, a minor; and the proposed classes they seek to represent. "Defendants" refers to the Google Defendants and the Channel Owner Defendants. "Parties" refers to Plaintiffs and Defendants.

**1.     Jurisdiction and Service:**

The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C §1332(d), because (a) the amount in controversy for Plaintiffs' proposed classes and sub-classes exceeds $5,000,000 exclusive of interest and costs; (b) there are more than 100 putative class members; and (c) minimal diversity exists because the majority of putative class members are citizens of a state different than Defendants.

The Court has general personal jurisdiction over the Google Defendants, Cartoon Network, Inc., Cartoon Network Studios, Inc., DreamWorks Animation LLC, DreamWorks Animation Television, LLC, Hasbro Studios LLC, Mattel, Inc., and PocketWatch, Inc. because their principal places of business are in California. All Defendants are subject to specific personal jurisdiction in this State because a substantial part of the events and conduct giving rise to Plaintiffs' claims occurred in this State. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial portion of the conduct at issue in this case occurred in this District and the Google Defendants are headquartered in this District.

---

[1] As discussed herein, Defendants ChuChu TV Studios and CookieSwirlC have not yet been served and therefore are not parties to this Statement.

All Defendants with the exception of ChuChu TV Studios (located in Chennai, India) and CookieSwirlC (located in Citrus Heights, California) have been served. Service on ChuChu TV Studios has been effectuated through the Hague Convention, and is expected to be completed within several months. Plaintiffs are investigating the means of service on CookieSwirlC.

**2.     Facts:**

YouTube is a free online video-sharing platform that allows users around the world to upload, share, and view videos, and the Channel Owner Defendants make available certain videos on that platform. Plaintiffs allege in their Second Amended Complaint ("SAC") that Defendants impermissibly collected and used certain online data from minors under the age of thirteen who watched YouTube without verifiable parental consent as required by the federal Children's Online Privacy Protection Act ("COPPA"). Based upon these alleged actions, Plaintiffs assert the following claims:  (1) common law intrusion upon seclusion under the laws of California, Colorado, and New Jersey, as well as 31 potential other states; (2) violation of California's Unfair Competition Law ("UCL"), Colorado's Consumer Protection Act, Indiana's Deceptive Consumer Sales Act, Massachusetts' Consumer Protection Act, New Jersey's Consumer Fraud Act, and Tennessee's Consumer Protection Act; (3) violation of the right to privacy under the California Constitution; and (4) Unjust Enrichment under the laws of California, Colorado, Indiana, Massachusetts, New Jersey, and Tennessee.

Defendants contend that YouTube discloses to users its privacy and information collection practices through various disclosures, including Google's Privacy Policy, which is incorporated in YouTube's Terms of Service. These disclosures inform users that Google collects certain information from them when they use Google services (including YouTube). Defendants deny all of the substantive allegations in the SAC, and have moved to dismiss all claims on several grounds, including on the basis that: (1) Plaintiff's claims are expressly and impliedly preempted under COPPA; (2) the SAC lumps all of the Defendants together and fails to plead specific conduct by each of them; (3) Plaintiffs do not have standing to pursue their equitable claims, and their requests for equitable relief are barred because Plaintiffs alleged they have an adequate remedy at law; (4) Plaintiffs do not state a claim for relief under any of the state consumer protection laws identified in the SAC; and (5) Plaintiffs may not pursue any California law claims against Defendants Cartoon Network, DreamWorks, and Mattel.

The principal factual issues in dispute are:

    a. Whether Defendants collected the personal information of children under thirteen;

    b. Whether Defendants had knowledge they were collecting the personal information of children under the age of thirteen;

    c. Whether Defendants obtained verifiable parental consent to collect the personal information of children under the age of thirteen;

    d. Whether Plaintiffs' children accessed YouTube via devices owned by their parents, guardians, or individuals over the age of 13;

    e. Whether individuals over the age of 13 used the devices Plaintiffs' children allegedly used to watch videos on YouTube; and

    f. Whether Plaintiffs' children watched videos on YouTube with a parent or guardian.

**3.** **Legal Issues:**

The key disputed legal issues are as follows:

    a. Whether the collection of personal information of children under the age of thirteen is highly offensive to a reasonable person;

    b. Whether the collection of personal information of children under the age of thirteen without parental consent is sufficiently serious and unwarranted as to constitute an egregious breach of social norms;

    c. Whether Defendants' conduct violated COPPA;

    d. Whether Defendants' conduct constituted an invasion of privacy based on California's and other states' common law protections against intrusion upon seclusion;

    e. Whether Defendants' conduct constituted a violation of the California Constitution right to privacy;

    f. Whether Defendants' conduct was unlawful or deceptive;

    g. Whether Defendants' conduct violated the California Unfair Competition Law, the Colorado Consumer Protection Act, the Indiana Deceptive Consumer Sales Act, the Massachusetts Consumer Protection Act, the New Jersey Consumer Fraud Act, and the Tennessee Consumer Protection Act;

3
JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.: 5:19-CV-07016-BLF

  h. Whether Plaintiffs are entitled to class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure for any of their proposed classes and subclasses;

  i. Whether Plaintiffs and the proposed class and subclasses are entitled to monetary damages, and the measure of those damages;

  j. Whether Plaintiffs and the proposed California subclass are entitled to restitution, disgorgement, and/or other equitable and injunctive relief;

  k. Whether Defendants were unjustly enriched by their conduct;

  l. Whether Defendants' fraudulently concealed their conduct; and

  m. Whether Plaintiffs and the proposed classes are entitled to injunctive or other equitable relief.

**4.** **Motions:**

 **A.** **Pending motions:**

On April 29, 2020, Defendants moved to dismiss the SAC. *See* Dkt. 93, 95, 98, 99. The motion to dismiss is scheduled to be heard on August 20, 2020.

 **B.** **Anticipated motions:**

Plaintiffs will be filing a motion for class certification and may file a motion for summary judgment after the close of discovery. If the *Ridenti* action is transferred to this Court from the District of Massachusetts (*see* paragraph 10 below), Plaintiffs will be filing a motion to have their counsel appointed interim co-lead counsel for the two actions. In the event the Court denies Defendants' pending motion to dismiss in whole or in part, Defendants anticipate filing motions for summary judgment.

 **C.** **Other motions:**

The parties reserve their rights to bring other future motions.

**5.** **Amendment of Pleadings:**

If the Court grants any portion of the pending motion to dismiss the SAC, Plaintiffs may seek to amend the complaint as appropriate in light of the Court's ruling pursuant to Fed. R. Civ. P. 15(a)(2). Plaintiffs further reserve the right to seek leave to amend consistent with Fed. R. Civ. P. 15.

Defendants reserve the right to oppose any proposed amendments and respectfully request that the Court set an early deadline pursuant to Rule 16(b) for any amendments (including adding new parties) without a showing of good cause for the amendments.

6.   **Evidence Preservation:**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  All Parties have undertaken to preserve potentially relevant evidence.

7.   **Disclosures:**

Pursuant to the Court's March 13, 2020 Order (Dkt. No. 87), the Parties exchanged initial disclosures pursuant to Rule 26(a) on August 6, 2020.

8.   **Discovery:**

Plaintiffs have served an initial set of discovery requests.  Pursuant to the Court's Order on March 13, 2013, "Defendants' time to respond to Plaintiffs' outstanding discovery requests is extended to a date no earlier than thirty days (30) after the hearing on any motion(s) to dismiss, and the parties shall not be required to respond to any additional discovery requests until such time." (Dkt. 87 at 7.)  The hearing is currently scheduled for August 20, 2020 and Defendants respectfully request that the Court defer discovery until resolution of the motion to dismiss.  As noted above, the Parties did exchange their Rule 26(a) Initial Disclosures on August 6.

The Parties do not propose any limitations, modifications or enlargements of the discovery rules, but reserve the right to do so.

The Parties have met and conferred on a stipulated form of Protective Order which, subject to Court approval, will govern the Parties' exchange, discovery and use of confidential information in this matter.  The Parties have also discussed an ESI protocol and will propose a stipulated e-discovery order for Court approval.  The Protective Order and ESI protocol are both based on the Northern District of California models.

**9.     Class Certification:**

All attorneys of record for the Parties have reviewed the Procedural Guidance for Class Action Settlements.

Pursuant to Civil Local Rule 16-9(b), Plaintiffs provide the following statement regarding class action issues:

(a)     This action is maintainable as a class action under Rules 23(a) and 23(b)(3).

(b)     This action is brought on behalf of Plaintiffs and the following proposed classes and subclasses:

**The Intrusion Upon Seclusion Class** (for the common law privacy cause of action of intrusion upon seclusion): all children and parents and/or legal guardians of children residing in the States of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Minnesota, Missouri, Nevada, New Hampshire, New Jersey, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Dakota, Texas, Utah, Vermont, Washington, and West Virginia who are younger than the age of thirteen, or were younger than the age of thirteen when they used YouTube, and from whom Defendants collected, used, or disclosed Personal Information without first obtaining verified parental consent.

**Nationwide UCL Class** (for violation of the Cal. UCL): all children and parents and/or legal guardians of children residing in the United States who are younger than the age of thirteen, or were younger than the age of thirteen when they used YouTube, and from whom Defendants collected, used, or disclosed Personal Information without first obtaining verified parental consent.

**The California Subclass** (for violation of the Cal. Constitution, UCL and Unjust Enrichment): all children and parents and/or legal guardians of persons residing in the State of California who are younger than the age of thirteen, or were younger than the age of thirteen when they used YouTube, and from whom Defendants collected, used, or disclosed Personal Information without first obtaining verified parental consent.

**The Colorado Subclass** (for violation of the Colorado Consumer Protection Act and Unjust Enrichment): all children and parents and/or legal guardians of persons residing in the State of Colorado who are younger than the age of thirteen and used YouTube, or were younger than the age of thirteen when they used YouTube, and from whom Defendants collected, used, or disclosed Personal Information without first obtaining verified parental consent.

**The Indiana Subclass** (for violation of the Indiana Deceptive Consumer Sales Act and Unjust Enrichment): all children and parents and/or legal guardians of persons residing in the State of Indiana who are younger than the age of thirteen and used YouTube, or were

younger than the age of thirteen when they used YouTube, and from whom Defendants collected, used, or disclosed Personal Information without first obtaining verified parental consent.

**The Massachusetts Subclass** (for violation of the Massachusetts Consumer Protection Act and Unjust Enrichment): all children and parents and/or legal guardians of persons residing in the Commonwealth of Massachusetts who are younger than the age of thirteen and used YouTube, or were younger than the age of thirteen when they used YouTube, and from whom Defendants collected, used, or disclosed Personal Information without first obtaining verified parental consent.

**The New Jersey Subclass** (for violation of the New Jersey Consumer Fraud Act and Unjust Enrichment): all children and parents and/or legal guardians of persons residing in the State of New Jersey who are younger than the age of thirteen and used YouTube, or were younger than the age of thirteen when they used YouTube, and from whom Defendants collected, used, or disclosed Personal Information without first obtaining verified parental consent.

**The Tennessee Subclass** (for violation of the Tennessee Consumer Protection Act and Unjust Enrichment): all children and parents and/or legal guardians of persons residing in the State of Tennessee who are younger than the age of thirteen and used YouTube, or were younger than the age of thirteen when they used YouTube, and from whom Defendants collected, used, or disclosed Personal Information without first obtaining verified parental consent.

Excluded from these proposed classes and/or subclasses are: (a) any judge presiding over this action and members of their staff, as well as members of their families; (b) Defendants and Defendants' predecessors, parents, successors, heirs, assigns, subsidiaries, and any entity in which any Defendant or its parents have a controlling interest, as well as Defendants' current or former employees, agents, officers, and directors; (c) persons who properly execute and file a timely request for exclusion; (d) counsel for the Parties; and (e) the legal representatives, successors, and assigns of any such excluded persons.

(c)   The following facts demonstrate that this action is maintainable as a class action:

**Numerosity** – While the precise number of class members is presently unknown to Plaintiffs, Plaintiffs are informed and believe that the classes are made up of millions of individuals.

**Common Questions** – All of the principal factual issues in dispute (*supra* Section 2) and disputed points of law (*supra* Section 3) are common to all class members, and predominate over any individual questions because these issues of fact and law will drive the resolution of the claims.

**Typicality** – Plaintiffs' claims are typical of the claims of the other members of the proposed classes. Plaintiffs and class members suffered an invasion of privacy as a result of Defendants' wrongful conduct that is uniform across the classes.

**Adequacy** – Plaintiffs have no interests adverse or antagonistic to those of the classes and has retained competent and experienced counsel to prosecute the action.

**Superiority** – Given the size and nature of individual class members' claims, the expense and burden of litigation make it economically and procedurally impracticable for class members to pursue individual claims.

(d)   Plaintiffs propose July 16, 2021 as the deadline to move for class certification.

Defendants dispute that Plaintiffs will be able to satisfy the rigorous criteria for establishing class certification pursuant to Rule 23.

**10. Related Cases:**

On March 13, 2020, the Google Defendants were sued in the U.S. District Court for the District of Massachusetts in the action styled *Ridenti v. Google LLC et al.*, Case No. 20-cv-10517. In that case, the *Ridenti* plaintiffs brought a Massachusetts Consumer Protection Act claim based on the same conduct challenged by the Plaintiffs in this case—that the Google Defendants collected, used, or disclosed personal information from children under the age of thirteen who watched YouTube without obtaining verified parental consent, in violation of COPPA. *Id.* Dkt. No. 1 ¶¶ 50, 64. Moreover, the *Ridenti* plaintiffs seek to represent a class that is subsumed by and/or coextensive with various putative classes Plaintiffs assert here, including Plaintiffs' Massachusetts Subclass. *Id.* ¶ 50. Due to the substantial overlap between the *Ridenti* action and this case, the Google Defendants have moved to transfer the *Ridenti* action to this Court pursuant to the "First-Filed Rule" and 28 U.S.C. § 1404(a). *Id.* Dkt. No. 12. The Google Defendant's motion to transfer is currently pending before the Massachusetts District Court. The Google Defendants further moved to stay proceedings pending resolution of the motion to transfer, which the Massachusetts District Court granted. *Id.* Dkt. No. 22. The *Ridenti* action does not name any of the Channel Owner Defendants.

**11.    Relief:**

Plaintiffs seek an order: (a) certifying the classes and appointing Plaintiffs and their counsel to represent the classes; (b) finding that Defendants violated the common law claim of intrusion upon seclusion, the California Business & Professions Code, the right to privacy under the California Constitution, the New Jersey Consumer Fraud Act, the Colorado Consumer Protection Act, the Indiana Deceptive Consumer Sales Act, the Tennessee Consumer Protection Act, and the Massachusetts Consumer Protection Act; (c) finding that Defendants were unjustly enriched as a result of their actions; (d) awarding Plaintiffs and the classes appropriate relief, including actual, compensatory, and/or statutory damages, and punitive damages (as permitted by law); (e) awarding equitable, injunctive, and declaratory relief as may be appropriate, including disgorgement and restitution; (f) awarding all costs, including experts' fees and attorneys' fees; and (g) such other legal and equitable relief as the Court may deem appropriate.

**12.    Settlement and ADR:**

In accordance with ADR L.R. 3-5, the undersigned counsel have read the handbook entitled "Dispute Resolution Procedures in the Northern District of California," available at www.adr.cand.uscourts.gov. The Parties have discussed the prospects for settlement. The Parties agree that a ruling on the pending motion to dismiss will be necessary before the Parties are in a position to negotiate a resolution. The Parties propose that they file a stipulation selecting an ADR process within 30 days of a ruling by the Court on the pending motion to dismiss.

**13.    Consent to Magistrate Judge for All Purposes:**

Certain parties have declined the option of having a magistrate judge conduct all further proceedings, and the case has been assigned to this Court.

**14.    Other References:**

The Parties do not believe that this case is suitable for reference to binding arbitration or a special master.

**15.    Narrowing of Issues:**

The Parties agree that the Court's ruling on the pending motion to dismiss may narrow the claims at issue and/or eliminate certain parties from this action. Rulings on Plaintiffs' anticipated motion for

class certification, and any motions for summary judgment, may also narrow the scope of Plaintiffs' claims.

16. **Expedited Trial Procedure:**

The Parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure contemplated in General Order No. 64.

17. **Scheduling:**

The Parties disagree on an appropriate pre-trial schedule and trial date for this action. Set forth below are Plaintiffs' proposed schedule and Defendants' proposed schedule. The Parties will be prepared to discuss their proposed schedules with the Court at the Initial Case Management Conference.

**Plaintiffs' Proposed Schedule**

| Event | Plaintiffs' Proposed Date |
|---|---|
| Plaintiffs disclose the subject areas of expected expert testimony in support of class certification motion | June 18, 2021 |
| Defendants disclose the subject areas of expected expert testimony in opposition to class certification motion | July 2, 2021 |
| Plaintiffs file Motion for Class Certification | July 16, 2021 |
| Defendants file Opposition to Motion for Class Certification | September 10, 2021 |
| Plaintiffs file Class Certification Reply | October 15, 2021 |
| Fact (Non-Expert) Discovery Cutoff | December 31, 2021 |
| Merits Expert Reports served (party with the burden of proof on the issue serves its expert report on that issue) | January 28, 2022 |

| | |
|---|---|
| Opposition Merits Expert Reports served | February 25, 2022 |
| Rebuttal Merits Expert Reports served | March 25, 2022 |
| Close of Expert Discovery | April 8, 2022 |
| Summary Judgment and *Daubert* Motions filed | May 6, 2022 |
| Oppositions to Summary Judgment and *Daubert* Motions filed | June 17, 2022 |
| Summary Judgment and *Daubert* Replies Filed | July 15, 2022 |
| Final Pretrial Conference | October 14, 2022 |
| Trial Date | November 14, 2022 |

### Defendants' Proposed Schedule

| Event | Defendants' Proposed Date |
|---|---|
| Fact (Non Expert) Discovery Cutoff | June 18, 2021 |
| Deadline for Plaintiffs to disclose the names, curriculum vitae, and subject areas of expected expert testimony in support of class certification motion | June 18, 2021 |
| Deadline for Defendants to disclose the names, curriculum vitae, and subject areas of expected expert testimony in opposition to class certification motion | July 9, 2021 |

| | |
|---|---|
| Deadline for Plaintiffs to disclose the names, curriculum vitae, and subject areas of expected expert testimony to rebut Defendants' experts in opposition to class certification motion (only if necessary) | July 23, 2021 |
| Deadline for Plaintiff to file Motion for Class Certification and all supporting Class Certification Expert Reports, declarations, and evidence | July 14, 2021 |
| Deadline for Defendants to file Opposition to Motion for Class Certification and all supporting Class Certification Expert Reports, declarations, and evidence | September 8, 2021 |
| Deadline for Plaintiffs to file Reply in Support of Motion for Class Certification and any rebuttal expert reports | October 6, 2021 |
| Parties to serve Merits Expert Reports (party with the burden of proof on the issue serves its expert report on that issue) | February 11, 2022 |
| Parties to serve Opposition Merits Expert Reports | April 8, 2022 |
| Parties to Serve Rebuttal Merits Expert Reports | May 6, 2022 |
| Close of Expert Discovery | May 20, 2022 |
| Summary Judgment and *Daubert* Motions to be filed | June 17, 2022 |
| Oppositions to Motions for Summary Judgment / *Daubert* Motions | August 3, 2022 |
| Replies in Support of Motions for Summary Judgment / *Daubert* Motions | August 31, 2022 |
| Final Pretrial Conference | October 6, 2022 |

12
JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.: 5:19-CV-07016-BLF

| | |
|---|---|
| Trial Date | October 25, 2022 |

Pursuant to the schedule the Court sets, the Parties intend to seek and obtain necessary discovery as expeditiously as possible, but they may face challenges in doing so over the next six months (at minimum) in light of the current health crisis and shelter-in-place environment due to the COVID-19 pandemic.  In particular, Defendants' employees who are responsible for gathering and managing internal data are now operating remotely and with impacted schedules and limited capacity.  Thus, Defendants believe that the discovery process may take longer than otherwise expected.  Nonetheless, the Parties agree to prioritize any fact discovery required for class certification purposes.

**18.     Trial:**

Plaintiffs have requested a jury trial on all claims so triable.  At this early stage in the litigation, the Parties are unable to estimate the expected length of the trial, because it will depend in large measure on the scope of the claims, the number of Defendants, and whether or not any class is certified.

**19.     Disclosure of Non-party Interested Entities:**

The Parties have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.  The relevant contents of those certifications are as follows:

    **A.     Plaintiff:**

Other than the named parties, no interest to report.

    **B.     Defendants:**

Defendants who have appeared have filed their respective "Certification[s] of Interested Entities or Persons" in this Action.  (*See* Dkt. 28, 30, 31, 35, 43, 45.)

**20.     Professional Conduct:**

All counsel of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.     Other Matters:**

There are no other matters that may facilitate the just, speedy, and inexpensive disposition of this matter at this time.

| | | |
|---|---|---|
| 1 | Dated:  August 13, 2020 | PRITZKER LEVINE LLP |
| 2 | | By: */s/ Jonathan K. Levine* |
| | | Jonathan K. Levine (SBN 220289) |
| 3 | | Elizabeth C. Pritzker (SBN 146267) |
| 4 | | Caroline C. Corbitt (SBN 305492) |
| | | PRITZKER LEVINE LLP |
| 5 | | 1900 Powell Street, Suite 450 |
| | | Emeryville, CA 94608 |
| 6 | | Telephone: (415) 692-0772 |
| 7 | | Facsimile: (415) 366-6110 |
| | | jkl@pritkzerlevine.com |
| 8 | | ecp@pritzkerlevine.com |
| | | ccc@pritzkerlevine.com |

David S. Golub (admitted *pro hac vice*)
Steven L. Bloch (admitted *pro hac vice*)
Ian W. Sloss (admitted *pro hac vice*)
SILVER GOLUB & TEITELL LLP
184 Atlantic Street
Stamford, CT 06901
Telephone: (203) 325-4491
Facsimile: (203) 325-3769
dgolub@sgtlaw.com
sbloch@sgtlaw.com
isloss@sgtlaw.com

Attorneys for Plaintiffs and the Proposed Classes

Dated: August 13, 2020                HOGAN LOVELLS US LLP

By:  /s/ EDITH RAMIREZ
EDITH RAMIREZ
edith.ramirez@hoganlovells.com
MICHELLE A. KISLOFF (*pro hac vice*)
michlle.kisloff@hoganlovells.com
ADAM A. COOKE (*pro hac vice*)
adam.a.cooke@hoganlovells.com
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC  20004
Telephone:       (202) 637-5600
Facsimile:        (202) 637-5910

CHRISTOPHER J. COX
chris.cox@hoganlovells.com
HOGAN LOVELLS US LLP
4085 Campbell Avenue, Suite 100

```
                                        Menlo Park, California  94025
                                        Telephone:     (650) 463.4000
                                        Facsimile:     (650) 463.4199

                                        HELEN Y. TRAC
                                        helen.trac@hoganlovells.com
                                        HOGAN LOVELLS US LLP
                                        3 Embarcadero Center, 15th Floor
                                        San Francisco, California  94111
                                        Telephone:     (415) 374.2300
                                        Facsimile:     (415) 374.2499

                                        Attorneys for Defendants, Google LLC and YouTube
                                        LLC

Dated: August 13, 2020                  GIBSON, DUNN & CRUTCHER LLP


                                        By:  /s/ CHRISTOPHER CHORBA
                                             CHRISTOPHER CHORBA
                                             cchorba@gibsondunn.com
                                             JEREMY S. SMITH
                                             jssmith@gibsondunn.com
                                             GIBSON, DUNN & CRUTCHER LLP
                                             333 South Grand Avenue
                                             Los Angeles, CA 90071-3197
                                             Telephone:     (213) 229.7000
                                             Facsimile:     (213) 229.7520

                                             JOSHUA H. LERNER
                                             jlerner@gibsondunn.com
                                             CASSANDRA L. GAEDT-SCHECKTER
                                             Cgaedt-sheckter@gibsondunn.com
                                             GIBSON, DUNN & CRUTCHER LLP
                                             555 Mission Street, Suite 3000
                                             Los Angeles, CA 94105-0921
                                             Telephone:     (415) 393.8200
                                             Facsimile:     (415) 393.8306

                                        Attorneys for Defendants, Cartoon Networks, Inc. and
                                        Cartoon Networks Studios, Inc.

Dated: August 13, 2020                  MUNGER, TOLLES & OLSON LLP


                                        By:  /s/ JONATHAN H. BLAVIN
                                             JONATHAN H. BLAVIN
                                             jonathan.blavin@mto.com
                                             MUNGER, TOLLES & OLSON LLP
                                             560 Mission Street, Twenty-Seventh Floor
                                             San Francisco, California  94105-2907
                                             Telephone:     (415) 512-4000
                                             Facsimile:     (415) 512-4077
```

|   |   |   |
|---|---|---|
| 1 | | JORDAN D. SEGALL |
| 2 | | jordan.segall@mto.com |
|   | | NEFI D. ACOSTA |
| 3 | | nefi.acosta@mto.com |
|   | | MUNGER, TOLLES & OLSON LLP |
| 4 | | 350 South Grand Avenue, 50th Floor |
|   | | Los Angeles, CA  90071-3426 |

```
                                    JORDAN D. SEGALL
                                    jordan.segall@mto.com
                                    NEFI D. ACOSTA
                                    nefi.acosta@mto.com
                                    MUNGER, TOLLES & OLSON LLP
                                    350 South Grand Avenue, 50th Floor
                                    Los Angeles, CA  90071-3426
                                    Telephone:      (213) 683-9100
                                    Facsimile:      (213) 687-3702

                                    Attorneys for Defendant Mattel, Inc.

Dated: August 13, 2020              ZWILLGEN LAW LLP


                                    By:   /s/ ANNA HSIA
                                          ANNA HSIA
                                          anna@zwillgen.com
                                          ZWILLGEN LAW LLP
                                          369 Pine Street, Suite 506
                                          San Francisco, CA  94104
                                          Telephone:      (415) 590-2335
                                          Facsimile:      (415) 636-5965

                                          JEFFREY LANDIS (pro hac vice)
                                          jeff@zwillgen.com
                                          ADYA BAKER (pro hac vice)
                                          adya@zwillgen.com
                                          ZWILLGEN LAW PLLC
                                          1900 M Street NW, Suite 250
                                          Washington, DC  20036
                                          Telephone:      (202) 296-3585
                                          Facsimile:      (202) 706-5298

                                    Attorneys for Defendants, DreamWorks Animation
                                    L.L.C. and DreamWorks Animation Television, LLC

Dated: August 13, 2020              FRANKFURT KURNIT KLEIN & SELZ, P.C.


                                    By:   /s/ JEREMY S. GOLDMAN
                                          JEREMY S. GOLDMAN
                                          jgoldman@fkks.com
                                          AMY LAWRENCE
                                          alawrence@fkks.com
                                          FRANKFURT KURNIT KLEIN & SELZ, P.C.
                                          2029 Century Park East, Suite 1060
                                          Los Angeles, CA  90067
                                          Telephone:      (310) 579-9600
                                          Facsimile:      (347) 438-2156

                                    Attorneys for Defendants, Hasbro, Inc. and Hasbro
```

*Studios LLC*

Dated: August 13, 2020      VENABLE LLP

By:  /s/ DAVID FINK
DAVID E. FINK
definik@veneable.com
SARAH E. DIAMOND
sediamond@venable.com
VENABLE LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

ANGEL A. GARGANTA
aagarganta@venable.com
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: (415) 653-3750
Facsimile: (415) 653-3755

Attorneys for Defendant *PocketWatch, Inc.*

Dated: August 13, 2020      JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE LLP

By:  /s/ MICHAEL SALTZ
MICHAEL SALTZ
msaltz@jrsnd.com
ELANA R. LEVINE
lani@jrsnd.com

JACOBSON, RUSSELL, SALTZ, &
  NASSIM & DE LA TORRE LLP
1880 Century Park East, Suite 900
Los Angeles, CA 90067
Telephone: (310) 446-9900
Facsimile: (310) 446-9909

Attorneys for Defendants, *Remka, Inc.; RTR Production, LLC;* and *RFR Entertainment, Inc.*

**ATTESTATION**

I, Jonathan K. Levine, am the ECF user whose ID and password are being used to file this document. In compliance with Local Rule 5-1(i)(3), I hereby attest that all other signatories listed have concurred in this filing.

                               */s/ Jonathan K. Levine*
                               Jonathan K. Levine