Edith Ramirez, SBN 165872
Michelle A. Kisloff (*pro hac vice*)
Adam A. Cooke (*pro hac vice*)
555 Thirteenth Street, NW
Washington, DC 20004
Telephone:  (202) 637-5600
Facsimile:  (202) 637-5910
edith.ramirez@hoganlovells.com
michelle.kisloff@hoganlovells.com
adam.a.cooke@hoganlovells.com

Christopher J. Cox, SBN 151650
4085 Campbell Avenue, Suite 100
Menlo Park, CA  94025
Telephone:  (650) 463-4000
Facsimile:  (650) 463-4199
chris.cox@hoganlovells.com

Helen Y. Trac, SBN 285824
3 Embarcadero Center, 15th Floor
San Francisco, California  94111
Telephone:  (415) 374-2300
Facsimile:  (415) 374-2499
helen.trac@hoganlovells.com

Attorneys for Defendants
*Google LLC* and *YouTube LLC*

Additional Defendants and Defendants'
Counsel Listed on Signature Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| C.H., a minor, by and through their guardian ad litem NICHOLE HUBBARD, et al., | Case No.  19-cv-07016-BLF |
| Plaintiffs, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT** |
| v. | The Honorable Beth Labson Freeman |
| GOOGLE LLC, et al., | Date:        June 10, 2021<br>Time:        9:00 a.m. |
| Defendants. | Courtroom:  Courtroom 3 – 5th Floor |

Hogan Lovells US
LLP
Attorneys At Law
San Francisco

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

1    **TO THE COURT AND ALL PARTIES OF RECORD:**

2        **PLEASE TAKE NOTICE THAT** on June 10, 2021, or as soon thereafter as this matter

3    may be heard, before the Honorable Beth Labson Freeman in Courtroom 3 of this Court, located

4    on the 5th Floor of the Robert F. Peckham Federal Building & United States Courthouse, 280

5    South 1st Street, Room 2112, San Jose, CA 95113, Defendants will, and hereby do, move the

6    Court for an order granting its Motion to Dismiss the Third Amended Complaint.  This Motion is

7    made based on Federal Rules of Civil Procedure 8, 9, 12(b)(1), 12(b)(6), and 12(f) on the grounds

8    that Plaintiffs' claims are preempted, that their allegations fail to state any valid claim, and further

9    that they lack standing to pursue certain relief sought in this action and any claims asserted on

10   behalf of certain putative class members, which should be dismissed or stricken for lack of

11   standing.  This Motion will be based upon this Notice; the accompanying Memorandum of Points

12   and Authorities; the complete record in this action; and such other matters and arguments as may

13   come before the Court, including those raised in connection with reply briefing and oral argument

14   relating to this Motion.

15

16   Dated: February 24, 2021                 HOGAN LOVELLS US LLP

17                                            By:   /s/ EDITH RAMIREZ

18                                                  EDITH RAMIREZ
                                                    edith.ramirez@hoganlovells.com
                                                    MICHELLE A. KISLOFF (*pro hac vice*)
19                                                  michelle.kisloff@hoganlovells.com
                                                    ADAM A. COOKE (*pro hac vice*)
20                                                  adam.a.cooke@hoganlovells.com
                                                    HOGAN LOVELLS US LLP
21                                                  555 Thirteenth Street, NW
                                                    Washington, DC  20004
22                                                  Telephone:    (202) 637-5600
                                                    Facsimile:    (202) 637-5910
23
                                                    CHRISTOPHER J. COX
24                                                  chris.cox@hoganlovells.com
                                                    HOGAN LOVELLS US LLP
25                                                  4085 Campbell Avenue, Suite 100
                                                    Menlo Park, California  94025
26                                                  Telephone:    (650) 463-4000
                                                    Facsimile:    (650) 463-4199
27
                                                    HELEN Y. TRAC
28                                                  helen.trac@hoganlovells.com

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO
                                     - i -                MOTION TO DISMISS THIRD AMENDED
                                                          COMPLAINT 19-CV-07016-BLF

1                                 HOGAN LOVELLS US LLP
3 Embarcadero Center, 15th Floor

2                                 San Francisco, California  94111
Telephone:    (415) 374-2300

3                                 Facsimile:    (415) 374-2499

4                                 Attorneys for Defendants, *Google LLC* and
*YouTube LLC*

5

6  Dated: February 24, 2021            MUNGER, TOLLES & OLSON LLP

7                               By:  /s/ JONATHAN H. BLAVIN

8                                   JONATHAN H. BLAVIN
jonathan.blavin@mto.com

9                                 MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor

10                               San Francisco, California  94105-2907
Telephone:    (415) 512-4000

11                               Facsimile:    (415) 512-4077

12                               JORDAN D. SEGALL
jordan.segall@mto.com

13                               NEFI D. ACOSTA
nefi.acosta@mto.com

14                               MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor

15                               Los Angeles, CA  90071-3426
Telephone:    (213) 683-9100

16                               Facsimile:    (213) 687-3702

17                               Attorneys for Defendant *Mattel, Inc.*

18  Dated: February 24, 2021            ZWILLGEN LAW LLP

19                               By:  /s/ ANNA HSIA

20                                   ANNA HSIA
anna@zwillgen.com

21                               ZWILLGEN LAW LLP
369 Pine Street, Suite 506

22                               San Francisco, CA  94104
Telephone:    (415) 590-2335

23                               Facsimile:    (415) 636-5965

24                               JEFFREY LANDIS *(pro hac vice)*
jeff@zwillgen.com

25                               ADYA BAKER *(pro hac vice)*
adya@zwillgen.com

26                               ZWILLGEN LAW PLLC
1900 M Street NW, Suite 250

27                               Washington, DC  20036
Telephone:    (202) 296-3585

28                               Facsimile:    (202) 706-5298

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

1   Attorneys for Defendants, *DreamWorks Animation L.L.C.* and *DreamWorks Animation Television, LLC*

2

3   Dated: February 24, 2021   FRANKFURT KURNIT KLEIN & SELZ, P.C.

4
   By:   /s/ JEREMY S. GOLDMAN
5   JEREMY S. GOLDMAN
   jgoldman@fkks.com
6   AMY LAWRENCE
   alawrence@fkks.com
7   FRANKFURT KURNIT KLEIN & SELZ, P.C.
8   2029 Century Park East, Suite 2500N
   Los Angeles, CA  90067
9   Telephone:      (310) 579-9600
   Facsimile:      (347) 438-2156
10
   Attorneys for Defendants, *Hasbro, Inc.* and
11   *Hasbro Studios LLC*

12
   Dated: February 24, 2021   GIBSON, DUNN & CRUTCHER LLP
13
   By:   /s/ CHRISTOPHER CHORBA
14   CHRISTOPHER CHORBA
   cchorba@gibsondunn.com
15   JEREMY S. SMITH
   jssmith@gibsondunn.com
16   GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
17   Los Angeles, CA 90071-3197
   Telephone:      (213) 229.7000
18   Facsimile:      (213) 229.7520

19   Attorneys for Defendants, *The Cartoon Network, Inc.* and *Cartoon Network Studios, Inc.*
20

21   Dated: February 24, 2021   VENABLE LLP
22
   By:   /s/ DAVID FINK
23   DAVID FINK
   defink@venable.com
24   SARAH E. DIAMOND
   sediamond@venable.com
25   VENABLE LLP
   2049 Century Park East, Suite 2300
26   Los Angeles, CA  90067
   Telephone:      (310) 229-9900
27   Facsimile:      (310) 229-9901

28   ANGEL A. GARGANTA

1

aagarganta@venable.com
VENABLE LLP

2

101 California Street, Suite 3800
San Francisco, CA  94111

3

Telephone:        (415) 653-3750
Facsimile:        (415) 653-3755

4

Attorneys for Defendant *PocketWatch, Inc.*

5

6

Dated: February 24, 2021

JACOBSON, RUSSELL, SALTZ, NASSIM &
DE LA TORRE LLP

7

8

By:    /s/ MICHAEL J. SALTZ

9

MICHAEL J. SALTZ
msaltz@jrsnd.com
ELANA R. LEVINE

10

lani@jrsnd.com
JACOBSON, RUSSELL, SALTZ,
 NASSIM & DE LA TORRE LLP

11

1880 Century Park East, Suite 900
Los Angeles, CA  90067

12

Telephone:        (310) 446-9900
Facsimile:        (310) 446-9909

13

14

Attorneys for Defendants, *Remka, Inc.; RTR
Production, LLC;* and *RFR Entertainment, Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- iv -

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ............................................................................................................. 1

II. BACKGROUND .............................................................................................................. 1

    A. The Court's Ruling on Plaintiffs' Second Amended Complaint ..................................... 1

    B. The Third Amended Complaint ..................................................................................... 2

III. ARGUMENT .................................................................................................................... 4

    A.    After Multiple Tries, Plaintiffs' Claims Are Still Preempted by COPPA ................. 4

          1.   COPPA Expressly Preempts Plaintiffs' State Law Claims ............................... 5

          2.   COPPA Impliedly Preempts Plaintiffs' State Law Claims ............................. 10

    B.    Plaintiffs Cannot Pursue Any Equitable Claims Or Relief ..................................... 11

          1.   Plaintiffs Lack Standing to Seek Injunctive Relief ......................................... 11

          2.   Plaintiffs May Not Pursue Claims for Equitable Relief .................................. 11

    C.    Plaintiffs Fail to Plead Viable Claims for Intrusion Upon Seclusion
        or Violation of the California Constitutional Right to Privacy ................................ 12

    D.    Plaintiffs Fail to State a Claim under State Consumer Protection Laws ................... 16

          1.   Plaintiffs Have Not Alleged the Requisite Injury ........................................... 16

          2.   Plaintiffs Fail to Adequately Plead Causation ................................................ 17

          3.   Plaintiffs Fail to Allege "Unlawful" or "Unfair" Conduct ............................. 19

          4.   Plaintiffs' Massachusetts Consumer Claim Fails for Additional Reasons ....... 20

    E.    Plaintiffs Fail to State a Claim for Unjust Enrichment ........................................... 20

    F.    Plaintiffs' Claims Against The Channel Owner Defendants
        Fail For Additional Reasons .................................................................................. 22

          1.   Plaintiffs Did Not Address the Deficiencies Identified by the
             Court and Their Vicarious Liability Theories Cannot Fix Them ..................... 22

          2.   The Court Should Dismiss California Claims Against
             Cartoon Network, DreamWorks, and Mattel .................................................. 25

IV. CONCLUSION ............................................................................................................... 25

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- i -

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Quicken Loans Inc.*,
No. CV 10-13-BLG-RFC, 2018 WL 5874088 (D.N.J. Nov. 9, 2018)......................................14

*Allergan USA Inc. v. Imprimis Pharm., Inc.*,
No. SA CV 17-551-DOC (JDEx), 2018 WL 5919210 (C.D. Cal. Apr. 30,
2018) ......................................................................................................................................9

*Annecharico v. Raymour & Flanigan*,
No. 16-1652 (FLW), 2016 WL 7015615 (D.N.J. Nov. 30, 2016) ...........................................18

*Argabright v. Rheem Mfg. Co.*,
201 F. Supp. 3d 578 (D.N.J. 2016) ......................................................................................18

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..............................................................................................................9

*B.C. v. Plumas Unified Sch. Dist.*,
192 F.3d 1260 (9th Cir. 1999)..............................................................................................7

*N.M. ex rel. Balderas v. Tiny Lab Prods.*,
No. 18-84 MV/JFR, 2020 WL 2065275 (D.N.M. Apr. 29, 2020) ...........................................15

*Barenborg v. Sigma Alpha Epsilon Fraternity*,
33 Cal. App. 5th 70 (2019)..................................................................................................23

*Bayh v. Sonnenburg*,
573 N.E.2d 398 (Ind. 1991) ................................................................................................21

*Bedi v. BMW of N. Am., LLC*,
No. 15-1898, 2016 WL 324950 (D.N.J. Jan. 27, 2016) ..........................................................20

*Block v. eBay, Inc.*,
747 F.3d 1135 (9th Cir. 2014)...............................................................................................9

*Browder v. Hite*,
602 S.W.2d 489 (Tenn. Ct. App. 1980) ................................................................................21

*Burnette v. Hilton Franchise Holdings, LLC*,
No. 17-12128, 2021 WL 118924 (D.N.J. Jan. 13, 2021)........................................................23

*Caboodles Cosmetics, Ltd. P'ship v. Caboodles, LLC*,
412 F. Supp. 2d 872 (W.D. Tenn. 2006)...............................................................................24

*Callano v. Oakwood Park Homes Corp.*,
91 N.J. Super. 105 (N.J. Super. Ct. App. Div. 1966)............................................................21

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- ii -

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

*Carlson v. The Gillette Co.*,
   No. 14-14201-FDS, 2015 WL 6453147 (D. Mass. Oct. 23, 2015)....................................17, 18

*Casey v. U.S. Bank Nat'l Ass'n*,
   127 Cal. App. 4th 1138 (2005)...............................................................................................24

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999) ...........................................................................................................19

*Charles O. Bradley Tr. v. Zenith Capital LLC*,
   No. C-04-2239 JSW(EMC), 2006 WL 798991 (N.D. Cal. Mar. 24, 2006)...........................13

*Ciser v. Nestle Waters N. Am., Inc.*,
   No. 2:11-05031 (WJM), 2013 WL 5774121 (D.N.J. Oct. 24, 2013) .......................................19

*Claridge v. RockYou, Inc.*,
   785 F. Supp. 2d 855 (N.D. Cal. 2011) ...................................................................................16

*Colucci v. Bank of Am., N.A.*,
   No. 10-1000 (WHW), 2011 WL 13364576 (D.N.J. July 27, 2011)........................................18

*Curry v. MillerCoors, Inc.*,
   No. 12-cv-02471-JLK, 2013 WL 4494307 (D. Colo. Aug. 21, 2013)....................................12

*Daniel v. Ford Motor Co.*,
   806 F.3d 1217 (9th Cir. 2015)................................................................................................18

*Desanctis v. Labell's Airport Parking, Inc.*,
   No. 9084, 1991 WL 71921 (Mass. App. Ct. 1991)..................................................................21

*Doe v. High-Tech Inst., Inc.*,
   972 P.2d 1060 (Colo. App. 1998) ...................................................................................12, 13

*Dove Valley Bus. Park Assocs. Ltd. v. Bd of Cty. Comm'rs of Arapahoe Cty, Colo.*,
   945 P.2d 395 (Colo. 1997) .....................................................................................................21

*Edmundson v. Procter & Gamble Co.*,
   537 F. App'x 708 (9th Cir. 2013) .............................................................................................8

*Emery v. Visa Int'l Serv. Ass'n*,
   95 Cal. App. 4th 952 (2002)..............................................................................................23, 25

*Enoh v. Hewlett Packard Enter. Co.*,
   No. 17-cv-04212-BLF, 2018 WL 3377547 (N.D. Cal. Jul. 11, 2018)..................................7, 8

*Erickson v. Fahrmeier*,
   No. 3:17-CV-518, 2019 WL 1177969 (E.D. Tenn. Mar. 13, 2019) .................................17, 18

*In re Facebook, Inc. Internet Tracking Litig.*,
   956 F.3d 589 (9th Cir. 2020)...............................................................................................15, 20

Hogan Lovells US
LLP
Attorneys At Law
San Francisco

- iii -

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

*Facebook, Inc. v. MaxBounty, Inc.*,
    274 F.R.D. 279 (N.D. Cal. 2011) ........................................................................25

*Failla v. City of Passaic*,
    146 F.3d 149 (3d Cir. 1998) ...............................................................................24

*Flores v. OneWest Bank, F.S.B.*,
    172 F. Supp. 3d 391 (D. Mass. 2016) .................................................................20

*Freeman Indus., LLC v. Eastman Chem. Co.*,
    172 S.W.3d 512 (Tenn. 2005) ......................................................................21, 22

*Gade v. Nat'l Solid Wastes Mgmt. Ass'n*,
    505 U.S. 88 (1992) ........................................................................................4, 10

*Garcia v. Medved Chevrolet, Inc.*,
    263 P.3d 92 (Colo. 2011) ...................................................................................17

*Garcia v. Sony Comp. Ent. Am., LLC*,
    859 F. Supp. 2d 1056 (N.D. Cal. 2012) .............................................................18

*Geier v. Am. Honda Motor Co.*,
    529 U.S. 861 (2000) ...........................................................................................10

*In re Google Android Consumer Privacy Litig.*,
    No. 11-MD-02264 JSW, 2013 WL 1283236 (N.D. Cal. Mar. 26, 2013) ...............17

*In re Google Assistant Privacy Litig.*,
    457 F. Supp. 3d 797 (N.D. Cal. 2020) ..........................................................13, 16

*In re Google Location History Litig.*,
    428 F. Supp. 3d 185 (N.D. Cal. 2019) ...............................................................13

*In re Google Privacy Policy Litig.*,
    No. 5:12-cv-001382-PSG, 2015 WL 4317479 (N.D. Cal. July 15, 2015)..............17

*In re Google, Inc. Privacy Policy Litig.*,
    No. C-12-01382-PSG, 2013 WL 6248499 (N.D. Cal. Dec. 3, 2013) .......................14

*In re Google, Inc. Privacy Policy Litig.*,
    58 F. Supp. 3d 968 (N.D. Cal. 2014) .................................................................13

*Griffith Co. v. Hofues*,
    201 Cal. App. 2d 502 (1962)..............................................................................25

*Grochowski v. Phoenix Constr.*,
    318 F.3d 80 (2d Cir. 2003)..................................................................................10

*Hadley v. Kellogg Sales Co.*,
    243 F. Supp. 3d 1074 (N.D. Cal. 2017) .............................................................19

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

*Hager v. Vertrue, Inc.*,
   No. 09-11245-GAO, 2011 WL 4501046 (D. Mass. Sept. 28, 2011) ........................18

*Haley v. Macy's, Inc.*,
   263 F. Supp. 3d 819 (N.D. Cal. 2017) ........................11

*Hall v. Walter*,
   969 P.2d 224 (Colo. 1998) ........................16

*Harvey v. Ford Motor Credit Co.*,
   8 S.W.3d 273 (Tenn. Ct. App. 1999) ........................19

*Hawkins v. Comparet–Cassani*,
   251 F.3d 1230 (9th Cir. 2001)........................7

*Hawyuan Yu v. Dr. Pepper Snapple Grp., Inc.*,
   No. 18-cv-06665-BLF, 2020 WL 5910071 (N.D. Cal. Oct. 6, 2020)........................25

*Hernandez v. Hillsides, Inc.*,
   47 Cal. 4th 272 (2009) ........................25

*Hill v. NCAA*,
   7 Cal. 4th 1 (1994) ........................14

*Hoai Dang v. Samsung Elecs. Co.*,
   No. 14-CV-00530-LHK, 2018 WL 6308738 (N.D. Cal. Dec. 3, 2018) ........................21

*Hohenleitner v. Quorem Health Res., Inc.*,
   758 N.E.2d 616 (Mass. 2001) ........................23

*Hollis v. JPMorgan Chase Bank*, N.A.,
   No. 12-10544-JGD, 2014 WL 12792255 (D. Mass. Dec. 10, 2014) ........................24

*Hughes v. Chattem, Inc.*,
   818 F. Supp. 2d 1112 (S.D. Ind. 2011) ........................21

*Huynh v. Quora, Inc.*,
   No. 5:18-cv-07597-BLF, 2020 WL 7495097 (N.D. Cal. Dec. 21, 2020) ........................12

*Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*,
   192 N.J. 372 (2007)........................17

*In re iPhone Application Litig.*,
   844 F. Supp. 2d 1040 (N.D. Cal. 2012) ........................13

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009)........................17

*Kissing Camels Surgery Ctr., LLC v. Centura Health Corp.*,
   No. 12-cv-3012-WJM-NYW, 2016 WL 8416760 (D. Colo. July 13, 2016) ........................20

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- v -

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

*Korea Supply Co. v. Lockheed Martin Corp.*,
29 Cal. 4th 1134 (2003) ................................................................................................21

*Lady Di's, Inc. v. Enhanced Servs. Billing, Inc.*,
No. 1:09-CV-340-SEB-DML, 2010 WL 4751659 (S.D. Ind. Nov. 16, 2010) .......................22

*Leonel v. Am. Airlines, Inc.*,
400 F.3d 702 (9th Cir. 2005).........................................................................................13

*Logestan v. Hartford Steam Boiler Insp. & Ins. Co.*,
626 N.E.2d 829 (Ind. Ct. App. 1993)............................................................................23

*Los Gatos Mercantile, Inc v. E.I. DuPont De Nemours & Co.*,
No. 13-cv-01180-BLF, 2014 WL 4774611 (N.D. Cal. Sept. 22, 2014) ............................7, 25

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012) ...................................................................12, 13

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992)......................................................................................................25

*In re MacBook Keyboard Litig.*
No. 5:18-cv-02813-EJD, 2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) ...............................12

*Manigault-Johnson v. Google, LLC*,
No. 2:18-cv-1032-BHH, 2019 WL 3006646 (D.S.C. Mar. 31, 2019) ..................................15

*McDonald v. Kiloo ApS*,
385 F. Supp. 3d 1022 (N.D. Cal. 2019) .........................................................................15

*McKinney v. State*,
693 N.E.2d 65 (Ind. 1998) ...........................................................................................19

*Metrophones Telecomms., Inc. v. Global Crossing Telecomms., Inc.*,
423 F.3d 1056 (9th Cir. 2005)........................................................................................10

*Mortensen v. Bresnan Commc'n, L.L.C.*,
No. CV 10-13-BLG-RC, 2010 WL 5140454 (D. Mont. Dec. 13, 2010) ...............................15

*Mount v. PulsePoint, Inc.*,
684 F. App'x 32 (2d Cir. 2017)......................................................................................17

*Mulder v. Kohl's Dep't Stores, Inc.*,
865 F.3d 17 (1st Cir. 2017) ...........................................................................................19

*Najafifard v. Travelers Com. Ins. Co.*,
No. 15-04422-BRO (FFMx), 2015 WL 12656283 (C.D. Cal. Oct. 15, 2015) .......................19

*Nat'l Farmers Org. v. Associated Milk Producers, Inc.*,
850 F.2d 1286 (8th Cir. 1988)........................................................................................11

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

*Nguon v. Wolf*,
 517 F. Supp. 2d 1177 (C.D. Cal. 2007)...................................................................13

*In re Nickelodeon Consumer Privacy Litig.*,
 MDL No. 2443 (SRC), 2014 WL 3012873 (D.N.J. July 2, 2014)............................22

*In re Nickelodeon Consumer Privacy Litig.*,
 827 F.3d 262 (3d Cir. 2016)...................................................................9, 10, 14, 15

*In re Nifedipine Antitrust Litig.*,
 335 F. Supp. 2d 6 (D.D.C. 2004) ...........................................................................11

*O'Connor v. Nantucket Bank*,
 992 F. Supp. 2d 24 (D. Mass. 2014) .......................................................................20

*Ochoa v. Vered*,
 212 P.3d 963 (Colo. App. 2009) ............................................................................23

*Opperman v. Path, Inc.*,
 84 F. Supp. 3d 962 (N.D. Cal. 2015) ......................................................................11

*Pagán v. Calderón*,
 448 F.3d 16 (1st Cir. 2006) ....................................................................................25

*Pearce v. Club Med Sales, Inc.*,
 172 F.R.D. 407 (N.D. Cal. 1997) ...........................................................................13

*Perfect 10, Inc. v. Visa Int'l Service Ass'n*,
 494 F.3d 788 (9th Cir. 2007)..................................................................................23

*Perlow v. ABC Fin. Servs., Inc.*,
 No. 16840CV03611BLS2, 2018 WL 3431903 (Mass. Super. Ct. June 19,
 2018) .....................................................................................................................17

*Peterson v. USAA Life Ins. Co.*,
 353 F. Supp. 3d 1099 (D. Colo. 2018) ....................................................................18

*Philips v. Ford Motor Co.*,
 726 F. App'x 608 (9th Cir. 2018) ...........................................................................12

*Pinkney v. Thomas*,
 583 F. Supp. 2d 970 (N.D. Ind. 2008) ....................................................................24

*Pioneer Elecs. (USA) Inc. v. Super. Ct.*,
 40 Cal. 4th 360 (2007) ...........................................................................................13

*Poole v. MED-1 Sols., LLC*,
 No. 1:18-cv-03255-JRS-MPB, 2020 WL 1317450 (S.D. Ind. Mar. 20, 2020)........19

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- vii -

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

*Popa v. Harriet Carter Gifts, Inc.*,
    No. 2:19-cv-00450-WSS, 2019 WL 6684527 (W.D. Pa. Dec. 6, 2019).................................14

*Prager Univ. v. Google LLC*,
    951 F.3d 991 (9th Cir. 2020)...........................................................................................8

*In re Pre-Filled Propane Tank Antitrust Litig.*,
    893 F.3d 1047 (8th Cir. 2018)........................................................................................11

*Rainbow Realty Grp., Inc. v. Carter*,
    131 N.E.3d 168 (Ind. 2019) ......................................................................................17, 18

*Reed v. NBTY, Inc.*,
    No. EDCV 13-0142 JBG (OPx), 2014 WL 12284044 (C.D. Cal. Nov. 18,
    2014) .......................................................................................................................23

*Robinson v. Colorado State Lottery Div.*,
    179 P.3d 998 (Colo. 2008).............................................................................................21

*Sandoval v. Ali*,
    34 F. Supp. 3d 1031 (N.D. Cal. 2014) .............................................................................7

*Sender v. Mann*,
    423 F. Supp. 2d 1155 (D. Colo. 2006) ............................................................................24

*Shapiro v. AT&T Mobility, LLC*,
    No. 2:19-cv-8972-CBM-FFM, 2020 WL 4341778 (C.D. Cal. May 18, 2020) .......................14

*Shaulis v. Nordstrom Inc.*,
    120 F. Supp. 3d 40 (D. Mass. 2015) ...............................................................................21

*Shaulis v. Nordstrom, Inc.*,
    865 F.3d 1 (1st Cir. 2017) ............................................................................................16

*Shulman v. Grp. W Prods., Inc.*,
    18 Cal. 4th 200 (1998) ................................................................................................12

*Slimm v. Bank of Amer. Corp.*,
    No. 12-5846 (NLH/JS), 2013 WL 1867035 (D.N.J. May 2, 2013) .........................................19

*Smajlaj v. Campbell Soup Co.*,
    782 F. Supp. 2d 84 (D.N.J. 2011) ..................................................................................19

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020).........................................................................................12

*Stengart v. Loving Care Agency, Inc.*,
    990 A.2d 650 (N.J. 2010)..............................................................................................12

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- viii -

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

*Sud v. Costco Wholesale Corp.*,
   731 F. App'x 719 (9th Cir. 2018) ............................................................................9

*Svenson v. Google Inc.*,
   No. 13-cv-04080-BLF, 2016 WL 8943301 (N.D. Cal. Dec. 21, 2016) .................................17

*Thiedemann v. Mercedes-Benz USA, LLC*,
   183 N.J. 234 (2005)..........................................................................................16

*In re Tobacco II Cases*,
   46 Cal. 4th 298 (2009) .......................................................................................9

*Tomasella v. Nestle USA, Inc.*,
   364 F. Supp. 3d 26 (D. Mass. 2019) .........................................................................20

*Tucker v. Sierra Builders*,
   180 S.W.3d 109 (Tenn. Ct. App. 2005) ..............................................................16, 23

*Two Moms & a Toy, LLC v. Int'l Playthings, LLC*,
   898 F. Supp. 2d 1213 (D. Colo. 2012) ...................................................................19

*Tyler Barnett PR, LLC v. Facebook Inc.*,
   No. 16-cv-06232-JSW, 2017 WL 6449821 (N.D. Cal. Dec. 18, 2017) .................................11

*Umland v. PLANCO Fin. Servs., Inc.*,
   542 F.3d 59 (3d Cir. 2008)...................................................................................10

*Valley Fresh Prod., Inc. v. W. Skyways, Inc.*,
   No. 17-cv-01450-PAB-KLM, 2019 WL 4695668 (D. Colo. Sept. 25, 2019) ..........................18

*Veal v. LendingClub Corp.*,
   423 F. Supp. 3d 785 (N.D. Cal. 2019) ......................................................................9

*Voth v. Liberty Mut. Fire Ins. Co.*,
   No. 1:07-CV-00524-WYD-MJW, 2008 WL 435288 (D. Colo. Feb. 14, 2008)........................19

*VRG Corp. v. GKN Realty Corp.*,
   135 N.J. 539 (1994)..........................................................................................21

*Warren v. Warrior Golf Capital, LLC*,
   126 F. Supp. 3d 988 (E.D. Tenn. 2015) ....................................................................18

*Yastrab v. Apple Inc.*,
   No. 5:14-cv-01974-EJD, 2015 WL 1307163 (N.D. Cal. Mar. 23, 2015) .............................17

*Yunker v. Pandora Media, Inc.*,
   No. 11-CV-03113 JSW, 2013 WL 1282980 (N.D. Cal. Mar. 26, 2013) ..............................13

*Zaback v. Kellogg Sales Co.*,
   No. 3:20-cv-00268-BEN-MSB, 2020 WL 6381987 (S.D. Cal. Oct. 29, 2020)........................20

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- ix -

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

*Zhang v. Super. Ct.*,
    57 Cal. 4th 364 (2013) ...........................................................................................12

**Statutes**

15 U.S.C. § 6502(d) ...................................................................................................5

Cal. Bus. & Prof. Code § 17204 ..............................................................................16

Ind. Code Ann. § 24-5-0.5-4 ...................................................................................16

**Other Authorities**

BAJI No. 7.25 ..........................................................................................................25

Fed. R. Civ. P. 9(b) .................................................................................................17

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- x -

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.      INTRODUCTION**

3

This Court previously dismissed Plaintiffs' Second Amended Complaint ("SAC"),

4

holding that the Children's Online Privacy Protection Act ("COPPA") expressly preempted their

5

state law claims.  ECF 117.  Plaintiffs have tried once more to evade preemption in their Third

6

Amended Complaint ("TAC"), but their efforts again fall short.  Their claims remain premised on

7

Defendants' purported failure to comply with COPPA; as the Court held, allowing Plaintiffs'

8

claims to proceed would undercut the detailed scheme Congress established for COPPA.  While

9

Plaintiffs attempt to plead around preemption by citing purportedly deceptive statements, those

10

statements confirm that Google LLC and YouTube LLC ("Google") accurately and clearly

11

disclosed their collection and use of data.  Plaintiffs' other tactic—expanding the age of putative

12

class members—also fails because the named Plaintiffs lack standing to assert those claims.

13

Thus, any alleged misconduct remains predicated on purported COPPA violations and falls within

14

COPPA's preemptive scope.

15

Plaintiffs' failure to allege deception also independently undermines their claims.

16

Plaintiffs have not alleged facts showing that collection and use of data related to online activity

17

in accordance with stated policies constitutes an actionable intrusion or a deceptive, unfair, or

18

unlawful practice under state law.  Plaintiffs also lack standing to pursue injunctive relief, and all

19

of their claims for equitable relief fail because the TAC does not plausibly allege that they lack

20

adequate remedies at law.  The allegations in the TAC likewise fail to show a cognizable injury,

21

tie the supposed injury to Defendants' purported misconduct, or entitle Plaintiffs to restitution.

22

Finally, Plaintiffs still do not allege ***any*** collection of data by the Channel Owners, nor

23

that the Channel Owners participated in, much less controlled, any of the allegedly deceptive

24

behavior needed to impose liability under a vicarious liability or aiding-and-abetting theory.

25

For all these reasons, the TAC should be dismissed in its entirety, and with prejudice.

26

**II.     BACKGROUND**

27

**A.      The Court's Ruling on Plaintiffs' Second Amended Complaint**

28

In dismissing the SAC, the Court summarized Plaintiffs' core allegations against

Hogan Lovells US
LLP
Attorneys At Law
San Francisco

- 1 -

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

Defendants as follows: (1) "Google, together with the Channel Owners, knowingly and purposely tracked, profiled, and targeted minors on the YouTube platform for advertising revenue through deceptive collection of personal information;" (2) "Google did this while feigning compliance with the law;" and (3) "Google did not disclose the full extent of the information it collected from the children." ECF 117 at 5.  Based on these allegations, the Court held that Plaintiffs' claims were "predicated on violations of COPPA" rather than on "activity that independently violates state law," and thus expressly preempted by COPPA.  *Id.* at 8.  The Court emphasized that "allowing private plaintiffs to bring suits for violations of conduct regulated by COPPA, even styled in the form of state law claims," was "inconsistent with the treatment of COPPA violations as outlined in the COPPA statute."  *Id.* at 10.

The Court also determined that Plaintiffs did not allege "deception that went beyond behavior regulated by COPPA."  *Id.* at 13.  The alleged deception by Google cited in the SAC consisted of: (1) stating in YouTube's terms of service that the platform was not intended for users under thirteen, ¶¶ 54-55, despite knowing that children under thirteen regularly visited YouTube; (2) creating "shadow profiles" of its users using "hidden datasets," ¶ 85; (3) creating YouTube Kids as a "guise" to generate content on the YouTube platform, ¶¶ 90-91; and (4) promoting YouTube as a top destination for kids, ¶¶ 92-93.  But as the Court held, these allegations did not "explain what is deceptive about Google's collecting of data or grapple with whether Google's data collection policies have been properly disclosed."  ECF 117 at 13.

In addition, the Court ruled that the SAC did not allege "any data collection or deception on the part of the Channel Owners."  *Id.*  The Court gave Plaintiffs leave to amend, but noted that these "deficiencies must be addressed" for their claims to go forward.  *Id.*  It subsequently reiterated that "absent specific leave of Court to add parties or claims or a stipulation to amend the complaint in this fashion, Plaintiffs have only been granted leave to amend the ***existing claims of the current parties***."  ECF 119 (emphasis added).

## B.  The Third Amended Complaint

The named Plaintiffs in the TAC are children residing in California, Colorado, New Jersey, Tennessee, Massachusetts, and Indiana.  *See* ¶¶ 26-31.  While Plaintiffs purport to expand

the proposed classes to "all persons . . . who were sixteen or younger when they used YouTube," *Id.* ¶¶ 224-31, the named Plaintiffs were all thirteen or younger during the putative class period.

As in the SAC, Plaintiffs allege that Google collected certain user activity data, location information, and identifiers associated with devices and applications when they viewed videos on YouTube channels belonging to Channel Owners and used this information to serve personalized advertisements. *Id.* ¶¶ 9, 19, 139. As in the SAC, COPPA and the collection of data from children under thirteen without parental consent remain at the core of the TAC. *E.g. id.* ¶¶ 10, 16, 76-84, 141, 144-145, 160, 165, 170, 248, 257, 260, 262. Indeed, the central allegations of the TAC are identical to those of the SAC: (1) that Defendants tracked, profiled, and targeted minors on the YouTube platform for advertising revenue through deceptive collection of personal information, *compare* TAC ¶¶ 68-72, 98-101, 138-154 *with* SAC ¶¶ 67-71, 90-93,105-119; (2) that Defendants did this while feigning compliance with the law, *compare* TAC ¶¶ 85, 257, 265 *with* SAC ¶¶ 84, 298, 317; and (3) that Google did not disclose the full extent of the information it collected from children, *compare* TAC ¶¶ 9, 146, 257 *with* SAC ¶¶ 6, 83, 85, 112.

Like the SAC, the TAC does not allege how Plaintiffs obtained access to the YouTube platform, on which devices they viewed videos, or whether they viewed such videos in the company or with the permission of their parents or guardians. Similarly, Plaintiffs again allege that they viewed only some of the Channel Owners' YouTube channels and that the Channel Owners earned revenue from advertising on their channels. TAC ¶¶ 19, 68. There remain no allegations that the Channel Owners collected any personal information or other data from Plaintiffs. *Id.* ¶¶ 1, 6. The TAC asserts the same injury too: purported loss of the "economic value" of Plaintiffs' information. *Compare* TAC ¶¶ 152-53 *with* SAC ¶ 118.

The TAC cites a few additional statements in ostensible support of Plaintiffs' claims. First, the TAC identifies several public representations made by Google regarding transparency, compliance with the law, and investment in YouTube Kids:

- Google's December 18, 2017 Privacy Policy, which states "Our goal is to be clear about what information we collect, so that you can make meaningful choices about how it is used." TAC ¶¶ 13, 166;

- Google's March 1, 2012 Privacy Policy, which states "As you use our services, we

Hogan Lovells US
LLP
Attorneys At Law
San Francisco

- 3 -

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

want you to be clear how we're using information and the ways in which you can protect your privacy." *Id*. ¶ 13 n.4;

- Google's Code of Conduct from 2001-2018, which included its "Don't be evil" motto and values "about doing the right thing more generally—following the law, acting honorably and treating co-workers with courtesy and respect." *Id*. ¶¶ 15 n.6, 168;

- A YouTube spokesperson's statement to the *New York Times* that "Because YouTube is not for children, we've invested significantly in the creation of the YouTube Kids app to offer an alternative specifically designed for children." *Id*. ¶ 102.

Second, the TAC identifies purported non-public statements, such as a Google employee's alleged statement to an advertising company that YouTube was not subject to COPPA because it was a general audience website without child-directed content. *Id*. ¶ 165.

Third, the TAC cites various public representations made by Google after its settlement with the Federal Trade Commission ("FTC") and New York Attorney General ("NYAG") regarding changes to data practices:

- A blog post stating that as of January 2020 it would "treat data from anyone watching children's content on YouTube as coming from a child, regardless of the age of the user" and would "stop serving personalized ads on this content entirely." *Id*. ¶ 66;

- Google's Privacy Notice for Google Accounts Managed with Family Link, for Children under 13 ("Family Link Privacy Notice"), which states, "Google will not serve personalized ads to your child." *Id*. at ¶ 67;

- Google's March 31, 2020 Terms of Service, which states, "We want to maintain a respectful environment for everyone, which means you must follow these basic rules of conduct" and "comply with applicable laws." *Id*. ¶¶ 14, 167.

Finally, the TAC alleges that the Channel Owner Defendants entered into contracts with Google, *see id*. ¶¶ 7-8, 103, and that by producing and airing "child-directed content" they "aided and abetted and are jointly liable" for Google's purported conduct, *e.g.*, *id*. ¶¶ 18, 171-78.

## III.    ARGUMENT

### A.    After Multiple Tries, Plaintiffs' Claims Are Still Preempted by COPPA

In dismissing the SAC, the Court held that "the plain text" of COPPA's preemption clause "clearly indicates Congress's desire to expressly preempt Plaintiffs' state law claims."  ECF 117 at 9; *see also Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 98 (1992) ("Pre-emption may be either expressed or implied, and is compelled whether Congress' command is explicitly stated

1  in the statute's language or implicitly contained in its structure and purpose.").  Despite Plaintiffs'

2  efforts to sidestep COPPA preemption and this Court's prior ruling by recasting disclosures of

3  Google's data practices as "deceptive" and expanding the putative class, their claims are once

4  more plainly preempted and should be dismissed.

5             1.       COPPA Expressly Preempts Plaintiffs' State Law Claims

6         This Court recognized in its prior decision that COPPA bars state law claims premised on

7  purported violations of COPPA, regardless of how those claims are styled.  COPPA explicitly

8  states that "[n]o State or local government may impose any *liability* . . . in connection with an

9  activity or action described in this chapter *that is inconsistent with the treatment of those*

10 *activities or actions under this section*."  15 U.S.C. § 6502(d) (emphasis added).  COPPA

11 provides for a specific enforcement and remedial scheme led by the FTC and complemented by

12 state enforcement that deliberately omits a private right of action.  As the Court put it:  "[T]here

13 can be no doubt that, by the text of the preemption clause, state law claims predicted on COPPA

14 violations are preempted because of the treatment inconsistent with COPPA's remedial scheme

15 involving the FTC and state attorneys general."  ECF 117 at 11.  "This scheme is clear, detailed,

16 and does not leave room for state laws to impose additional liability."  *Id.* at 9.

17        Plaintiffs' claims in the TAC, though styled as arising under state law, remain premised

18 primarily on the specific set of requirements found only in COPPA regarding collection of

19 "persistent identifiers" and issues of "verifiable parental consent."  *E.g.*, TAC ¶¶ 6, 9-10, 55-65,

20 ¶¶ 224-31.  In fact, the TAC nearly doubled the number of references to COPPA as compared to

21 the SAC, and an entire section of the TAC is still dedicated to describing COPPA.  *Id.* ¶¶ 76-84.

22 Plaintiffs' core allegations remain focused on COPPA's requirement that operators of child-

23 directed online services give notice to and obtain verifiable consent from parents before collecting

24 "persistent identifiers" from children under 13:

25    •  "COPPA protects children under thirteen years old from having their personal
        information ('Personal Information') collected unless their parent has first given
26      verifiable consent."  TAC ¶ 10.

27    •  "[Defendants] tracked and collected Personal Information from those viewers under
28      the false pretense that the Google Defendants would be 'transparent' . . . and comply

with applicable legal requirements and prohibitions—***including COPPA with respect to children under thirteen***—in doing so." *Id.* ¶ 16 (emphasis added); *see also* ¶ 170.

- "***Persistent identifiers have been*** included in the definition of 'Personal Information' ***subject to COPPA since 2013***. Defendants' collection of the persistent identifiers of children, ***including children under thirteen***, allowed them to develop detailed profiles of children." *Id.* ¶ 145 (emphasis added).

- "These intrusions are highly offensive . . . [as] evidenced by . . . countless consumer surveys, studies, and op-eds decrying the online tracking of children, centuries of common law, state and ***federal statutes and regulations including COPPA and Federal Trade Commission regulations***, ***legislative commentaries, enforcement actions undertaken by the FTC***, industry standards and guidelines, and scholarly literature on consumers' reasonable expectations." *Id.* ¶ 248 (emphasis added).

- "The parents and guardians of Plaintiffs . . . also reasonably expected that [Defendants] respect children's privacy . . . in accordance with societal expectations and public policy as well as state and ***federal statutes and regulations including COPPA and Federal Trade Commission regulations***." *Id.* ¶ 257 (emphasis added).

- "The Google Defendants unlawfully tracked, targeted, and profiled Plaintiffs and the Nationwide UCL Class and California Subclass Members without obtaining parental consent ***in violation of COPPA, Federal Trade Commission regulations***, and other laws." *Id.* ¶ 260 (emphasis added).

The named Plaintiffs are all under 13, and their allegations that Defendants failed to comply with COPPA form the basis for all of their claims. *See* TAC ¶¶ 224-231 (defining all proposed classes and subclasses as persons "from whom Defendants collected, used, or disclosed Personal Information ***without first obtaining verified parental consent***"). For example, Plaintiffs' California UCL claim is explicitly premised on a lack of "parental consent in violation of COPPA." *Id.* ¶ 260. Similarly, each of Plaintiffs' claims under the consumer protection statutes of Colorado, Indiana, Massachusetts, and New Jersey identifies an alleged violation of COPPA as its legal basis. *See id.* ¶ 350 (Colorado); ¶ 369 (Indiana); ¶ 390 (Massachusetts); ¶ 409 (New Jersey); ¶ 427 (Tennessee). The same applies to all of Plaintiffs' other claims. *See generally id.* ¶¶ 244, 275, 285, 295, 305, 315, 325, 335. As such, they fall squarely within COPPA's preemption clause and are preempted.

Plaintiffs try to evade preemption by seeking to expand their putative class beyond the reach of COPPA and by alleging that Defendants engaged in deceptive conduct outside the scope of COPPA. Both attempts fail.

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

*First*, Plaintiffs purport to broaden their putative class from children "younger than the age of thirteen" who used YouTube to persons "sixteen or younger" when they used YouTube. *Compare* SAC ¶ 186 *et seq*. *with* TAC ¶ 224 *et seq*.  In its January 20 Order, however, the Court made clear that "absent specific leave of Court to add parties or claims . . .  Plaintiffs have only been granted leave to amend the ***existing claims of the current parties***."  ECF 119 (emphasis added).  No such leave was requested, let alone granted.[1]  All of the named Plaintiffs are under 13 years of age, TAC ¶¶ 26-31, and they lack standing to assert claims on behalf of 13 to 16-year-olds.  It is black letter law that a plaintiff who is not "eligibl[e] to sue in his own right" cannot seek relief on behalf of a proposed class.  *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1039 (N.D. Cal. 2014); *see also Hawkins v. Comparet–Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001) ("A named plaintiff cannot represent a class alleging constitutional claims that the named plaintiff does not have standing to raise."); *Los Gatos Mercantile, Inc v. E.I. DuPont De Nemours & Co*., 2014 WL 4774611, at *4 (N.D. Cal. Sept. 22, 2014) (named plaintiffs could not assert claims under the laws of states in which no plaintiff resides or purchased products).  Accordingly, the named Plaintiffs' claims regarding minors between the ages 13 and 16 should be dismissed or stricken for lack of standing.  *See B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999) ("A class of plaintiffs does not have standing to sue if the named plaintiff does not have standing."); *Enoh v. Hewlett Packard Enter. Co.*, 2018 WL 3377547, at *14-15 (N.D. Cal. Jul. 11, 2018) (striking overbroad class allegations where deficiency plain from the pleadings).

*Second*, Plaintiffs' allegations regarding deceptive conduct do not save their claims from preemption.  The Court previously held that the SAC did "not explain what is deceptive about Google's collecting of data or grapple with whether Google's data collection policies have been

---

[1] Plaintiffs state that they plan to seek leave to amend to add additional minor plaintiffs.  TAC n.7.  But they do not contend that any such potential new plaintiffs are over the age of 13, nor explain why they failed to seek leave to add such plaintiffs prior to filing the TAC.  Unless and until such leave is granted (and Defendants do not believe it should be), the claims regarding minors between the ages 13 to 16 should be dismissed or stricken for lack of standing.

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

1   properly disclosed, notwithstanding whether the Plaintiffs agree with them or not."  ECF 117 at

2   13.  The TAC fares no better.  None of the allegations show that Google (let alone the Channel

3   Owners) "created an expectation of privacy through deceitful conduct."  *Id*. at 11.

4   　　　　As purported new support for their claims of deception, Plaintiffs cite an array of

5   supposed misrepresentations by Google.  These consist mainly of broad public representations

6   regarding transparency, compliance with the law, and investment in YouTube Kids.  Critically,

7   none of the Plaintiffs allege that they or their parents saw, much less were misled by, these

8   statements.  The TAC also fails to show how any of the statements are deceptive.  For example,

9   consistent with Google's stated desire to be clear about its data collection and usage practices,

10  Google's March 2012 and December 2017 Privacy Policies provided detailed disclosures that

11  applied to all users, employing easily accessible language and real world examples.  *See generally*

12  Decl. of Helen Trac Ex. A (Mar. 1, 2012 Privacy Policy) & B (Dec. 18, 2017 Privacy Policy);

13  TAC ¶¶ 13, 166.  Similarly, Google's Code of Conduct—which is directed to its workforce, not

14  consumers—merely reflects its corporate values of "doing the right thing," "following the law,"

15  "acting honorably," and "treating co-workers with courtesy and respect."  TAC ¶¶ 15, 168.

16  Likewise, there is nothing deceptive about YouTube's statement to the *New York Times* that it

17  "invested significantly in the creation of the YouTube Kids app to offer an alternative specifically

18  designed for children," TAC ¶ 102.  And, to the extent Plaintiffs allege that YouTube's statement,

19  "YouTube is not for children," is false, the TAC fails to explain how this statement could create

20  an expectation of privacy with respect to the YouTube Platform.

21  　　　　Indeed, nothing in the TAC demonstrates how general statements about doing the right

22  thing, acting honorably, or treating others with courtesy and respect can create a reasonable

23  expectation regarding specific data practices.  *See Prager Univ. v. Google LLC*, 951 F.3d 991,

24  1000 (9th Cir. 2020) (holding that "lofty but vague statements"—such as YouTube's statement

25  that its platform would "help [one] grow," "discover what works best," and "giv[e] [one] tools,

26  insights and best practices"—are non-actionable); *Edmundson v. Procter & Gamble Co*., 537 F.

27  App'x 708, 709 (9th Cir. 2013) ("general, subjective, unverifiable claims are mere puffery" and

28  not actionable).  Similarly, Plaintiffs' reliance on general statements by Google about

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 8 -

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

transparency and compliance with the law as ostensible support for their claim of deception also misses the mark because such statements are aspirational and non-actionable.  *See Allergan USA Inc. v. Imprimis Pharm., Inc.*, 2018 WL 5919210, at *7 (C.D. Cal. Apr. 30, 2018) (statement about "complying with all applicable laws and regulations" not actionable); *see also Veal v. LendingClub Corp.*, 423 F. Supp. 3d 785, 804 (N.D. Cal. 2019) (statements touting "focus on compliance" not actionable).

Plaintiffs also cite to alleged non-public representations by Google to advertising companies, but fail to explain how statements to which they were not privy could have created any expectation of privacy or deceived them.  *E.g.*, *In re Tobacco II Cases*, 46 Cal. 4th 298, 306 (2009) (plaintiffs "must demonstrate actual reliance on the allegedly deceptive or misleading statements"); *Sud v. Costco Wholesale Corp.*, 731 F. App'x 719, 721 (9th Cir. 2018) ("[P]laintiffs can recover on an affirmative misrepresentation theory only if they relied on the defendant's representations."); *Block v. eBay, Inc.*, 747 F.3d 1135, 1140 (9th Cir. 2014) (similar).

Finally, Plaintiffs also cite to representations by Google regarding its data practices with respect to kids following its settlement with the FTC and NYAG.  *E.g.*, TAC ¶¶ 66-67.  Plaintiffs presumably refer to these as supposed evidence that Google had not previously complied with COPPA.  While the statements show no such thing, Plaintiffs' references only serve to highlight that the claims in the TAC are predicated on COPPA.

All of these representations stand in stark contrast to *In re Nickelodeon Consumer Privacy Litigation*, where the registration form to sign up for an account on defendant's website stated: "HEY GROWN-UPS: We don't collect ANY personal information about your kids.  Which means we couldn't share it even if we wanted to!"  827 F.3d 262, 269 (3d Cir. 2016).  Here, by comparison, YouTube stated that the service was not intended for children under 13 and that the service was subject to Google's Privacy Policy.  *See* Trac Ex. D (YouTube May 25, 2018 Terms of Service) at 1, 14.  The Privacy Policy, in turn, explicitly identifies each category of information collected from users—persistent identifiers, unique identifiers, personal information, location information, cookie data and metadata—regardless of age and regardless of whether users are logged in via their account.  *See* Trac Ex. C (Jan. 22, 2019 Privacy Policy), at 2-5.  Thus, contrary

1  to Plaintiffs' inflammatory assertions, the only plausible inference from Plaintiffs' factual

2  allegations under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), is that any collection of information was

3  fully disclosed.  Unlike *Nickelodeon*, Google made clear it was not treating information about

4  certain users' differently based on age.

5        As to the Channel Owners, despite a specific mandate from the Court to do so, Plaintiffs

6  again fail to plead that they made ***any*** statements, let alone made deceptive representations similar

7  to those in *Nickelodeon*.  Rather, Plaintiffs' allegations that the Channel Owners "agreed to allow

8  behavioral advertising," TAC ¶¶ 106, 118, 124, 131, 136, and had "unbridled control" over

9  "creating and posting child-directed content," *id.* ¶ 259, address conduct regulated by COPPA.

10  ECF 117 at 13.

11        Plaintiffs' claims thus fall squarely within COPPA's scope and are expressly preempted.

12        2.  <u>COPPA Impliedly Preempts Plaintiffs' State Law Claims</u>

13        Although the Court did not need to reach this issue in its order, Plaintiffs' claims also are

14  barred by implied preemption principles.  *Geier v. Am. Honda Motor Co.*, 529 U.S. 861, 869

15  (2000); *see also Metrophones Telecomms., Inc. v. Global Crossing Telecomms., Inc.*, 423 F.3d

16  1056, 1072-73 (9th Cir. 2005).  The Supreme Court has made clear that "state law [] is pre-

17  empted if it interferes with the methods by which the federal statute was designed to reach [its]

18  goal," regardless of whether "the ultimate goal of both the federal and state law is the same."

19  *Gade*, 505 U.S. at 103.  Courts regularly find state law claims impliedly preempted where they

20  are inconsistent or interfere with the method of enforcement mandated by a federal statute.  *E.g.*,

21  *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 65 (3d Cir. 2008) (state law claims preempted

22  where they would "interfere with the IRS's administrative scheme"); *Grochowski v. Phoenix*

23  *Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (similar).

24        Here, Congress' carefully crafted remedial scheme would be undermined if private

25  parties, like Plaintiffs, were allowed to proceed with state law claims based on specific activities

26  proscribed by COPPA.  Congress specifically chose the FTC and state attorneys general to

27  oversee compliance with COPPA.  Plaintiffs should not be permitted to make an end-run around

28  Congress' desired method of enforcement.  Their claims should be dismissed.

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 10 -

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

**B.**     **Plaintiffs Cannot Pursue Any Equitable Claims Or Relief**

1.   Plaintiffs Lack Standing to Seek Injunctive Relief

To have standing to pursue injunctive relief, *e.g.*, TAC ¶¶ 254, 273, 346, 365, 385, 404, 421, 441, Plaintiffs "must demonstrate a 'real and immediate threat of repeated injury' in the future," *Haley v. Macy's, Inc.*, 263 F. Supp. 3d 819, 824 (N.D. Cal. 2017), which is "'certainly impending.'" *Tyler Barnett PR, LLC v. Facebook Inc.*, 2017 WL 6449821, at *3 (N.D. Cal. Dec. 18, 2017).  Because Plaintiffs have not alleged facts showing such a threat of repeated injury, they cannot seek the injunctive relief requested in the TAC.

Plaintiffs acknowledge that Google entered into a settlement with the FTC and NYAG. *See* TAC ¶ 66.  The agreed-upon stipulated injunction bars Google from disclosing, using, or benefitting from the information Plaintiffs allege Google collected from them.  *See* Trac Ex. E (stipulated injunction) at 12.  These restrictions apply across the YouTube Platform, including the Channel Owners' channels.  The injunction therefore provides "substantially the same relief" that Plaintiffs seek here, and, with no impending threat of repeated injury, "there is nothing to be gained by entering an injunction that substantially duplicates the relief already available." *Nat'l Farmers Org. v. Associated Milk Producers, Inc.*, 850 F.2d 1286, 1309 (8th Cir. 1988).  Courts regularly find that plaintiffs lack standing to seek additional injunctive relief where an FTC order provides substantially the same relief. *See In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1054 (8th Cir. 2018) (no standing to seek injunction where prior FTC orders provided substantially similar relief).  This rule applies with particular force here because the TAC is devoid of allegations showing that Google will contravene the court injunction. *See In re Nifedipine Antitrust Litig.*, 335 F. Supp. 2d 6, 17-18 (D.D.C. 2004) (no standing to seek injunctive relief where no likelihood of harm in light of FTC order or threat of recurrent violations); *Opperman v. Path, Inc.*, 84 F. Supp. 3d 962, 988 (N.D. Cal. 2015) (similar). Plaintiffs' requests for injunctive relief should be dismissed.

2.   Plaintiffs May Not Pursue Claims for Equitable Relief

All of Plaintiffs' claims for equitable relief should be dismissed with prejudice because

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 11 -

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

the TAC does not plausibly allege that Plaintiffs lack adequate remedies at law.[2]  As the Ninth

Circuit recently confirmed, a party's failure to allege inadequate remedies at law warrants

dismissal of claims for equitable relief.  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844

(9th Cir. 2020); *see also Philips v. Ford Motor Co.*, 726 F. App'x 608, 609 (9th Cir. 2018).  This

Court has reached the same result, as have others in the District.  *See Huynh v. Quora, Inc.*, 2020

WL 7495097, at *19 (N.D. Cal. Dec. 21, 2020) (granting summary judgment on UCL claim

because plaintiff "failed to demonstrate that she lacked an adequate remedy at law"); *In re

MacBook Keyboard Litig.*, 2020 WL 6047253, at *3 (N.D. Cal. Oct. 13, 2020) (dismissing with

prejudice all equitable claims and requests for relief).  Plaintiffs' boilerplate statements do not

plausibly plead the inadequacy of legal remedies.  They expressly assert several legal claims and

seek legal relief, including damages.  TAC ¶ 244, Prayer for Relief ¶ C.  As such, Plaintiffs' UCL

claim, unjust enrichment claims, and all requests for equitable relief should be dismissed.

### C.    Plaintiffs Fail to Plead Viable Claims for Intrusion Upon Seclusion or Violation of the California Constitutional Right to Privacy

An intrusion upon seclusion claim under California, Colorado, and New Jersey law

requires an "intrusion into a private place, conversation or matter . . . in a manner highly offensive

to a reasonable person."[3]  *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012);

*see also Stengart v. Loving Care Agency, Inc.*, 990 A.2d 650, 660 (N.J. 2010) (similar); *Curry v.

MillerCoors, Inc.*, 2013 WL 4494307, at *4-5 (D. Colo. Aug. 21, 2013) (similar).  In addition to

clearing this "high bar," *Low* 900 F. Supp. 2d at 1025, a plaintiff must have "an objectively

reasonable expectation of seclusion or solitude in the place, conversation or data source."

*Shulman v. Grp. W Prods., Inc.*, 18 Cal. 4th 200, 232 (1998); *see also Stengart*, 990 A.2d at 660;

*Doe v. High-Tech Inst., Inc.*, 972 P.2d 1060, 1068 (Colo. App. 1998).  A privacy claim under the

---

[2] Because Plaintiffs' UCL claim is limited to equitable forms of relief, *see Zhang v. Super. Ct.*, 57 Cal. 4th 364, 371 (2013), it should be dismissed for this reason alone.

[3] Defendants reserve all arguments related to Plaintiffs' attempt to assert state law claims on behalf of putative class members in five states outside of California and across the country.  *See* TAC ¶¶ 223-33.

1   California Constitution is treated as "effectively identical" and must satisfy these requirements.

2   *In re Google Location History Litig.*, 428 F. Supp. 3d 185, 197 (N.D. Cal. 2019).

3          To support a claim, a plaintiff must have an interest in "precluding the dissemination or

4   misuse of sensitive and confidential information," where disclosure would cause "unjustified

5   embarrassment or indignity," or where plaintiffs have an autonomy interest in "making intimate

6   personal decisions" without intrusion.  *Pioneer Elecs. (USA) Inc. v. Super. Ct.*, 40 Cal. 4th 360,

7   370 (2007).  The type of information that has been held to rise to that level includes medical

8   information, *e.g.*, *High-Tech Inst.*, 972 P.2d at 1068; *Leonel v. Am. Airlines, Inc.*, 400 F.3d 702,

9   712 (9th Cir. 2005), financial records, *e.g.*, *Charles O. Bradley Tr. v. Zenith Capital LLC*, 2006

10  WL 798991, at *2 (N.D. Cal. Mar. 24, 2006), information about sexual orientation, *e.g.*, *Nguon v.*

11  *Wolf*, 517 F. Supp. 2d 1177, 1196 (C.D. Cal. 2007), and sexual activity, *e.g.*, *Pearce v. Club Med*

12  *Sales, Inc.*, 172 F.R.D. 407, 410 (N.D. Cal. 1997).  *Cf. In re Google Assistant Privacy Litig.*, 457

13  F. Supp. 3d 797, 829 (N.D. Cal. 2020) (finding plaintiffs failed to plead reasonable expectation of

14  privacy where no allegations about interception of sensitive information).

15         Despite multiple opportunities, Plaintiffs fail to allege facts showing that Defendants

16  collected any such sensitive or private information.  With respect to the Channel Owners,

17  Plaintiffs fail to allege ***any*** intrusion whatsoever.  As to Google, the TAC repeats allegations

18  about Google's collection of online activity data from its websites and persistent identifier data.

19  *E.g.*, TAC ¶¶ 6, 9-10, 55-65.  This type of first-party collection and behavioral advertising is far

20  from an "egregious breach of the social norms."  *Low*, 900 F. Supp. 2d at 1016-17, 1025.  Courts

21  in this District have "consistently refused to characterize the disclosure of common, basic digital

22  information to third parties as serious or egregious violations of social norms."  *In re Google, Inc.*

23  *Privacy Policy Litig.*, 58 F. Supp. 3d 968, 985, 988 (N.D. Cal. 2014); *In re iPhone Application*

24  *Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (disclosure of "unique device identifier

25  number, personal data, and geolocation information . . . does not constitute an egregious breach of

26  social norms"); *Yunker v. Pandora Media, Inc.*, 2013 WL 1282980, at *15 (N.D. Cal. Mar. 26,

27  2013) (sharing data about user's digital music files not egregious breach of social norms).

28         Courts across the country have likewise dismissed privacy claims based on alleged

Hogan Lovells US
LLP
Attorneys At Law
San Francisco

- 13 -

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

1   collection of information about online activity.  *E.g.*, *Shapiro v. AT&T Mobility, LLC*, 2020 WL

2   4341778, at *2 (C.D. Cal. May 18, 2020) (disclosure of configuration, type, and use of AT&T

3   services and SIM card details was not egregious breach of social norms); *Popa v. Harriet Carter*

4   *Gifts, Inc.*, 2019 WL 6684527, at *11 (W.D. Pa. Dec. 6, 2019) (collecting "keystrokes, mouse

5   clicks, and PII is simply not the type of highly offensive act to which liability can attach"); *Allen*

6   *v. Quicken Loans Inc.*, 2018 WL 5874088, at *1, *12 n.4 (D.N.J. Nov. 9, 2018) (same).  Notably,

7   the Third Circuit in *In re Nickelodeon* rejected the argument that alleged collection of a host of

8   information from visitors to websites with children's programming was "sufficiently offensive,

9   standing alone, to survive a motion to dismiss."  827 F.3d at 294-95 (information alleged to

10   include usernames, gender, birthdates, IP addresses, browser settings, unique device identifiers,

11   URL requests, video materials requested, and persistent identifiers).  As the Third Circuit noted,

12   "courts have long understood that tracking cookies can serve legitimate commercial purposes,"

13   which made collection of data from children not "particularly odious."  *Id.*

14        This does not mean that Google viewed such data as subject to no limitations; Google is

15   and has always been committed to respecting this information and disclosing when it is collected

16   and used.  As Plaintiffs concede, Google openly discloses and describes its data practices and did

17   so before the FTC settlement.  *See* TAC ¶¶ 54-56, 62-63; Trac Ex. C.  Google's Privacy Policy—

18   directed to parents and adults who make decisions about children's access to Internet-enabled

19   devices and YouTube—explains that the information collected from users includes "information

20   about the apps, browsers, and devices you use to access Google services" as well as "information

21   about your activity in our services."  Trac Ex. C at 3.  It also makes clear that Google uses

22   information to serve targeted advertisements.  *E.g.*, *id.* at 6 ("Depending on your settings, we may

23   also show you personalized ads based on your interests."), 19 ("[I]f you watch videos about

24   baking on YouTube, you may see more ads that relate to baking.").  Allegations that Google

25   collected data to drive advertising revenue in accordance with its stated policies cannot support a

26   privacy claim.  *See Hill v. NCAA*, 7 Cal. 4th 1, 36 (1994) ("advance notice of an impending

27   action" undercuts expectation of privacy); *In re Google, Inc. Privacy Policy Litig.*, 2013 WL

28   6248499, at *16 (N.D. Cal. Dec. 3, 2013) (dismissing intrusion claim where challenged data

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 14 -

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

1    collection was disclosed); *Mortensen v. Bresnan Commc'n, L.L.C.*, 2010 WL 5140454, at *6 (D.

2    Mont. Dec. 13, 2010) (no reasonable expectation of privacy where challenged activities disclosed

3    in privacy notice).

4          Consistent with these holdings, the court in *Manigault-Johnson v. Google, LLC* dismissed

5    virtually identical allegations, ruling that the alleged collection and use of a child's online user

6    data was not egregious or highly offensive.  2019 WL 3006646, at *6 (D.S.C. Mar. 31, 2019).  In

7    so holding, the court noted the lack of any allegations that Google's conduct violated its privacy

8    policies or the existence of "duplicitous tactics."  *Id.*  Plaintiffs here likewise do not plausibly

9    allege violation of Google's Privacy Policy or deception.  As discussed above in Section III.A,

10   Plaintiffs have not shown any actionable deception or an expectation of privacy based on

11   deceitful conduct.  Indeed, Plaintiffs' allegation that Google was aware that individuals under the

12   age of thirteen were using YouTube contrary to the Terms, *e.g.*, TAC ¶ 89, cannot plausibly have

13   encouraged Plaintiffs to use YouTube or form an expectation of privacy around that usage.  *Cf.*

14   *Nickelodeon*, 827 F.3d at 295 (intrusion claim adequately pled where inaccurate statements "may

15   have encouraged parents to permit their children to browse those websites under false pretenses").

16         The lack of any plausible allegations showing "deceitful and duplicitous conduct"

17   underscores why this case is readily distinguishable from cases in which courts found that privacy

18   claims were adequately alleged.  For example, in *McDonald v. Kiloo ApS*, the "key issue" was

19   whether a gaming application for mobile devices that allegedly "secretly harvest[ed] [personal

20   information] commit[ed] a highly offensive or egregious act."  385 F. Supp. 3d 1022, 1027-28,

21   1035 (N.D. Cal. 2019).  Likewise, in *In re Facebook, Inc. Internet Tracking Litigation*, the

22   plaintiffs alleged surreptitious data collection from users who had logged out of Facebook, which

23   the court found to be in tension with the company's representations that "logged-out user data

24   would not be collected."  956 F.3d 589, 602-03, 606 (9th Cir. 2020).  Finally, in *Tiny Lab*, the

25   attorney general asserted that data was collected and tracked in a manner "invisible to the child

26   and her parents" through a gaming app that allegedly was expressly marketed as being "suitable

27   and safe for children."  *N.M. ex rel. Balderas v. Tiny Lab Prods.*, 2020 WL 2065275, at *2, *17

28   (D.N.M. Apr. 29, 2020).  Where, as here, there are no "open factual questions" needed to assess

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 15 -                                            MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

"offensiveness," *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 830-31 (N.D. Cal. 2020), Plaintiffs' claims can be dismissed now.

In short, collection of online activity, geolocation, and browser/device information in accordance with public disclosures is not actionable, and Plaintiffs' claims should be dismissed.

**D.    Plaintiffs Fail to State a Claim under State Consumer Protection Laws**

Plaintiffs' claims under the consumer protection statutes of California, Colorado, Indiana, Massachusetts, New Jersey, and Tennessee are likewise flawed and should be dismissed.

1.    Plaintiffs Have Not Alleged the Requisite Injury

Plaintiffs' consumer protection claims fail out of the gate because they have not alleged cognizable injury. *See* Cal. Bus. & Prof. Code § 17204 (California requires "injury in fact and lost money or property"); *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 10 (1st Cir. 2017) (Massachusetts requires "real economic damages"); *Thiedemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234, 252 (2005) (New Jersey requires "ascertainable loss"); *Hall v. Walter*, 969 P.2d 224, 235 (Colo. 1998) (Colorado requires "injury in fact to a legally protected interest"); Ind. Code Ann. § 24-5-0.5-4 (limiting recovery to "damages actually suffered"); *Tucker v. Sierra Builders*, 180 S.W.3d 109, 116 (Tenn. Ct. App. 2005) (Tennessee requires "consumer injury [that is] more than trivial or speculative"). Plaintiffs do not allege that they or their parents ever paid to use the YouTube Platform or for the content allegedly accessed, or lost any money as a result. Instead, Plaintiffs allege loss of the ability to control the use of their information and loss in value of their information. *E.g.*, TAC ¶¶ 152-53, 270, 363, 383, 401, 419, 439. Neither theory suffices.

With respect to Plaintiffs' first theory, the TAC does not allege facts showing that Plaintiffs' personal information has ceased to belong to them nor why it is no longer in their control. *See Claridge v. RockYou, Inc.*, 785 F. Supp. 2d 855, 862-63 (N.D. Cal. 2011) (rejecting UCL claim where plaintiff failed to allege facts showing his personally identifying information ceased to belong to him or passed beyond his control). This absence is particularly notable because Google is prohibited from using information collected from YouTube users pursuant to the stipulated injunction. *See supra* Section III.B. Moreover, a mere vague "loss of control" is not a cognizable injury under the state consumer protection statutes at issue. *E.g.*, *Claridge*, 785

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

F. Supp. 2d at 862-63. (loss of personally identifiable information did not constitute "lost money or property"); *Svenson v. Google Inc.*, 2016 WL 8943301, at *17 (N.D. Cal. Dec. 21, 2016) (where online services are "free" the "asserted loss of those privacy protections do not constitute a loss of money or property").  Courts have further held that no actionable injury exists where, as here, the data practices were disclosed.  *E.g.*, *Perlow v. ABC Fin. Servs., Inc.*, 2018 WL 3431903, at *4 (Mass. Super. Ct. June 19, 2018) (plaintiff suffered no privacy invasion causing harm under consumer protection statute where agreement disclosed possibility of conduct).

Plaintiffs' second theory of injury—that they are "no longer" able to "realize the full economic value" of user information, TAC ¶ 153—is equally flawed, because Plaintiffs do not allege facts showing they cannot sell that information or would have to accept a discounted price.  *E.g.*, *Mount v. PulsePoint, Inc.*, 684 F. App'x 32, 34 (2d Cir. 2017) (affirming dismissal where no allegations that data practices "actually deprived" plaintiffs "of any opportunity to sell their own personalized information"); *In re Google Privacy Policy Litig.*, 2015 WL 4317479, at *5 (N.D. Cal. July 15, 2015) (rejecting theory where plaintiffs failed to allege existence of "market" for their information or "impairment of their ability to participate in that market"); *In re Google Android Consumer Privacy Litig.*, 2013 WL 1283236, at *4 (N.D. Cal. Mar. 26, 2013) (similar).

## 2.   Plaintiffs Fail to Adequately Plead Causation

Plaintiffs' consumer protection claims also fail because they sound in fraud but do not meet the pleading requirements of Rule 9(b).  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009).  Plaintiffs have not shown that their alleged injuries were ***caused*** by Defendants' purported misrepresentations.  *See Yastrab v. Apple Inc*., 2015 WL 1307163, at *6 (N.D. Cal. Mar. 23, 2015); *Garcia v. Medved Chevrolet, Inc.*, 263 P.3d 92, 98 (Colo. 2011); *Rainbow Realty Grp., Inc. v. Carter*, 131 N.E.3d 168, 178 (Ind. 2019); *Carlson v. The Gillette Co.*, 2015 WL 6453147, at *4 (D. Mass. Oct. 23, 2015); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 192 N.J. 372, 389 (2007); *Erickson v. Fahrmeier*, 2019 WL 1177969, at *7 (E.D. Tenn. Mar. 13, 2019).  Their references to "reasonably relying" on Google's alleged misrepresentations, TAC ¶¶ 361, 380, 399, 418, 437, are conclusory and wholly unsupported.  As set forth above in Section III.A, none of the Plaintiffs allege that they or their parents read, saw,

or heard any of the purported representations, much less allege that they were a material factor in their decision to use YouTube.  With respect to the Channel Owners, the TAC does not identify *any* representations (let alone misrepresentations) that *any* (let alone each) Channel Owner purportedly made regarding YouTube's data collection practices.  These deficiencies are "fatal." *Garcia v. Sony Comp. Ent. Am., LLC*, 859 F. Supp. 2d 1056, 1063 (N.D. Cal. 2012) (rejecting UCL claim where no allegations that plaintiff was aware of or relied on statements); *see also Rainbow Realty Grp., Inc.*, 131 N.E.3d at 178 (Indiana's consumer protection statute expressly requires proof that plaintiff relied on the deception); *Colucci v. Bank of Am., N.A.*, 2011 WL 13364576, at *2 (D.N.J. July 27, 2011) (dismissing claim where plaintiff failed to allege he read or relied on statements before purchase); *Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 611 (D.N.J. 2016) (same); *Peterson v. USAA Life Ins. Co.*, 353 F. Supp. 3d 1099, 1114 (D. Colo. 2018) (same); *Hager v. Vertrue, Inc.*, 2011 WL 4501046, at *5 (D. Mass. Sept. 28, 2011) (same); *Warren v. Warrior Golf Capital, LLC*, 126 F. Supp. 3d 988, 997 (E.D. Tenn. 2015) (same).

Plaintiffs' "failure to disclose" theory fares no better.  In addition to flying in the face of clear disclosures in the YouTube Terms of Service and Google Privacy Policy, Plaintiffs' assertion that Defendants' purported "omissions were material" is wholly unsupported.  *E.g.*, TAC ¶ 397.  Plaintiffs do not, for example, allege facts showing that their parents would have stopped them from using YouTube had Google provided more information about its collection and use of data for "financial gain."  *Id.* ¶ 350.  Defendants' financial motivations were not hidden, particularly in light of Google's disclosures.  The TAC's failure to allege that any of Plaintiffs' parents read any of the supposed misrepresentations regarding transparency, compliance with the law, and investment in YouTube Kids further undercuts this flawed theory. *See Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1225 (9th Cir. 2015) ("An essential element for a fraudulent omission claim is actual reliance."); *Valley Fresh Prod., Inc. v. W. Skyways, Inc.*, 2019 WL 4695668, at *7-8 (D. Colo. Sept. 25, 2019) (omission claim failed because plaintiffs did not show that disclosure "would have been material . . .  in deciding whether to purchase" defendant's services); *Erickson*, 2019 WL 1177969, at *7 (similar); *Annecharico v. Raymour & Flanigan*, 2016 WL 7015615, at *6 (D.N.J. Nov. 30, 2016) (similar); *Carlson*, 2015 WL 6453147, at *6

1   (similar); *Poole v. MED-1 Sols., LLC*, 2020 WL 1317450, at *5 (S.D. Ind. Mar. 20, 2020)

2   (Indiana statute requires reliance).

3           3.   Plaintiffs Fail to Allege "Unlawful" or "Unfair" Conduct

4         Plaintiffs' attempt to rest their consumer protection claims on allegedly unlawful conduct

5   also fails as a matter of law.  First, Plaintiffs cannot predicate their claims on alleged violations of

6   COPPA because, as explained in Section III.A above, COPPA preempts state law claims and

7   provides no private right of action.  Courts have held that where, as here, a statute entrusts

8   exclusive enforcement authority to an agency, plaintiffs cannot use state consumer protection

9   statutes as a "backdoor" around that legislative choice.  *Cel-Tech Commc'ns, Inc. v. L.A. Cellular*

10  *Tel. Co.*, 20 Cal. 4th 163, 182 (1999) (plaintiffs "may [] not plead around an absolute bar to relief

11  simply by recasting the cause of action as one for unfair competition"); *Najafifard v. Travelers*

12  *Com. Ins. Co.*, 2015 WL 12656283, at *3 (C.D. Cal. Oct. 15, 2015) (UCL claim could not be

13  based on alleged violation of California Unfair Insurance Practices Act, which bars private

14  actions); *Slimm v. Bank of Amer. Corp.*, 2013 WL 1867035, at *8-9 (D.N.J. May 2, 2013)

15  (similar); *Voth v. Liberty Mut. Fire Ins. Co.*, 2008 WL 435288, at *2 (D. Colo. Feb. 14, 2008)

16  (similar).  Second, Plaintiffs cannot predicate their claims on alleged privacy violations because

17  as discussed above, *see supra* Section III.C, those claims fail as a matter of law.

18        The allegations in the TAC do not separately establish unfairness either, as they are based

19  on the same fundamentally flawed allegations of unlawful and fraudulent conduct.  *Compare*

20  SAC ¶¶ 83, 261-262 *with* TAC ¶¶ 1, 141, 145, 260; *e.g.*, *Hadley v. Kellogg Sales Co.*, 243 F.

21  Supp. 3d 1074, 1104-05 (N.D. Cal. 2017) (dismissing UCL unfairness theory "based on the same

22  contentions" underlying fraud and unlawful theories); *Two Moms & a Toy, LLC v. Int'l*

23  *Playthings, LLC*, 898 F. Supp. 2d 1213, 1219 (D. Colo. 2012); *Smajlaj v. Campbell Soup Co.*,

24  782 F. Supp. 2d 84, 98 (D.N.J. 2011); *McKinney v. State*, 693 N.E.2d 65, 72 (Ind. 1998); *Mulder*

25  *v. Kohl's Dep't Stores, Inc.*, 865 F.3d 17, 21-22 (1st Cir. 2017); *Harvey v. Ford Motor Credit*

26  *Co.*, 8 S.W.3d 273, 275 (Tenn. Ct. App. 1999).  Plaintiffs' unfairness allegations also fail because

27  the purported data practices were disclosed in Google's Privacy Policies.  *E.g.*, *Ciser v. Nestle*

28  *Waters N. Am., Inc.*, 2013 WL 5774121, at *5 (D.N.J. Oct. 24, 2013) (rejecting claim under New

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 19 -

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

1    Jersey law because the defendant fully disclosed the challenged practice), *aff'd*, 596 F. App'x 157

2    (3d Cir. 2015); *Kissing Camels Surgery Ctr., LLC v. Centura Health Corp.*, 2016 WL 8416760, at

3    \*12 (D. Colo. July 13, 2016) (similar under Colorado law); *Tomasella v. Nestle USA, Inc.*, 364 F.

4    Supp. 3d 26, 36 (D. Mass. 2019) (similar under Massachusetts law).

5              4.   Plaintiffs' Massachusetts Consumer Claim Fails for Additional Reasons

6              Finally, Plaintiffs' claim under Massachusetts' consumer protection law should be

7    dismissed as to the Channel Owners because Plaintiffs failed to provide the required notice to the

8    Channel Owners before asserting a claim under the statute in the SAC.  *See* TAC ¶ 402;

9    *O'Connor v. Nantucket Bank*, 992 F. Supp. 2d 24, 38 (D. Mass. 2014).

10        **E.**        **Plaintiffs Fail to State a Claim for Unjust Enrichment**

11             Plaintiffs' unjust enrichment claims under California, Colorado, Indiana, Massachusetts,

12   New Jersey, and Tennessee law should be dismissed for multiple reasons.

13             *First*, Plaintiffs' claims suffer from several threshold flaws.  Because Plaintiffs have not

14   plausibly alleged the inadequacy of legal remedies and instead rely on boilerplate language

15   regarding entitlement to equitable relief, each of their claims should be dismissed.  *Compare* TAC

16   ¶¶ 282, 312 *with* TAC ¶¶ 254, 273, 346, 404; *see* Section III.D; *see also Zaback v. Kellogg Sales

17   Co.*, 2020 WL 6381987, at \*4 (S.D. Cal. Oct. 29, 2020); *Flores v. OneWest Bank, F.S.B.*, 172 F.

18   Supp. 3d 391, 396 (D. Mass. 2016), *aff'd*, 886 F.3d 160 (1st Cir. 2018).  Plaintiffs' New Jersey

19   claim also fails because New Jersey only recognizes unjust enrichment as a basis for contract or

20   quasi-contract liability, and Plaintiffs' claim is pled as a tort-based cause of action.  *See* TAC ¶¶

21   314-23; *Bedi v. BMW of N. Am., LLC*, 2016 WL 324950, at \*5 (D.N.J. Jan. 27, 2016).

22             Plaintiffs also lack standing to assert their California unjust enrichment claim because

23   they have not plausibly alleged they "retain a stake in the profits garnered" to have a legal interest

24   in those profits.  *In re Facebook*, 956 F.3d at 600.  References to the sale of generic "data" and

25   unspecified "analyses and studies" that purportedly ascribe value to "Personal Information," TAC

26   ¶ 152, are insufficient to establish that the data Google allegedly collected from Plaintiffs and

27   used "carr[ies] financial value."  *In re Facebook*, 956 F.3d at 600.

28             *Second*, even if Plaintiffs' claims survive these threshold flaws, they fail because Plaintiffs

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 20 -

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

do not sufficiently allege that Defendants have been ***unjustly*** conferred a benefit.  *See Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005) ("The most significant requirement . . . is that the benefit to the defendant be unjust."); *Hughes v. Chattem, Inc.*, 818 F. Supp. 2d 1112, 1124-25 (S.D. Ind. 2011) (similar); *Callano v. Oakwood Park Homes Corp.*, 91 N.J. Super. 105, 109 (N.J. Super. Ct. App. Div. 1966) (similar); *Dove Valley Bus. Park Assocs. Ltd. v. Bd of Cty. Comm'rs of Arapahoe Cty, Colo.*, 945 P.2d 395, 403 (Colo. 1997) (similar); *Shaulis v. Nordstrom Inc.*, 120 F. Supp. 3d 40, 55-56 (D. Mass. 2015) (similar).  The TAC does not allege facts showing conduct rising to the level of "unjust."  As discussed above, the alleged violation of COPPA's requirements alone does not suffice.  *See supra* Section III.D.3.  Nor have Plaintiffs alleged how it would be unjust for Defendants to keep the revenue they derived, given that Plaintiffs accessed large quantities of video content at no cost, and that the TAC concedes Google disclosed how it collected and used data.  *See supra* Section III.A.1; *cf. Hoai Dang v. Samsung Elecs. Co.*, 2018 WL 6308738, at *11 (N.D. Cal. Dec. 3, 2018) (not unjust for Samsung to keep money plaintiff paid for device because Samsung did not warrant it was non-infringing).

Plaintiffs also cannot allege that they conferred a benefit on Defendants at Plaintiffs' expense, or that Plaintiffs have an ownership interest in the money or property they allegedly conferred.  *See Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal. 4th 1134, 1149 (2003); *Robinson v. Colorado State Lottery Div.*, 179 P.3d 998, 1007 (Colo. 2008); *Bayh v. Sonnenburg*, 573 N.E.2d 398, 408 (Ind. 1991); *Desanctis v. Labell's Airport Parking, Inc.*, 1991 WL 71921, at *4 (Mass. App. Ct. 1991); *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994); *Browder v. Hite*, 602 S.W.2d 489, 491-92 (Tenn. Ct. App. 1980).  Plaintiffs allege in conclusory fashion that their "Personal Information," its value, "and/or the attendant revenue" conferred "monetary benefits" on Defendants, without pleading facts to show that the information at issue had monetary value to ***them***.  *See* TAC ¶¶ 276, 286, 296, 306, 316, 326.  Even if Plaintiffs plausibly alleged they conferred a benefit, they have not alleged facts showing that such benefits came at their expense or that they had an interest in benefits Defendants derived.

***Third***, Plaintiffs' Indiana, New Jersey, and Tennessee claims falter because of additional, unique aspects of those states' laws.  Plaintiff C.D. fails to allege that they provided any benefit to

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

1   Defendants, let alone a "specific measurable benefit," as Indiana law requires.  *Lady Di's, Inc. v.*

2   *Enhanced Servs. Billing, Inc.*, 2010 WL 4751659, at \*9 (S.D. Ind. Nov. 16, 2010), *aff'd*, 654 F.3d

3   728 (7th Cir. 2011).[4]  Allegations that Defendants profited from "minors" are insufficient.  *See id.*

4   Plaintiffs J.A.E's and J.R.E.'s New Jersey claim fails because they do not allege they "expected

5   remuneration from the defendant at the time" they "conferred [the] benefit."  *In re Nickelodeon*

6   *Consumer Privacy Litig.* 2014 WL 3012873, at \*19 (D.N.J. July 2, 2014).  Nor could they have

7   done so because "it is simply not reasonable for a consumer—regardless of age—to use the

8   internet without charge and expect compensation because a provider of online services has

9   monetized that usage."  *Id.*  And Plaintiff M.W.'s Tennessee claim fails because M.W. has not

10  alleged they "exhausted all remedies against" Defendants or that doing so "would be futile"—a

11  requirement that applies regardless of whether M.W. was in privity of contract with Defendants.

12  *Freeman Indus.*, 172 S.W.3d at 525-26.

13  **F.    Plaintiffs' Claims Against The Channel Owner Defendants Fail For
           Additional Reasons**

14
           1.    Plaintiffs Did Not Address the Deficiencies Identified By the Court and
15                Their Vicarious Liability Theories Cannot Fix Them

16          The Court's order recognized that Plaintiffs had not alleged "any data collection or

17  deception on the part of the Channel Owners" and held that those "deficiencies must be

18  addressed" for the "complaint to go forward against the Channel Owners."  ECF 117 at 13.

19  Plaintiffs did not—and cannot—address those deficiencies.  Despite multiple opportunities to

20  amend their complaint, Plaintiffs still fail to plead ***any factual allegations*** that the Channel

21  Owners collected ***any*** data or engaged in ***any*** deception.  Plaintiffs continue to rely on their

22  conclusory and improper grouping of all defendants (as if these competitors were one entity) to

23  allege that "***Defendants*** unlawfully and deceptively collected their Personal Information, . . .in

24  order to deliver targeted advertisements to Plaintiffs that were intended to influence their

25  _____

26  [4] Furthermore, Plaintiff C.D.'s claims should be dismissed as to all of the Channel Owners other

27  than the Cartoon Network Defendants because C.D. does not allege that she ever visited any of

28  their YouTube channels.  *See* TAC ¶¶ 211-12.

behavior." TAC ¶ 19 (emphasis added). This contention was insufficient before, is insufficient now, and cannot be rectified. *Id.* ¶ 19 (alleging it was Google that "collect[ed] personal information from individuals who access the YouTube Platform"). The Channel Owners should be dismissed from the case with prejudice on that basis alone.

In an attempt to sidestep this fundamental flaw, Plaintiffs assert that the Channel Owners "aided and abetted and are jointly liable" for Google's purported conduct. *Id.* ¶ 18 (alleging Channel Owners "joined" Google in an "enterprise that had a unity of purpose of tracking and collecting Personal Information from child viewers" and "did so with knowledge of" Google's alleged "deceitful and unlawful actions (which they enabled, consented to and refused to use their control over their channels to prevent), and profited handsomely from"); *see also id.* ¶¶ 171-78. Plaintiffs' conclusory allegations are plainly insufficient to impose "vicarious" or "aiding and abetting" liability on the Channel Owners.

*First*, Plaintiffs do not, and cannot, adequately allege the Channel Owners exercised any kind of ***control*** over Google's alleged practices as needed to establish vicarious liability. Vicarious liability for UCL violations requires personal "participation in the unlawful practices" and "unbridled control" over the practices. *Emery v. Visa Int'l Serv. Ass'n*, 95 Cal. App. 4th 952, 960, 962 (2002); *see also Perfect 10, Inc. v. Visa Int'l. Serv. Ass'n*, 494 F.3d 788, 808-09 (9th Cir. 2007) (following *Emery*); *Reed v. NBTY, Inc.*, 2014 WL 12284044, at *11 (C.D. Cal. Nov. 18, 2014) (same). Day-to-day control over the alleged tortious conduct is required for Plaintiffs' other claims as well. *See Barenborg v. Sigma Alpha Epsilon Fraternity*, 33 Cal. App. 5th 70, 85 (2019), *review denied* (July 17, 2019) (vicarious liability requires an agency relationship, which requires control); *Ochoa v. Vered*, 212 P.3d 963, 966 (Colo. App. 2009) ("Vicarious liability depends on the right to direct or control the actions of another."); *Logestan v. Hartford Steam Boiler Insp. & Ins. Co.*, 626 N.E.2d 829, 832 (Ind. Ct. App. 1993) ("Control, or the right to control, is a precondition necessary to establish vicarious liability in tort."); *Hohenleitner v. Quorem Health Res., Inc.*, 758 N.E.2d 616, 625 (Mass. 2001) (same); *Burnette v. Hilton Franchise Holdings, LLC*, 2021 WL 118924, at *11 (D.N.J. Jan. 13, 2021) (same); *Tucker v. Sierra Builders*, 180 S.W.3d 109, 120-21 (Tenn. Ct. App. 2005) (same).

Plaintiffs have pled no factual allegations that the Channel Owners had "control" over the allegedly deceitful conduct.  And of course not: It would be absurd to suggest that the Channel Owners could "control" Google, let alone control whether Google made "repeated . . . representations that the YouTube Platform was for adults," TAC ¶ 91, or what Google disclosed (or allegedly did not disclose) in its "Privacy Policies," "Terms of Service," and "Code of Conduct," *id.* ¶¶ 13-15.  Plaintiffs do not even allege the Channel Owners had control over whether YouTube was "denoted" for a "general audience" or "child directed."  *Id.* ¶ 12.  What little conduct Plaintiffs allege the Channel Owners engaged in—*i.e.*, "[u]pon information and belief," the Channel Owners "allow[ed] behavioral advertising" (*id.* ¶ 106), with "unbridled control" over "creating and posting child-directed content" (*id.* ¶ 259)—would be relevant (if at all) only to claims COPPA preempts.  *See supra* Section III.A.  In sum, Plaintiffs' (inadequate) deception theory is about Google's statements, over which the Channel Owners had no control.

*Second*, Plaintiffs cannot establish secondary liability for the Channel Owners on an aiding-and-abetting theory.  Under California law, "aiding and abetting depends on proof the defendant had actual knowledge of the specific primary wrong the defendant substantially assisted" and "acted with the intent of facilitating the commission of that tort."  *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1145-46 (2005).  The same is true for Plaintiffs' claims under other state laws.  *Accord Sender v. Mann*, 423 F. Supp. 2d 1155, 1175-76 (D. Colo. 2006) ("Aiding and abetting" liability requires that defendant "knowingly and substantially assists the principal violation"); *Pinkney v. Thomas*, 583 F. Supp. 2d 970, 978 (N.D. Ind. 2008) (same); *Hollis v. JPMorgan Chase Bank, N.A.*, 2014 WL 12792255, at *6 (D. Mass. Dec. 10, 2014) (same); *Failla v. City of Passaic*, 146 F.3d 149, 159 (3d Cir. 1998) (same); *Caboodles Cosmetics, Ltd. P'ship v. Caboodles, LLC*, 412 F. Supp. 2d 872, 880–81 (W.D. Tenn. 2006) (same).

Plaintiffs have not alleged such conduct.  Given the scope of COPPA preemption, Plaintiffs cannot merely allege that the Channel Owners assisted Google in behavioral advertising to children.  Rather, they must plead facts that the Channel Owners knew of Google's alleged deceptive conduct and provided substantial assistance with the specific intent of aiding that alleged conduct.  Plaintiffs have not and cannot in good faith make such allegations, and their

claims fail on that basis.  *See Emery*, 95 Cal. App. 4th at 964 (no secondary liability where defendant "played no part in preparing or sending any 'statement that might be construed as untrue or misleading'"); *Facebook, Inc. v. MaxBounty, Inc.*, 274 F.R.D. 279, 285 (N.D. Cal. 2011) (conclusory allegations about knowledge of "misleading" conduct and aiding and abetting of that activity insufficient).

### 2.   The Court Should Dismiss California Claims Against Cartoon Network, DreamWorks, and Mattel

Finally, Plaintiffs' California Unjust Enrichment and Constitutional Right to Privacy claims cannot proceed against Cartoon Network, DreamWorks, or Mattel.  Only Plaintiff C.H., a California resident, asserts those claims, TAC ¶¶ 274, 334, and they do not allege they visited the YouTube channels of Cartoon Network, DreamWorks, or Mattel, much less watched programming from any of them.  *Id.* ¶ 181.  This is dispositive because Article III of the U.S. Constitution and the elements of a claim for "unjust enrichment" and state law right to privacy require showing that the specific defendant caused the alleged harm.  *See generally Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (Article III standing); *Griffith Co. v. Hofues*, 201 Cal. App. 2d 502, 508 (1962) (unjust enrichment); BAJI No. 7.25 (plaintiff must prove "defendant engaged in conduct which invaded plaintiff's privacy interests"); *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 287-88 (2009) (privacy inquiry centers on defendant's actions).  That other Plaintiffs allegedly watched these channels is irrelevant, because "[t]he standing inquiry is both plaintiff-specific and claim-specific."  *Pagán v. Calderón*, 448 F.3d 16, 27 (1st Cir. 2006), as is the substantive law, *e.g.*, BAJI No. 7.25.[5]

## IV.    CONCLUSION

Despite four attempts, Plaintiffs still do not plead any viable claims.  Further amendment would be "futile," and the Court should dismiss this entire action with prejudice.  *Hawyuan Yu v. Dr. Pepper Snapple Grp., Inc.*, 2020 WL 5910071, at *1 (N.D. Cal. Oct. 6, 2020).

---

[5] There is no basis to postpone this analysis of core elements of California law, nor reason to postpone "jurisdictional limits imposed by Article III."  *Los Gatos Mercantile, Inc. v. E.I. Dupont De Nemours & Co.*, 2014 WL 4774611, at *4 & n.5 (N.D. Cal. Sept. 22, 2014).

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

1   Dated: February 24, 2021                    HOGAN LOVELLS US LLP

2                                               By:  /s/ EDITH RAMIREZ
                                                     EDITH RAMIREZ
3                                                    edith.ramirez@hoganlovells.com
                                                     MICHELLE A. KISLOFF (*pro hac vice*)
4                                                    michelle.kisloff@hoganlovells.com
                                                     ADAM A. COOKE (*pro hac vice*)
5                                                    adam.a.cooke@hoganlovells.com
                                                     HOGAN LOVELLS US LLP
6                                                    555 Thirteenth Street, NW
                                                     Washington, DC  20004
7                                                    Telephone:     (202) 637-5600
                                                     Facsimile:     (202) 637-5910
8
                                                     CHRISTOPHER J. COX
9                                                    chris.cox@hoganlovells.com
                                                     HOGAN LOVELLS US LLP
10                                                   4085 Campbell Avenue, Suite 100
                                                     Menlo Park, California  94025
11                                                   Telephone:     (650) 463-4000
                                                     Facsimile:     (650) 463-4199
12
                                                     HELEN Y. TRAC
13                                                   helen.trac@hoganlovells.com
                                                     HOGAN LOVELLS US LLP
14                                                   3 Embarcadero Center, 15th Floor
                                                     San Francisco, California  94111
15                                                   Telephone:     (415) 374-2300
                                                     Facsimile:     (415) 374-2499
16
                                                Attorneys for Defendants, *Google LLC* and
17                                              *YouTube LLC*

18
    Dated: February 24, 2021                    MUNGER, TOLLES & OLSON LLP
19
                                                By:  /s/ JONATHAN H. BLAVIN
20                                                   JONATHAN H. BLAVIN
                                                     jonathan.blavin@mto.com
21                                                   MUNGER, TOLLES & OLSON LLP
                                                     560 Mission Street, Twenty-Seventh Floor
22                                                   San Francisco, California  94105-2907
                                                     Telephone:     (415) 512-4000
23                                                   Facsimile:     (415) 512-4077

24                                                   JORDAN D. SEGALL
                                                     jordan.segall@mto.com
25                                                   NEFI D. ACOSTA
                                                     nefi.acosta@mto.com
26                                                   MUNGER, TOLLES & OLSON LLP
                                                     350 South Grand Avenue, 50th Floor
27                                                   Los Angeles, CA  90071-3426
                                                     Telephone:     (213) 683-9100
28                                                   Facsimile:     (213) 687-3702

Hogan Lovells US
LLP
Attorneys At Law
San Francisco

- 26 -                    MOTION TO DISMISS THIRD AMENDED
                          COMPLAINT 19-CV-07016-BLF

1       Attorneys for Defendant *Mattel, Inc.*

2

        Dated: February 24, 2021       ZWILLGEN LAW LLP

3

            By:   /s/ ANNA HSIA
4                 ANNA HSIA
                  anna@zwillgen.com
5                 ZWILLGEN LAW LLP
                  369 Pine Street, Suite 506
6                 San Francisco, CA  94104
                  Telephone:      (415) 590-2335
7                 Facsimile:      (415) 636-5965

8                 JEFFREY LANDIS *(pro hac vice)*
                  jeff@zwillgen.com
9                 ADYA BAKER *(pro hac vice)*
                  adya@zwillgen.com
10                ZWILLGEN LAW PLLC
                  1900 M Street NW, Suite 250
11                Washington, DC  20036
                  Telephone:      (202) 296-3585
12                Facsimile:      (202) 706-5298

13      Attorneys for Defendants, *DreamWorks Animation L.L.C.* and *DreamWorks Animation*
14      *Television, LLC*

15      Dated: February 24, 2021       FRANKFURT KURNIT KLEIN & SELZ, P.C.

16

17          By:   /s/ JEREMY S. GOLDMAN
                  JEREMY S. GOLDMAN
18                jgoldman@fkks.com
                  AMY LAWRENCE
19                alawrence@fkks.com
                  FRANKFURT KURNIT KLEIN & SELZ,
20                P.C.
                  2029 Century Park East, Suite 2500N
21                Los Angeles, CA  90067
                  Telephone:      (310) 579-9600
22                Facsimile:      (347) 438-2156

23      Attorneys for Defendants, *Hasbro, Inc.* and
        *Hasbro Studios LLC*

24

25      Dated: February 24, 2021       GIBSON, DUNN & CRUTCHER LLP

26          By:   /s/ CHRISTOPHER CHORBA
                  CHRISTOPHER CHORBA
27                cchorba@gibsondunn.com
                  JEREMY S. SMITH
28                jssmith@gibsondunn.com
                  GIBSON, DUNN & CRUTCHER LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:        (213) 229.7000
Facsimile:        (213) 229.7520

Attorneys for Defendants, *The Cartoon Network, Inc.* and *Cartoon Network Studios, Inc.*

Dated: February 24, 2021                VENABLE LLP

By:   /s/ DAVID FINK
        DAVID FINK
        defink@venable.com
        SARAH E. DIAMOND
        sediamond@venable.com
        VENABLE LLP
        2049 Century Park East, Suite 2300
        Los Angeles, CA  90067
        Telephone:        (310) 229-9900
        Facsimile:        (310) 229-9901

        ANGEL A. GARGANTA
        aagarganta@venable.com
        VENABLE LLP
        101 California Street, Suite 3800
        San Francisco, CA  94111
        Telephone:        (415) 653-3750
        Facsimile:        (415) 653-3755

Attorneys for Defendant *PocketWatch, Inc.*

Dated: February 24, 2021                JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE LLP

By:   /s/ MICHAEL J. SALTZ
        MICHAEL J. SALTZ
        msaltz@jrsnd.com
        ELANA R. LEVINE
        lani@jrsnd.com
        JACOBSON, RUSSELL, SALTZ,
         NASSIM & DE LA TORRE LLP
        1880 Century Park East, Suite 900
        Los Angeles, CA  90067
        Telephone:        (310) 446-9900
        Facsimile:        (310) 446-9909

Attorneys for Defendants, *Remka, Inc.; RTR Production, LLC;* and *RFR Entertainment, Inc.*

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 28 -

MOTION TO DISMISS THIRD AMENDED
COMPLAINT 19-CV-07016-BLF

1

**L.R. 5-1(i)(3) ECF Attestation**

2

3      I, Edith Ramirez, am the ECF user whose ID and password are being used to file the

4 following: DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

5 PLAINTIFFS' SECOND AMENDED COMPLAINT.  In compliance with L.R. 5-1(i)(3), I

6 hereby attest that undersigned counsel above have concurred with this filing.

7

8                                              /s/ EDITH RAMIREZ
                                               EDITH RAMIREZ

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 29 -