UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICHOLE HUBBARD, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>GOOGLE LLC, et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-07016-BLF<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>[Re: ECF No. 178] |

Before the Court is Plaintiffs' Motion for Leave to File a Further Amended Complaint. ECF No. 178 ("Mot."). Defendants filed an opposition to the motion. ECF No. 186 ("Opp."). Plaintiffs filed a reply in support of the motion. ECF No. 189 ("Reply"). The Court found this motion suitable for submission without oral argument and vacated the hearing originally scheduled for November 9, 2023. ECF No. 193.

For the reasons stated below, the Court GRANTS Plaintiffs' motion.

**I.　BACKGROUND**

On October 25, 2019, Plaintiffs filed the initial complaint in this action, alleging that Google LLC and the owners of several YouTube Channels violated the privacy rights of children under the age of thirteen by collecting their personal data and information without parental consent when the children access the YouTube platform. ECF No. 1 ¶¶ 1–12. The original complaint raised claims under California law. *Id.* ¶¶ 141–70. On March 26, 2020, Plaintiffs filed an amended complaint that added five new plaintiffs from Colorado, Indiana, Massachusetts, New Jersey, and Tennessee and raised new claims under those states' laws. *See* ECF No. 88. Pursuant to stipulation and Court order, Plaintiffs filed a second amended complaint on April 14, 2020. ECF No. 92.

On December 21, 2020, the Court granted Defendants' motion to dismiss the second amended complaint with leave to amend. ECF No. 117. The Court found that all of Plaintiffs' state law claims were expressly preempted by the Children's Online Privacy Protection Act ("COPPA"). *Id.* at 7–12. The Court later clarified the scope of amendment, stating that "absent specific leave of Court to add parties or claims or a stipulation to amend the complaint in this fashion, Plaintiffs have only been granted leave to amend the existing claims of the current parties." ECF No. 119.

On January 22, 2021, Plaintiffs filed a third amended complaint. ECF No. 121. The third amended complaint added allegations of deception but did not include any additional plaintiffs or new state law claims. On July 1, 2021, the Court granted Defendants' motion to dismiss the third amended complaint, finding again that Plaintiffs' claims were expressly preempted by COPPA. ECF No. 146 at 6–11. The Court granted leave for the Plaintiffs to amend the complaint "if they can substitute proper plaintiffs to represent persons in the 13–16 age range." *Id.* at 11.

On July 30, 2021, Plaintiffs informed the Court that they were unable to amend their complaint to comply with the Court's order dismissing the third amended complaint and advised the Court of their intention not to file an amended complaint. ECF No. 147. The Court entered judgment, ECF No. 148, and Plaintiffs appealed, ECF No. 149.

The Ninth Circuit reversed, holding that "COPPA's preemption clause does not bar state-law causes of action that are parallel to, or proscribe the same conduct forbidden by, COPPA." *Jones v. Google LLC*, 73 F.4th 636, 644 (9th Cir. 2023). The panel remanded to this Court "so that the district court can consider in the first instance the alternative arguments for dismissal, to the extent those arguments were properly preserved." *Id.*

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. A district court ordinarily must grant leave to amend unless one or more of the following "*Foman* factors" is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue

1  prejudice to the opposing party, or (5) futility of amendment. S*ee Eminence Capital, LLC v.*
2  *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182
3  (1962)). "[I]t is the consideration of prejudice to the opposing party that carries the greatest
4  weight." *Id.* However, a strong showing with respect to one of the other factors may warrant
5  denial of leave to amend. *Id.*

**III.   DISCUSSION**

Plaintiffs seek leave to file a fourth amended complaint that would (1) remove allegations of deceptive conduct that are no longer necessary in light of the Ninth Circuit's decision; (2) add new allegations supporting Plaintiffs' claims for injunctive and equitable relief; and (3) add additional plaintiffs and claims for fourteen states. Mot at 1; ECF No. 178-3 (redlined complaint).

Plaintiffs argue that the Court should grant them leave to file the proposed fourth amended complaint because none of the *Foman* factors is present. Mot. at 3. Plaintiffs argue that they did not unduly delay because they brought their motion shortly after this matter was remanded to this Court. *Id.* at 3–4. They also argue that the amendment is brought in good faith with no dilatory motive, they have not repeatedly failed to cure previously identified deficiencies, and amendment is not futile. *Id.* at 4. Finally, Plaintiffs argue that Defendants will not be prejudiced because the proposed fourth amended complaint maintains the same causes of action and substantive allegations as the initial complaint. *Id.*

Defendants oppose the motion for leave. They argue that Plaintiffs have unduly delayed because Plaintiffs could have added the new plaintiffs and new claims when they filed the third amended complaint almost three years ago. Opp. at 3–4. Defendants also argue that Plaintiffs waived their right to seek further amendment because Plaintiffs elected not to amend after their third amended complaint was dismissed. *Id.* at 4–8.

The Court finds that Plaintiffs have satisfied Rule 15's lenient standard, as none of the *Foman* factors counsels against granting leave to amend. The Court will first address each factor and then address Defendants' waiver argument.

**A.   *Foman* Factors**

Undue Delay: The Court finds that Plaintiffs did not unduly delay in bringing their motion

for leave to file the fourth amended complaint. Plaintiffs brought the motion only two months after the Ninth Circuit mandate issued. To the extent that Defendants argue that Plaintiffs unduly delayed by failing to add the new plaintiffs and state law claims to the third amended complaint, any such delay is alone insufficient to deny leave to amend. *See United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1167 (9th Cir. 2016) ("Undue delay by itself is insufficient to justify denying leave to amend."); *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (same). Accordingly, the Court finds that the first *Foman* factor, to the extent that it is present, does not counsel against granting leave to amend.

Bad Faith: Plaintiffs state, and Defendants do not dispute, that Plaintiffs do not bring their motion in bad faith. Accordingly, the Court finds that the second *Foman* factor is not present.

Repeated Failure to Cure Deficiencies in Amendment: Plaintiffs state, and Defendants do not dispute, that Plaintiffs have not repeatedly failed to cure deficiencies in amendment. Accordingly, the Court finds that the third *Foman* factor is not present.

Undue Prejudice to Opposing Party: The Court finds that there is no undue prejudice to Defendants. "The undue prejudice which a court must guard against is that prejudice which would cause a party undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." *Laatz v. Zazzle, Inc.*, No. 22-CV-04844-BLF, 2023 WL 4550941, at *3 (N.D. Cal. Mar. 13, 2023) (quoting *Braun v. Norton*, No. C-05-03777-MJJ, 2006 WL 8459605 (N.D. Cal. Jan. 27, 2006)). Defendants bear the burden of showing prejudice, *DCD Programs, Ltd. V. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987), but Defendants have not raised any argument regarding undue prejudice. In fact, the Court finds that Defendants will not be unduly prejudiced because the fourth amended complaint includes the same causes of action and substantive allegations as the initial complaint. It seeks only to remove unnecessary allegations, include additional evidence, and add parties and state law claims based on the same substantive allegations as the initial complaint. Accordingly, the Court finds that the fourth *Foman* factor is not present.

Futility of Amendment: Plaintiffs state, and Defendants do not dispute, that Plaintiffs' proposed amendment would not be futile. *See Laatz*, 2023 WL 4550941, at *3 (finding that where

defendants made only a cursory argument that claims are futile, defendants failed to meet "their heavy burden of proving futility of amendment"). Accordingly, the Court finds that the fifth *Foman* factor is not present.

### B. Waiver

Defendants argue that "the Ninth Circuit has made clear that a plaintiff's strategic decision to accept a final judgment and appeal rather than taking the opportunity to amend the complaint waives the plaintiff's right to further amend." Opp. at 4. Plaintiffs respond that Defendants rely on inapposite case law to support this conclusion and that the law is clear that a district court may permit amendment after remand from an appeal. Reply at 3.

The Court agrees with Plaintiffs that Defendants' case law is inapposite. The two Ninth Circuit cases on which Defendants rely are cases in which the appellate court affirmed the lower court's dismissal and then considered whether the plaintiff should be granted leave to amend the complaint to address the affirmed deficiencies. *See Robles v. GOJO Indus., Inc.*, No. 22-55627, 2023 WL 4946601, at *2 (9th Cir. Aug. 3, 2023); *Rick-Mik Enterprises, Inc. v. Equilon Enterprises LLC*, 532 F.3d 963, 976–77 (9th Cir. 2008). The third case is a bankruptcy appeal to the Central District of California in which the question before the district court was whether the bankruptcy court abused its discretion in imposing restrictions on appeal and whether those restrictions were proper. *See In re Ferrante*, No. SACV 22-1087-MWF, 2022 WL 17540997, at *7 (C.D. Cal. Dec. 6, 2022). Unlike the plaintiffs in *Robles* and *Rick-Mik Enterprises*, Plaintiffs are not seeking leave to amend after losing on appeal and Plaintiffs are not seeking leave to amend pleadings that the Ninth Circuit has considered. Unlike in *Ferrante*, Plaintiffs do not argue that previous restrictions on prior amendments, if any, were an abuse of discretion. The Court's prior orders dismissing Plaintiffs' second and third amended complaints addressed only preemption and directed Plaintiffs to allege facts that might allow the complaint to survive preemption. *See* ECF No. 119 at 1; ECF No. 146 at 11. Similarly, the Ninth Circuit's decision on appeal addressed only preemption. *See Jones*, 73 F.4th at 644. Now that the issue of preemption has been resolved, Plaintiffs seek leave to amend allegations in the complaint the merits of which no court has yet considered. With respect to these allegations, this is effectively a new case. For this reason,

5

permitting leave to file the proposed fourth amended complaint does not implicate the same problems of gamesmanship, piecemeal appeals, and multiplicity of litigation that Defendants invoke in their opposition. Opp. at 5. As such, the Court finds that Plaintiffs have not waived their right to seek further amendment.

Moreover, the Court has discretion to permit amendment after a remand from appeal. The Ninth Circuit has made clear that "[a]bsent a mandate which explicitly directs to the contrary, a district court upon remand can permit the plaintiff to 'file additional pleadings, vary or expand the issues . . . .'" *Nguyen v. United States*, 792 F.2d 1500, 1502 (9th Cir. 1986) (quoting *Rogers v. Hill*, 289 U.S. 582, 587–88 (1933)). Because leave to amend under Rule 15 should "be applied with extreme liberality" and none of the *Foman* factors counsels against leave to amend, the Court finds it appropriate to exercise its discretion to permit Plaintiffs to file the proposed fourth amended complaint.

**IV.  ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion for Leave to File a Further Amended Complaint (ECF No. 178) is GRANTED. Plaintiffs SHALL file the fourth amended complaint on the docket within 3 days of the date of this Order.

2. Defendants' pending Motion to Dismiss (ECF No. 166) is TERMINATED without prejudice to Defendants filing a motion to dismiss Plaintiffs' fourth amended complaint.

Dated: November 13, 2023

_____
BETH LABSON FREEMAN
United States District Judge