UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLE HUBBARD, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE LLC, et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-07016-BLF  (SVK)<br><br>**ORDER RE DISCOVERY SUBMISSIONS AND SETTING HEARING**<br><br>Re: Dkt. Nos. 204, 205, 206 |

Before the Court are three Joint Submissions regarding disputes arising out of the following negotiated orders: 1) Fed. R. Evid. 502(d) Order;  2) ESI Order;  and 3) Protective Order.  Dkt. Nos. 204, 205, 206.  The Parties represent that they have met and conferred extensively and reached agreement on most of the terms, with a handful of issues remaining for the Court to resolve.  The Court determines that the issues relating to the 502(d) Order and the Protective Order may be resolved without oral argument.  Civ. L.R. 7-1(b).  In addressing the ESI issues, the Parties and the Court will benefit from an **in-person hearing on January 23, 2024, at 10 a.m.**

## I.　　502(d) Order  (Dkt. 204)

The Parties identify three disputes: 1) language to be included in the "Purpose" section; 2) whether inadvertence is a requirement for clawing back privileged documents; and 3) certain procedures following a clawback notice.  Dkt. 204 at 1.  The first and second issues are closely related as both concern the role of Rule 502(b) and its "inadvertence" requirement as it relates to a negotiated Rule 502(d) order.  The Court finds Defendants' position on this issue to be the more persuasive and practical.  A practical utility of a 502(d) order is to allow timely production of vast volumes of documents by providing a means for retrieving privileged documents outside of the circumstances set forth in 502(b).  Requiring that the elements of 502(b), including inadvertence,

be satisfied to allow clawback largely undoes this benefit. The Court does not, however, adopt Defendants' proposed language in the "Purpose" section wholesale. The Court's modified order is attached hereto as Exhibit A in redline for the Parties to finalize and submit to the Court for signature.

Regarding the procedures following a clawback notice, it is the experience of this Court that the subject documents are not used by the receiving party in challenging confidentiality. Such arguments are properly based upon information in the privilege log and other relevant facts outside of the subject documents. The Court adopts the Defendants' proposed compromise language. Dkt. 204 at 9.

## II.     Protective Order (Dkt. 206)

The Parties' dispute regarding which party is tasked with bringing a motion to challenge confidentiality designations is mooted by this Court's standard amendment to section 6.3 as set forth in Exhibit B in redline for the Parties to finalize and submit for Court signature.

In resolving the dispute regarding identification of experts before disclosing highly confidential attorneys-eyes only information, the Court adopts the compromise position as set forth by Defendants in Dkt. 206 at 7. On balance, the Court finds that Defendants' interests in protecting highly sensitive information from unknown third-party experts, even Plaintiffs' experts, outweighs Plaintiffs' concern of a "tactical one-way advantage by requiring Plaintiffs to disclose their experts far earlier than they otherwise would have to." Dkt. 206 at 4. The proposed compromise, which reflects language used by the Court in the other similarly postured cases, affords the necessary protection to Defendants' highly sensitive data with minimal burden on or detriment to Plaintiffs.

## III.    ESI Order  (Dkt. 205)

The Court is very familiar with the challenges of identifying, collecting and preserving relevant data from vast collections of data as are likely present in this case. Neither the Plaintiffs' nor the Defendants' current proposals are feasible. To assist the Parties in formulating suitable ESI protocols, the Court provides the general guidelines set forth below. The Court will address the issues raised in Dkt. 205 at an **in-person hearing on January 23, 2024**, at which time counsel appearing **must be prepared and have authority to engage in constructive steps to develop**

**ESI search and preservation protocols**. The Parties are strongly encouraged to meet and confer in advance of the hearing with these guidelines in hand in an effort to develop protocols without the assistance of Court intervention.

- First, the Northern District of California's ESI Guidelines and ESI Model Order require a level of transparency as to the producing parties' data sources (such as, without limitation: teams, departments, data logs, databases, in some cases, individuals) and means of searching those sources (such as, without limitation, search terms) for responsive documents.

- It would appear in this case that Google and perhaps YouTube are situated differently than the Channel Defendants in terms of quantity and scope of relevant data. *See* Dkt. 205. Further, the Channel Defendants have already started collecting and producing documents. Accordingly, it may be that different ESI protocols are warranted at least as between these two groups of Defendants.

- It is not clear from the Joint Submission whether Plaintiffs have served requests for production and how such requests have or will be factored into the ESI protocols.

- Regardless of Defendant, the allegations in the Fourth Amended Complaint ("FAC") provides sufficient framework for the development ESI search protocols. The Court is aware that the FAC is subject to a pending motion to dismiss, for which briefing is underway. Dkt. 203. Nevertheless, the Court's case management order stands and substantial production of documents relating to class certification must be completed by April, 23, 2024. Dkt. 205 at 1.

**SO ORDERED.**

Dated: January 9, 2024

SUSAN VAN KEULEN
United States Magistrate Judge