UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLE HUBBARD, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC, et al.,<br><br>    Defendants. | Case No. 19-cv-07016-SVK<br><br>**ORDER SETTING CASE SCHEDULE AND GRANTING MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 265, 269 |

On May 23, 2024, the Parties appeared for a status hearing following reassignment of this action to the undersigned. This Order follows.

I.  **CASE SCHEDULE**

As discussed on the record during the hearing, the Court sets the following case schedule:

- Deadline for Plaintiffs to designate the subject areas of expected testimony for all experts in support of motion for class certification pursuant to Federal Rule of Civil Procedure 26(a)(2)(A):  **June 5, 2024**

- Deadline to substantially complete document discovery related to class certification:  **June 19, 2024**

- Deadline for Defendants to designate the subject areas of expected testimony for all experts in opposition to motion for class certification pursuant to Federal Rule of Civil Procedure 26(a)(2)(A) and/or rebuttal experts:  **July 3, 2024**

- Deadline for Plaintiffs to designate the subject areas of expected testimony for all rebuttal in connection with class certification (if necessary):  **July 24, 2024**

- Deadline for Plaintiffs to file motion for class certification and all supporting declarations, expert reports, evidence and other papers:  **September 18, 2024**

- Deadline for Defendants to file opposition to Plaintiffs' motion for class certification and all supporting declarations, evidence and other papers, including expert reports and rebuttal expert reports: **October 30, 2024**
- Deadline for Plaintiffs to file reply in support of motion for class certification and rebuttal expert reports: **December 11, 2024**
- Hearing on Plaintiffs' motion for class certification: **January 21, 2025**

## II. PLAINTIFFS' MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT

The Parties also presented the Court with argument on Plaintiffs' motion for leave to file fifth amended complaint. *See* Dkt. 265 (the "Motion"). Plaintiffs seek to amend their operative complaint for two reasons: (1) to replace certain unresponsive Plaintiffs, who are the sole representatives of their states, with new Plaintiffs who will serve as representatives of those states; and (2) to withdraw from this action (without replacement) all Plaintiffs representing South Carolina and South Dakota (who are also unresponsive) along with all of Plaintiffs' claims arising under the laws of South Carolina and South Dakota. *See id.* at 2.

The Honorable Beth Labson Freeman had previously set November 6, 2023, as the deadline for Plaintiffs to seek leave to amend the operative complaint. *See* Dkt. 173. Because that date has passed, permitting Plaintiffs to amend their operative complaint would require modifying the case schedule under Federal Rule of Civil Procedure 16. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause under Rule 16 "primarily considers the diligence of the party seeking the amendment." *See Coleman*, 232 F.3d at 1294 (citation omitted).

Given the circumstances leading to multiple reassignments of this action in recent months, Plaintiffs acted with sufficient diligence in seeking leave to amend their operative complaint. Although it is not clear when Plaintiffs first learned of the unresponsiveness of the at-issue Plaintiffs, the record reflects that Plaintiffs were certainly aware of this unresponsiveness by February 2024. At that time, Defendants' motion to dismiss the operative complaint was pending, and Judge Freeman held a hearing on that motion on February 22, 2024. *See* Dkt. 229. It is

understandable that Plaintiffs would not raise the issue of certain Plaintiffs' unresponsiveness and Plaintiffs' potential need to amend their operative complaint if they expected Judge Freeman to issue a decision on the motion to dismiss.  And Plaintiffs did ultimately bring the issue to the Court's attention just two weeks after Judge Freeman recused herself from this action (at which point it was unclear when the Court would issue a decision on Defendants' motion to dismiss).  *See* Dkts. 249, 256.

Because Plaintiffs satisfy the good-cause standard of Rule 16, the Court must now consider whether it should grant leave to amend under Rule 15.  *See Calvary Chapel San Jose v. Cody*, No. 20-cv-03794-BLF, 2021 WL 4427384, at *1 (N.D. Cal. Sept. 27, 2021).  In deciding whether to grant leave to amend under Rule 15, the Court considers several factors:  (1) undue delay; (2) bad faith; (3) dilatory motive; (4) repeated failure to cure deficiencies through previously allowed amendments; (5) undue prejudice to opposing parties; and (6) futility of amendment.  *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003).  But

> [n]ot all of the factors merit equal weight. . . .  [I]t is the consideration of prejudice to the opposing party that carries the greatest weight. . . .  Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.

*Id.* at 1052 (emphasis and citations omitted).  The Rule 15 factors weigh in favor of granting the Motion:

**Undue Delay.**  At the hearing, the Parties agreed that Plaintiffs' proposed amendments would not substantively alter Plaintiffs' allegations.  In that vein, Defendants expressed a desire not to undergo another round of motion-to-dismiss briefing and did not indicate that they would need to file another motion to dismiss to address any of Plaintiffs' new allegations.  Thus, granting the Motion would not require any further briefing that would derail the case schedule.  Permitting Plaintiffs to amend their operative complaint would also not impact the case schedule, and the newly added Plaintiffs will be bound to the deadlines set by the Court's schedule.

**Bad Faith.**  Defendants blend their undue-delay and bad-faith arguments, and the Court

has already determined that granting the Motion will not result in any undue delay. *See* Dkt. 270 at 4-5.

**Dilatory Motive.**  The record does not reflect any dilatory motive on the part of Plaintiffs, and Defendants do not argue otherwise.

**Repeated Failure To Cure Deficiencies.**  This factor is irrelevant because Plaintiffs do not seek leave to amend to cure any previously identified deficiencies in their pleading, and Defendants do not argue otherwise.

**Undue Prejudice.**  Defendants will suffer no prejudice if the Court grants the Motion—Plaintiffs are not seeking to add substantive allegations to their pleading, Defendants will not need to file a new motion to dismiss, Plaintiffs represented at the hearing that they will provide responses to Defendants' already served discovery requests for the newly added Plaintiffs without requiring Defendants to serve new discovery requests and the discovery deadlines set by the Court at the hearing will apply to discovery concerning those newly added Plaintiffs.[1]

**Futility Of Amendment.**  Defendants argue that amendment would be futile, but their argument effectively asks the Court to rule on the pending motion to dismiss (*i.e.*, amendment would be futile because Plaintiffs' allegations are fatally flawed such that this action should be dismissed). *See id.* at 5.  The Court declines to rule on the motion to dismiss prematurely.

\* \* \*

In sum, the Rule 15 factors weigh in favor of granting leave to amend.  The Court therefore **GRANTS** the Motion as follows:

- Plaintiffs shall file their amended pleading by **May 28, 2024**.
- Plaintiffs may add or remove allegations only to the extent proposed in the Motion; Plaintiffs may not add new claims.
- Any newly added Plaintiffs shall file magistrate-judge-consent forms by **May 31, 2024**.
- The Court will treat Defendants' pending motion to dismiss as responsive to Plaintiffs' forthcoming pleading such that:  (1) the new pleading will not moot the motion to dismiss;

---

[1] If the newly added Plaintiffs fail to comply with discovery deadlines, such failure may be highly prejudicial to Defendants.

4

and (2) Defendants need not file a new motion to dismiss.[2]

**SO ORDERED.**

Dated: May 24, 2024

                                                 *Susan van Keulen*
SUSAN VAN KEULEN
United States Magistrate Judge

---

[2] Defendants may seek leave to file a new motion to dismiss for good cause by **June 4, 2024**.