1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 NICHOLE HUBBARD, et al.,                           Case No.  19-cv-07016-SVK

8                   Plaintiffs,

9          v.                                       **ORDER SEALING
                                                    SIXTH AMENDED COMPLAINT**
10 GOOGLE LLC, et al.,                              Re: Dkt. No. 287

11                   Defendants.

12         Plaintiffs recently filed their sixth amended complaint and a redline against their prior

13 operative complaint.  *See* Dkts. 286 (the "SAC"), 286-1.  They redacted portions of those filings

14 that disclose information which Defendants Google LLC and YouTube, LLC (collectively,

15 "Google") have designated as confidential under the protective order in this action, and they move

16 for the Court to consider the propriety of those redactions.  *See* Dkt. 287.  Google filed a response,

17 arguing in favor of maintaining very limited portions of Plaintiffs' redactions.  *See* Dkt. 290.

18 Specifically, Google requests that the Court seal the following information encompassed by the

19 redactions:  (1) the identities of Google customers; (2) the identity of a Google employee; and (3)

20 the identity of an employee of a Google customer.

21         "The public has a right of access to the Court's files."  Civil Local Rule 79-5(a).  To

22 overcome that right in connection with seeking to seal portions of a complaint, a party must

23 provide "compelling reasons" justifying the request.  *See, e.g.*, *DeMartini v. Microsoft Corp.*, No.

24 22-cv-08991-JSC, 2023 WL 4205770, at *1-2 (N.D. Cal. June 26, 2023).

25         Google seeks to seal the identities of its customers to preserve its competitive standing.

26 That satisfies the compelling-reasons standard.  *See, e.g.*, *Apex.AI, Inc. v. Langmead*, No. 23-cv-

27 02230-BLF, 2023 WL 4157629, at *1-2 (N.D. Cal. June 23, 2023); *True Health Chiropractic Inc.*

28 *v. McKesson Corp.*, No. 13-cv-02219-HSG, 2019 WL 11743580, at *2 (N.D. Cal. Aug. 13, 2019).

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1   Compelling reasons also exist to seal the names of the two employees identified in the SAC; they

2   are non-parties to this action, and their names are irrelevant to the Parties' claims and defenses.

3   *See, e.g., Oracle Partners, L.P. v. Concentric Analgesics, Inc.*, No. 20-cv-03775-HSG, 2021 WL

4   1022874, at *2 (N.D. Cal. Mar. 17, 2021); *Am. Auto. Ass'n of N. Cal., Nev. & Utah v. Gen. Motors*

5   *LLC*, No. 17-cv-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019).

6          Accordingly, the Court **SEALS** the following information in the SAC and SAC redline:

| Paragraphs Of Dkts. 286, 286-1 | Information To Be Redacted |
|---|---|
| 258-260; 262-264; 268-269 | Identities of Google customers |
| 265 | Identity of Google employee |
| 267 | Identities of Google customer and that customer's employee |

By **August 12, 2024**, Plaintiffs shall publicly file copies of the SAC and SAC redline with

redactions of only the above-identified information.  The unredacted copies of these documents at

Dkts. 287-3 and 287-4 shall remain under seal.

          **SO ORDERED.**

Dated: August 5, 2024

_____
SUSAN VAN KEULEN
United States Magistrate Judge

2