UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLE HUBBARD, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC, et al.,<br><br>    Defendants. | Case No. 19-cv-07016-SVK<br><br>**TENTATIVE RULINGS ON DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 295 |

The Parties are set to appear for a hearing on Defendants' pending motion to dismiss on December 17, 2024. *See* Dkts. 295 (the "Motion"), 305-06. To facilitate a productive discussion of the issues at the hearing, the Court issues the following tentative rulings. The Court's evaluation of the briefing continues, and the Court will hear argument on any issue that either side wants to address at the hearing.

## I.   PRIVACY CLAIMS

The Court is inclined to deny dismissal of the privacy claims because Plaintiffs have sufficiently alleged that Google engaged in highly offensive conduct by: (1) targeting children to use YouTube, a website through which Google collected users' data; and (2) knowingly violating the COPPA through its collection of the data of children using YouTube. These allegations push Google's conduct beyond the routine commercial behavior described in the Court's prior order (Dkt. 281) because Plaintiffs had not previously offered sufficient allegations from which the Court could reasonably infer that Google <u>targeted</u> children or <u>knowingly</u> violated the COPPA.

///

///

///

///

## II.  UNJUST-ENRICHMENT CLAIMS

Defendants argue that the Court should dismiss the unjust-enrichment claims because, *inter alia*, they did not allegedly engage in unjust behavior. *See* Motion at 17-18. The Court has reviewed Plaintiffs' brief (the "Opposition" at Dkt. 297), and it does not appear that Plaintiffs have expressly opposed this argument. *See also* Dkt. 300 at 3 ("Plaintiffs also offer no substantive response to the reasons why all their unjust enrichment claims fail."). If that is indeed the case, then the Court is inclined to dismiss the unjust-enrichment claims, as Plaintiffs have apparently conceded the propriety of Defendants' argument. At the hearing, Plaintiffs should be prepared to discuss whether they have addressed this argument in the Opposition. If they have, then they should also be prepared to explain how they have sufficiently alleged the unjust nature of Defendants' conduct. If the Court deems Plaintiffs' opposition to the argument as not waived, then it is inclined to treat the "unjust" inquiry as parallel to the "highly offensive" inquiry under the privacy claims.

## III.  CONSUMER-PROTECTION CLAIMS

The Court is inclined to accept Plaintiffs' allegations of a privacy loss and reject their allegations of economic loss.[1] Based on the Court's review of the various state statutes in question, privacy loss will suffice to state a claim: (1) for damages under the statutes of Indiana, Massachusetts, New Hampshire and Washington; and (2) for equitable or injunctive relief under the statutes of Florida, Massachusetts, Michigan, New Hampshire, Tennessee and Washington.

## IV.  EQUITABLE RELIEF

The Court is inclined to deny dismissal of Plaintiffs' requests for equitable relief. Plaintiffs have sufficiently alleged that they suffered a loss of privacy, and no legal relief could remedy that harm. That loss of privacy is ongoing so long as Google retains Plaintiffs' data, and so Plaintiffs have standing to pursue injunctive relief. This Court is also not precluded from issuing injunctive relief that goes beyond the relief afforded by the preexisting injunction, and this

---

[1] If the Court denies dismissal of the unjust-enrichment claims, then the survival of those claims may constitute a sufficient allegation of economic loss. But the Court is not inclined to accept as sufficient any of Plaintiffs' other allegations of economic loss.

2

Court could fashion such relief in a way that does not conflict with the requirements of the preexisting injunction.

### V. CHANNEL OWNERS

The Court is inclined to dismiss the Channel Owners from this action. The Channel Owners did not collect Plaintiffs' data, and so they cannot be held directly liable for any of Plaintiffs' claims. Plaintiffs also do not offer sufficient allegations that allow the Court to reasonably infer that the Channel Owners knew Google was collecting Plaintiffs' data in apparent violation of the COPPA, and so they cannot be held secondarily liable under aiding-and-abetting or "common plan" theories.

**SO ORDERED.**

Dated: December 11, 2024

_____
SUSAN VAN KEULEN
United States Magistrate Judge