# EXHIBIT 2

## SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release ("Agreement") is made by and between Plaintiffs C.H., a minor, by and through their guardian ad litem Nichole Hubbard; E.J., N.J., A.J., and L.J., minors, by and through their guardian ad litem Cara Jones; J.A.E. and J.R.E., minors, by and through their guardian ad litem Justin Efros; M.W., a minor, by and through their guardian ad litem Renee Gilmore; A.G., a minor, by and through their guardian ad litem Jay Goodwin; T.B. and S.B., minors, by and through their guardian ad litem Derek Buchanan; D.T. and D.T., minors, by and through their guardian ad litem Amanda Seeley; B.H., a minor, by and through their guardian ad litem Jason Hoffman; P.A. and J.A., minors, by and through their guardian ad litem Antonio Alvarez; S.H. and D.M, minors, by and through their guardian ad litem Veronica Hicks; C.L.P., a minor, by and through their guardian ad litem Sarah Dunaway; A.A., a minor, by and through their guardian ad litem Pennie Frazier; J.C. and E.M., minors, by and through their guardian ad litem Lezlie Collins; L.D., D.D., A.D, minors, by and through their guardian ad litem Holly Dorso; E.B., A.B., C.B., Z.B., and I.B., minors, by and through their guardian ad litem Steven Burda; M.W., B.N., and W.N., minors, by and through their guardian ad litem Michelle Wall; G.W., a minor, by and through their guardian ad litem Doug Wilkerson; and M.W.D., C.J.D., and C.A.D., minors, by and through their guardian ad litem Billy Dardanelli (the "Settlement Class Representatives" or the "Plaintiffs"), on behalf of themselves and others similarly situated (collectively, the "Settlement Class"), on the one hand, and Google LLC, a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California, ("Google"), and YouTube LLC, a Delaware corporation with its principal place of business at 901 Cherry Ave., San Bruno, California ("YouTube," and together with Google, "Defendants," and together with Plaintiffs, the "Parties"), on the other hand. The Parties intend this Agreement to fully, finally, and forever resolve, discharge, and settle the Released Claims (as the term is defined below), subject to the terms and conditions of this Agreement, and subject to approval of the Court.

WHEREAS, in October 2019, Plaintiffs filed a putative class action against Defendants and certain owners and/or operators of YouTube channels in the Northern District of California, captioned *Hubbard, et al. v. Google LLC, et al.*, Case No. 5-19-CV-07016, alleging violations of certain federal and state laws (the "Action");

WHEREAS, between October 2019 and the present, the Parties briefed and the Court ruled on multiple motions to dismiss (Dkt. 65, 93, 162, 166, 203, 295);

WHEREAS, on January 13, 2025, the Court granted in part and denied in part Defendants' motion to dismiss Plaintiffs' Sixth Amended Complaint (Dkt. 318);

WHEREAS, during the pendency of the litigation, the Parties have conducted discovery and analyzed the merits of the claims and defenses asserted in the Action;

WHEREAS, on May 5, 2025, the Parties participated in an in-person mediation with a JAMS mediator;

WHEREAS, Defendants have denied and continue to deny each allegation and all charges of wrongdoing or liability of any kind whatsoever asserted or that could have been asserted in the Action; and

WHEREAS, while Plaintiffs believe these claims are meritorious and while Defendants vigorously dispute such claims, without in any way agreeing as to any fault or liability, the Parties have agreed to enter into this Settlement Agreement as an appropriate compromise of all claims, to put to rest all controversy, and to avoid the uncertainty, risk, expense, and burden of protracted and costly litigation that would be involved in prosecuting and defending the Action;

NOW, THEREFORE, it is hereby agreed by the Parties that, in consideration of the undertakings, promises, releases, and payments set forth in this Agreement, and upon the entry by the Court of a Final Order and Judgment approving and directing the implementation of the terms and conditions of this Agreement, the Action shall be settled, compromised, and dismissed with prejudice, without costs to Plaintiffs, Settlement Class Members, or Defendants except as provided herein, upon the terms and conditions set forth below.

## 1. DEFINITIONS

Whenever the following capitalized terms are used in this Agreement and in the attached exhibits (in addition to any definitions elsewhere in this Agreement), they shall have the following meanings:

**1.1** "Action" means the case entitled *Hubbard, et al. v. Google LLC, et al.*, Case No. 5:19-CV-07016, pending in the United States District Court for the Northern District of California.

**1.2** "Affiliates," with respect to a Party, shall mean (i) all entities now or in the future controlling, controlled by or under common control with that party; (ii) all entities in the past controlling, controlled by or under common control with that party, for the period of time that such control exists or existed; and (iii) predecessors, successors or successors in interest thereof, including all entities formed or acquired by that party in the future that come to be controlled by that party. For purposes of this definition, "control" means possession directly or indirectly of the power to direct or cause the direction of management or policies of a company or entity through the ownership of voting securities, contract, or otherwise, and "entities" includes all Persons, companies, partnerships, corporations, associations, organizations, and other entities. For the

avoidance of doubt, Affiliates do not include the owners and/or operators of YouTube channels previously dismissed as defendants in the Action.

**1.3** "Agreement," "Settlement," or "Settlement Agreement" means the settlement embodied in this Settlement Agreement and Release, including all exhibits (which are an integral part of this Agreement and are incorporated in their entirety by reference).

**1.4** "Claim" means a Settlement Class Member's Claim Form submission that may, if valid, entitle the Settlement Class Member to a Settlement Payment.

**1.5** "Claimant" means a Settlement Class Member who has submitted a Claim that the Settlement Administrator has determined is valid and timely in accordance with the claims process described in Section 4.

**1.6** "Claim Form" means, in a form mutually agreeable to the Parties, the document Settlement Class Members submit to make a Claim pursuant to this Agreement.

**1.7** "Claims Deadline" means the date by which Settlement Class Members must submit all Claim Forms for the Claim Forms to be timely, as set forth in Paragraph 4.2.

**1.8** "Class Action Complaint" means the Complaint filed by Plaintiffs on October 25, 2019 in the Action and all amended complaints filed thereafter, including the Sixth Amended Complaint filed on July 22, 2024, and the Seventh Amended Complaint that will be filed in connection with this Settlement Agreement.

**1.9** "Court" means the United States District Court for the Northern District of California, the Hon. Susan van Keulen presiding, or any judge who succeeds her as the judge in this Action.

**1.10** "Day" or "days" refers to calendar days.

**1.11** "Defendants' Counsel" means the law firm of Hogan Lovells US LLP.

**1.12** "Effective Date" means the first day after a Final Order and Judgment is entered in the Action granting approval to the terms of this Agreement without modification (unless any modification is accepted by all Parties to this Agreement, pursuant to Paragraph 15.3) *and* either of the following events also has occurred: (i) the date upon which the time to appeal the Final Order and Judgment expires with no appeal having been filed; or (ii) the date upon which any such appeal of the Final Order and Judgment is successfully resolved such that, in either case, the Final Order and Judgment approving this Agreement is no longer subject to any challenge on direct appeal.

**1.13**    "Electronic or Other Payment" means payment via an electronic payment option or a non-electronic payment option to be selected by Claimants on the Claim Form.

**1.14**    "Escrow Agent" means J.P. Morgan Chase.

**1.15**    "Excluded Settlement Class Member" means any Person meeting the Settlement Class definition who has timely and validly exercised his, her or its right to be excluded from the Settlement Class.

**1.16**    "Exclusion List" means the list of all Excluded Settlement Class Members.

**1.17**    "Fee Award" means any attorneys' fees, reimbursement of expenses, and other costs awarded by the Court to Settlement Class Counsel from the Settlement Fund.

**1.18**    "Final Approval Hearing" means the hearing before the Court where (i) the Parties request that the Court approve this Agreement as fair, reasonable, and adequate; (ii) the Parties request that the Court enter a Final Order and Judgment in accordance with this Agreement; and (iii) Settlement Class Counsel request approval of their petition for attorneys' fees, expenses, and costs, as well as any requested service award to the Settlement Class Representatives.

**1.19**    "Final Order and Judgment" is the final judgment and order to be entered by the Court following the Final Approval Hearing approving the Settlement set forth in this Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and dismissing the Action with prejudice and without costs (except as specified in this Agreement), without modifying any terms of this Agreement that either Party deems material.

**1.20**    "Google" means Google LLC, as successor to Google Inc., and its Affiliates, agents, assigns, attorneys, directors, divisions, employees, officers, members, or other representatives.

**1.21**    "Net Settlement Fund" means the Settlement Fund, reduced by the sum of the following amounts: Notice and Administrative Costs, Fee Award, Service Awards, and any other administrative fees and expenses in connection with this Agreement, including taxes as set forth in Paragraph 3.6.

**1.22**    "Notice" means the notice of this proposed Settlement and the Final Approval Hearing disseminated to the Settlement Class through the Notice Plan.

**1.23**    "Notice and Administrative Costs" means all costs and expenses incurred in the dissemination of Notice to the Settlement Class; the establishment of the Settlement Website; the

administrative processing, handling, review, and payment of Claims; and all other expenses reasonably necessary for effective Notice and administration of the Settlement pursuant to the Preliminary Approval Order and other Court orders.

**1.24** "Notice Date" means the date on which Notice to Settlement Class Members is complete. The Notice Date shall be no later than 30 (30) days following entry of the Preliminary Approval Order.

**1.25** "Notice of Proposed Class Action Settlement" means any material that will be publicly posted or disseminated by the Settlement Administrator to notify the Settlement Class about the Settlement as described in the Notice Plan.

**1.26** "Notice Plan" means the process by which Notice will be disseminated to the Settlement Class by the Notice Date.

**1.27** "Objection" means the written notice that a Settlement Class Member may submit to the Court in order to object to the Settlement.

**1.28** "Objection and Exclusion Deadline" means the date by which a Settlement Class Member must submit an Objection to this Agreement or a Request for Exclusion to the Settlement Administrator. The Objection and Exclusion Deadline shall be no more than forty-five (45) days from the Notice Date.

**1.29** "Online Data" is defined as information that Plaintiffs allege was improperly collected by Defendants from the Settlement Class, including but not limited to location information, device or network information, and YouTube watch and search history.

**1.30** "Party" means any one of the Plaintiffs or Defendants, and "Parties" means Plaintiffs and Defendants.

**1.31** "Person" means an individual or legal entity, including an association, or his, her, or its respective successors or assigns.

**1.32** "Plan of Allocation" means the methodology for allocating and distributing the Net Settlement Fund to Settlement Class Members with Valid Claims.

**1.33** "Preliminary Approval Order" means the order issued by this Court (i) granting preliminary approval of this Settlement under Fed. R. Civ. P. 23(e)(2); (ii) provisionally certifying the Settlement Class; (iii) appointing Plaintiffs as Class Representatives and their counsel as Settlement Class Counsel; (iv) approving the form and manner of the Notice Plan and appointing a Settlement Administrator; (v) establishing the Objection and Exclusion Deadline; (vi) finding

that Defendants have complied with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715; and (vii) scheduling the Final Approval Hearing.

**1.34**    "Rejected Claimant" means a Person or entity who submitted a Claim that the Settlement Administrator deemed invalid or untimely.

**1.35**    "Released Claims" means any and all claims, liabilities, rights, demands, arbitrations, suits, actions, causes of action, obligations, damages, penalties, costs, attorneys' fees, losses, and remedies of every kind or description against the Releasees—whether known or unknown, existing or potential or that hereafter may exist or might have existed, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—that in any way relate to or arise from the allegations in the Class Action Complaint(s), regardless of whether such claims arise under federal, state, and/or local law, statute, ordinance, regulation, common law, or other source of law, including without limitation any claims that were or could have been brought by a parent or legal guardian on behalf of a minor child. Released Claims do not include any claims relating to the enforcement of the Settlement.

**1.36**    "Releasees" means Defendants, their Affiliates, and Defendants' and their Affiliates' officers, directors, employees, members, agents, attorneys, insurers, reinsurers, trustees, shareholders, investors, divisions, predecessors, successors, assigns, transferees, and all other individuals and entities acting on Defendants' behalf in connection with the Released Claims.

**1.37**    "Releasing Party" means Plaintiffs and all Settlement Class Members and each of their respective parents or legal guardians, trustees, beneficiaries, assigns, heirs, estates, and all other individuals or entities acting or claiming to act on a Releasing Party's behalf.

**1.38**    "Request for Exclusion" or "Opt-Out Form" means the document Settlement Class Members submit to request exclusion from the Settlement Class, which must be completed and returned in the manner and within the time period specified in Section 7.

**1.39**    "Residual Settlement Payment" means the amount, if any, to be paid to the Residual Cy Pres Recipient after all distributions to Settlement Class Members.

**1.40**    "Residual Cy Pres Recipient" means the entities, to be approved by the Court, that will receive the Residual Settlement Payment, if any. Should the Court not approve of Center for Digital Democracy and Common Sense Media as cy pres recipients receiving an equal share of the Residual Settlement Payment, if any, the Parties will identify an alternative Residual Cy Pres Recipient for the Court's approval.

**1.41**    "Service Award" means any amount awarded by the Court to the Settlement Class Representatives for their time and effort in bringing this Action and for serving as Settlement Class Representatives.

**1.42**    "Settlement Administrator" means the third-party class action settlement administrator to be recommended by Settlement Class Counsel and approved by the Court, whose responsibilities will include overseeing and implementing the Notice Plan and managing expenditures from the Settlement Fund until all financial obligations under this Agreement have been satisfied and no funds remain in the Settlement Fund.

**1.43**    "Settlement Class" means all Persons in the United States who, at any time during the Settlement Class Period, were under 13 years old, and watched content allegedly directed to children on YouTube.

**1.44**    "Settlement Class Counsel" means Silver Golub & Teitell LLP and Pritzker Levine LLP.

**1.45**    "Settlement Class Member" means any Person who qualifies under the definition of "Settlement Class," excluding: (i) Defendants, their subsidiaries and affiliates, officers, and directors; (ii) the judge(s) to whom these cases are or have been assigned and any member of the judge's or judges' immediate family; (iii) Persons who submit a valid and timely Request for Exclusion pursuant to Section 7; and (iv) Settlement Class Counsel.

**1.46**    The "Settlement Class Period" is July 1, 2013 to April 1, 2020.

**1.47**    "Settlement Fund" means the total sum that Defendants will pay in connection with this Agreement, which will be deposited into an account as described in Paragraphs 3.1.

**1.48**    "Settlement Payment" means the amount of money a Settlement Class Member is entitled to from the Net Settlement Fund based on submission of a Valid Claim, as further described in Paragraph 3.10.

**1.49**    "Settlement Website" means the third-party website, referred to in Paragraph 6.4, created and maintained by the Settlement Administrator to provide, among other things, the Notice of Proposed Class Action Settlement and containing the Seventh Amended Complaint, and other information about this Agreement and the Notice of Proposed Class Action Settlement.

**1.50**    "Valid Claim" means a Settlement Class Member's Claim Form, the accuracy of which the Settlement Class Member has attested to under penalty of perjury, and that the Settlement Administrator has deemed valid, not fraudulent, and timely and accepted for Settlement Payment.

**1.51** "YouTube" means YouTube LLC and its Affiliates, agents, assigns, attorneys, directors, divisions, employees, officers, members, or other representatives.

## 2. SETTLEMENT PURPOSES ONLY

**2.1** This Agreement is for settlement purposes only, and, to the fullest extent permitted by law, neither the fact, content, or negotiation of this Agreement nor any action based on it shall constitute, be construed as, or be admissible in evidence as an admission of the validity of any claim or fact alleged by Plaintiffs in the Action or in any other action, or of any wrongdoing, fault, violation of law, or liability of any Party. Likewise, neither the fact, content, or negotiation of this Agreement nor any action based on it shall constitute, be construed as, or be admissible in evidence as an admission by any of the Parties of the validity or lack thereof of any claim, allegation, or defense asserted in this Action, or in any other action. Defendants expressly deny any liability or wrongdoing whatsoever.

**2.2** Subject to approval by the Court, Defendants conditionally agree to certification of the Settlement Class for settlement purposes only and within the context of this Agreement only. If for any reason this Agreement is not approved or is otherwise terminated, Defendants reserve the right to assert any and all objections and defenses to certification of a class, and neither this Agreement nor any order or other action relating to this Agreement shall be offered as evidence in support of a motion to certify a class or for a purpose other than settlement pursuant to this Agreement.

**2.3** If the Court does not enter the Preliminary Approval Order or the Final Order and Judgment, or the Effective Date does not otherwise occur, this Settlement Agreement will be deemed null and void ab initio. In that event:

(A)     The Preliminary Approval Order and the Final Order and Judgment, if they have been entered by the Court, will be vacated by operation of law;

(B)     The Parties will be restored to their respective positions immediately preceding execution of the Agreement, and any intervening Court rulings or decisions shall be vacated;

(C)     No term or condition of the Agreement, or any draft thereof, or any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions shall have any effect; nor shall any such matter be admissible in evidence for any purpose in the Action or any other proceeding; nor shall any such matter be used in the Action for any purpose whatsoever;

8

(D)    Defendants will retain all of their rights to object to any attempt by Plaintiffs to reference, cite to, or rely upon, in any way, the Agreement or any factual or legal statement or conclusion within it, including as to the feasibility of the maintenance of the Action as a class action.

## 3. SETTLEMENT BENEFITS

**3.1    Settlement Fund.** Defendants shall deposit in an interest-bearing escrow account designated and controlled by the Escrow Agent the total sum of thirty million dollars ($30,000,000) as the Settlement Fund. The Settlement Fund will represent the full payment to be made by and total financial commitment of Defendants under this Agreement, from which all obligations with respect to costs related to this Agreement will be paid, including Settlement Payments, Notice and Administrative Costs, Service Awards, Fee Award, and any other administrative fees and expenses in connection with this Agreement, including taxes. Defendants shall deposit the first installment of one million dollars ($1,000,000) within twenty-five (25) days of entry of the Preliminary Approval Order. The Escrow Agent shall provide wiring instructions and an executed IRS Form W-9, along with any other necessary forms, to Defendants within three (3) days of entry of the Preliminary Approval Order. The remaining twenty-nine million dollars ($29,000,000) shall be deposited within twenty-five (25) days of entry of the Final Order and Judgment. If this Agreement is terminated pursuant for any reason provided herein, the Escrow Agent shall return all funds to Defendants within ten (10) days of the termination date; provided, however, that the Escrow Agent need not return any funds already spent by the Settlement Administrator on Notice and on reasonable Settlement Administrator expenses before the termination date. Other than the Settlement Fund, Defendants shall have no financial obligations to Plaintiffs, the Settlement Class, or the Settlement Administrator under this Agreement.

**3.2    No Liability.** Defendants, Defendants' Counsel, and Releasees shall have no liability, obligation, or responsibility with respect to the investment, disbursement, or other administration or oversight of the Settlement Fund and shall have no liability, obligation, or responsibility with respect to any liability, obligation, or responsibility of the Escrow Agent and/or Settlement Administrator, including but not limited to, liabilities, obligations, or responsibilities arising in connection with the investment, disbursement, or other administration of the Settlement Fund. Defendants also shall have no liability whatsoever with respect to (i) any act, omission, or determination by Settlement Class Counsel, the Escrow Agent, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the Plan of Allocation; (iii) the determination, administration, or calculation of Settlement Payments; or (iv) the payment or withholding of taxes or related expenses, or any expenses or losses incurred in connection therewith.

**3.3    Satisfaction of Obligations.** Defendants' transfer of payments to the Settlement Fund under Paragraph 3.1 shall constitute full and complete satisfaction of their obligations under

this Agreement. Settlement Class Members shall look solely to the Settlement Fund for settlement and satisfaction against Releasees of all claims that are released herein; any Fee Award; any Notice and Administrative Costs; all Service Awards; and all administrative or other costs and expenses arising out of or related to the Action or the Settlement. Settlement Class Members shall not under any circumstances be entitled to any further payment from Releasees with respect to the Released Claims, the Action, or the Settlement. If the Settlement Agreement becomes final and effective, payment of the Settlement Fund will fully satisfy any and all Released Claims. Except as provided by order of the Court, no Settlement Class Member shall have any interest in the Settlement Fund or any portion thereof.

      **3.4**    **Custody.** All funds in the Settlement Fund shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Agreement and/or further order(s) of the Court.

      **3.5**    **Qualified Settlement Fund.** The funds in Settlement Fund shall be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468B-1, and the Escrow Agent shall be designated as "administrator" of the Settlement Fund under the Internal Revenue Code and applicable regulations. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund. The Escrow Agent shall provide an accounting of any and all funds in the Settlement Fund, including any accrued interest and payments made, upon request of any Party.

      **3.6**    **Taxes.**

      (A)    Any tax liability, together with any interest or penalties imposed thereon, incurred by Defendants or any Releasees resulting from income earned on the Settlement Fund while under the control of the Escrow Agent, or payments made from the Settlement Fund (or the receipt of any payment under this paragraph), shall be reimbursed from the Settlement Fund in the amount of such tax liability, interest or penalties promptly upon and in no event later than five (5) days after Defendants' or any Releasees' written request to the Escrow Agent, provided that such request is made reasonably in advance of distribution or finalizing preparations for distribution of monies from the Settlement Fund.

      (B)    Neither Defendants nor any Releasees nor Settlement Class Counsel shall have any liability, obligation, or responsibility whatsoever for tax obligations arising from Settlement Payments or Service Awards, or based on the activities and income of the Settlement Fund while under the control of the Escrow Agent. In addition, neither Defendants nor any Releasees shall have any liability, obligation, or responsibility whatsoever for tax obligations arising from payments to Settlement Class Counsel. The Escrow Agent will be solely responsible for tax obligations

relating to the activities and income of the Settlement Fund while under the control of the Escrow Agent. Each Claimant will be solely responsible for his or her tax obligations. Each Settlement Class Counsel attorney or firm will be solely responsible for his, her, or its tax obligations.

**3.7** **Disposition of the Settlement Fund.** The Settlement Fund shall be applied as follows:

(A) To pay all Notice and Administrative Costs;

(B) To pay the taxes described herein;

(C) To pay any Fee Award and Service Awards;

(D) To distribute the Net Settlement Fund to Claimants in accord with the Final Order and Judgment or any subsequent order of the Court;

(E) If a residual amount remains after the distribution in Paragraph (D) above, to make the Residual Settlement Payment to the Residual Cy Pres Recipient.

**3.8** **No Reversion.** No portion of the Settlement Fund or interest thereon will revert to Defendants.

**3.9** **Settlement Payments to Settlement Class Members**. After the Effective Date, Settlement Payments shall be made from the Net Settlement Fund to Settlement Class Members who submit Valid Claims in accordance with the Plan of Allocation described in Paragraph 3.10.

**3.10** **Plan of Allocation.** The Net Settlement Fund shall be allocated to Claimants pursuant to a Plan of Allocation approved by the Court.

**3.11** **Disposition of Residual Amounts.** If, despite the best efforts of the Settlement Administrator, a residual amount remains after an initial distribution (for example, because some claims contain erroneous payment information that cannot be corrected), all remaining funds shall be distributed on a pro rata basis to those Claimants whose initial payments are cashed in a second distribution. If, however, the Settlement Administrator determines that the cost of fairly distributing any remaining balance in a second distribution exceeds the balance available to be distributed, the remaining balance shall, subject to Court approval, be paid to the Residual Cy Pres Recipient as a Residual Settlement Payment.

**3.12** **Payment Method.** For each Claimant, the Settlement Administrator shall make Settlement Payments through an Electronic or Other Payment option to be selected by the

11

Claimant. Settlement Class Members with Valid Claims who fail to provide sufficient or correct information to permit such Electronic or Other Payment, shall, after a reasonable attempt to resolve any such Settlement Payment issues, relinquish their right to Settlement Payments. Settlement Class Members receiving Settlement Payments via check shall have ninety (90) days to deposit, cash, or negotiate the checks; otherwise, the checks will become null and void. In such instances, the uncashed checks will be handled according to Paragraph 3.11.

## 4. CLAIMS PROCESS

**4.1**    **Claim Form.** Each Settlement Class Member shall be entitled to submit no more than one Claim as described in this section.

(A)    The Claim Form shall, among other terms, require the following information regarding the Settlement Class Member: (1) mailing address; (2) the month and year that the Settlement Class Member was born; (3) an attestation that the Settlement Class Member watched content allegedly directed to children on YouTube during the Settlement Class Period; (4) if the Settlement Class Member is under 18 as of the Notice Date, the identification of the parent or legal guardian acting on behalf of the Settlement Class Member; and (5) an affirmation under oath that the information provided is true and correct.

(B)    Claim Forms must be submitted by the Settlement Class Member or his or her parent or legal guardian. No Claim Forms will be accepted from third parties.

(C)    The Claim Form will be available on the Settlement Website and may be completed and submitted online.

**4.2**    **Deadline to file claims.** To be considered timely, all Claim Forms must be submitted by the Claims Deadline. The Claims Deadline shall be clearly stated in the Notice, on the Claim Form, and on the Settlement Website.

(A)    Claim Forms submitted electronically on the Settlement Website must be submitted by 11:59 p.m. Pacific Time on the Claims Deadline.

(B)    Late claims may be considered if deemed appropriate by the Settlement Administrator in consultation with Settlement Class Counsel, or if ordered by the Court.

**4.3**    **Claims Review.** The Settlement Administrator shall review all Claims to determine their validity. The Settlement Administrator may reject any Claim that does not comply in any

material respect with the instructions on the Claim Form; is not submitted by a Settlement Class Member or his or her parent or legal guardian; is a duplicate of another Claim; is deemed by the Settlement Administrator to be a fraudulent Claim; or is submitted after the Claims Deadline.

4.4     **Notification of Rejected Claims**. The Settlement Administrator shall promptly notify, via the address information provided by the Settlement Class Member, all Rejected Claimants whose Claim Form the Settlement Administrator proposed to reject, in whole or in part, and provide its reasons. Settlement Class Members shall be given an opportunity to cure the deficiencies identified by the Settlement Administrator within twenty-one (21) days of the Settlement Administrative providing its reasons for rejecting the claim, in whole or in part. The Settlement Administrator will review any additional information provided by Settlement Class Members in response and determine whether those claims are valid or remain deficient.

4.5     **Claims Processing**. As soon as reasonably possible after the Claims Deadline, after all Claims have been processed to determine their validity, the Settlement Administrator will provide Settlement Class Counsel and Defendants' Counsel with a list of Claimants with Valid Claims and a list of all Claims it deems invalid, deficient, potentially fraudulent, and/or untimely.

4.6     **Reporting and Claims Database**. The Settlement Administrator will maintain a database of Claims, which will include all relevant information captured from the Claim Forms.

## 5. SUBMISSION FOR PRELIMINARY APPROVAL

5.1     Settlement Class Counsel shall submit this Agreement to the Court and request that the Court enter the Preliminary Approval Order in a form mutually agreed to by the Parties. The Parties shall cooperate with each other in preparing all papers supporting Settlement approval.

## 6. NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

6.1     The Settlement Administrator will be allocated up to one million dollars ($1,000,000) out of the Settlement Fund to implement the Notice Plan, subject to Court approval as part of the Preliminary Approval Order.

6.2     The specific text and content of the Notice Plan and Notice of Proposed Class Action Settlement will be mutually agreed upon by the Parties before submission of this Agreement for preliminary approval.

6.3     The Settlement Administrator will oversee and implement the Notice Plan. Although the Settlement Administrator may purchase commercial services at standard rates from Defendants as part of the Notice Plan, Defendants otherwise have no obligation to implement the Notice Plan or otherwise facilitate delivery of the Notice of Proposed Class Action Settlement.

All costs associated with the Notice Plan and Settlement Administrator will be paid from the Settlement Fund as set forth in Section 3.

**6.4**    The Settlement Website shall (i) post, without limitation, the Seventh Amended Complaint, this Settlement Agreement, Long Form Notice, Claim Form, and Opt-Out Form; (ii) notify Settlement Class Members of their rights to object or opt out; (iii) inform Settlement Class Members that they should monitor the Settlement Website for developments; (iv) provide estimates of the Settlement Payments based on the number of Claimants; and (v) notify Settlement Class Members that no further notice will be provided to them once the Court enters the Final Order and Judgment, other than through updates on the Settlement Website. The Settlement Website also will include answers to frequently asked questions; a list of important deadlines; case documents, and contact information for the Settlement Administrator. The Parties and the Settlement Administrator will jointly select the domain name for the Settlement Website and agree on the content of the Settlement Website.

**6.5**    The Settlement Website will remain active until all Settlement Funds have been distributed.

**6.6**    The Settlement Administrator will establish appropriate means by which Settlement Class Members may submit questions regarding the Settlement. The Settlement Administrator will respond promptly to administrative inquiries received from Settlement Class Members and may direct substantive inquiries to Settlement Class Counsel.

**6.7**    Within ten (10) days after filing of this Settlement Agreement with the Court, the Settlement Administrator, on Defendants' behalf, shall notify the appropriate state and federal officials of this Agreement pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. Before any preliminary approval hearing, the Settlement Administrator shall provide proof of service of such notice for filing with the Court. All costs associated with providing CAFA notice pursuant to this paragraph shall be paid directly by Defendants and not be paid out of the Settlement Fund.

## 7. SETTLEMENT CLASS MEMBERS' RIGHT OF EXCLUSION

**7.1**    A member of the Settlement Class may request exclusion from the Settlement Class up until the Objection and Exclusion Deadline. To request exclusion, the Person must complete, sign, and submit to the Settlement Administrator a Request for Exclusion. The Request for Exclusion must be signed or e-signed by the Person seeking exclusion (or that Person's parent or legal guardian if the Person is under 18 as of the Notice Date) under penalty of perjury and may be submitted electronically on the Settlement Website.

**7.2** The Request for Exclusion must be submitted no later than 11:59 p.m. Pacific Time on or before the Objection and Exclusion Deadline.

**7.3** Any Person or entity who falls within the definition of the Settlement Class and who validly and timely requests exclusion from the Settlement through a Request for Exclusion shall not be a Settlement Class Member; shall not be bound by the Settlement Agreement; shall not be eligible to make a Claim for any benefit under the terms of the Settlement Agreement; and shall not be entitled to submit an Objection to the Settlement.

**7.4** The Parties shall have the right to challenge the timeliness and validity of any Request for Exclusion. The Court shall determine whether any contested Request for Exclusion is valid.

**7.5** Within five (5) days after the Objection and Exclusion Deadline, the Settlement Administrator will provide the Parties a list of all members of the Settlement Class who opted out by submitting valid Requests for Exclusion. This Exclusion List shall be filed with the Court as part of the Motion for Final Approval.

**7.6** **Termination Based On Opt-Outs.** If the number of Persons validly requesting exclusion exceeds the number set forth in the confidential Attachment A hereto, then Defendants may, after meeting and conferring in good faith with Settlement Class Counsel, notify Settlement Class Counsel in writing that they have elected to terminate this Settlement Agreement. Such notification of intent to terminate the Settlement Agreement must be provided within twenty-one (21) days of the date that the Exclusion List is provided to the Parties by the Settlement Administrator. If this Settlement Agreement is terminated, it will be deemed null and void ab initio and Section 15 below will apply.

## 8. OBJECTIONS

**8.1** Any Person who is a part of the Settlement Class and does not submit a valid and timely Request for Exclusion may object to the fairness, reasonableness, or adequacy of this Agreement. Such Persons may not seek to exclude themselves from the Settlement Class *and* submit an Objection to this Agreement.

**8.2** **Submission of Objections.** Any Settlement Class Member who wishes to object to any aspect of this Agreement must file a written statement of the objection(s) with the Court by the Objection and Exclusion Deadline. The written statement of the objection(s) must (i) identify the case name and number, (ii) state the Settlement Class Member's full name, address, email address, and telephone number; (iii) include the full name, address, telephone number, and email address of the Objector's counsel (if any); (iv) state whether the objection applies only to the

15

objector or to others; (v) state with specificity each objection; (vi) state whether the Objector intends to appear in person or through counsel at the Final Approval Hearing, and (vii) be verified by an accompanying declaration submitted under penalty of perjury or a sworn affidavit attesting that the Objector is a member of the Settlement Class.

**8.3**    Settlement Class Members may raise an objection either on their own or through an attorney hired at their own expense. If a Settlement Class Member retains an attorney other than Settlement Class Counsel to represent him or her, the attorney must, no later than twenty-one (21) days before the Final Approval Hearing or as the Court otherwise may direct, file a notice of appearance with the Court. If a Settlement Class Member makes an Objection through an attorney, that Settlement Class Member shall be solely responsible for his or her attorney's fees and costs unless the Court orders otherwise.

**8.4**    A Settlement Class Member who has submitted a timely written Objection may attend the Final Approval Hearing at his or her own expense.

**8.5**    Objections must be submitted by the Objection and Exclusion Deadline.

(A)    Objections submitted through ECF must be submitted by 11:59 p.m. Pacific Time on the date of the Objection and Exclusion Deadline.

(B)    Objections submitted by postal mail must be postmarked by the Objection and Exclusion Deadline. The date of the postmark on the envelope containing the written statement objecting to the Settlement shall be the exclusive means used to determine whether an Objection has been timely submitted. If a postmark is illegible or unavailable, the date of mailing shall be deemed to be three days before the date that the Court scans the Objection into the electronic case docket.

**8.6**    Any Settlement Class Member who fails to comply with the provisions of Paragraphs 8.1 through 8.5 shall waive and forfeit any and all rights he or she may have to appear separately and/or object, shall be bound by all the terms of this Agreement and by all proceedings, orders, and judgments in the Action, and shall be forever barred from making any objection to the Agreement and the proposed Settlement by appearing at the Final Approval Hearing, appeal, via a collateral attack, or otherwise.

## 9. SETTLEMENT ADMINISTRATION

**9.1    Duties of Settlement Administrator**. The Settlement Administrator, in conjunction with the Escrow Agent, shall perform the functions specified in this Agreement, including, but not limited to, overseeing administration of the Settlement Fund; coordinating

Notice to Settlement Class Members; establishing and operating the Settlement Website and a toll-free number; administering the claims processes; and distributing Settlement Payments according to the processes and criteria set forth herein. In addition to other responsibilities that are described in this Agreement, the duties of the Settlement Administrator include:

(A)     Effecting Notice in accordance with the procedures set forth herein;

(B)     Establishing and maintaining the Settlement Website that, among other things, allows Settlement Class Members to submit Claims electronically;

(C)     Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries;

(D)     Responding to any mailed or emailed Settlement Class Member inquiries;

(E)     Processing all Requests for Exclusion from the Settlement Class;

(F)     Providing periodic reports with information requested by Plaintiffs' Counsel and/or Defendants' Counsel.

(G)     Before the Final Approval Hearing, preparing affidavits to submit to the Court that: (i) attest to implementation of the Notice Plan in accordance with the Preliminary Approval Order; and (ii) identify each member of the Settlement Class who timely and properly provided written Requests for Exclusion; reviewing, determining the validity of, and processing all Claims submitted by Settlement Class Members, pursuant to criteria set forth herein;

(H)     Providing any information as may be needed for a post-distribution accounting as set forth in the Northern District of California Procedural Guidance for Class Action Settlements;

(I)     Verifying that Settlement Payments have been distributed in accordance with this Agreement; and

(J)     Performing CAFA notice and any and all other reasonable and necessary tasks.

## 10. SUBMISSION FOR FINAL APPROVAL

**10.1**    At least thirty-five (35) days before the Final Approval Hearing, Plaintiffs, in consultation with Defendants, shall move the Court for entry of the Final Order and Judgment:

(A)    Final approval of the Settlement, finding the terms of this Settlement to be fair, reasonable, and adequate and in the best interest of Settlement Class Members;

(B)    A finding that the Notice complied with the Settlement Agreement, all applicable law, and due process;

(C)    Distribution of the Settlement Fund and approval of the Settlement Payments and Residual Settlement Payments; and

(D)    Dismissal of the Action with prejudice, entry of judgment, and entry of the Final Order and Judgment.

## 11. SETTLEMENT CLASS COUNSEL FEES AND COSTS AND SERVICE AWARDS

**11.1**    Settlement Class Counsel may apply to the Court for an award of attorneys' fees, costs, and expenses. Any Fee Award approved by the Court will be paid out of the Settlement Fund, as specified in Paragraphs 3.1 and 3.7. It is not a condition of this Settlement that any particular Fee Award or Service Award be approved by the Court, or that such fees, costs, expenses or awards be approved at all, and the finality and effectiveness of the Settlement will not be dependent on the Court awarding any particular amount for the Fee Award or the Service Award. Defendants expressly reserve the right to oppose any motion seeking a Fee Award or Service Award.

**11.2**    A motion for award of attorneys' fees, costs, and expenses by Settlement Class Counsel must be filed at least thirty-five (35) days before the Objection and Exclusion Deadline. Settlement Class Counsel's motion for attorneys' fees, costs, and expenses will also be posted on the Settlement Website. In the motion for preliminary approval of the Settlement and supporting papers, Settlement Class Counsel will specify the maximum amount of the Settlement Fund they will seek from the Court as attorneys' fees, as well as the total amount of costs and expenses (or best estimates for costs and expenses not yet charged) for which reimbursement will be sought. These amounts will also be disclosed in the Notice, which shall be posted on the Settlement Website.

**11.3**    Any order or proceeding relating to the amount of any award of attorneys' fees, costs, or expenses or service awards, or any appeal from any order relating thereto, or reversal or

modification thereof, shall not operate to modify, terminate, or cancel this Settlement Agreement, or affect or delay the finality of the Final Order and Judgment or Effective Date, except that any modification, order, or judgment cannot result in Defendants' overall obligations exceeding the Settlement Fund specified in Paragraph 3.1.

**11.4**    Any Fee Award approved by the Court shall be paid to Settlement Class Counsel out of the Settlement Fund as follows:

(A)    Fifty percent (50%) of the Fee Award shall be paid within thirty-five (35) days of the entry of the Final Order and Judgment and the Fee Award.

(B)    If no appeal is timely filed from either the Final Order and Judgment or the Fee Award, then the remaining fifty percent (50%) of the Fee Award shall be paid within thirty-five (35) days of the entry of the Final Order and Judgment and the Fee Award.

(C)    If an appeal is timely filed from either the Final Order and Judgment or the Fee Award, then the remaining fifty percent (50%) shall be paid within twenty (20) days of the Effective Date.

**11.5**    In the event that the Effective Date does not occur, or the Judgment or the Fee Award is reversed or modified, or the Settlement Agreement is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes final and not subject to review, and in the event that the Fee Award has been paid to any extent, then Settlement Class Counsel who received any portion of the Fee Award shall be obligated, within ten (10) days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, to refund to the Settlement Fund all fees, costs, and expenses previously paid to them from the Settlement Fund plus interest at least at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. Each such Settlement Class Counsel's law firm receiving fees, costs, and expenses, as a condition of receiving the Fee Award, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing this provision, and are each jointly and severally liable and responsible for any required repayment. Settlement Class Counsel signing this Agreement further stipulate, warrant, and represent, that they are equity partners in their respective law firms and have both the actual and apparent authority to enter into this provision on behalf of the law firms. In the event Settlement Class Counsel and/or their law firms fail to repay any amounts that are owed pursuant to this provision, the Court shall, on application of Defendants, summarily issue orders, including but not limited to judgments and attachment orders, and make appropriate findings for sanctions for contempt of Court.

19

**11.6**    Defendants shall have no responsibility for or liability whatsoever with respect to any distribution or allocation of any Fee Award.

**11.7**    In recognition of Plaintiffs' efforts on behalf of the Settlement Class, and subject to Court approval, Settlement Class Counsel may apply to the Court for an award for each guardian of a Plaintiff of up to $1,500 per guardian, as appropriate compensation for time and effort expended in serving as Class Representatives. Any order or proceeding relating to the amount of any Service Awards, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Settlement Agreement, or affect or delay the finality of the Final Order and Judgment or Effective Date, except that any modification, order, or judgment cannot result in Defendants' overall obligations exceeding the Settlement Fund specified in Paragraph 3.1. Any Service Awards approved by the Court will be distributed from the Settlement Fund within fourteen (14) days of the Effective Date. Defendants shall have no responsibility for or liability whatsoever with respect to any distribution or allocation of any Service Award. To the extent the Effective Date does not occur, Defendants shall have no obligation to pay any Service Awards.

**11.8**    Except as otherwise provided in this section, each Party will bear its own costs, including attorneys' fees, incurred in connection with the Action.

## 12. RELEASES

**12.1**    Upon the Effective Date of this Agreement, the Releasing Parties shall release, forever discharge, will not in any manner pursue this Action, and shall be forever barred from asserting, instituting or maintaining against the Releasees, any and all Released Claims, as defined in this Agreement.

**12.2**    The Parties, including Plaintiffs, fully understand that the facts on which this Settlement Agreement is executed may be different from the facts now believed by the Parties and their counsel to be true. The Parties expressly accept and assume the risk of this possible difference in facts and agree that this Settlement Agreement remains effective despite any difference in facts. The Parties intend to hereby fully, finally, and forever settle this Action and release all of the Released Claims, unknown or unknown, suspected or unsuspected, that the Releasing Parties have against the Releasees. In furtherance of such intention, the release provided herein shall be and remain in effect as a full and complete release of the Released Claims notwithstanding the discovery or existence of any such additional different claims or facts.

**12.3**    The Parties stipulate and agree that, upon the Effective Date, Releasing Parties shall expressly, knowingly, and voluntarily waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542 (and all other similar provisions

of federal and state law) to the full extent that these provisions may be applicable to this release. The Parties further agree that this waiver is an essential and material term for this Settlement. The Releasing Parties understand that California Civil Code § 1542 provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

**12.4** Release of the Released Claims shall not bar a claim, complaint, action, or proceeding for breach of this Settlement Agreement.

## 13. EXCLUSIVE REMEDY; DISMISSAL OF ACTION; JURISDICTION OF COURT

**13.1** This Agreement shall be the sole and exclusive remedy for any and all Released Claims. Upon the Effective Date, each Releasing Party shall be barred from initiating, asserting, or prosecuting any Released Claims against Defendants or other Releasees. If any Releasing Party attempts to prosecute an action in contravention of the Final Order and Judgment and this Agreement, counsel for any of the Parties may forward this Agreement and the Final Order and Judgment to such Releasing Party and advise him, her, or it of the release provided pursuant to this Agreement.

**13.2** Upon entry of Final Order and Judgment, the Action shall be dismissed with prejudice.

**13.3** Before pursuing relief or submitting any dispute relating to this Agreement or the Action to the Court, the Parties agree to mediate the dispute before filing any claim or initiating any court proceeding.

**13.4** The Court shall retain exclusive jurisdiction to enforce, interpret, and implement the Settlement Agreement, including any dispute, action, suit or proceeding arising out of or related to this Agreement.

## 14. SUCCESSORS AND ASSIGNS

**14.1** This Agreement and the obligations and benefits of this Agreement will be binding upon and inure to the benefit of, and be enforceable by and against, each of the Parties and their respective successors and assigns. The Parties have an affirmative duty to ensure that this Agreement and the obligations and benefits of this Agreement will be binding upon and inure to

the benefit of, and be enforceable by and against, each of the Parties and their respective successors and assigns.

## 15. TERMINATION OF THE AGREEMENT

**15.1**    The performance of this Agreement is expressly contingent upon achieving the Effective Date. This includes both (i) the entry of the Preliminary Approval Order approving this Agreement, the Notice Plan, and the Final Order and Judgment approving this Agreement, and the expiration of all appeal periods and appeal rights without modification to the Final Order and Judgment that any Party deems material. If the Court fails to issue either (i) the Preliminary Approval Order or (ii) the Final Order and Judgment approving this Agreement without modification that any Party deems material following conclusion of the Final Approval Hearing, or if the circumstances in Paragraph 7.6 are met this Agreement will be deemed terminated.

**15.2**    If the Court orders additions or modifications to this Agreement deemed material by any Party, the Parties will each have the right to terminate the Settlement Agreement within fourteen (14) days from the date of the Court's order or proposal. If the other Party contests the materiality of the addition or modification to the Agreement, the Parties shall mediate the issue before a Magistrate Judge of the Northern District of California or such other Person to whom the Parties mutually agree. If any Party elects to terminate the Settlement Agreement pursuant to this section, the Agreement will be deemed null and void ab initio and the provisions of Paragraph 15.5 will apply.

**15.3**    If the Final Order and Judgment is vacated, modified in a manner deemed material by any Party, or reversed, in whole or in part, this Agreement will be deemed terminated, unless all Parties who are adversely affected thereby, within fourteen (14) days of receipt of such ruling, agree in writing to proceed with this Agreement as modified by the Court or on appeal.

**15.4**    Notwithstanding the foregoing, Plaintiffs and/or Settlement Class Counsel will not be entitled to terminate this Settlement Agreement based on any order relating to Settlement Class Counsel's anticipated motion for a Fee Award or motion for Service Awards, nor any appeal from such order or reversal or modification thereof.

**15.5**    If this Agreement is deemed terminated pursuant to any provision, it will have no force or effect whatsoever, shall be null and void, and will not be admissible as evidence for any purpose in any pending or future litigation in any jurisdiction.

## 16. CONFIDENTIALITY

**16.1**    Other than responses to inquiries from governmental entities or as necessary to comply with federal and state tax and securities laws, no Party shall initiate any publicity relating

to or make any public comment regarding this Agreement until a motion seeking the Preliminary Approval Order is filed with the Court.

**16.2**    Unless and until all Parties execute this Agreement and present it to the Court in a motion seeking the Preliminary Approval Order, the Parties agree that all terms of this Agreement will remain confidential and subject to Federal Rule of Evidence 408.

## 17. MISCELLANEOUS PROVISIONS

**17.1**    This Agreement, including all attached exhibits, shall constitute the entire agreement among the Parties (and covering the Settlement Class) with regard to the subject matter of this Agreement and shall supersede any previous agreements and understandings between the Parties. The Parties are not relying on any statements or representations that are not contained in this Agreement.

**17.2**    Each Party represents and warrants that it enters into this Agreement of his, her, or its own free will. Each Party is relying solely on its own judgment and knowledge and is not relying on any statement or representation made by any other Party or any other Party's agents or attorneys concerning the subject matter, basis, or effect of this Agreement.

**17.3**    This Agreement has been negotiated at arm's length by Settlement Class Counsel and Defendants' Counsel. In the event of any dispute arising out of this Agreement, or in any proceeding to enforce any of the terms of this Agreement, no Party shall be deemed to be the drafter of this Agreement or of any particular provision or provisions, and no part of this Agreement shall be construed against any Party on the basis of that Party's identity as the drafter of any part of this Agreement.

**17.4**    The Parties agree to work in good faith to effectuate this Agreement. The Parties agree to cooperate fully and to take all additional action that may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement. Defendants' Counsel will be provided with copies of the motions for preliminary approval and final approval papers at least seven (7) days prior to filing, unless otherwise agreed to in writing by Defendants' Counsel.

**17.5**    The headings of the sections of this Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

**17.6**    This Agreement shall be interpreted, enforced, construed and controlled by the laws of the State of California, without reference to principles of conflicts of law or choice of law provisions.

23

**17.7** The invalidity or unenforceability of any provision of this Agreement other than the Release in Section 12 shall not affect the validity or enforceability of any other provision. If any provision (or part of a provision) of this Agreement is found to be invalid, illegal, or unenforceable, the rest of the Agreement shall remain in effect, unless any Party deems the invalid or unenforceable provision material to the Agreement in which case the Parties will follow the procedure set out in Paragraph 15.2.

**17.8** The Releasees shall have the right to file the Settlement Agreement and/or the Final Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**17.8** The following specific prohibitions shall apply to the Settlement Agreement:

(A)    No Assignment: The Settlement Agreement, including any of the rights and duties of each Party under the Agreement, may not be assigned without prior written approval by the other Parties.

(B)    No Waiver: No Party will be treated as having waived any rights or privileges, including the attorney-client privilege, as the result of the Settlement Agreement. Additionally, a waiver of any breach of the Settlement Agreement by any Party shall not be deemed to be a waiver by any Party of any other breach of the Agreement.

(C)    No Third-Party Beneficiaries: The Settlement Agreement does not confer any benefits on any third party.

**17.9** This Agreement may be executed by the Parties in counterparts and exchanged by electronic means, including facsimile, PDF, and other electronic means, with the same effect as if all Parties had signed the same instrument.

**17.10** Any amendment must be in writing, signed by the Parties, and expressly state that it is amending the Settlement Agreement.

**17.11** Defendants reserve the right to continue any and all ordinary-course-of-business communications with Settlement Class Members. Should it become evident in the course of any such communication that a Settlement Class Member is inquiring regarding the Settlement memorialized in this Agreement, Defendants shall refer the inquiry to the Settlement Administrator or to Settlement Class Counsel.

**17.12**  Any notice, instruction, court filing, or other document to be given by any Party to any other Party shall be in writing and sent by email, delivered personally or sent by registered or certified mail, postage prepaid, or overnight delivery service to the respective representatives identified below or to other recipients as the Court may specify. As of the date of this Agreement, these respective representatives are as follows:

**For the Settlement Class**:

To Silver Golub & Teitell LLP
Attn: Steven L. Bloch
One Landmark Square
Stamford, CT 06901
sbloch@sgtlaw.com

To Pritzker Levine LLP
Attn: Jonathan K. Levine
1900 Powell Street, Suite 450
Emeryville, CA 94608
jkl@pritzkerlevine.com

**For Defendants**:

To Google and YouTube:
General Counsel
Legal Department
Google LLC
1600 Amphitheatre Parkway
Mountain View, CA 94043
legal-notices@google.com

To Hogan Lovells US LLP
Attn: Adam Cooke
555 Thirteenth Street, NW
Washington, DC 20004
adam.a.cooke@hoganlovells.com

**17.13**  This Agreement shall be dissolved, and shall be null and void, if the Parties do not execute this Agreement, if the Court does not preliminarily or finally approve this Agreement, or if this Agreement does not become final and effective due to any ruling on any appeals or remand from any appeals. If the Court does not approve this Agreement in its entirety, or if the approval is not upheld in its entirety on any appeals and remand from any appeals, this Agreement cannot be enforced against any Party.

**17.14**  The Parties each represent and warrant that they have not sold, assigned, transferred, conveyed, subrogated, or otherwise disposed of any claim or demand covered by this Agreement. If a Releasing Party has sold, assigned, transferred, conveyed, subrogated, or otherwise disposed of any claim or demand, the Person that acquired such claim or demand is bound by the terms of this Agreement to the same extent as the Releasing Party would have been but for the sale, assignment, transfer, conveyance, or other disposition.

**17.15**  Each Person who executes this Agreement represents and warrants that such Person has all the requisite authority, has obtained all necessary approvals to do so, and that they are duly authorized to execute this Agreement on behalf of the Parties they purport to represent. Settlement Class Counsel has any and all authority and capacity necessary to execute this Agreement and bind all of the Plaintiffs, acting through their guardians, as if each such person had personally executed this Agreement.

<u>**Agreed and Accepted**</u>

On behalf of the Settlement Class, including Plaintiffs C.H., a minor, by and through their guardian ad litem Nichole Hubbard; E.J., N.J., A.J., and L.J., minors, by and through their guardian ad litem Cara Jones; J.A.E. and J.R.E., minors, by and through their guardian ad litem Justin Efros; M.W., a minor, by and through their guardian ad litem Renee Gilmore; A.G., a minor, by and through their guardian ad litem Jay Goodwin; T.B. and S.B., minors, by and through their guardian ad litem Derek Buchanan; D.T. and D.T., minors, by and through their guardian ad litem Amanda Seeley; B.H., a minor, by and through their guardian ad litem Jason Hoffman; P.A. and J.A., minors, by and through their guardian ad litem Antonio Alvarez; S.H. and D.M, minors, by and through their guardian ad litem Veronica Hicks; C.L.P., a minor, by and through their guardian ad litem Sarah Dunaway; A.A., a minor, by and through their guardian ad litem Pennie Frazier; J.C. and E.M., minors, by and through their guardian ad litem Lezlie Collins; L.D., D.D., A.D, minors, by and through their guardian ad litem Holly Dorso; E.B., A.B., C.B., Z.B., and I.B., minors, by and through their guardian ad litem Steven Burda; M.W., B.N., and W.N., minors, by and through their guardian ad litem Michelle Wall; G.W., a minor, by and through their guardian ad litem Doug Wilkerson; and M.W.D., C.J.D., and C.A.D., minors, by and through their guardian ad litem Billy Dardanelli:

Dated:  $\underline{8 - 14 - 25}$

PRITZKER LEVINE LLP

By:  _____

Jonathan K. Levine
Elizabeth C. Pritzker

Caroline C. Corbitt
*Counsel for Plaintiffs and the Settlement Class*

Dated: 8/15/2025

SILVER GOLUB & TEITELL LLP

By:

Steven L. Bloch
David S. Golub
Ian W. Sloss
*Counsel for Plaintiffs and the Settlement Class*

On behalf of Defendants:

Dated: 8/13/2025                    By:

Signed by:

*Cassandra Knight*

Cassandra Knight
VP, Legal, Litigation & Discovery
Google LLC

28