Jonathan K. Levine (SBN 220289)
Elizabeth C. Pritzker (SBN 146267)
Caroline C. Corbitt (SBN 305492)
PRITZKER LEVINE LLP
1900 Powell Street, Suite 450
Emeryville, CA 94608
Telephone: (415) 692-0772
Facsimile: (415) 366-6110
jkl@pritzkerlevine.com
ecp@pritzkerlevine.com
ccc@pritzkerlevine.com

David S. Golub (admitted *pro hac vice*)
Steven L. Bloch (admitted *pro hac vice*)
Ian W. Sloss (admitted *pro hac vice*)
SILVER GOLUB & TEITELL LLP
One Landmark Square, 15th Floor
Stamford, CT 06901
Telephone: (203) 325-4491
Facsimile: (203) 325-3769
dgolub@sgtlaw.com
sbloch@sgtlaw.com
isloss@sgtlaw.com

*Settlement Class Counsel*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTHERN CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| C.H., a minor, by and through their guardian ad litem NICHOLE HUBBARD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, et al. <br><br> Defendants. | Case No. 5:19-cv-07016-SVK <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND APPLICATION FOR SERVICE AWARDS** <br><br> Judge: Hon. Susan van Keulen <br> Date: January 13, 2026 <br> Time: 10:00 a.m. <br> Courtroom: [by videoconference] |

1

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ...................................................................................................... ii

STATEMENT OF THE ISSUES TO BE DECIDED ................................................................ 2

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 2

I.       INTRODUCTION .......................................................................................................... 2

II.      ARGUMENT .................................................................................................................. 4

         A.      Class Counsel's Fee Request is Fair and Reasonable ............................................ 4

                 i.      The Percentage-of-the-Recovery Method Supports the
                         Requested Fees...............................................................................................4

                         a.      Class Counsel Achieved an Excellent Result for the
                                 Settlement Class .................................................................................. 5

                         b.      The Risks Faced by Class Counsel and Contingent
                                 Nature of the Litigation Support the Requested Fee............................ 5

                         c.      Class Counsel Demonstrated Exceptional Skill and
                                 Experience and Performed High Quality Work ................................... 8

                         d.      The Fee Request Is Supported by Awards in
                                 Similar Cases ..................................................................................... 10

                 ii.     Class Counsel's Lodestar and Multiplier Confirms that the
                         Requested Fee is Reasonable ................................................................... 10

         B.      The Requested Expenses are Reasonable and Should be Reimbursed ................. 13

         C.      The Requested Service Awards are Reasonable and Warranted.......................... 13

III.     CONCLUSION .......................................................................................................... 14

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                                      <u>Page</u>

*Andrews v. Plains All Am. Pipeline L.P.*,
    No. CV 15-4113 PSG (JEMx) 2022 WL 4453864 (C.D. Cal. Sept. 20, 2022) ...................... 9

*Barrett v. Apple Inc.*,
    2025 WL 1002786 (N.D. Cal. Apr. 3, 2025) .................................................................. 11, 14

*Bellinghausen v. Tractor Supply Co.*,
    306 F.R.D. 245 (N.D. Cal. 2015) .................................................................................. 5, 12

*Destefano v. Zynga, Inc.*,
    No. 12-cv-04007-JSC, 2016 WL 537946 (N.D. Cal. Feb. 11, 2016)................................... 7, 9

*Fleming v. Impax Lab'ys Inc.*,
    No. 16-CV-06557-HSG, 2022 WL 2789496 (N.D. Cal. July 15, 2022)................................. 5

*Gaston v. FabFitFun, Inc.*,
    No. 2:20-CV-09534-RGK-E, 2021 WL 3362028 (C.D. Cal. Apr. 2, 2021)......................... 14

*Gill v. Hearst Pub. Co.*,
    40 Cal.2d 224 (1953)........................................................................................................ 7

*Grey Fox, LLC v. Plains All-Am. Pipeline, L.P.*,
    No. CV 16-03157 PSG (JEMx), 2024 WL 4267431 (C.D. Cal. Sept. 17, 2024) ................ 10

*Harbour v. California Health & Wellness Plan*,
    2024 WL 171192 (N.D. Cal. Jan. 16, 2024) ...................................................................... 12

*Harris v. Marhoefer*,
    24 F.3d 16 (9th Cir. 1994)................................................................................................. 13

*Hendricks v. Starkist Co.*,
    2016 WL 5462423 (N.D. Cal. Sept. 29, 2016)....................................................................... 5

*Hubert v. Equinox Holdings, Inc.*,
    No. CV 21-00086 PSG (JEMx), 2024 WL 4327402 (C.D. Cal. July 22, 2024) ................... 5

*In re American Apparel, Inc. S'holder Litig.*,
    No. 10 Civ. 6352, 2014 WL 10212865 (C.D. Cal. July 28, 2014)......................................... 9

*In re Apple Inc. Device Performance Litig.*,
    50 F.4th 769 (9th Cir. 2022)......................................................................................... 4, 13

*In re Apple Inc. Device Performance Litig.*,
No. 18-md-02827-EJD, 2023 WL 2090981 (N.D. Cal. Feb. 17, 2023) ................................. 7

*In re Bluetooth Headset Prods. Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) ........................................................................................ 4, 10

*In re Facebook, Inc. Consumer Privacy User Profile Litig.*,
2023 WL 8445812 (N.D. Cal. Oct. 10, 2023) ............................................................... 10, 12

*In re Glumetza Antitrust Litig.*,
2022 WL 327707 (N.D. Cal. Feb. 3, 2022) ......................................................................... 11

*In re Google Location Hist.*,
*Litig.*, 2024 WL 1975462 (N.D. Cal. May. 3, 2024) ........................................................... 11

*In re Google Referrer Header Priv. Litig.*,
No. 5:10-CV-04809-EJD, 2023 WL 6812545 (N.D. Cal. Oct. 16, 2023) ........................... 12

*In re Haier Freezer Consumer Litig.*,
No. 5:11-CV-02911-EJD, 2013 WL 2237890 (N.D. Cal. 2013) ........................................... 7

*In re JUUL Labs, Inc., Mktg., Sales Prac. & Prod. Liab. Litig.*,
2023 WL 11820531 (N.D. Cal. Dec. 18, 2023) ................................................................... 11

*In re LendingClub Sec. Litig.*,
No. 16 Civ. 02627, 2018 WL 4586669 (N.D. Cal. Sept. 24, 2018) ..................................... 13

*In re Lidoderm Antitrust Litig.*,
No. 14-md-02521-WHO, 2018 WL 4620695 (N.D. Cal. Sept. 20, 2018) ................. 5, 10, 13

*In re MacBook Keyboard Litig.*,
No. 5:18-CV-02813-EJD, 2023 WL 3688452 (N.D. Cal. May 25, 2023) .................... 4, 5, 11

*In re Online DVD-Rental Antitrust Litigation*,
779 F.3d 934 (9th Cir. 2015) ............................................................................................... 14

*In re PFA Ins. Mktg. Litig.*,
2024 WL 1145209 (N.D. Cal. Feb. 5, 2024) ....................................................................... 13

*In re TikTok, Inc., Consumer Priv. Litig.*,
617 F. Supp. 3d 904 (N.D. Ill. 2022) ............................................................................. 6, 10

*In re Volkswagen "Clean Diesel" Mktg., Sales Prac., & Prods. Liab. Litig.*,
2017 WL 1047834 (N.D. Cal. Mar. 17, 2017) .................................................................... 11

*In re Washington Pub. Power Supply Sys. Sec. Litig.*,
19 F.3d 1291 (9th Cir. 1994) ................................................................................................. 6

*In re Wells Fargo & Co. S'holder Litig.*,
　　445 F. Supp. 3d 508 (N.D. Cal. Apr. 7, 2020) ......................................................... 12

*Jones v. Google LLC*,
　　73 F.4th 636 (9th Cir. 2023)............................................................................ 6, 8

*Katz-Lacabe v. Oracle Am., Inc.*,
　　No. 3:22-CV-04792-RS, 2024 WL 4804974 (N.D. Cal. Nov. 15, 2024) ............................ 14

*Lofton v. Verizon Wireless*,
　　No. C 13-05665 YGR, 2016 WL 7985253 (N.D. Cal. May 27, 2016) ................................. 9

*Lowery v. Rhapsody Int'l*,
　　75 F.4th 985 (9th Cir. 2023) ............................................................................... 4

*Manigault Johnson v. Google, LLC*,
　　2019 WL 3006646 (D. S.C. Mar. 31, 2019)............................................................... 6

*Radcliffe v. Experian Info. Sols., Inc.*,
　　715 F.3d 1157 (9th Cir. 2013)............................................................................. 14

*Ramirez v. TransUnion*,
　　2022 WL 17722395 (N.D. Cal. Dec. 15, 2022) ......................................................... 11

*Reade v. New York Times Co.*,
　　2022 WL 2396083 (E.D. Cal. July 1, 2022) .............................................................. 7

*Rodman v. Safeway Inc.*,
　　No. 11-cv-03003, 2018 WL 4030558 (N.D. Cal. Aug. 23, 2018) .................................... 12

*Rodriguez v. W. Publ'g Corp.*,
　　563 F.3d 948 (9th Cir. 2009)......................................................................... 13, 14

*Schmitt v. Kaiser Found. Health Plan of Wash.*,
　　NO. 2:17-cv-1611-RSL, 2024 WL 1676754 (W.D. Wash. Apr. 18, 2024) .......................... 10

*Schneider v. Chipotle Mexican Grill, Inc.*,
　　336 F.R.D. 588 (N.D. Cal. 2020) ....................................................................... 13

*Stetson v. Grissom*,
　　821 F.3d 1157 (9th Cir. 2016) ........................................................................... 10

*Stovall-Gusman v. Granger, Inc.*,
　　2015 WL 3776765 (N.D. Cal. June 17, 2015) ............................................................ 5

*Vizcaino v. Microsoft Corp.*,
　　290 F.3d 1043 (9th Cir. 2002)................................................................... 4, 6, 10

iv

*Williams v. SuperShuttle Int'l, Inc.*,
    No. 12-CV-06493-WHO, 2015 WL 685994 (N.D. Cal. Feb. 12, 2015)............................. 13

Statutes and other authorities:

15 U.S.C. § 6501 ................................................................................................................... 2

Fed. R. Civ. P. 23(h)............................................................................................................. 4

1

**NOTICE OF MOTION AND MOTION**

2    **TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

3        **PLEASE TAKE NOTICE** that, on January 13, 2026, at 10:00 a.m., in Courtroom 6, 4th

4    Floor, of this Court, located at 280 South 1st Street, San Jose, CA 95113, which hearing shall be held

5    by Videoconference, Plaintiffs C.H., a minor, by and through their guardian *ad litem* Nichole

6    Hubbard; E.J., N.J., A.J., and L.J., minors, by and through their guardian *ad litem* Cara Jones; J.A.E.

7    and J.R.E., minors, by and through their guardian *ad litem* Justin Efros; M.W., a minor, by and

8    through their guardian *ad litem* Renee Gilmore; A.G., a minor, by and through their guardian *ad litem*

9    Jay Goodwin; T.B. and S.B., minors, by and through their guardian *ad litem* Derek Buchanan; D.T.

10   and D.T., minors, by and through their guardian *ad litem* Amanda Seeley; B.H., a minor, by and

11   through their guardian *ad litem* Jason Hoffman; P.A. and J.A., minors, by and through their guardian

12   *ad litem* Antonio Alvarez; S.H. and D.M, minors, by and through their guardian *ad litem* Veronica

13   Hicks; C.L.P., a minor, by and through their guardian *ad litem* Sarah Dunaway; A.A., a minor, by

14   and through their guardian *ad litem* Pennie Frazier; J.C. and E.M., minors, by and through their

15   guardian *ad litem* Lezlie Collins; L.D., D.D., A.D, minors, by and through their guardian *ad litem*

16   Hollie Dorso; E.B., A.B., C.B., Z.B., and I.B., minors, by and through their guardian *ad litem* Steven

17   Burda; M.W., B.N., and W.N., minors, by and through their guardian *ad litem* Michelle Wall; G.W.,

18   a minor, by and through their guardian *ad litem* Doug Wilkerson; and M.W.D., C.J.D., and C.A.D.,

19   minors, by and through their guardian *ad litem* Billy Dardanelli (collectively, "Plaintiffs"), will and

20   hereby do respectfully move the Court an award of attorneys' fees and expenses to Class Counsel and

21   service awards to the respective Guardians Ad Litem for the Settlement Class Representatives.

22       Plaintiffs' motion is based upon this Notice; the accompanying Memorandum of Points and

23   Authorities in support; the Declarations of Steven L. Bloch ("Bloch Decl.") and Jonathan K. Levine

24   ("Levine Decl.") in Support of Plaintiffs' Motion for Attorneys' Fees and Expense Decl.") and all

25   exhibits thereto; the Joint Declaration of Levine and Bloch in support of Plaintiffs' Motion for

26   Preliminary Approval ("Joint Decl.") (ECF No. 333-11), the forthcoming papers to be filed in support

27   of the Motion for Final Approval, the pleadings and records on file in this Lawsuit, the [Proposed]

28   Order Granting Class Counsel's Motion for Attorneys' Fees and Expenses and Plaintiffs' Application

for Service Awards, submitted herewith, and other such matters and argument as the Court may consider at the hearing of this Motion. A proposed form of Order is submitted herewith.

<u>**STATEMENT OF THE ISSUES TO BE DECIDED**</u>

The issues to be decided on this Motion are:

1.  Whether the Court should award Class Counsel attorneys' fees totaling 30% of the Gross Settlement Amount, in the amount of $9,000,000, in light of the significant efforts they undertook to prosecute the action.

2.  Whether the Court should award a payment of $163,895.42 as reimbursement for the costs and expenses incurred by Class Counsel in prosecuting the action; and

3.  Whether the Court should grant service awards to the Guardians Ad Litem for the Settlement Class Representatives of up to $1,500 each, in the total amount of $27,000, for their efforts in pursuing the action on behalf of the Settlement Class Representatives and representing the interests of the Settlement Class.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.    INTRODUCTION

Class Counsel have secured a groundbreaking settlement in this action arising out of Google's alleged privacy violations based on the Children's Online Privacy Protection Act, ("COPPA"), 15 U.S.C. § 6501, *et seq*. The monetary relief that Defendants Google LLC and YouTube LLC (together, "Google") are paying to the Settlement Class – $30 million in cash – is significant and constitutes between 58% and 86% of potentially recoverable damages. ECF No. 341 at 7. Further, Settlement Class Members could receive between $30 and $60 each, depending on the number of claims submitted. This is an excellent result for a case involving children's data privacy and more generally in cases alleging similar data-privacy violations. Equally notable is the precedent set by this private action, which required Class Counsel to successfully appeal to the Ninth Circuit to establish that COPPA does not preempt state-law causes of action parallel to or proscribing the same conduct prohibited by COPPA.

These results were not easily achieved. Class Counsel prosecuted this action before five different judges, and litigated multiple challenges to the pleadings, even after Plaintiffs' successful,

precedent-setting appeal to the Ninth Circuit, culminating in defendants' motion to dismiss Plaintiffs' Sixth Amended (penultimate) Complaint, which the Court upheld, in part, years into this action. Further, discovery and expert analysis secured by Class Counsel helped to frame the strengths and weaknesses of the claims – and the value of Plaintiffs' claims – which set the stage for the mediated negotiations resulting in the Settlement with Google. Throughout the nearly six years of hard-fought litigation, Class Counsel faced a formidable opponent in Google (and before their dismissal from the action, the channel defendants that created content for Google's YouTube Platform, helping to enable Google's alleged violations of COPPA), one of the largest and most sophisticated and profitable technology companies in the world with substantial resources, which it deployed throughout this action, and represented by Hogan Lovells, one of the largest and most sophisticated law firms in the United States.

The risks involved in litigating an action of this complexity and scope, and hurdles surmounted in setting legal precedent, combined with the time and labor invested in the prosecution of the case and the quality of that prosecution, support a fee award above the Ninth Circuit's "presumptively reasonable" benchmark of 25%. Class Counsel have spent 8,872.70 hours over the course of nearly six years prosecuting the action and have a lodestar of $8,368,642.50. While this action was contentious, it was efficiently prosecuted, and the hourly rates and hours committed are objectively reasonable. This is confirmed by a lodestar check; a 30% fee award reflects a modest 1.075 multiplier, well within the range of reasonableness, particularly when compared to awards in comparable cases. The contingent nature of this case independently warrants a multiplier. Class Counsel expended significant attorney time and costs without any guarantee of recovery.

Having litigated this case on a purely contingent basis for some six years, Class Counsel now seek to be fairly compensated for the significant results they have achieved for the Settlement Class, for the risks they undertook in litigating this case for the Settlement Class, and for the fact that Class Counsel have not been paid for their work over that period. The $30 million cash fund to compensate the Settlement Class Members is an excellent result. On this record, and in light of the significant results achieved, the attorneys' fees requested are warranted. Class Counsel satisfy every factor considered by courts in the Ninth Circuit in determining an award of attorneys' fees. Class Counsel

3

1   also seeks reimbursement of their necessary and reasonable litigation costs and expenses of

2   $163,895.42 and Service Awards of $1,500 each to the Settlement Class Representatives' guardians

3   ad litem predicated on their work on behalf of the Settlement Class Representatives in pursuing this

4   action and representing the interests of the Settlement Class.

5        For the reasons set forth below, Plaintiffs' motion for an award of $9,000,000 in attorneys'

6   fees and reimbursement of $163,895.42 in expenses, and services awards in the amount of $1,500 for

7   each of the Settlement Class Representatives' guardians ad litem, should be granted.

8   **II.     ARGUMENT**

9       **A.     Class Counsel's Fee Request is Fair and Reasonable**

10        Under Rule 23(h), the Court's role is to determine whether the requested fee is "reasonable."

11   Fed. R. Civ. P. 23(h). The Ninth Circuit recognizes two ways of assessing requests for attorneys' fees

12   in common fund cases: the percentage-of-the-recovery method and the lodestar method. *In re Apple*

13   *Inc. Device Performance Litig.,* 50 F.4th 769, 784 (9th Cir. 2022); *Vizcaino v. Microsoft Corp*., 290

14   F.3d 1043, 1047 (9th Cir. 2002). District courts have discretion concerning which method to apply in

15   a particular case. *Apple Device*, 50 F.4th at 784. Because the benefit to the Settlement Class here, like

16   other common fund settlements, is easily quantified, the percentage-of-recovery method is

17   appropriate. *See In re Bluetooth Headset Prods. Liab. Litig*., 654 F.3d 935, 942 (9th Cir. 2011).

18          **i.     The Percentage-of-the-Recovery Method Supports the Requested Fees**

19        The Ninth Circuit recognizes that a fee award of 25% is presumptively reasonable. *Vizcaino*,

20   290 F. 3d at 1047; *In re MacBook Keyboard Litig.*, No. 5:18-CV-02813-EJD, 2023 WL 3688452, at

21   *13 (N.D. Cal. May 25, 2023) ("in common fund cases, awards generally range from 20-30% . . . of

22   the recovery"). Courts consider several factors when determining whether to award more than the

23   25% benchmark, including (1) the result achieved; (2) the risk involved in the litigation; (3) the

24   contingent nature of the fee; (4) the skill required and quality of work by counsel; and (5) awards

25   made in similar cases. *Vizcaino*, 290 F.3d at 1048-50. These factors weigh in favor of a 30% fee

26   award to Class Counsel here.

27

28

**a. Class Counsel Achieved an Excellent Result for the Settlement Class**

"The touchstone for determining the reasonableness of attorneys' fees in a class action is the benefit to the class*." Lowery v. Rhapsody Int'l*, 75 F.4th 985, 988 (9th Cir. 2023). After nearly six years of litigation, Class Counsel negotiated a $30 million cash fund that significantly benefits the Settlement Class and provides immediate relief to Settlement Class Members. As a result of Class Counsel's diligent efforts and commitment, Plaintiffs estimate that the $30 million Settlement provides between 58% and 86% of potentially recoverable damages for Plaintiffs' privacy claims. ECF No. 341 at 7. And based on the expected claims rate, Settlement Class Members could receive between $30.00 and $60.00 each (before deducting for settlement costs, fees, expenses and service awards). *Id*. at 7-8. This is a significant recovery on behalf of the Settlement Class and falls well within the range of reasonableness in light of the risks and costs of litigation. *See* ECF No. 341 at 6-8; *see, e.g., In re MacBook*, 2023 WL 3688452, at *9 (approving motion for final approval and attorneys' fee where the settlement fund represented between approximately 9% to 28% of the total estimated trial damages); *Hubert v. Equinox Holdings, Inc.,* No. CV 21-00086 PSG (JEMx), 2024 WL 4327402, at *5 (C.D. Cal. July 22, 2024) (finding 13% recovery of estimated damages reasonable); *Fleming v. Impax Lab'ys Inc*., No. 16-CV-06557-HSG, 2022 WL 2789496, at *6 (N.D. Cal. July 15, 2022) (finally approving settlement and granting attorneys' fee motion where settlement fund represented 12.5% of estimated damages recoverable); *Hendricks v. Starkist Co.*, 2016 WL 5462423, at *12 (N.D. Cal. Sept. 29, 2016), *aff'd sub nom. Hendricks v. Ference*, 754 F. App'x 510 (9th Cir. 2018); *Stovall-Gusman v. Granger, Inc.*, 2015 WL 3776765, at *4 (N.D. Cal. June 17, 2015) (granting final approval of a net settlement representing 7.3% of potential damages recoverable at trial). The resultant benefits of the Settlement support the enhanced 30% fee award.

**b. The Risks Faced by Class Counsel and Contingent Nature of the Litigation Support the Requested Fee**

During the last six years, Class Counsel litigated this action on a fully contingent basis, devoting significant money, resources – including a team of a dozen attorneys – and time, and bore the risk of non-recovery. *See* Bloch Decl. ¶¶7-8, 10-20, Ex. A; Levine Decl. ¶¶ 5-6, 8-18, Ex. A. "When counsel takes cases on a contingency fee basis, and litigation is protracted, the risk of

1   nonpayment . . . justifies a significant fee award." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D.

2   245, 261 (N.D. Cal. 2015); *see In re Lidoderm Antitrust Litig.*, No. 14-md-02521-WHO, 2018 WL

3   4620695, at *3 (N.D. Cal. Sept. 20, 2018) ("the public interest is served by rewarding attorneys who

4   assume representation on a contingent basis with an enhanced fee to compensate them for the risk"

5   of non-payment).

6       Class Counsel litigated this action with no guarantee of compensation. The subject matter of

7   the action was novel, not only involving complex technical issues surrounding Google's alleged

8   collection and monetization of children's personal information and user data, but also forging new,

9   precedential ground in establishing the application of state privacy (and other) laws to ensure the

10  protection of young children and their online activity in private actions. When Class Counsel filed

11  this case, the prevailing view held by courts was that claims like those asserted by Plaintiffs here were

12  preempted by COPPA, *see, e.g.*, *Manigault Johnson v. Google, LLC*, 2019 WL 3006646, at *5 (D.

13  S.C. Mar. 31, 2019), stating in *dictum* that "it agree[d] with [Google's] arguments" on preemption

14  because plaintiff's "claims are predicated on alleged violations of COPPA. Indeed, this Court, in its

15  initial decision on defendants' motion to dismiss, relying in part on *Manigault Johnson*, held that

16  Plaintiffs' claims were preempted by COPPA (*see* ECF No. 146), requiring Class Counsel to pursue

17  an appeal to the Ninth Circuit in which Class Counsel obtained landmark precedent establishing that

18  "COPPA's preemption clause does not bar state-law causes of action that are parallel to, or proscribe

19  the same conduct forbidden by, COPPA." *Jones v. Google LLC*, 73 F.4th 636, 644 (9th Cir. 2023).

20  Thus, there was considerable risk in bringing an action based on a unique area of evolving law. *See*

21  *In re TikTok, Inc.*, *Consumer Priv. Litig.,* 617 F. Supp. 3d 904, 941 (N.D. Ill. 2022) ("[d]ata privacy

22  law is a relatively undeveloped and technically complex body of law, which creates uncertainty and,

23  therefore, additional risk for Class Counsel."). In addition to putting their time, money, and effort at

24  risk, Class Counsel spent $163,895.42 on experts and other litigation expenses without any guarantee

25  of reimbursement. Bloch Decl. ¶¶ 17-18, Ex. B; Levine Decl. ¶¶ 15-16, Ex. B; *see infra* at Section

26  II.B.; *see also Vizcaino*, 290 F.3d at 1050 (finding that the litigation entailed "hundreds of thousands

27  of dollars of expense" was a relevant consideration supporting an upward adjustment). The potential

28  that Class Counsel would receive nothing for their work and efforts supports approval of their

6

requested fee. *See In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994) ("It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases.").

The Court recognized the litigation risks in its Preliminary Approval Order, noting that absent settlement, Google would continue to aggressively defend this action, including by opposing class certification and moving for summary judgment. ECF No. 341 at 8. In addition, Google would continue to deny that Plaintiffs and Settlement Class Members suffered any injury from the conduct alleged in the Complaint and argue that Plaintiffs will be unable to prove otherwise. Similarly, Plaintiffs must prove that Google's alleged collection and use of Settlement Class Members' information was highly offensive or serious, so offensive as to "shock the ordinary sense of decency or privacy," in order to prove their privacy-based torts at trial. *Gill v. Hearst Pub. Co.*, 40 Cal.2d 224, 231 (1953); *see Reade v. New York Times Co.*, 2022 WL 2396083, at *6 (E.D. Cal. July 1, 2022) (requiring the private facts to be "embarrassing, uncomplimentary, discreditable, indecent, derogatory, or reprehensible"). Google would likely argue that the data allegedly collected and used does not meet that threshold, and a jury might agree. ECF No. 341 at 8.

Ninth Circuit courts have found there are considerable risks related to obtaining class certification, surviving summary judgment, prevailing at trial, and withstanding a potential appeal, particularly because of the novel subject matter in this action. *See In re Apple Inc. Device Performance Litig.*, No. 18-md-02827-EJD, 2023 WL 2090981, at *14 (N.D. Cal. Feb. 17, 2023), appeal dismissed, No. 23-15416, 2023 WL 10447843 (9th Cir. Aug. 8, 2023) (plaintiffs "faced risks attendant to prosecuting a case with relatively unique subject matter involving application of statutory computer intrusion and common law trespass to chattels to iPhone devices"); *Destefano v. Zynga, Inc.*, No. 12-cv-04007-JSC, 2016 WL 537946, at *17 (N.D. Cal. Feb. 11, 2016) (noting the "substantial" risk associated with "obtaining [and maintaining] class certification"). Given the risks that existed from the outset and the likelihood of protracted litigation, the Settlement is an excellent outcome for the Settlement Class Members, who have the opportunity now to share in the Settlement Fund and obtain "a significant, easy-to obtain benefit" through automatic monetary payments. *See In*

7

*re Haier Freezer Consumer Litig.*, No. 5:11-CV-02911-EJD, 2013 WL 2237890, at *4 (N.D. Cal. 2013). The risk of little or no recovery, together with the complexity of the case and likelihood of significant additional expense and delay, weighs in favor of granting the requested fee.

### c. Class Counsel Demonstrated Exceptional Skill and Experience and Performed High Quality Work

Given the risks inherent in this action, the novelty of the issues, and the caliber of Google's counsel (and counsel for the channel defendants that were dismissed from the case), prosecuting this action required exceptional skill and perseverance by Class Counsel. Google has vigorously contested this action from the outset.

There have been numerous challenges to the pleadings at every stage of this action (*see, e.g.,* ECF Nos. 64-65, 93, 125, 161-162, 166, 203, 295), requiring extensive briefing and argument before the Court, and only after Plaintiffs filed their Sixth Amended Complaint (ECF No. 286) were Plaintiffs' claims upheld in part – years into this action. *See* ECF No. 318. As discussed above, Class Counsel successfully pursued a precedent-setting appeal before the Ninth Circuit on vanguard issues, prompting the Court of Appeals to solicit the views of the Federal Trade Commission in determining to deny rehearing *en banc* and holding that COPPA does not preempt private actions pursuing state-law causes of action like those Plaintiffs asserted here. *Jones v. Google LLC*, 73 F.4th 636, 644 (9th Cir. 2023). Adding to the high degree of difficulty Class Counsel encountered, Google was represented in the appeal by its counsel Edith Ramirez, former FTC Commissioner.

The challenges to Plaintiffs' claims and the contentious litigation did not end with the appeal, and Class Counsel were faced with navigating this action before five different judges, each with differing views, requiring Class Counsel to supplement and refine Plaintiffs' claims by incorporating documents and information procured through discovery from the defendants, and providing additional research and studies, as well as expert analysis – all focused on addressing the various issues raised at each turn by the Court. Bloch Decl. ¶¶ 4-5.

By the time the parties began discussing the Settlement, Class Counsel had guided 18 guardians ad litem, acting on behalf of their 34 minor Plaintiffs, through extensive substantive and technical discovery demands from Google (and the channel defendants) *see* Joint Decl. ¶¶ 10, 17;

*see, e.g.*, Declaration of Nichole Hubbard ("Hubbard Decl.") (*see* ECF No. 333-29 at ¶¶ 5-6, *see generally,* ECF Nos. 333-16 – 333-33), reviewed and analyzed interrogatory responses and tens of thousands of pages of documents and data produced by Google and the 12 dismissed channel owner defendants, and retained experts who provided expert analysis on technical and class damages issues, and provided discovery for the Plaintiffs. Joint Decl. ¶ 17. Further, Class Counsel were preparing for depositions and class certification briefing, researching and analyzing the claims to withstand further scrutiny and analyzing discovery materials in consultation with technical, privacy, and damages experts to support class certification, all honing Class Counsel's understanding of the strengths and weaknesses, and value, of the claims. Joint Decl. ¶ 17. This work set the stage for Class Counsel to successfully mediate this action, but even that process was contentious, requiring a mediator's proposal to reach the favorable Settlement with Google on behalf of the Settlement Class. *Id*., ¶ 12.

The case history demonstrates that Class Counsel prosecuted this case with skill and expertise and obtained an excellent recovery for the Settlement Class. Further, Class Counsel achieved this result despite the formidable opposition they faced from Google and the 12 channel defendants – and their counsel – throughout the case. Joint Decl. ¶ 17; Bloch Decl. ¶¶ 4-5. *See Destefano*, 2016 WL 537946, at *17 ("The quality of opposing counsel is also relevant to the quality and skill that class counsel provided."); *Lofton v. Verizon Wireless*, No. C 13-05665 YGR, 2016 WL 7985253, at *1 (N.D. Cal. May 27, 2016) (the "risks of class litigation against an able defendant well able to defend itself vigorously" support an upward adjustment). Class Counsel achieved this excellent result against attorneys who, unlike Class Counsel, were not operating on a contingency fee basis and benefited from the significant financial resources of their client. *See Andrews v. Plains All Am. Pipeline L.P.*, No. CV 15-4113 PSG (JEMx) 2022 WL 4453864, at *3 (C.D. Cal. Sept. 20, 2022) ("[E]specially when considering that Defendants were represented by a prominent litigation firm, Class Counsel's ability to get the case this far along evinces their high quality of work."); *In re American Apparel, Inc. S'holder Litig.,* No. 10 Civ. 6352, 2014 WL 10212865, at *22 (C.D. Cal. July 28, 2014) ("In addition to the difficulty of the legal and factual issues raised, the court should also consider the quality of opposing counsel as a measure of the skill required to litigate the case successfully."). These factors support the requested fee award.

9

1

### d. The Fee Request Is Supported by Awards in Similar Cases

Courts in this Circuit grant fee requests exceeding the 25% benchmark where, as here, the circumstances warrant it. *See, e.g., In re TikTok*, 617 F. Supp. 3d at 942 (awarding 33% of $92 million settlement after three years of litigation, recognizing that "[t]he need to provide financial incentives for zealous and effective representation of consumers in legally and technologically complex data privacy cases such as this…"); *In re Lidoderm*, 2018 WL 4620695, at *1 (awarding one-third of $104.75 million settlement); *Grey Fox, LLC v. Plains All-Am. Pipeline, L.P.*, No. CV 16-03157 PSG (JEMx), 2024 WL 4267431 (C.D. Cal. Sept. 17, 2024) (awarding 33% of the $70 million settlement as attorney fees noting that the litigation had extensive discovery and counsel faced significant risks litigating unprecedented issues); *Schmitt v. Kaiser Found. Health Plan of Wash.*, NO. 2:17-cv-1611-RSL, 2024 WL 1676754, at *4-5 (W.D. Wash. Apr. 18, 2024) (awarding one-third of settlement fund where "counsel undertook a significant risk in bringing this class action lawsuit on a contingent basis" since it was complex and "heavily litigated" for years).

### ii. Class Counsel's Lodestar and Multiplier Confirms that the Requested Fee is Reasonable

The Ninth Circuit has explained that courts may consider class counsel's lodestar to "provide[] a check on the reasonableness of the percentage award." *Vizcaino*, 290 F.3d at 1050. "There is a strong presumption that the lodestar is a reasonable fee." *Stetson v. Grissom*, 821 F.3d 1157, 1165 (9th Cir. 2016). The lodestar is calculated by multiplying the hours reasonably spent by reasonable hourly rates. *Bluetooth*, 654 F.3d at 941.

Class Counsel's combined lodestar in this action through November 3, 2025 is $8,368,642.50 and is based on the firms' current rates and the reasonable number of hours spent prosecuting the action given the complexities and challenges described herein. Bloch Decl. ¶¶ 1-20; Levine Decl. ¶¶ 8-18. This action was actively litigated for nearly six years and, as demonstrated in the accompanying declarations, a significant portion of time in this litigation involved complex motion practice and court hearings before this Court and the Ninth Circuit, analysis and strategy, discovery, consultation with experts, and settlement – all of which was reasonable and necessary to achieve the results. Bloch Decl. ¶¶ 4-5, 8, 10-11, 14, 18-20; Levine Decl. ¶¶ 6, 8-9, 12, 16-18; Joint Decl. ¶¶ 9, 11, 12, 17. *See*

10

1    *In re Facebook, Inc. Consumer Privacy User Profile Litig.*, 2023 WL 8445812, at \*1-2 (N.D. Cal.

2    Oct. 10, 2023) (awarding $181.25 million in fees following a settlement during fact discovery after

3    4.5 years of litigation, and characterizing counsel's substantially higher 149,928 hours as "reasonable,

4    especially because this litigation has been unusually prolonged and contentious"). It should be noted

5    that Class Counsel have applied their judgment to adjust the lodestar attributed to first level

6    documents review, which has been conservatively capped at $375 per hour. Further, the time set forth

7    in the Bloch and Levine Declarations does not include the significant number of hours Class Counsel

8    will spend after November 3, 2025, completing the briefing in support of final approval of the

9    Settlement, communicating with the Settlement Class, preparing for and attending the Final Approval

10   hearing on January 13, 2026, and administering the Settlement, assuming it is approved by the Court.

11           Class Counsel's requested rates reflect their breadth of experience and are in line with those

12   billed by attorneys in this District who practice complex litigation. Class Counsel's hourly rates range

13   from $500 to $1,500 for attorneys, and Class Counsel charged $300 for litigation staff. Bloch Decl.,

14   ¶¶ 7, 10-16, Ex. A; Levine Decl., ¶¶ 5, 8-14, Ex. A. These rates are consistent with rates approved in

15   complex class actions throughout this District. *See In re Volkswagen "Clean Diesel" Mktg., Sales*

16   *Prac., & Prods. Liab. Litig.*, 2017 WL 1047834, at \*5 (N.D. Cal. Mar. 17, 2017) (approving rates of

17   $275 to $1600 for partners, $150 to $790 for associates, and $80 to $490 for paralegals); *Barrett v.*

18   *Apple Inc.*, 2025 WL 1002786 (N.D. Cal. Apr. 3, 2025) (granting motion for attorneys' fees where

19   hourly rates charged by attorneys range from $500 to $1,545); *In re JUUL Labs, Inc., Mktg., Sales*

20   *Prac. & Prod. Liab. Litig.*, 2023 WL 11820531, at \*2 (N.D. Cal. Dec. 18, 2023) (approving rates

21   ranging from $300 to $1,050 for attorneys); *In re MacBook*, 2023 WL 3688452, at \*15 (approving

22   partner rates up to $1,195, associate rates up to $850, $425 for contract attorneys, and $325 for

23   paralegals); *Ramirez v. TransUnion*, 2022 WL 17722395, at \*9 (N.D. Cal. Dec. 15, 2022) (finding

24   hourly rates ranging from $1,325 to $455 to be "generally in line with rates prevailing in this

25   community for similar services by lawyers of reasonably comparable skill, experience and

26   reputation"); *In re Glumetza Antitrust Litig.*, 2022 WL 327707, at \*8 (N.D. Cal. Feb. 3, 2022)

27   (approving attorney rates between $300 and $1,105); *In re Google Location Hist. Litg.*, 2024 WL

28   1975462, at \*15 (N.D. Cal. May. 3, 2024) (approving hourly rates from $550 to $1,300 for partners,

11

$420 to $710 for associates, and $535 for paralegals); *Harbour v. California Health & Wellness Plan*, 2024 WL 171192, at *8 (N.D. Cal. Jan. 16, 2024) (finding rates ranging from $425 to $1,200 to be reasonable in a data breach case).

Notably, the requested fee award of $9,000,000 would represent a fee slightly above Class Counsel's lodestar of $8,368,642.50 (Bloch Decl. ¶¶ 10-11, Ex. A; Levine Decl. ¶¶ 8-9, Ex. A), and constitute a multiplier of 1.075.. This modest multiplier is reasonable given (1) the complex subject matter at issue; (2) the skilled representation Class Counsel provided in prosecuting this action; (3) the excellent results obtained, resulting in a settlement that will provide significant monetary relief to those Settlement Class Members impacted by Google' alleged privacy violations; and (4) the substantial risks Class Counsel undertook in representing Plaintiffs on a contingency fee basis, thereby risking potential non-payment. These risks were magnified given the litigant – Google – and its counsel.  Further, the multiplier falls at or below the typical range of reasonableness, and multipliers in this range have previously been found to be appropriate. *See, e.g., In re Wells Fargo & Co. S'holder Litig*., 445 F. Supp. 3d 508, 532 (N.D. Cal. Apr. 7, 2020) (finding a 2.7 multiplier reasonable); *Rodman v. Safeway Inc.*, No. 11-cv-03003, 2018 WL 4030558, at *6 (N.D. Cal. Aug. 23, 2018) (finding a 1.7472 multiplier reasonable); *Bellinghausen*, 306 F.R.D. at 265 (finding a 1.49 multiplier reasonable); *In re Google Referrer Header Priv. Litig.*, No. 5:10-CV-04809-EJD, 2023 WL 6812545, at *10 (N.D. Cal. Oct. 16, 2023) (approving multiplier of 1.85 in an internet privacy case). Thus, a lodestar check also confirms that the requested fees is reasonable and appropriate in light of the time and effort expended and the results obtained.

## B.     The Requested Expenses are Reasonable and Should be Reimbursed

Class Counsel also requests reimbursement of $163,895.42 in litigation expenses. *See* Bloch Decl. ¶ 17, Ex. B; Levine Decl. ¶ 15, Ex. B. In common fund cases "[c]lass counsel is entitled to reimbursement of reasonable expenses." *In re Lidoderm*, 2018 WL 4620695, at *4 (quotation omitted); *see also Schneider v. Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588 (N.D. Cal. 2020) ("Class Counsel is entitled to recover those out-of-pocket expenses that would normally be charged to a fee-paying client"); *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (holding that attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency

12

1    matters); *In re PFA Ins. Mktg. Litig.*, 2024 WL 1145209, at *25 (N.D. Cal. Feb. 5, 2024) (awarding

2    costs for travel expenses, research, court filing fees, transcripts and court reporters, mediation

3    expenses, experts, and document review expenses). "The prevailing view is that expenses are awarded

4    in addition to the fee percentage." *Williams v. SuperShuttle Int'l, Inc.*, No. 12-CV-06493-WHO, 2015

5    WL 685994, at *2 (N.D. Cal. Feb. 12, 2015).

6          The requested reimbursement includes the costs to retain experts ($50,975) and the mediator

7    ($10,500), accounting for 38% of the total expenses. *See* Bloch Decl. ¶ 17, Ex. B; Levine Decl. ¶ 15,

8    Ex. B.  Other significant expenses include litigation and IT support, discovery data hosting charges,

9    and case research and investigation. *Id.; See In re LendingClub Sec. Litig.*, No. 16 Civ. 02627, 2018

10   WL 4586669, at *3 (N.D. Cal. Sept. 24, 2018) (expenses such as expert and consultant fees, court

11   fees, travel and lodging costs, legal research fees, and copying expenses were reasonable and

12   recoverable). Because expenses were reasonably incurred in the prosecution of this action, Class

13   Counsel respectfully requests that the Court fully reimburse their expenses.

14          **C.      The Requested Service Awards are Reasonable and Warranted**

15          Finally, Class Counsel respectfully request that Court authorize service awards of $1,500 each

16   to the 18 guardians ad litem who served on behalf of their 34 minor Plaintiffs and Settlement Class

17   Representatives in pursuing this action and representing the interests of the Settlement Class. The

18   Ninth Circuit has "held that reasonable incentive awards to class representatives are permitted." *In re*

19   *Apple Inc. Device Performance Litig.*, 50 F.4t h 769 785-87 (9th Cir. 2022) (quotations marks and

20   citations omitted). Indeed, service awards are "fairly typical in class action cases." *Rodriguez v. W.*

21   *Publ'g Corp.,* 563 F.3d 948, 958 (9th Cir. 2009). They "are intended to compensate class

22   representatives for work done on behalf of the class, to make up for financial or reputational risk

23   undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private

24   attorney general." *Id*. at 958-59. Put simply, they function as "payments to class representatives for

25   their service to the class in bringing the lawsuit." *Radcliffe v. Experian Info. Sols., Inc*., 715 F.3d

26   1157, 1163 (9th Cir. 2013).

27          The requested service awards to Plaintiffs' 18 guardians ad litem are fair, reasonable, and

28   adequate. Each of Plaintiffs' guardians ad litem played a pivotal role in litigating this case, as they

1    reviewed pleadings and other filings, remained informed during all stages of the litigation, responded

2    to discovery, searched for and produced documents, and played an active role in approving the

3    Settlement terms. *See* ECF Nos. 333-16 – 333-33. Throughout this action, each ensured the interests

4    of Settlement Class Members were protected and, when considering the Settlement, ensured that

5    Settlement Class obtained meaningful relief. *Id.* The requested service awards are also consistent with

6    the Ninth Circuit practice in the aggregate and even lower on a per capita basis. *See Barrett*, 2025

7    WL 1002786, at *4 (awarding $10,000 to each of the four class representatives, over Apple's

8    objections); *Katz-Lacabe v. Oracle Am., Inc*., No. 3:22-CV-04792-RS, 2024 WL 4804974, at *6

9    (N.D. Cal. Nov. 15, 2024) (finding the requested service awards of $10,000 each to class

10   representatives is reasonable); *Gaston v. FabFitFun, Inc.*, No. 2:20-CV-09534-RGK-E, 2021 WL

11   3362028, at *9 (C.D. Cal. Apr. 2, 2021) (same). If approved by the Court, the total of the service

12   awards will be $27,000, which is 0.0009% of the Settlement Fund, a ratio that falls well below the

13   range of what has been deemed to be reasonable.  *See, e.g., In re Online DVD-Rental Antitrust*

14   *Litigation*, 779 F.3d 934, 948 (9th Cir. 2015) (finding incentive awards which made up "a mere .17%

15   of the total settlement fund of $27,250,000" reasonable).

16   **III.    CONCLUSION**

17         For the reasons stated above, Plaintiffs respectfully request that the Court (1) approve Class

18   Counsel's request for attorneys' fees in the amount of $9,000,000 (30% of $30,000,000) and

19   reimbursement of expenses in the amount of $163,895.42; and (2) approve Service Awards to

20   Plaintiffs' guardians ad litem in the amount of $1,500 each, totaling $27,000, together with such other

21   and further relief the Court deems proper.

22

23

24

25

26

27

28

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS

CASE NO. 5:19-cv-07016-SVK

1  DATED: November 3, 2025                Respectfully submitted,

2
                                         /s/Jonathan K. Levine
3                                        Jonathan K. Levine (SBN 220289)
                                         Elizabeth C. Pritzker (SBN 146267)
4                                        Caroline C. Corbitt (SBN 305492)
                                         **PRITZKER LEVINE LLP**
5                                        1900 Powell Street, Suite 450
                                         Emeryville, CA 94608
6                                        Telephone: (415) 692-0772
                                         Facsimile: (415) 366-6110
7                                        jkl@pritkzkerlevine.com
                                         ecp@pritzkerlevine.com
8                                        ccc@pritzkerlevine.com

9
10                                       David S. Golub (admitted *pro hac vice*)
                                         Steven L. Bloch (admitted *pro hac vice*)
11                                       Ian W. Sloss (admitted *pro hac vice*)
                                         **SILVER GOLUB & TEITELL LLP**
12                                       1 Landmark Square, 15th Floor
                                         Stamford, CT 06901
13                                       Telephone: (203) 325-4491
                                         Facsimile: (203) 325-3769
14                                       dgolub@sgtlaw.com
                                         sbloch@sgtlaw.com
15                                       isloss@sgtlaw.com

16
17                                       *Attorneys for Plaintiffs and the Settlement Class*

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS
CASE NO. 5:19-cv-07016-SVK

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 3, 2025, I caused to be electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

*/s/ Bethany Caracuzzo*
Bethany Caracuzzo

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS
CASE NO. 5:19-cv-07016-SVK