Jonathan K. Levine (SBN 220289)
Elizabeth C. Pritzker (SBN 146267)
Caroline C. Corbitt (SBN 305492)
PRITZKER LEVINE LLP
1900 Powell Street, Suite 450
Emeryville, CA 94608
Telephone: (415) 692-0772
Facsimile: (415) 366-6110
jkl@pritzkerlevine.com
ecp@pritzkerlevine.com
ccc@pritzkerlevine.com

David S. Golub (admitted *pro hac vice*)
Steven L. Bloch (admitted *pro hac vice*)
Ian W. Sloss (admitted *pro hac vice*)
SILVER GOLUB & TEITELL LLP
One Landmark Square, 15th Floor
Stamford, CT 06901
Telephone: (203) 325-4491
Facsimile: (203) 325-3769
dgolub@sgtlaw.com
sbloch@sgtlaw.com
isloss@sgtlaw.com

*Attorneys for Plaintiffs and the Proposed Classes*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| C.H., a minor, by and through their guardian ad litem NICHOLE HUBBARD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, et al. <br><br> Defendants. | Case No. 5:19-cv-07016-SVK <br><br> [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT <br><br> Judge: Hon. Susan van Keulen <br> Date: January 13, 2026 <br> Time: 10:00 a.m. <br> Courtroom: 6, 4th Floor (Videoconference) |

1
2      WHEREAS, Plaintiffs C.H., a minor, by and through their guardian *ad litem* Nichole Hubbard;
3   E.J., N.J., A.J., and L.J., minors, by and through their guardian *ad litem* Cara Jones; J.A.E. and J.R.E.,
4   minors, by and through their guardian *ad litem* Justin Efros; M.W., a minor, by and through their
5   guardian *ad litem* Renee Gilmore; A.G., a minor, by and through their guardian *ad litem* Jay Goodwin;
6   T.B. and S.B., minors, by and through their guardian *ad litem* Derek Buchanan; D.T. and D.T., minors,
7   by and through their guardian *ad litem* Amanda Seeley; B.H., a minor, by and through their guardian
8   *ad litem* Jason Hoffman; P.A. and J.A., minors, by and through their guardian *ad litem* Antonio
9   Alvarez; S.H. and D.M, minors, by and through their guardian *ad litem* Veronica Hicks; C.L.P., a
10  minor, by and through their guardian *ad litem* Sarah Dunaway; A.A., a minor, by and through their
11  guardian *ad litem* Pennie Frazier; J.C. and E.M., minors, by and through their guardian *ad litem* Lezlie
12  Collins; L.D., D.D., A.D, minors, by and through their guardian *ad litem* Hollie Dorso; E.B., A.B.,
13  C.B., Z.B., and I.B., minors, by and through their guardian *ad litem* Steven Burda; M.W., B.N., and
14  W.N., minors, by and through their guardian *ad litem* Michelle Wall; G.W., a minor, by and through
15  their guardian *ad litem* Doug Wilkerson; and M.W.D., C.J.D., and C.A.D., minors, by and through
16  their guardian *ad litem* Billy Dardanelli (the "Settlement Class Representatives") and Defendants
17  Google LLC and YouTube LLC ("Google") (collectively, the "Parties") entered into a Class Action
18  Settlement Agreement and Release (the "Settlement Agreement") on August 15, 2025 (ECF No. 333-
19  13), which, together with the exhibits and appendices thereto, sets forth the terms and conditions for
20  a proposed resolution of this Action and for its dismissal with prejudice;
21
22      WHEREAS, by order dated September 23, 2025, the Court granted preliminary approval of
23  the Settlement between the Parties in the Action, preliminarily finding that the Settlement is fair,
24  reasonable, and adequate, ordering notice to Settlement Class Members through a comprehensive
25  media plan, and providing Settlement Class Members with an opportunity either to exclude themselves

1
[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:19-cv-07016-SVK

from the Settlement Class or to object to the Settlement (ECF No. 341 at 5-9, 14–18);

WHEREAS, by order dated September 23, 2025, the Court also provisionally certified the Settlement Class for settlement purposes only, finding that the Settlement Class meets all the prerequisites of Federal Rule of Civil Procedure 23 for class certification, including numerosity, commonality, typicality, predominance of common issues, superiority, and that the Settlement Class Representatives and Class Counsel are adequate representatives of the Settlement Class (*id.* at 9–14);

WHEREAS, the Court held a Final Approval Hearing on January 13, 2025, to consider approval of this Settlement;

WHEREAS, the Court has considered the Settlement Agreement, the record in this Action, and the Parties' arguments and authorities;

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:

1. All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement unless stated otherwise herein or in the Court's Order Granting Preliminary Approval of the Settlement.

2. The Court has jurisdiction over this Action and the Parties.

### Notice, Class Certification, and Class Representation

3. The Court finds that the Notice Plan constituted the best notice practicable under the circumstances to all Settlement Class Members and fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process.

4. The Court confirms the finding in its Preliminary Approval Order and finds that, for purposes of the Settlement, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied and certifies the following Settlement Class:

> All persons in the United States who, at any time during the Settlement Class Period, were under 13 years old, and watched content allegedly directed to children

on YouTube, between July 1, 2013 and April 1, 2020, inclusive.

Excluded from the Settlement Class are (i) Defendants, their subsidiaries and affiliates, officers, and directors; (ii) judge(s) to whom these cases are or have been assigned and any member of the judge's or judges' immediate family; (iii) Persons who submit a valid and timely Request for Exclusion pursuant to Section 7 of the Settlement Agreement; and (iv) Settlement Class Counsel.

5. The Court confirms its previous appointment of Plaintiffs, by and through their guardians ad litem, as Settlement Class Representatives. The Court finds that the Settlement Class Representatives, by and through their guardians ad litem, have fairly and adequately represented, and will fairly and adequately represent, the interests of the Settlement Class.

6. The Court confirms its previous appointment of Silver Golub & Teitell LLP and Pritzker Levine LLP as Class Counsel representing the Settlement Class under Federal Rule of Civil Procedure 23(g). The Court finds that Class Counsel have fairly and adequately represented, and will fairly and adequately represent, the interests of the Settlement Class.

7. The Court confirms its previous appointment of A.B. Data, Ltd. To serve as the Settlement Administrator and finds it thus far has fulfilled its duties under the Settlement. The Court orders that the Settlement Administrator be paid in accordance with the Settlement Agreement.

### Approval of the Settlement under Rule 23(e)

8. Pursuant to Federal Rule of Civil Procedure 23(e), the Court reaffirms its findings in the Preliminary Approval Order granting preliminary approval to the Settlement and, further analyzing the factors under Rule 23(e) and in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026-27 (9th Cir. 1998), hereby grants final approval of the Settlement and finds that the Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class Members based on the following factors, among other things:

a. The Settlement was reached only after six years of litigation in which the parties' interests were represented by seasoned counsel and reflects the parties' informed knowledge of the strengths and weaknesses of their claims and defenses and the value of the claims, and the Settlement was reached as a result of extensive arm's length negotiations and mediation sessions with a respected mediator. *See, e.g., Satchell v. Fed. Express Corp.,* 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007); *In re Bluetooth Headset Prods. Liab. Litig.,* 654 F.3d 935, 948 (9th Cir. 2011) (presence of a neutral mediator is a factor weighing in favor of a finding of non-collusiveness). Despite the mediator's presence, the Court has performed its own, independent analysis of the Settlement's fairness, reasonableness, and adequacy pursuant to Federal Rule of Civil Procedure 23(e)(2). *See Briseño v. Henderson,* 908 F.3d 1014, 1021 (9th Cir. 2021).

b. The Settlement provides meaningful – and immediate – relief to the Settlement Class given the complexity, expense, and length of continued litigation, and the substantial risks Plaintiffs faced in litigating the claims asserted to a favorable result and in obtaining and maintaining certification of a litigation class. *See, e.g., Lane v. Facebook, Inc.*, 696 F.3d 811, 820 (9th Cir. 2012) (affirming the district court's approval of a settlement where class counsel "reasonably concluded that the immediate benefits represented by the Settlement outweighed the possibility— perhaps remote—of obtaining a better result at trial"); *Lilly v. Jamba Juice Co.*, 2015 WL 2062858, at *5 (N.D. Cal. March 18, 2025) (similar). Class Counsel and the Court have carefully evaluated those strengths and weaknesses. (ECF No. 341 at 5-6) Based on the stage of the proceedings and the amount of investigation and discovery completed, the Parties have developed an extensive factual record with

which to evaluate their chances of success at trial and the proposed Settlement. The difficulties and risks Plaintiffs faced in litigating weigh in favor of approving the Settlement. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009).

c. The $30 million Settlement provides substantial benefits for the Class in light of the range of possible recoveries by the Settlement Class Members, especially in comparison to the risks of the litigation. *See In re LinkedIn User Privacy Litig.*, 2015 U.S. Dist. LEXIS 123130, at *22 (N.D. Cal. Sept. 15, 2015); *see also In re Shell Oil Refinery*, 155 F.R.D. 552, 560 (E.D. La. 1993). As set forth in the Preliminary Approval Order, the $30 million cash fund constitutes a significant recovery in relation to the potentially recoverable damages, as Plaintiffs estimate that the Settlement here represents between 58% and 86% of potentially recoverable damages and that based on the expected claims rate, Settlement Class Members may receive between $30.00 and $60.00 each, before deducting for settlement costs, fees, expenses and service awards. ECF No. 341 at 7. This is a significant recovery and falls well within the range of reasonableness in light of the risks and costs of litigation. *See, e.g., Hendricks v. Starkist Co.*, 2016 WL 5462423, at *12 (N.D. Cal. Sept. 29, 2016), *aff'd sub nom. Hendricks v. Ference*, 754 F. App'x 510 (9th Cir. 2018); *Stovall-Gusman v. Granger, Inc.*, 2015 WL 3776765, at *4 (N.D. Cal. June 17, 2015) (granting final approval of a net settlement representing 7.3% of potential damages recoverable at trial). The Settlement amount therefore weighs in favor of approval.

d. Settlement Class Counsel had sufficient information to make an informed decision about the merits of the case. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). Plaintiffs were able to reach this Settlement only after the

parties conducted significant discovery, briefed multiple rounds of motions to dismiss, an appeal before the Ninth Circuit, and were preparing for the class certification phase of the case. Through this process, the parties received, examined, and analyzed information, documents, and materials that sufficiently enabled them to assess the likelihood of success on the merits. This factor weighs in favor of approval of the Settlement. *See Kumar v. Salov N. Am. Corp.*, 2017 WL 2902898, at *7 (N.D. Cal. July 7, 2017), *aff'd*, 737 F.App'x 341 (9th Cir. 2018) (granting final approval of class action settlement that "occurred only after extensive litigation" and discovery); *Destefano v. Zynga, Inc.*, 2016 WL 537946, at *12 (N.D. Cal. Feb. 11, 2016) (finding this factor weighed in favor of approval where parties engaged in pre-filing investigation, motion to dismiss briefing, discovery, and mediation).

e. The recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *See In Re Omnivision*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) (internal quotation marks and citation omitted). The reason for this presumption is that "[p]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation[.]" *See Rodriguez*, 563 F.3d at 967 (internal quotation marks and citation omitted). *See also, Nat'l Rural Telcoms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("'Great weight' is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation.") (quoting *In re Painewebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 125 (S.D.N.Y. 1997)); *Bellinghausen v. Tractor Supply Co.*, 2014 WL 1289342, at *8 (N.D. Cal. Mar. 20, 2015) ("The trial court is entitled to, and should,

rely upon the judgment of experienced counsel for the parties."). The Court previously evaluated Settlement Class Counsels' qualifications and experience and found that Settlement Class Counsel are highly qualified to capably represent the Settlement Class in this matter. *See* ECF No. 341 at 14. In addition, the Court found that the Settlement is supported by Settlement Class Counsel as fair, reasonable, and adequate. *See id*. at 9. The record demonstrates that Settlement Class Counsel engaged in settlement discussions with Google only after significant motion practice and discovery, and only after adequately assessing the risks of continuing the litigation. Settlement Class Counsels' endorsement thus weighs in favor of approving the Settlement. *See Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1294 (9th Cir. 1992).

 f. Class notice was implemented in accordance with the Notice Plan approved by the Court, and Settlement Class Members were informed of the requirements to object to or exclude themselves from the Settlement. The objection and exclusion deadline was December 8, 2025. There have been no objections and no requests for exclusion have been received by the Settlement Administrator. *See* Declaration of Markeita Reid in Support of Plaintiffs' Motion for Final Approval of Proposed Settlement at ¶¶ 12-13. That no objections and exclusions have been submitted notwithstanding the large size of the class (in the tens of millions) indicates overwhelming support among Settlement Class Members and weighs in favor of approval. *See, e.g., Churchill Village LLC v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming settlement where 45 of approximately 90,000 objected). In addition, as of December 15, 2025, 4,062,057 claims have been received by the Settlement Administrator (Markeita Decl., ¶ 15), which, in relation to the lack of

objections and exclusions, likewise weighs in favor of approving the Settlement.

g. The Court also reaffirms its finding that the Settlement does not provide preferential treatment to any Settlement Class Member. ECF No. 341 at 6 (*citing Mendez,* 2017 WL 1133371, at *4). The Settlement Class definition is objective, comports with the release of liability, aligns with the operative facts and claims, and makes it easy for all settlement class members to self-identify. *See Nicodemus v. Saint Francis Mem'l* Hosp., 3 Cal. App. 5th 1200, 1212 (2016) (a class definition should "use terminology that will convey sufficient meaning to enable persons hearing it to determine whether they are members of the class") (internal quotation marks and citations omitted). The Settlement's methods of processing claims and distributing funds to Class Members are fair and adequate. The proposed Claim Form allows Settlement Class Members to submit claims online or by mail by checking a few boxes to confirm their membership in the Settlement Class. Finally, with regard to the Settlement benefits, the Plan of Allocation treats all Settlement Class Members equally (on a pro rata basis, *see* Joint Decl., ¶ 14; SA, ¶¶ 1.48, 3.9-3.11), and the same as each of the Plaintiffs.

### Plan of Allocation

9. The Court adopts the Parties' proposed Plan of Allocation for purposes of allocating the Net Settlement Fund, distributing the Net Settlement Fund on a pro rata basis to all Settlement Class Members who file valid and timely claims. Given the allegation that Google collected and used information from Settlement Class Members who watched child-directed content on YouTube during the Settlement Class Period, and the estimated and the estimated average number of months that Settlement Class Members may have watched child-directed content on YouTube during the Settlement Class Period, the Court finds the Plan of Allocation to be a rational and fair basis on which

to allocate the Net Settlement Fund.

### Certification of the Settlement Class

10. In the Preliminary Approval Order, the Court found that, for settlement purposes, on a preliminary basis: the proposed Settlement was sufficiently numerous to satisfy Rule 23(a)(1); that there were common questions of law and fact sufficient to satisfy Rule 23(a)(2); that the claims of the proposed Settlement Class Representatives were typical of the claims of the Settlement Class and therefore satisfied Rule 23(a)(3); and that Class Counsel and the Settlement Class Representatives would (and had) fairly and adequately represent the interests of the Class and satisfied Rule 23(a)(4). ECF No. 341 at 9-12. The Court also preliminarily found that common questions predominate over individual questions and that a class action is superior to other methods for adjudicating the case, and therefore that the case satisfies Rule 23(b)(3). *Id.* at 12-14. The Court reaffirms its analysis under Rule 23(a) and 23(b)(3), and certifies the Settlement Class for Final Settlement Approval.

### Releases

11. Upon the Effective Date: (i) the Settlement Agreement shall be the exclusive remedy for any and all Released Claims; and (ii) each Releasing Party shall be barred from initiating, asserting, or prosecuting any Released Claims against Defendants or other Releasees. Notwithstanding the foregoing, the Court shall retain exclusive jurisdiction to enforce, interpret, and implement the Settlement Agreement, including any dispute, action, suit, or proceeding arising out of or related to the Settlement Agreement.

### Other Matters

12. The Action, and all claims asserted therein, is settled and dismissed on the merits with prejudice.

13. Consummation of the Settlement shall proceed as described in the Settlement Agreement, and the Court reserves jurisdiction over the subject matter and each Party to the Settlement

with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of any of the terms thereof at the instance of any Party and resolution of any disputes that may arise relating to the implementation of the Settlement or this Order.

14. In the event that any applications for relief are made, such applications shall be made to the Court. To avoid doubt, the Final Judgment applies to and is binding upon the Parties, the Settlement Class Members, and their respective heirs, successors, and assigns.

15. The Settlement Agreement and this Order are not admissions of the validity of any claim or fact alleged by Plaintiffs in the Action or in any other action, or of any wrongdoing, fault, violation of law, or liability by Google or the Released Parties. Likewise, the Settlement Agreement and this Order shall not be admissible in evidence as an admission of the validity or lack thereof of any claim, allegation, or defense asserted in this Action, or in any other action.

16. Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order in a proceeding to consummate or enforce the Settlement or this Order, or to defend against the assertion of released claims in any other proceeding, or as otherwise required by law.

17. A post-distribution accounting in accordance with this Northern District's Procedural Guidance for Class Action Settlements shall be filed within 21 days after the substantial completion of the Net Settlement Fund's distribution ("Post-Distribution Accounting"). The Post-Distribution Accounting shall include information on when distributions were made to Class Members, the number of Class Members who were sent payments, the method(s) of payment to class members, the total funds distributed, the number and value of attempted distributions to Class Members, general information about efforts made to contact Class Members regarding attempted distributions, any significant or recurring concerns communicated by Class Members since final approval, the administrative costs, and any other material facts about settlement administration. The Parties may

request a continuance of the deadline for the Post-Distribution Accounting if the information required as part of the accounting is not yet available.

IT IS SO ORDERED.

DATED: January 13, 2026

Hon. Susan van Keulen
United States Magistrate Judge