Jonathan K. Levine (SBN 220289)
Elizabeth C. Pritzker (SBN 146267)
Caroline C. Corbitt (SBN 305492)
PRITZKER LEVINE LLP
1900 Powell Street, Suite 450
Emeryville, CA 94608
Telephone: (415) 692-0772
Facsimile: (415) 366-6110
jkl@pritzkerlevine.com
ecp@pritzkerlevine.com
ccc@pritzkerlevine.com

David S. Golub (admitted *pro hac vice*)
Steven L. Bloch (admitted *pro hac vice*)
Ian W. Sloss (admitted *pro hac vice*)
SILVER GOLUB & TEITELL LLP
One Landmark Square, 15th Floor
Stamford, CT 06901
Telephone: (203) 325-4491
Facsimile: (203) 325-3769
dgolub@sgtlaw.com
sbloch@sgtlaw.com
isloss@sgtlaw.com

*Attorneys for Plaintiffs and
the Proposed Classes*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| C.H., a minor, by and through their guardian ad litem NICHOLE HUBBARD, et al.,<br><br>  Plaintiffs,<br>v.<br><br>GOOGLE LLC, et al.<br><br>  Defendants. | Case No. 5:19-cv-07016-SVK<br><br>[~~PROPOSED~~] ORDER AWARDING ATTORNEYS' FEES, EXPENSES AND SERVICE AWARDS<br><br>Judge:     Hon. Susan van Keulen<br>Date:      January 13, 2026<br>Time:      10:00 a.m.<br>Courtroom: 6, 4th Floor<br>                (Videoconference) |

WHEREAS, Plaintiffs C.H., a minor, by and through their guardian *ad litem* Nichole Hubbard; E.J., N.J., A.J., and L.J., minors, by and through their guardian *ad litem* Cara Jones; J.A.E. and J.R.E., minors, by and through their guardian *ad litem* Justin Efros; M.W., a minor, by and through their guardian *ad litem* Renee Gilmore; A.G., a minor, by and through their guardian *ad litem* Jay Goodwin; T.B. and S.B., minors, by and through their guardian *ad litem* Derek Buchanan; D.T. and D.T., minors, by and through their guardian *ad litem* Amanda Seeley; B.H., a minor, by and through their guardian *ad litem* Jason Hoffman; P.A. and J.A., minors, by and through their guardian *ad litem* Antonio Alvarez; S.H. and D.M, minors, by and through their guardian *ad litem* Veronica Hicks; C.L.P., a minor, by and through their guardian *ad litem* Sarah Dunaway; A.A., a minor, by and through their guardian *ad litem* Pennie Frazier; J.C. and E.M., minors, by and through their guardian *ad litem* Lezlie Collins; L.D., D.D., A.D, minors, by and through their guardian *ad litem* Hollie Dorso; E.B., A.B., C.B., Z.B., and I.B., minors, by and through their guardian *ad litem* Steven Burda; M.W., B.N., and W.N., minors, by and through their guardian *ad litem* Michelle Wall; G.W., a minor, by and through their guardian *ad litem* Doug Wilkerson; and M.W.D., C.J.D., and C.A.D., minors, by and through their guardian *ad litem* Billy Dardanelli (the "Settlement Class Representatives") and Defendants Google LLC and YouTube LLC ("Google") (collectively, the "Parties") entered into a Class Action Settlement Agreement and Release (the "Settlement Agreement") on August 15, 2025 (ECF No. 333-13), which, together with the exhibits and appendices thereto, sets forth the terms and conditions for a proposed resolution of this Action and for its dismissal with prejudice (the "Settlement");

WHEREAS, in connection with the Settlement, Plaintiffs have filed a Motion for an Award of Attorneys' Fees and Expenses and Application for Service Awards;

WHEREAS, the Court held a Final Approval Hearing on January 13, 2026, to consider approval of the Settlement, at which the Court also considered Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses and Application for Service Awards;

WHEREAS, the Court has considered the Motion for an Award of Attorneys' Fees and Expenses and Application for Service Awards, the record in this action, and the Parties' arguments and authorities, and issues this Order regarding the Motion for an Award of Attorneys' Fees and

Expenses and Application for Service Awards.

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:

### Attorneys' Fees: Percentage of the Fund

1. The Court awards to Class Counsel attorneys' fees of $9,000,000, an amount equal to 30% of the Settlement Fund.

2. The Court finds that the attorneys' fee award is fair and reasonable under the percentage-of-the-recovery method. The circumstances of this case justify awarding Class Counsel this amount. The fee award is confirmed by a lodestar cross-check, which yields a multiplier of 1.075 on total hours billed as of November 3, 2025. This is a reasonable multiplier in this case given the risks of the litigation, the benefits provided by the Settlement, and the work performed by Class Counsel.

3. The Settlement that Class Counsel's efforts have obtained provides significant monetary benefits to the Settlement Class. The $30 million Settlement Fund represents a significant portion of potential recovery that the Settlement Class could realistically recover after a trial, post-trial motions, and an appeal.

4. The challenges posed by novel legal issues, complicated facts, difficulties of proof, as well as the resources of the Defendant and its aggressive approach to litigation, created a meaningful risk that the Settlement Class and Class Counsel would ultimately receive nothing. Class Counsel bore significant risk and as of November 3, 2025, spent 8,872.70 hours on a contingent basis.

5. Settlement Class Members had an opportunity to object to or comment on Class Counsel's fee request. The objection deadline has passed, and no Settlement Class Member has objected to or commented on Class Counsel's fee request.

6. Based on the Court's review of all the circumstances of this case, it finds that an award of 30% is reasonable in light of the amount and quality of work Class Counsel has performed, the risks Class Counsel has assumed during this litigation, the success achieved by Class Counsel's persistence, and the reasonable multiplier (discussed below).

**Attorneys' Fees: Lodestar Cross-Check**

7. The Court finds that the 8,872.70 hours in time spent by Class Counsel on this action as of November 3, 2025, are reasonable, especially because this litigation has been challenging and contentious.

8. The Court likewise finds that Class Counsel's rates are reasonable. Other courts presiding over class actions, both in this District and in other jurisdictions, have recently approved Class Counsel's rates.

9. A lodestar cross-check, based on the hours Class Counsel had billed as of November 3, 2025, yields a multiplier of 1.075, which is modest (and in line or below multipliers applied in comparable cases. This confirms that a 30% percentage fee is reasonable. Although the Court finds that the multiplier here is reasonable apart from any future hours, counsel's total hours by the end of this case will necessarily exceed the hours spent as of November 3, 2025. If future hours were included in the lodestar, the multiplier here would be even lower than 1.075. *Cf. In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 746 F. App'x 655, 659 (9th Cir. 2018) (no error in including projected time in lodestar cross-check).

10. The fees to be paid out of the Settlement Fund shall be $9,000,000, plus the interest that will accrue – beginning on the date for deposit of the Settlement Fund under the terms of the Settlement Agreement – on the portion of the fees to be paid from the Settlement Fund until such time as the fees are paid to Class Counsel under the terms of the Settlement Agreement.

**Expenses**

11. The Court also awards to Class Counsel $163,895.42 as reimbursement of expenses. Class Counsel have adequately documented these expenses, all of which are compensable litigation expenses that were advanced for the benefit of the Settlement Class.

**Service Awards**

12. The Court finds that the proposed service awards of $1,500 per Guardian Ad Litem are fair and reasonable, given the amount and kind of work that the Guardians Ad Litem have performed in this action on behalf of the Settlement Class Representatives and on behalf of the Settlement Class.

Each Guardian Ad Litem has attested to spending time responding to discovery and assisting with pursuing this action. (ECF Nos. 333-16 - 333-33).

13. The proposed service awards are in line with or below those awarded in comparable cases under similar circumstances and, in the aggregate, represent only 0.0009% of the Settlement Fund.

14. The Court therefore orders that each Guardian Ad Litem be paid a service award of $1,500 out of the Settlement Fund, for a total of $27,000.

### Other Matters

15. Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over the Plaintiffs, Defendants, and the Settlement Class for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of this Order.

16. The Court shall separately enter a Final Approval Order and a Final Judgment.

### Conclusion

17. The Court has carefully considered Plaintiffs' Motion for Attorneys' Fees and Expenses and Service Awards, and grants Plaintiffs' Motion, and hereby awards the following specific amounts to Class Counsel and the Guardians Ad Litem:

- Attorneys' fees in the amount of $9,000,000, including interest as applicable;
- Expenses in the amount of $163,895.42; and
- Service awards of $1,500 to each of the 18 Guardians Ad Litem, for a total of $27,000.

IT IS SO ORDERED.

DATED: January 13, 2026

_____
Hon. Susan van Keulen
United States Magistrate Judge